# FORM FOR USE IN APPLICATIONS
# FOR HABEAS CORPUS UNDER 28 U.S.C. † 2254

**Name:** JERRY EUGENE WHITLEY

**Prison Number:** # 227246

**RECEIVED MAY - 9 2005**
**CLERK U.S. DISTRICT COURT MIDDLE DIST. OF ALA.**

**Place of Confinement:** VENTRESS CORRECTIONAL FACILITY, P.O. BOX 767, CLAYTON, ALABAMA 36016

United States District Court ___MIDDLE___ District of __ALABAMA__

Case No. __3:05cv427-F__
(To be supplied by Clerk of U. S. District Court)

__JERRY EUGENE WHITLEY__, PETITIONER
(Full Name) (Include name under which you were convicted)

__WARDEN: J.C. GILES__, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF __ALABAMA__

_____, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is:</u>

P.O. Box 711
Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  TWENTY - SIXTH JUDICIAL CIRCUIT, RUSSEL COUNTY, ALABAMA.

2. Date of judgment of conviction  DECEMBER 5, 2002

3. Length of sentence  35 YEARS   Sentencing Judge  GEORGE GREEN

4. Nature of offense or offenses for which you were convicted: _____
   (1) TRAFFICING IN METHAMPHETAMINE
   (2) POSESSION OF METHAMPHETAMINE
   (3) POSESSION OF FIREARM IN COMMISSION OF.

5. What was your plea? (check one)
   (a) Not guilty (✻)
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: N

6. Kind of trial: (Check one)
   (a) Jury (✻)
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( ) No (✻)

8. Did you appeal from the judgment of conviction? Yes (✻) No ( )

9. If you did appeal, answer the following:
   (a) Name of court ALABAMA COURT OF CRIMINAL APPEALS.
   (b) Result AFFIRMED
   (c) Date of result MARCH 19, 2004
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details: WRIT DENIED

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes ( ) No (✻)

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court N/A
        (2) Nature of proceeding N/A

        (3) Grounds raised N/A

        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✻)
        (5) Result N/A
        (6) Date of result N/A

(b) As to any second petition, application or motion give the same information:
   (1) Name of court __N/A__
   (2) Nature of proceeding __N/A__
   (3) Grounds raised __N/A__

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No (✻)
   (5) Result __N/A__
   (6) Date of result __N/A__
(c) As to any third petition, application or motion, give the same information:
   (1) Name of Court __N/A__
   (2) Nature of proceeding __N/A__
   (3) Grounds raised __N/A__

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No (✻)
   (5) Result __N/A__
   (6) Date of result __N/A__
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
   (1) First petition, etc.          Yes ( )   No (✻)
   (2) Second petition, etc.     Yes ( )   No (✻)
   (3) Third petition, etc.        Yes ( )   No (✻)
(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not: ___
   __LACK OF KNOWLEDGE OF ANY EXISTING GROUNDS__

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

> CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

- (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
- (b) Conviction obtained by use of coerced confession.
- (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
- (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
- (e) Conviction obtained by a violation of the privilege against self-incrimination.
- (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
- (g) Conviction obtained by a violation of the protection against double jeopardy.
- (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
- (i) Denial of effective assistance of counsel.
- (j) Denial of right of appeal.

A. Ground one: <u>UNCONSTITUTIONAL WARRANTLESS ARREST</u>

Supporting FACTS   (tell your story briefly without citing cases or law):

<u>SEE Attached: STATEMENT OF FACTS / SUMMARY</u>

B. Ground two: <u>UNCONSTITUTIONAL WARRANTLESS SEARCH & SEIZURE.</u>

Supporting FACTS   (tell your story briefly without citing cases or law):

<u>SEE Attached: STATEMENT OF FACTS / SUMMARY</u>

C. Ground three: <u>UNCONSTITUTIONAL DUE PROCESS VIOLATION(S)</u>

Supporting FACTS   (tell your story briefly without citing cases or law):

<u>SEE Attached: STATEMENT OF FACTS / SUMMARY</u>

D. Ground four: ∅

Supporting FACTS (tell your story briefly without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: ∅

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?    Yes ( )   No (✱)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing  Richard Chancey, 1200 8th Ave. P.C., ALA. 36867

    (b) At arraignment and plea  Laurel Farrer, 1200 8th Ave., P.C. ALA. 36867

    (c) At trial  Laurel Farrer   "  "  "  "

    (d) At sentencing  Laurel Farrer   "  "  "  "

    (e) On appeal  Michael Williams, P.O. Box 1068, Auburn, ALA., 36831-1068

(f) In any post-conviction proceeding ___a_____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding: ___a___

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes (✷)   No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes (✷)   No ( )

   (a) If so, give name and location of court which imposed sentence to be served in the future: ___SAME_____

   _____

   (b) And give date and length of sentence to be served in the future: _____
   ___Six (6) months to serve consecutive with current sentence___

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ( )   No (✷)

   Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on ___5/4/05_____
                                                     (date)

_____Jerry Whitley_____
Signature of Petitioner

## Grounds

(12). State concisely, every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

(1). Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(2). Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(3). Conviction obtained without due process of law in violation of the United States Constitution.

-------------------------------------------------

## * Supporting Facts *

Ground One :    Unconstitutional Warrantless Arrest.

The warrantless search of petitioner preceeding the residence search was illegal and unjustifiable. Therefore encompassing all evidence seized tainted and requiring suppression. Trial court erred by non-adherence to suppression of all illegally obtained evidence following the body search of the petitioner by Agent Price.

After being aroused from the rear of the residence by Agent Price's verbal command, and Meadow's information of, "The police are outside and surrounding the trailer". The petitioner immediately noticed an agent peering through a side window brandishing a weapon. The petitioner then responded by immediately proceeding to the front door.

Upon arrival at the door the petitioner was met and confronted by an anxiously awaiting Agent Price, whom with weapon drawn and pointed at petitioner's facial area subdued petitioner.

(1)

Although the Petitioner had submitted to Agent Price's authorative verbal command of, "Open Up Police", and had proceed to the front door. He then felt threatened by the armed confrontation, and was certainly unable to leave. After a brief exchange of words Agent Price grabbed, slammed to the ground, handcuffed, and searched the Petitioner. Upon searching the Petitioner Agent Price discovered a small packet believed to be methamphetamine in the right front watch pocket of Petitioner's jeans, obviously mistaken for a deadly weapon.

Ground Two:    Unconstitutional / Warrantless, Search and Seizure.

The trial court erred in not suppressing all evidence during suppression hearing of the illegally obtained evidence seized during the illegal search of the residence, due to the deliberate and preconceived actions of the agents. There were no initial provocations by any of the defendant's to warrant or constitute exigent circumstance for the justification of the illegal arrest, search, or seizure by the agent's. Three hours later a search warrant was issued without sworn affidavit or oral testimony to the issueing judicial officer, therefore rendering the warrant for search illegal.

Ground Three:    Unconstitutional Due Process Violation(s).

Petitioner's due process, and right to a fair trial by a jury of his peers was violated by trial courts denial to accept the testimony of the expert independent toxicology scientist [John E. Hiatt, Ph.D.]. The crucial testimony of said witness would tend to prove the Petitioner's theory of defense. The trial court failed to allow said testimony, or allow the Petitioner's defense counsel to place laboratory results of analysis before the jury to consider the total amount of methamphetamine that was in existance. Petitioner's independent expert witness' final analysis result revealed that less than twenty-eight (28) grams of methamphetamine existed, and therefore would create, beyond a reasonable doubt in some of the juror's minds, as to the Petitioner's innocense in the trafficing in methamphetamine charge.

(2)

THE TRIAL COURT INSTRUCTED THE JURY THAT THEY MAY CONSIDER THE AMOUNT OF METHAMPHETAMINE IN THE MIXTURE, BUT FAILED TO ALLOW THE TESTIMONY OF SAID WITNESS OR DISCLOSE THE RESULTS OF THE ANALYSIS BY THE INDEPENDENT EXPERT WITNESS.

## CURRICULUM VITAE
### JOHN E. HIATT, PH. D.

### Graduate

OCCIDENTAL COLLEGE, LOS ANGELES, CALIFORNIA                1963
A. B. DEGREE WITH HONORS IN CHEMISTRY.

YALE UNIVERSITY GRADUATE SCHOOL, NEW HAVEN, CONNECTICUT    1968
PH. D. IN ORGANIC CHEMISTRY.

### Postdoctoral Studies

DEPARTMENT OF CHEMISTRY, STANFORD UNIVERSITY               1968-1970
STANFORD, CALIFORNIA 94304
POSITION: POSTDOCTORAL RESEARCH FELLOW IN ORGANIC CHEMISTRY.

CLINICAL LABORATORY, UNIVERSITY OF CALIFORNIA MEDICAL CENTER  1971-1973
SAN FRANCISCO, CALIFORNIA. 94122
POSITION: POSTDOCTORAL TRAINEE IN CLINICAL CHEMISTRY.

### Employment

JUNE 1976 - PRESENT, ASSOCIATED PATHOLOGISTS LABORATORIES, INC.
4230 So. BURNHAM AVE., SUITE 250, LAS VEGAS NV. 89107.
POSITION: TECHNICAL DIRECTOR - RESPONSIBLE FOR SOLUTION OF TECHNICAL
          PROBLEMS IN ALL AREAS OF THE LABORATORY. ALSO SERVES AS
          CERTIFYING SCIENTIST AND TECHNICAL RESOURCE IN THE TOXICOLOGY
          DEPARTMENT.

### Other

QUALIFIED AS AN EXPERT WITNESS IN THE EIGHTH JUDICIAL DISTRICT OF THE STATE OF NEVADA ON THE SUBJECT OF ANALYSIS OF DRUGS AND ALCOHOL IN BIOLOGICAL FLUIDS AND INTERPRETATION OF SAME.

## Summary of Facts on Grounds One and Two

Petitioner asserts that approximately two (2) weeks prior to drug raid on his place of residence at Rusk Trailer Park, drug investigators received information from a reliable confidential informant whom has yet to be disclosed to the petitioner's defense, that a meth lab was in operation on said premises.

On September 21, 2001, a telephonic tip was received by investigators from a second reliable confidential informant whom alleged the same information. The same day of the 12:00 p.m. telephonic tip the investigators proceeded, supposedly for surveillance purposes, to said residence, arriving at approximately 5:20 p.m.

After a brief observation of approximately five (5) to ten (10) minutes the investigator's observed an individual exit the premises and proceed towards a vehicle parked in the front yard. Investigators, raid gear in tact with weapons drawn, intercepted the individual and ordered him to get on his knees, they then handcuffed, searched, and arrested the individual whom will later be identified as Co-defendant Moseson.

This activity and chain of events occured without probable cause which is evident by the reflection of the sworn testimony of the investigator's during the suppression hearing and at trial. Agent's testified to the fact that they observed no-one in violation of any laws, and were acting solely on the previously obtained information of the reliable confidential informant.

Upon searching Moseson in the petitioner's front yard, a small packet of what was believed to be methamphetamine was discovered under the pretense that it was mistaken for a deadly weapon.

Immediately, upon their discovery, investigator's tactically surrounded the residence, whereupon Agent Price whom had known the petitioner for over twenty (20) years knocked on the front door with weapon drawn and announced, "Police, Open Up."

Upon the initiation of Agent Price's voiced authority Co-defendant Kayleen White submitted to and opened the door. She was immediately physically removed, handcuffed, and placed outside in the front yard with Co-defendant Moseson by Agent Price.

(1)

At this time, the Petitioner, whom was in the rear of the residence, overheard Price's verbal command, and simultaneously was approached and informed by Co-defendant Meadow's who informed Petitioner that, "The police are at the door, and they're surrounding the trailer." The Petitioner then proceeded to the front door where Agent Price was anxiously waiting with weapon drawn and aiming at the Petitioner's head and facial area.

The Petitioner, whom had known Agent Price for over twenty (20) years, then spoke to Agent Price in asking, "What's up Jim." Agent Price informed the Petitioner that, "We're going to search the residence." The Petitioner asked to be provided with and shown a copy of the search warrant giving authority to do so. Agent Price informed the Petitioner that, "No warrant was needed for them to search." Agent Price then physically removed, handcuffed, and then searched Petitioner.

Upon searching the Petitioner Agent Price discovered, inside Petitioner's right front watch pocket, a small packet believed to be methamphetamine, it was also misinterpreted as a deadly weapon. The Petitioner was then placed in the back seat of a patrol car in which, at that time, he noticed that the Fire Department and numerous agent's were present and evacuating the entire mobile home park where he resided.

Agent's Price, Whitton, and Memmo then entered into the Petitioner's residence and apprehended Meadow's, whom they handcuffed and physically removed from the residence. The agent's then again returned inside the residence, searched, and seized, various chemicals deemed to be associated with the production of methamphetamine.

The Petitioner and Co-defendant's were then transported to the Russel County Jail and charged with unlawful manufacture of methamphetamine. At no time was the Petitioner ever formally arrested or read his Miranda Rights.

Petitioner was informed by Russell County authorities that the United States Attorney's Office was expected to file and pursue prosecution, and the Petitioner would then be transported to Montgomery. However, this chain of events never transpired.

The Russel County authorities contacted the Drug Enforcement Administration (whose identity is still unknown to Petitioner), whom declined to pick up or pursue prosecution due to obvious complications involving the illegal raid and arrests.

(2)

Investigator's also alleged the residence of being rigged or booby-trapped in essence to the information provided by their reliable source. The final results of the Alabama Department of Forensic Science Technician, (Sherwin Boswell), whom was the only technician involved with the interior collection of evidence, reported that no evidence was produced to substantiate those allegations.

At approximately 8:25 P.M., approximately three hours after the initial illegal search and seizure, Agent Whitton obtained a search warrant in attempt to substiate and justify the preconceived actions of the investigator's. The warrant in question was issued without the officer being sworn under oath, and there was no affidavit setting out any particular facts supporting the issuance thereof. The time of issuance was also altered in confirmation as to the requirement of the investigator's specified time allegations.

Furthermore, the warrant obtained by Agent Whitton was not signed by proper authority of jurisdiction, and the sinature contained in the warrant is questionable as to it's authenticity....

--------------------------------

### Sworn Oath

I hereby declare, under penalties of perjury, that the facts contained herein are true and correct.

Petitioner: _____

Notary: Carolyn R. Abercrombie  This 4th day of May, 2005.
Expiration date: My Commission Expires August 18, 2007.