IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY EUGENE WHITLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| vs. | ) | 3:05-CV-427-F |
| | ) | |
| J. C. GILES, WARDEN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER

### I.

### Facts and Proceedings in State Courts

1. On January 16, 2002, Jerry Eugene Whitley ("Whitley") was indicted for trafficking in methamphetamine in violation of Section 13A-12-231 of the Code of Alabama (1975), possession of methamphetamine in violation of Section 13A-12-212 of the Code of Alabama (1975), use of a firearm in a drug trafficking offense as proscribed by Rule 14.4 of the Alabama Rules of Criminal Procedure, and resisting arrest in violation of Section 13A-10-41 of the Code of Alabama (1975). [See **Respondents' Exhibit 1,** the record of Whitley's direct appeal in Whitley v. State, CR 02-0739 mem. op. (Ala. Crim. App. Mar. 11, 2004, at C. 13-14; 209-210; 376-377]

2.  On June 13, 2002, Whitley filed a *Motion to Suppress* the State's drug evidence, raising the following issues:

a) Whitley's warrantless arrest was illegal because of lack of probable cause; and,

b) the evidence seized from Whitley's mobile home was due to be suppressed because it was seized without the benefit of a search warrant.

[See **Respondents' Exhibit 1**, at C. 45-48]  A hearing on Whitley's *Motion to Suppress* was held on August 26, 2002, at the conclusion of which Whitley's *Motion to Suppress* was denied.  [See **Respondents' Exhibit 1**, at R. 4-77]

3.  On December 5, 2002, Whitley was convicted in State of Alabama vs. Jerry E. Whitley, CC 02-186, 187, 188 (Russell County Circuit Court), of trafficking in methamphetamine, possession of methamphetamine, use of a firearm in a drug trafficking offense, and resisting arrest, all as charged in the State's indictment.  [See **Respondents' Exhibit 1**, at R. 268-269] Whitley was sentenced to serve a term of thirty-five years imprisonment for the trafficking conviction, run concurrently with a five-year term for the methamphetamine possession conviction, to be followed by a consecutive six-month term of incarceration for the resisting arrest conviction.  [See **Respondents' Exhibit 1**, at R. 275-276]

4.  On direct appeal, Whitley raised the following issues:

a) the evidence seized from Whitley's mobile home was due to be suppressed because it was seized without the benefit of a search warrant;

b) the trial court erred in denying Whitley's request for a forensic expert;

c) the State's evidence was insufficient; and,

d) Whitley's thirty-five year sentence was illegal.

[See **Respondents' Exhibits 2, 3, and 4**]  On March 19, 2004, the Alabama Court of Criminal Appeals affirmed Whitley's convictions.  [See **Respondents' Exhibit 5**]  Whitley filed an application for rehearing in the Court of Criminal Appeals, which was overruled on April 16, 2004.  [See **Respondents' Exhibit 6**]  Whitley filed a petition for writ of certiorari in the Alabama Supreme Court, which was denied on August 13, 2004.  [See **Respondents' Exhibit 7**]  A *Certificate of Judgment* was issued on August 13, 2004.  [See **Respondents' Exhibit 8**]

5.  On May 9, 2005, Whitley filed the instant federal petition for writ of habeas corpus.

## II.

### Petitioner Whitley's present claims

6. In his *Petition For Writ Of Habeas Corpus*, Whitley raises what appear to be the following claims:

    a) Whitley's warrantless arrest was illegal because of lack of probable cause;

    b) the evidence seized from Whitley's mobile home was due to be suppressed because it was seized without the benefit of a search warrant; and,

    c) the trial court erred in denying Whitley's request for a forensic expert.

<u>See</u> Whitley's *Petition for Writ of Habeas Corpus*, at p. 9-14.

## III.

### Respondents' defenses

7. Respondents deny that Whitley's warrantless arrest was illegal because of lack of probable cause.

8. Respondents deny that the evidence seized from Whitley's mobile home was due to be suppressed because it was seized without the benefit of a search warrant.

9. Respondents deny that the trial court erred in denying Whitley's request for a forensic expert.

4

10. Respondents deny that Whitley has exhausted in state court the claim set out herein in *numbered paragraph 6 a)*. Furthermore, it would be futile now for Whitley to attempt to exhaust this claim in state court because, among other reasons, of the fact that the one-year statute of limitations of Rule 32.2(c) of the Alabama Rules of Criminal Procedure has run. Because it would be futile for Whitley to seek further state court relief on this claim, for state court purposes the claim is procedurally defaulted. Because the claim is procedurally defaulted in state court, Whitley is prohibited from raising it now in federal habeas corpus without a showing of "cause and prejudice" for his having failed to properly pursue the issue in state court. See Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).

11. Respondents admit that Whitley has exhausted in state court the claim set out herein in *numbered paragraphs 6 b and 6 c)*.

12. Respondents aver that Whitley has failed to state a cause of action cognizable under 28 U. S. C. § 2254.

13. Respondents deny each and every other material allegation in the petition except those that may be admitted.

IV.

## Exhibits[1]

15. The following exhibits are filed herewith:

| | |
|---|---|
| Exhibit 1 | the record of Whitley's direct appeal in Whitley v. State, CR 02-0739 mem. op. (Ala. Crim. App. Mar. 11, 2004); |
| Exhibit 2 | the brief filed by Whitley in his direct appeal; |
| Exhibit 3 | the brief filed by the State in Whitley's direct appeal; |
| Exhibit 4 | the Alabama Court of Criminal Appeals's memorandum opinion in Whitley v. State CR 02-0739 mem. op. (Ala. Crim. App. Mar. 11, 2004); |
| Exhibit 5 | the Alabama Court of Criminal Appeals's order overruling Whitley's application for rehearing; and |
| Exhibit 6 | the Alabama Supreme Court's order denying Whitley's petition for writ of certiorari. |

V.

## Respondents' arguments

In support of their defenses, Respondents submit the following

arguments:

---

[1] Respondents' exhibits will be sent under separate cover.

A.

MERITS

16. <u>Search warrant</u>. In n affirming the trial court's decision to deny
Whitley's suppression motion, the Alabama Court of Criminal Appeals cited
<u>Bush v. State</u>, 523 So. 2d 538 (Ala. Crim. App. 1988), for the proposition
that "likelihood . . . of escape of the suspect or the destruction of evidence"
is an exigent circumstance that excuses what would otherwise be the
requirement for a warrant in order to enter a suspect's home.  [See
**Respondents' Exhibit 5**, at p. 5]  <u>Bush</u> cites <u>Payton v. New York</u>, 445 U. S.
573, 588, 100 S. Ct. 1371, 1381-82 63 L. Ed. 2d 639 (1980).  Payton is
proper United States Supreme Court law on the subject of exigent
circumstances.  Accordingly, under the standard of review of 28 U. S. C.
Section 2254(d)(2),.this court may not offer relief to Whitley on this issue.

B.

STATE LAW

17. <u>Forensic expert</u>.  At trial, Whitley argued that he should be
allowed to have a forensic expert testify about what percentage of the
material he was found in possession of actually consisted of illegal
methamphetamine.  In affirming the trial court's decision to deny Whitley's
request, the Alabama Court of Criminal Appeals noted that the Alabama

methamphetamine trafficking statute, Section 13A-12-231(7) of the <u>Code of</u> <u>Alabama</u> (1975) prohibited the possession of 28 grams or more of "any mixture" containing meth.   [See **Respondents' Exhibit 5**, at p. 6-7] The definition of Alabama's methamphetamine trafficking threshold is a question of Alabama state law that is not properly the subject of federal habeas corpus review.

C.

PROCEDURAL DEFAULT

18. Procedural default rules apply to claims that are not seasonably raised in the state courts, either at trial, on direct appeal, or in state collateral proceedings. <u>Wainwright v. Sykes</u>, 433 U. S. 72 (1977); <u>Murray v. Carrier</u>, 477 U. S. 478 (1986); and <u>Presnell v. Kemp</u>, 835 F. 2d 1567 (11th Cir. 1988).  When a procedural default bars litigation of a federal constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief on the basis of a claim unless he first establishes "cause and prejudice." <u>Wainwright v. Sykes</u>, 433 U.S. at 74; and <u>Murray v. Carrier</u>, 477 U.S. at 482.

Because he raised the claim for the first time in this appeal, Whitley's claim concerning the legality of his arrest is procedurally defaulted The application of Alabama's state procedural rules imposing procedural default is a determination of state law that Respondents contend is conclusive on

this federal habeas corpus court. See Wainwright v. Goode, 464 U. S. 78, 83-84 (1983); Carrizales v. Wainwright, 699 F. 2d 1053 (11th Cir. 1983); Beverly v. Jones, 854 F. 2d 412, 416 (11th Cir. 1988). This Court is obligated to dispose of on procedural grounds claims like the ones raised here by Whitley, where and whenever possible. See Jones v. White, 992 F. 2d 1548, 1565-1566 (11th Cir. 1993).

This Court should not now consider the merits of Whitley's procedurally defaulted claim, unless he is able to establish "cause" and "actual prejudice" for his failure to properly pursue these claims through the state court. See Harris v. Reed, 489 U. S. 255, 258, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989); Coleman v. Thompson, 501 U. S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Respondents do not believe Whitley will be able to make this showing.

WHEREFORE, PREMISES CONSIDERED, this Court should deny the petition and the relief requested herein by Whitley, by dismissing his

9

petition for writ of habeas corpus on the grounds that it fails to state a claim

upon which relief may be granted under 28 U. S. C.  Section 2254.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:


/s/ Stephen N. Dodd
Stephen N. Dodd
*Assistant Attorney General*
ID #ASB-6492

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:   Jerry Eugene Whitley, AIS # 227246, Ventress Correctional Facility, P. O. Box 767, Clayton, AL  36016.

s/ Stephen N. Dodd
Stephen N. Dodd (ASB-6492)
*Assistant Attorney General*
Attorney for Respondents
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL  36130
Telephone: 334-242-7378
Fax:          334-242-2848
E-mail:      sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

210016/81026-001