| State of Alabama<br>Unified Judicial System<br><br>Form CR-9     Rev. 3/95 | PLEA OF NOT GUILTY AND WAIVER OF<br>ARRAIGNMENT | Case Number<br><br>*CC-02-186-188* |

IN THE _CIRCUIT_ COURT OF _RUSSELL COUNTY_ ALABAMA
      (Circuit, District, or Municipal)      (Name of County or Municipality)

☑ STATE OF ALABAMA v. _JERRY E. WHITLEY_ , Defendant

Comes now, the defendant in the above-styled matter, and to the offense charged enters a plea of

☑ Not Guilty
☐ Not Guilty by Reason of Mental Disease or Defect
☐ Not Guilty and Not Guilty by Reason of Mental Disease or Defect

Defendant acknowledges receipt of the copy of the charge against him/her and further waives the right to have an arraignment at which the defendant is present in person, or at which the defendant is represented by an attorney.

But, the defendant specifically and expressly reserves the right upon the filing hereof to hereafter, but before trial or before such date as may be set by the court, to interpose any defenses, objections, or motions which the defendant had the right as a matter of law or rule to interpose in this cause, prior to the filing hereof.

Defendant's date of birth is _9/20/65_    Defendant's age is _36_
The defendant is not eligible for consideration by the court for youthful offender status as provided by law.

_3/5/2002_
Date

_3/5/02_
Date

                       Defendant

                       Attorney for Defendant

This is to certify that I am the attorney for the defendant in this matter, and that I have fully explained this form and all matters set forth herein, and pertaining hereto, to the defendant. I further state to the court that I have explained to the defendant his right to be arraigned in person and his right to have me represent him at arraignment. I further certify to the court that my client hereby knowingly, voluntarily, and intelligently waives these rights after a full and complete explanation of each and every one of them to him/her by me. BOTH MYSELF AND THE DEFENDANT UNDERSTAND THAT I AM RESPONSIBLE FOR ASCERTAINING WHAT DATE, IF ANY, HAS BEEN SET BY THE COURT FOR THE MAKING OR FILING OF ANY DEFENSES, OBJECTIONS, OR MOTIONS. I FURTHER UNDERSTAND THAT I AM RESPONSIBLE FOR NOTIFYING MY CLIENT OF THE DATE HIS/HER CASE IS SET FOR TRIAL, AND THAT I HAVE ADVISED AND INFORMED HIM/HER THAT IN THE EVENT HE/SHE FAILS TO APPEAR ON THE DATE HIS/HER CASE IS SET FOR TRIAL, ALL APPROPRIATE LEGAL ACTION WILL BE TAKEN BY THE COURT AGAINST THE DEFENDANT AND HIS/HER BOND. I further certify to the court that I have advised my client that he/she is responsible for obtaining the date his/her case is set for trial in this matter and that in the event he/she fails to appear on the date his/her case is set for trial all appropriate legal action will be taken by the court against the defendant and his/her bond, and I hereby certify that the defendant knows that he/she is personally responsible for obtaining the date his/her case is set for trial and for being present in court on that date.

_2/2/02_
Date

                   Attorney for Defendant Signature

I certify that I served a copy of the foregoing plea and waiver of arraignment on the Prosecutor by mailing/delivering a copy of the same to him/her on:

_3/5/02_
Date

          _LAUREL W. FARRAR_
Printed or Typed Attorney's Name

          _P.O. Drawer 2500, Phenix City, AL 36868_
Address

This is to certify that my attorney has explained each and every matter and right set forth in this form and I have completely and fully read and do so understand each and every matter set forth in this form. I further state to the court that I do not wish to be personally present at an arraignment in this case and that I do not want to have an attorney represent me at an arraignment and WITH FULL KNOWLEDGE OF EACH OF THESE RIGHTS, I HEREBY EXPRESSLY WAIVE SUCH RIGHTS. I further state to the court that I have been informed of the charge against me and have received a copy of the charge.

_3/5/2002_
Date

                   Defendant Signature

Filed in office this date _3/5/02_

                   Clerk          By _JBS_

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | IN THE CIRCUIT COURT OF |
| | ) | |
|       PLAINTIFF, | ) | RUSSELL COUNTY, ALABAMA. |
| | ) | |
|   VS. | ) | CASE NO.: CC 02-186,187, |
| | ) | 188 |
| JERRY E. WHITLEY | ) | |
| | ) | |
|       DEFENDANT. | ) | |

## ORDER

The defendant having filed a motion for reduction of bond and the court having considered same, it is ORDERED that the motion to reduce bond is denied.

DONE this the 6th day of March, 2002.

_____
JUDGE, CIRCUIT COURT

FILED IN OFFICE
2002 MAR -6 PM 3:01
CIRCUIT/DIST. COURT
RUSSELL CO. A1

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JERRY E. WHITLEY,                         )    CASE NO. _____
                    Petitioner,           )
                                          )    RUSSELL COUNTY
                                          )    CIRCUIT COURT
vs.                                       )    CASE NO. CC-02-186, 187, 188
                                          )
STATE OF ALABAMA and THOMAS F.            )
BOSWELL, Sheriff of Russell County, Alabama, )
                    Respondents.          )

## PETITION FOR WRIT OF *HABEAS CORPUS*

Petitioner petitions this Court to issue a writ of *habeas corpus* requiring Thomas F.

Boswell, Sheriff of Russell County, Alabama, to bring petitioner before this Honorable Court to

show just cause as to why petitioner's bond should not be reduced, and as cause therefor, states

as follows:

     1.     This petition for a writ of *habeas corpus* is made on behalf of Jerry E. Whitley, by

and through his attorney, Laurel W. Farrar.

     2.     Petitioner is imprisoned and restrained of his liberty in the Russell County Jail in

Phenix City, Alabama, by the Sheriff on felony charges, *to-wit*: Possession of methamphetamine,

resisting arrest and trafficking in methamphetamine, pursuant to indictments issued on January

16, 2002, copies of which are attached hereto.

     3.     Petitioner is restrained of his liberty on said felony charges with bails in the

amounts of $250,000.00 for the charge of Trafficking Methamphetamine, $20,000.00 for the

charge of Possession of a Controlled Substance, and $1,000.00 for the misdemeanor charge of

Resisting Arrest, for a total of $271,000.00. Said amounts were set by the Honorable George

Greene, Russell County Circuit Court Judge.

Page 1

*Bond reduced to 60,000 on Trafficking Charge - 10,000 on Possession of controlled substance 1,000 Resisting arrest*

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JERRY E. WHITLEY,                    )        CASE NO. _____
                    Petitioner,      )
                                     )        RUSSELL COUNTY
                                     )        CIRCUIT COURT
vs.                                  )        CASE NO. CC-02-186, 187, 188
                                     )
STATE OF ALABAMA and THOMAS F.       )
BOSWELL, Sheriff of Russell County, Alabama, )
                    Respondents.     )

## PETITION FOR WRIT OF *HABEAS CORPUS*

Petitioner petitions this Court to issue a writ of *habeas corpus* requiring Thomas F.

Boswell, Sheriff of Russell County, Alabama, to bring petitioner before this Honorable Court to

show just cause as to why petitioner's bond should not be reduced, and as cause therefor, states

as follows:

1.    This petition for a writ of *habeas corpus* is made on behalf of Jerry E. Whitley, by

and through his attorney, Laurel W. Farrar.

2.    Petitioner is imprisoned and restrained of his liberty in the Russell County Jail in

Phenix City, Alabama, by the Sheriff on felony charges, *to-wit*: Possession of methamphetamine,

resisting arrest and trafficking in methamphetamine, pursuant to indictments issued on January

16, 2002, copies of which are attached hereto.

3.    Petitioner is restrained of his liberty on said felony charges with bails in the

amounts of $250,000.00 for the charge of Trafficking Methamphetamine, $20,000.00 for the

charge of Possession of a Controlled Substance, and $1,000.00 for the misdemeanor charge of

Resisting Arrest, for a total of $271,000.00.  Said amounts were set by the Honorable George

Greene, Russell County Circuit Court Judge.

FILED IN OFFICE

Page 1

*Bond reduced to 60,000 on Trafficking Charge — 10,000 on possession of controlled substance 1,000 Resisting arrest*

4.    On or about March 4, 2002, the undersigned attorney submitted to the Circuit Court a Motion for Reduction of Bond requesting that petitioner's bond be reduced for the reason that the bond as set was excessive in violation of the constitutional rights of petitioner as set forth in the Eighth and Fourteenth Amendments to the United States Constitution and in violation of the constitutional rights of petitioner as set forth in Article I, Section XVI of the Alabama Constitution, and said motion was denied on March 6, 2002.  Copies of said motion and order are attached hereto.

5.    The present bond amount is contrary to the provisions of Section 15-13-2, Code of Alabama, as amended, which recognizes the allowance of bail as a matter of right prior to conviction.

6.    The present bond amount is excessive to such a degree that it effectively denies petitioner the right to bail prior to conviction.

7.    The present bond amount greatly and unreasonably exceeds the recommended range of bail as provided under Rule 7.2 of the Alabama Rules of Criminal Procedure.


WHEREFORE, petitioner prays:

a.    That this Honorable Court grant a writ of *habeas corpus*, and after reviewing all of the evidence and argument of counsel;

b.    That this Honorable Court set a bond that is reasonable and not excessive, all within the guidelines dictated by the Constitutions of Alabama and the United States; and

c.    Grant such other and further relief as may be deemed just in the premises.

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Petitioner
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)   297-2400
Attorney Code FAR-036

STATE OF ALABAMA
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

H. W. "Bucky" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

## ORDER

CR-01-1243

Ex parte Jerry E. Whitley (In re: State of Alabama vs. Jerry E. Whitley) (Russell Circuit Court: CC02-186, 187, & 188).

        Pursuant to the provisions of Rule 21(b), Alabama Rules of Appellate Procedure, the respondent is hereby granted fourteen (14) days to respond to the allegations contained in this petition for writ of habeas corpus.

        Done this the 18th day of March, 2002.

_____
H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/wki

cc: Honorable George R. Greene, Circuit Judge
    Honorable Kathy S. Coulter, Circuit Clerk
    Honorable Tommy Boswell, Sheriff
    Honorable Bill Pryor, Attorney General
    Honorable Laurel Wheeling Farrar, Attorney, Petitioner
    Honorable Kenneth Davis, District Attorney
    Office of Attorney General

000008

TO:   HON. T MY BOSWELL, SHERIFF

FROM:  CLERK'S OFFICE (By _JODY_ )

DATE:     _3/28/02_

RE:   STATE OF ALABAMA VS. _Jerry Eugene Whitley_

CASE NO.(S): _CC-02-186, 187_

OFFENSE(S): _Traff. Meth + Poss. Contr Subst._

Bonds: $ 60,000⁰⁰   $ 10,000⁰⁰

Please be advised that bond in the above-styled case(s) has been

reset at $ _____ by the authority of _Judge Greene_ .

**COURT DATE:** _April 9, 02 at 10.00 Am - Docket call_

_April 23, 02 at 9.00 Am - trial_

STATE OF ALABAMA
JUDICIAL BUILDING
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

H. W. "Bucky" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

## ORDER

CR-01-1243

Ex parte Jerry E. Whitley (In re: State of Alabama vs. Jerry E. Whitley) (Russell Circuit Court: CC02-186, 187, & 188).

Upon consideration of the above referenced Writ of Habeas Corpus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby dismissed.

McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.

Done this the 10th day of April, 2002.

H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/wki

cc: Honorable George R. Greene, Circuit Judge
    Honorable Kathy S. Coulter, Circuit Clerk
    Honorable Tommy Boswell, Sheriff
    Honorable Bill Pryor, Attorney General
    Honorable Elizabeth Ray Butler, Asst. Atty. Gen., Respondent
    Honorable Laurel Wheeling Farrar, Attorney, Petitioner
    Honorable Kenneth Davis, District Attorney
    Office of Attorney General

# CONSOLIDATED BOND
## (District Court, Grand Jury, Circuit Court)

☒ STATE OF ALABAMA

_Jerry Eugene Whitley_
DEFENDANT

v.

Case Number

STATE OF ALABAMA

In the _____ 186 Court of _____

_Russell_ County

I, (Defendant) _Jerry Eugene Whitley_, as principal, and

we, _AAA Bonding Co_, as sureties, agree to pay the

State of Alabama $ _60,550.00_ unless the above named defendant appears before the District

Court of said County on (Date) _5-13-02_ at (Time) _10:00_ or at the next session of Circuit Court of said County, or in the event of transfer, in the district or circuit court of the county of transfer; there to await the action by the grand jury and from session to session thereafter until discharged by law to

answer to the charge of _Manufacturing Controlled Substance_ or any other charge. We hereby severally certify that we have property over and above all debts and liabilities to the amount of the above bond. We waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt, by the Constitution and Laws of the State of Alabama, and we especially waive our rights to claim exempt our wages or salary, that we have under the laws of Alabama.

It is agreed and understood that this is a continuing bond which shall remain in full force and effect until such time as the undersigned are duly exonerated.

Signature of Defendant

Signature of Surety

| | | | |
|---|---|---|---|
| _150 Reynolds Rd Latson GA_ | | | |
| Address (Print) | City | State | Zip |
| _1118 Broad St P.C. AL 36867_ | | | |
| Address (Print) | City | State | Zip |

Signature of Surety

Address (Print)      City      State      Zip

Signature of Surety

Address (Print)      City      State      Zip

_4-16-02_
Date

_William Alexander_
Approved by

_Chief Deputy_
Title

## DEFENDANT'S INFORMATION

Date of Birth _9-20-65_     Social Security Number _259 17 7161_     Sex _Male_

Driver's License Number _____     State ____     Race _White_

Telephone – Residence _706 320-9752_     Telephone – Work _____

☐ Appearance Bond – Property          ☐ Appearance Bond – Recognizance

☒

$ _1. 0. 000_
   BOND AMOUNT

ORIGINAL
POWER ATTORNEY
AAA BONDING CO.
LaFayette, Alabama

№ 19436

KNOW ALL BY THESE PRESENTS, THAT THE AAA BONDING CO., A COMPANY DULY ORGANIZED AND EXISTING
UNDER THE LAWS OF THE STATE OF ALABAMA HAS CONSTITUTED AND APPOINTED, AND DOES HEREBY CON-
STITUTE AND APPOINT,

AGENT _Carole K____

ITS TRUE AND LAWFUL ATTORNEY-IN-FACT, WITH, FULL POWER AND AUTHORITY TO SIGN THE COMPANY'S
NAME AND DELIVER ON ITS BEHALF AS SURETY, ANY AND ALL OBLIGATIONS AS HEREIN PROVIDED, AND THE
EXECUTION OF SUCH OBLIGATIONS IN PURSUANCE OF THESE PRESENTS SHALL BE AS BINDING UPON THE
COMPANY AS FULLY AND TO ALL INTENTS AND PURPOSES AS IF DONE BY THE REGULARLY ELECTED OFFICERS
OF THE SAID COMPANY AT ITS HOME OFFICE IN THEIR PROPER PERSON; AND THE SAID COMPANY HEREBY
RATIFIES AND CONFIRMS ALL AND WHATSOEVER ITS SAID ATTORNEY-IN-FACT MAY LAWFULLY DO AND PER-
FORM IN THE PREMISES BY VIRTUE OF THESE PRESENTS.

   THIS POWER OF ATTORNEY IS VOID IF ALTERED OR ERASED.  THE OBLIGATION OF THE COMPANY SHALL
NOT EXCEED THE SUM OF TWO HUNDRED & FIFTY THOUSAND ($250,000,000) DOLLARS AND MAY BE EXECUTED
FOR RECOGNIZANCE OF BAIL BONDS ONLY, BUT INCLUDING PEACE BOND.

DATE _4-16-02_    BOND AMOUNT $ _60,000_
       (RELEASED FROM JAIL)

OFFENSE _Mfg CH Sub_ COURT _Dist_ CITY _DC_

DATE TO APPEAR IN COURT _5-13-02_

DEFENDANT _Jerry Eugene Whitley_

ADDRESS _150 Reynolds Tortum Ga_   _C. L Hinkle_
                                                    GENERAL MGR.

AGENT _Carole K____   DATE _4-16-02_

(SEAL)

SEPARATE POWER-OF-ATTORNEY MUST BE ATTACHED TO EACH BOND AND REMAIN A PERMANENT PART OF THE COURT'S
RECORD IN ORDER FOR AAA BONDING CO., TO BE LIABLE. THIS POWER DOES NOT AUTHORIZE EXECUTION OF BONDS OF NE
EXEAT OR ANY GUARANTEE FOR FAILURE TO PROVIDE PAYMENTS OF ALIMONY SUPPORT OF WAGE LAW CLAIMS.

WHITE-RECEIPT-Client          YELLOW-Office          PINK-Remains in Book
   BOTTOM-Jail

| | | |
|---|---|---|
| STATE OF ALABAMA | * | IN THE CIRCUIT COURT OF |
| | * | |
| VS. | * | RUSSELL COUNTY, ALABAMA |
| | * | |
| CAYLENE WHITE | * | CASE NO. CC-02-110,111,112 |
| | * | |
| JERRY WHITLEY | * | CASE NO. CC-02-186,187,188 |
| | * | |
| WAYNE MEADOWS | * | CASE NO   CC-02-179,180,181 |
| | * | |

## MOTION FOR JOINDER OF DEFENDANTS FOR TRIAL

The State moves the Court for an order that the above Defendants be tried together, upon the ground that the alleged offenses charged against the Defendants in the indictment in each of said actions could have been joined as a single indictment under Rule 13 of the Alabama Rules of Criminal Procedure.

Proceedings thereafter shall be the same as if the prosecution initially were under a single indictment/information/ complaint.

BUSTER LANDREAU
CHIEF DEPUTY DISTRICT ATTORNEY
26TH JUDICIAL CIRCUIT
LAN 034

FILED IN OFFICE
2002 MAY 23 AM 9: 52
CIRCUIT/DIST. COURT
RUSSELL CO., AL

### CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Motion upon the Hon. __Joel Collins__, Attorney for Defendant **Caylene White** , and upon the Hon. **Jeremy Armstrong**, Attorney for Defendant **Wayne Meadows** and upon the Hon. **Laurel Farrar**, Attorney for Defendant **Jerry Whitley** by placing a copy of the same in a receptacle reserved in their names in the Office of the Circuit Court of Russell County, Alabama.

Done this 23rd Day of _MAY_ .2002.

Buster Landreau

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CAYLENE WHITE, | ) | Cases No. CC-02-110, 111, 112 |
| JERRY E. WHITLEY, | ) | Cases No. CC-02-186, 187, 188 |
| WAYNE MEADOWS, | ) | Cases No. CC-02-179, 180, 181 |
| Defendants. | ) | |

## OBJECTION TO CONSOLIDATION

Comes now defendant JERRY E. WHITLEY, by and through his attorney, and objects to

the consolidation for purpose of trial of the stated cases.

This objection is filed in response to the Motion for Joinder of Defendants for Trial filed

by the State on May 23, 2002.

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar

Attorneys for Defendant Jerry E. Whitley

1200 8th Avenue

P. O. Drawer 2500

Phenix City, AL  36868-2500

(334)  297-2400

Attorney Code FAR-036

FILED IN OFFICE

2002 MAY 24  PH 3: 58

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for defendant Jerry E. Whitley and that I have served a

copy of the within and foregoing objection upon:

District Attorney of Russell County, Alabama

Hon. Joel Collins
Attorney for Defendant Caylene White

Hon. Jerry Armstrong
Attorney for Defendant Wayne Meadows

by placing same in their respective receptacles located in the Russell County Courthouse in
Phenix City, Alabama, this 24th day of May, 2002.

_____
Attorney for Jerry E. Whitley

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## MOTION TO SUPPRESS ARREST AND EVIDENCE
## AND SEARCH WARRANT

The defendant in the above-named case, by and through his attorney, moves this Honorable Court to suppress any and all evidence obtained through the illegal search, seizure and arrest of the defendant and any and all statements made in relation thereto, and to suppress any and all evidence obtained by and through the execution of the illegally-obtained search warrant. The defendant shows that the issuance of the warrant, any affidavit upon which the issuance was based, the execution of the warrant, the return to the issuing Magistrate by the executing officer of the warrant, and the seizure under the warrant were illegal and violated his rights under the Constitution of these United States and of the sovereign State of Alabama, and any and all evidence obtained as a result thereof should be, and the defendant demands that it be, suppressed by this Honorable Court and ruled inadmissible in and for any trial on the charges pending against the defendant or any future charges that may arise out of the illegal searches and seizures.

As grounds for this motion, the defendant assigns the following separately and severally:

1. The search, seizure and arrest were illegal because there was no authority to arrest.

2. The search, seizure and arrest were illegal because there was no authority for the search or seizure.

3. The search and seizure were illegal because the defendant was not under legal arrest prior to the search, nor did the defendant commit any criminal offense in the presence of the executing officers as would justify his arrest.

4. The search was that of a general search and inquisition.

5. The search and seizure were illegal because there was no probable cause for the search and seizure.

Page 1

6.    The search and seizure were illegal because there was no evidence of any prior specifically-descriptive information of established credibility and no possible situation of adequate suspicion and exigency existing to warrant arrest without a warrant.

7.    The search and seizure were illegal because they were purportedly done incidental to an illegal arrest.

8.    The affidavit submitted to the issuing Magistrate/Judge was improperly and illegally executed.

9.    The warrant was illegally issued because it does not show probable and sufficient cause to justify the issuance of the warrant.

10.    The seizure was illegal in that it was too broad and not in conformity with the directions of the issuing Magistrate/Judge insofar as the items to be seized and searched for were concerned.

11.    The information contained in the affidavit constitutes false and fictitious swearing.

12.    The defendant was not under legal arrest prior to the search, nor did the defendant commit any criminal offense in the presence of the executing officers as would justify his arrest.

13.    The Magistrate/Judge incorrectly found probable cause.

14.    The affidavit on which the search warrant was issued was insufficient as a matter of law.

15.    The affidavit upon which the search warrant was issued fails to contain a sufficient statement detailing the manner in which the information set forth therein was obtained.

16.    The affidavit and warrant failed to allege sufficient facts and information to support the belief and probable cause that the property sought to be seized was on the premises.

17.    The search and seizure violate the defendant's constitutional rights. The defendant has reasonable grounds to believe that the evidence referred to will be used as evidence against him at trial.

18.    The search warrant is defective in that there is no evidence offered in affidavit form of probable cause for any issuance of said search warrant.

19.    The search warrant is defective in that any and all evidence which might presumably have been offered as a basis for the warrant would have consisted entirely of the "poisonous fruits" of the illegal search, seizure and arrest.

20.    The search warrant is defective in that any statement by an informant was insufficient to enable the Magistrate/Judge to form an unbiased and impartial decision without further information as to the informant's reliability and the alleged facts reported by the informer.

21.    The search and seizure were illegal in that any statement by an informant was insufficient to enable the Magistrate/Judge to form an unbiased and impartial decision without further information as to the informant's reliability and the alleged facts reported by the informer.

22.    The entire search, seizure and arrest were illegal in that the fruits of an illegal search cannot be made the foundation upon which a search warrant is obtained, and the fruits of an illegal search warrant cannot be made the foundation upon which the same arrest is made. This is an illegal and unconstitutional foundation for the prosecution of the defendant and in violation of his constitutional rights.

WHEREFORE, for the reasons set forth in this motion and as may be further shown to this Honorable Court at a hearing on this motion, defendant respectfully requests:

a.    That a pretrial hearing be held in this matter;

b.    That all evidence, both tangible and intangible, real and personal, and all statements or admissions by defendant, seized or obtained as a result of the arrest and subsequent searches be excluded;

c.    That the State be prohibited from introducing in evidence any evidence or statements seized or obtained as a result of the illegal arrest or seizures or searches described herein;

d.    That the State release all non-contraband items to defendant; and

e.    That Defendant be accorded such other relief, legal and equitable, as this Court deems mete and proper.

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)  297-2400
Attorney Code FAR-036

Page 3

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 13th day of June, 2002.

Laurel W. Farrar

000049

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

FILED IN OFFICE

## MOTION FOR APPROVAL OF EXTRAORDINARY EXPENSES
## PURSUANT TO *MAY v. STATE*

Comes now the defendant in the above-stated matter, by and through his attorney, Laurel W. Farrar, and requests the Court to approve in advance the reimbursement of expenses for an independent expert witness to perform an independent laboratory analysis of the substance alleged in the indictment to be methamphetamine. Additionally, defendant would request in advance that his attorney be reimbursed for her expenses relating to procuring said expert witness. In support of said request, defendant respectfully shows the Court as follows:

1. Laurel W. Farrar was appointed by the Court to represent the defendant in this matter.

2. The Alabama Court of Criminal Appeals held in *May v. State* that "expenses reasonably incurred" are reimbursable under Code of Alabama 1975, §15-12-21. Under *Ex Parte Barksdale*, 680 So.2d 1029 (1996), such expenses must be approved by the Trial Court prior to being incurred.

3. A separate motion entitled "Motion to Permit Independent Laboratory Analysis" has been filed contemporaneously with the instant motion.

4. At this time, the attorney for the defendant has only a rough estimate of the costs projected to be expended for analysis and expert witness fees and would ask the Court to pre-approve costs in an amount capped at $2,000.00

*WHEREFORE*, defendant moves this Court to approve payment of expenses as requested herein.

Page 1

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)  297-2400
Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the

within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing

a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 13th

day of June, 2002.

_____

Laurel W. Farrar

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## MOTION TO PERMIT INDEPENDENT ANALYSIS

Comes now the defendant, by and through his attorney, and moves the Court that a laboratory expert employed by defendant be permitted to examine the material evidence against him and to verify the tests that have been performed to determine the alleged identity of the substance(s) involved in the indictment as being methamphetamine. As grounds, defendant would show that the tests routinely performed at the Alabama State Crime Laboratory are non-specific and carry a high potential for error. Defendant offers to prove the foregoing and the qualifications of the expert witness.

Defendant is entitled to a laboratory analysis pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963), as interpreted in *Barnard v. Henderson*, 514 F.2d 744 (5th Cir. 1974); *Williams v. Dutton*, 400 F.2d 797 (5th Cir. 1968). The right is now undisputed in Alabama. The defendant will be deprived of due process of law as guaranteed by Article I, Section VI, of the Constitution of the State of Alabama and the "due process" clause of the Fifth Amendment of the United States Constitution as made applicable to the states through the Fourteenth Amendment of the United States constitution, and will effectively be prevented from having witnesses testify in his behalf in violation of the Sixth Amendment of the United States Constitution made applicable to the States through the Fourteenth Amendment of the United States Constitution, if he is denied the right to have the substance analyzed by an independent scientific expert. This is true for the reason that the failure to permit the defendant to have a scientific examination and analysis will deprive him of evidence and perhaps witnesses which may be beneficial to him and essential if the jury is to have an accurate understanding of the facts involved in connection with the indictment.

The Alabama State Crime Lab, where the materials are kept and the tests were performed, will not permit the analysis requested without the permission of the prosecution or a court Order.

**WHEREFORE,** defendant prays that this Court issue an Order permitting the expert to examine a sufficient amount of the substance referred to in the indictment so as to determine its true composition and the nature of the substance, and that the Court order the District Attorney and employees of the Alabama State Crime Laboratory to turn over to the expert a sufficient amount of the substance referred to in the indictment in order to enable the designated expert to analyze the composition and contents of the substance.

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Request for Discovery upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 13th day of June, 2002.

Laurel W. Farrar

Page 3

000054

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,              )        CRIMINAL CASE NUMBER
            Plaintiff,          )        CC-02-186-188
                                )
vs.                             )
                                )
JERRY E. WHITLEY,               )
            Defendant.          )

## MOTION TO EXCLUDE LABORATORY REPORT

Comes now the defendant, by and through his attorney, and moves the Court for an order

excluding from evidence at the trial of the captioned cases the report of the Alabama State Crime

Laboratory, and respectfully shows the Court as follows:

1.    The defendant's attorney received the said lab report on June 17, 2002, only two

days prior to the docket call.

2.    The lab report contains results of the analysis of substances seized during an

illegal search of the defendant's home and illegal arrest of the defendant.

3.    Said seized substances were the poisonous fruits of the illegal search warrant,

search and arrest and should be excluded from evidence.

4.    Defendant's attorney has filed a Motion to Suppress Arrest and Evidence and

Search Warrant.

5.    In the event the Court finds that the lab report and related expert testimony are

admissible and not the fruits of an unlawful search, seizure and/or arrest, the Court should

exclude said report and testimony pending further analysis in accordance with defendant's

Motion to Permit Independent Analysis and defendant's Motion for Further Analysis of Alleged

Controlled Substance.

WHEREFORE, defendant prays that the said laboratory report and any related expert testimony be excluded from evidence in the above-stated case.

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

000056

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon:

District Attorney of Russell County, Alabama

Hon. Joel Collins
Attorney for Caylene White

Hon. Jerry Armstrong
Attorney for Wayne Meadows

by facsimile transmission and by placing same in their respective receptacles located in the Russell County Courthouse in Phenix City, Alabama, this 19th day of June, 2002.

Attorney for Defendant

ORIGINAL
000057

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,                )        CRIMINAL CASE NUMBER
            Plaintiff,           )        CC-02-186-188
                                 )
vs.                              )
                                 )
JERRY E. WHITLEY,                )
            Defendant.           )

## MOTION FOR FURTHER ANALYSIS OF
## ALLEGED CONTROLLED SUBSTANCE

Comes now the defendant, by and through his attorney, and moves the Court for an order

that the alleged controlled substance seized in the above-styled case be further analyzed, first by

the Alabama Department of Forensic Sciences and next by an independent laboratory expert

employed by the defendant in order to determine the exact proportion and makeup of the

substances found in the containers allegedly containing methamphetamine and other substances.

In support of this motion, defendant relies on *Ex parte Fletcher,* 718 So.2d 1132 (Ala.

1998), in which the Supreme Court stated that where illegal drugs are easily distinguished from

and easily separated from legal substances, only the weight of the illegal drugs should be

counted.  In *Fletcher*, solid pieces of bar soap which were found in a bag with a solid piece of

cocaine were not contained in a mixture with cocaine and thus could not be counted toward the

28-gram requirement of a defense of trafficking in cocaine.  Therefore, further analysis needs to

be done in the instant case to determine the proportion of alleged methamphetamine to other

substances and the proportion of water or any other separable liquid in order to get an accurate

measurement of the amount necessary to determine how the statute is applied for sentencing if

the defendant should be found guilty.

Page 1

WHEREFORE, the premises considered, the defendant prays that this Court order further analysis of the alleged controlled substances and a report of the weight in grams of each component contained in each of the containers seized.

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 18th day of June, 2002.

Laurel W. Farrar

000060

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | IN THE CIRCUIT COURT OF |
| | ) | |
| PLAINTIFF, | ) | RUSSELL COUNTY, ALABAMA. |
| | ) | |
| VS. | ) | CASE NO.: CC 02-186-188 |
| | ) | |
| JERRY E. WHITLEY | ) | |
| | ) | |
| DEFENDANT. | ) | |

## ORDER

The defendant having filed a motion for approval of extraordinary expenses and the court having held a hearing and considered evidence presented, it is therefore ORDERED that the motion for approval of extraordinary expenses is denied.

DONE this the 21st day of June, 2002

FILED IN OFFICE
2002 JUN 21 PH 3: 23
CIRCUIT/DIST.COURT
RUSSELL CO., AL.

_____
JUDGE, CIRCUIT COURT

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,                    )        CRIMINAL CASE NUMBER
           Plaintiff,                )        CC-02-186-188
                                     )
vs.                                  )
                                     )
JERRY E. WHITLEY,                    )
           Defendant.                )

**MOTION FOR RECONSIDERATION OF DEFENDANT'S
MOTION FOR APPROVAL OF EXTRAORDINARY
EXPENSES PURSUANT TO *MAY v. STATE***

Comes now the defendant in the above-stated matter, by and through his attorney, Laurel W. Farrar, and requests that the Court reconsider its denial of defendant's motion for approval of extraordinary expenses pursuant to *May v. State* filed herein on June 13, 2002, which requested approval in advance of reimbursement of expenses for an independent expert witness to perform an independent laboratory analysis of the substance alleged in the indictment in this case to be methamphetamine.

Said motion was denied after hearing on June 20, 2002, at which was raised the issue that defendant was out on bond. Defendant would request that another hearing be set and that the Court allow him to show the following:

1.  Defendant is without funds to make advance payment to an independent laboratory for an analysis of the seized substance which is now located at the Alabama Department of Forensic Sciences.

2.  Defendant is indigent and currently unemployed.

3.  Defendant's family members actually assisted him in making bond, and they are without the funds necessary to hire an independent laboratory expert.

4.  Further analysis is necessary in order to properly defend this case, and it would be a violation of the defendant's constitutional rights if he is unable to afford the assistance of an expert witness which is required for the proper defense of his case.

*WHEREFORE*, defendant moves this Court to reconsider its denial of defendant's said motion as requested herein.

6/25/02 — Motion denied. Petitioner has failed to show the needed cost of for analyses and also failed to show to count the time needed to complete analysis.

Respectfully submitted,

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)  297-2400
Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the

within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing

a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 21st

day of June, 2002.

_____

Laurel W. Farrar

```
STATE OF ALABAMA              )      IN THE CIRCUIT COURT OF
                              )
         PLAINTIFF,           )      RUSSELL COUNTY, ALABAMA.
                              )
    VS.                       )      CASE NO.: CC 02-186-188
                              )
JERRY E. WHITLEY             )
                              )
         DEFENDANT.           )
```

## ORDER

The defendant having filed a motion for reconsideration of defendant's motion for approval of extraordinary expenses and the court having reviewed and considered same, it is ORDERED that the Motion is denied. Defendant has failed to show the needed cost for analysis and also failed to show to court the time needed to complete analysis.

DONE this the 25th day of June 2002.

FILED IN OFFICE
2002 JUN 25 PH 2:04
CIRCUIT/DIST. COURT
RUSSELL CO., AL

_____
JUDGE, CIRCUIT COURT

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL INFORMATION IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR APPROVAL OF EXTRAORDINARY EXPENSES PURSUANT TO *MAY v. STATE*

Comes now the defendant in the above-stated matter, by and through his attorney, Laurel W. Farrar, and pursuant to the Court's request, submits the following supplemental information in support of his motion for approval of extraordinary expenses pursuant to *May v. State* filed herein on June 13, 2002, which requested approval in advance of reimbursement of expenses for an independent expert witness to perform an independent laboratory analysis of the substance alleged in the indictment in this case to be methamphetamine.

1.     Dr. John Hiatt of Quest Laboratories in Las Vegas, Nevada, has consented to perform the requested independent analyses.

2.     The two specific samples in question are listed as No. 9 and No. 15 on the Certificate of Analysis dated 9/21/01, result analysis date 6/11/02.

3.     Dr. Hiatt has advised that he will need samples for qualitative analyses of the mixture alleged to contain methamphetamine. This would require that the Alabama Department of Forensic Sciences submit one small representative sample each of Nos. 9 and 15 with either (a) the entire substance shaken up and made to be homogenous, or (b) a sample of the powder portion at the bottom plus a sample of the liquid portion on top.

4.     The time required for this analysis will be will be two weeks from Dr. Hiatt's receipt of the samples, and the cost will be approximately $1,000.00, plus shipping fees.

*WHEREFORE*, defendant moves this Court to issue an order allowing the independent expert analysis as requested by defendant, and that the Court approve payment of the cost thereof.

Respectfully submitted,

EZELL & CHANCEY, LLP

By: _____
    Laurel W. Farrar
    Attorneys for Defendant
    1200 8th Avenue
    P. O. Drawer 2500
    Phenix City, AL   36868-2500
    (334)   297-2400
    Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the

within and foregoing supplemental information upon the District Attorney of Russell County,

Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of

this Court, this 29th day of July, 2002.

_____
Laurel W. Farrar

000066

STATE OF ALABAMA )        IN THE CIRCUIT COURT OF
                )
    PLAINTIFF, )        RUSSELL COUNTY, ALABAMA
                )
VS.             )        CASE NO.: CC 02-186, 187, 188
                )
*Jerry Eugene Whitley* )
                )
    DEFENDANT. )

ORDER

This matter coming before the Court for call of the criminal trial docket on July 29, 2002. It is therefore,

    ORDERED, ADJUDGED AND DECREED:

____ Upon failure of the defendant to appear in Court on this date, an alias writ and preliminary forfeiture is ORDERED.

✓ Upon request/motion made in open court this matter is continued to trial docket set for Sept. 16 _____, 2002.

____ Plea deadline is extended to _____, 2002 at 10:00 A.M.

____ Docket call is set for September 4, 2002 at 10:00 A.M.

✓ Motion to consolidate is ✓ granted ___ denied.

✓ Hearing on Motion to suppress is set for 8-26-02 at 2:00 PM

____ Hearing on Motion to consolidate is set for _____.

____ Case is transferred to District Court/Municipal Court for disposition.

____ Defendant remanded to custody of Sheriff and shall make a new bond in the amount of _____.

✓ *Motion for ext. expenses is granted*

DONE this the 29th day of July 2002.

              _____
              JUDGE, CIRCUIT COURT

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## ORDER APPROVING EXTRAORDINARY EXPENSES

The above-named defendant, by and through his attorney, having on July 29, 2002, submitted supplemental information in support of Defendant's Motion for Approval of Extraordinary Expenses, and the defendant having provided information to the Court that a laboratory in Las Vegas, Nevada, will perform an independent analysis of two specific samples of alleged controlled substances, the Court finds that defendant's said motion is due to be granted.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that Laurel W. Farrar, attorney for the defendant, is authorized to charge to the State of Alabama at the conclusion of this case the cost of said independent laboratory analysis of the alleged controlled substance and any associated shipping fees up to the amount of $1,200.00.

*SO ORDERED,* this ___7___ day of ___Aug___, 2002.

_____
Honorable George R. Greene
Judge, Russell County Circuit Court

FILED IN OFFICE
2002 AUG -7 PM 1: 26

000068

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,       )       CRIMINAL CASE NUMBER
      Plaintiff,       )       CC-02-186
             )
vs.       )
             )
JERRY E. WHITLEY,       )
      Defendant.       )

## ORDER FOR TRANSPORT OF SAMPLES FOR INDEPENDENT ANALYSIS

The above-named defendant, by and through his attorney, having submitted a motion for

independent analysis of alleged controlled substance, the Court finds that defendant's said

motion is due to be granted.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** as follows:

    1.    The above-styled case is hereby continued to the docket call of September 4,

2002.

    2.    That the Alabama Department of Forensic Sciences immediately  procure from

two specific samples listed as No. 9 and No. 15 on the Certificate of Analysis dated 9/21/01,

Result Analyses date 6/11/02, samples sufficient for qualitative analysis of the seized mixture

alleged to contain methamphetamine.  Such samples should be submitted as either the entire

substance shaken up and made to be homogenous, and then a representative sample removed

therefrom, OR a sample of the powder portion at the bottom plus a sample of the liquid portion

on top and labeled appropriately as such.  Said samples from Nos. 9 and 15 should be

appropriately packaged and shipped, and delivered no later than August 12, 2002, to the attention

of Dr. John Hiatt, American Medical Laboratories, Quest Diagnostics, 4230 Burnham Avenue,

Suite 250, Las Vegas, Nevada 89119, after communicating with Dr. Hiatt at telephone number

702-733-7866, Extension 3468, or fax number 702-733-0318, to determine the requirements for samples and packaging.

    3.    That Dr. Hiatt furnish laboratory results to both parties immediately upon completion of the analysis.

    4.    This Court's separate order entitled Order Approving Extraordinary Expenses for the cost of the independent laboratory expenses has been issued this date.

    *DONE AND ORDERED*, this __7__ day of ___Aug___, 2002.

_____
Honorable George R. Greene
Judge, Russell County Circuit Court

| STATE OF ALABAMA | * | IN THE CIRCUIT COURT OF |
| | * | |
| VS. | * | RUSSELL COUNTY, ALABAMA |
| | * | |
| JERRY E. WHITLEY | * | CASE NO. CC-02-186 |

## MOTION TO AMEND ORDER

Comes now the State of Alabama by and through its District Attorney for the 26th Judicial Circuit, Kenneth Davis, and moves this Honorable Court to amend the "Order for Transport of Samples" issued by this Court and as grounds therefore shows as follows:

1 - The undersigned received the Order on August 15, 2002.

2 - On August 15, 2002 the undersigned contacted Sherwin Boswell, head of the Auburn Lab of the Department of Forensic Sciences to make the necessary arrangements.

3 - Sherwin Boswell informed the undersigned that **Sample #9** referred in the Order contains a mixture which includes **ether.**

4 - Boswell further stated that the United States Postal Service does not allow the shipment of ether or any mixture containing ether via mail without subjecting the sender to severe financial penalties if the ether is spilled or otherwise released.

5 - Boswell further stated that based upon his past experience that neither American Express nor United Parcel Service will ship ether or a mixture containing ether.

6 - In fact all ether required by the Auburn Lab for its work must be delivered by special courier.

7 - In light of the foregoing the State moves this Court to amend its order so as not to require the shipment of Sample #9.

8 - In the alternative the State asks that the Court either (1) require the Defendant to use a licensed courier service to deliver the sample to Las Vegas or (2) post a cash bond in the amount of $50,000.00 to cover any financial penalties which might be incurred by the Alabama Department of Forensic Sciences as a consequence of mailing the sample.

10/9/02 - Upon arrangement of shipping ether samples by Defense Counsel. Said requested samples are to be turned over to Defense Counsel to ship for analysis

000071

Respectfully submitted.

KENNETH DAVIS
DISTRICT ATTORNEY
26TH JUDICIAL CIRCUIT

BY: _____
Buster Landreau
Chief Deputy District Attorney
LAN 034

## CERTIFICATE OF SERVICE

I hereby certified that I have served a copy of the foregoing upon the Attorney for Defendant by placing a copy in her box in the Clerk's Office.

This ____15th____ Day of ____August____, 2002

_____
Buster Landreau

000072

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## OBJECTION TO MOTION TO AMEND ORDER

Comes now the defendant, by and through his attorney of record, and objects to the

State's Motion to Amend Order filed herein on August 15, 2002, and as grounds therefor,

respectfully shows unto the Court as follows:

1.    Defendant's attorney has made telephone calls to determine how the liquid

material should be shipped, including telephone calls to the DEA, the Department of Transpor-

tation, United Parcel Service and the United States Postal Service.

2.    The Department of Transportation advised defendant's attorney that if the mixture

containing ether is properly packaged and marked as a hazardous material, it can be shipped by

ground or air carriers which allow such materials to be shipped.

3.    The United States Postal Service will not ship hazardous materials, but the DEA

advised defendant's attorney that their agency has been mailing alleged controlled substances to

an independent laboratory in Texas from Montgomery, double-boxing the material, via the

United States Postal Service.  They also stated that they have used Airborne Express in the past

and that Airborne Express is not averse to this.

4.    It is the understanding of defendant's attorney that Federal Express, Airborne

Express and United Parcel Service do allow the shipment of hazardous materials if the material is

properly marked as such, sealed in a container and double-boxed.  See Exhibit "A" hereto, a

highlighted portion of the FedEx USA Airbill ("Does this shipment contain dangerous goods?") with options of "No," "Yes," "As per attached shipper's declaration," or "Yes, shipper's declaration not required." The undersigned attorney understands that a shipper's declaration is either required or not by the Department of Transportation, depending on their categorization of those items termed dangerous goods or hazardous materials.

5.      It would be unnecessarily prohibitively expensive to have a special courier service to deliver a small sample to Las Vegas, Nevada, as it would be for defendant to post a cash bond of $50,000.00 to cover any financial penalties that might be incurred by the Alabama Department of Forensic Sciences. It should be the burden of the Alabama Department of Forensic Sciences to properly package and mark the sample so that the shipment will be entirely safe, legal and in compliance with regulations of whatever carrier is selected.

6.      To permit an analysis of one sample and not the other would be unfair to the defendant and contrary to the underlying purpose of the independent analysis and would defeat the purpose for which the Court's Order was issued.

**WHEREFORE**, the premises considered, defendant objects to the State's motion to amend this Court's order.

EZELL & CHANCEY, LLP

By:  _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

000074

**FedEx USA Airbill Express**

FedEx Tracking Number: 8331 8854 1180

**1 From**

Date

Sender's FedEx Account Number: 1343-4481-4

Sender's Name

Company: EZELL & CHANCEY LLP

Phone ( 334 ) 297-2400

Address: 1200 8TH AVE

City: PHENIX CITY    State: AL    ZIP: 36867

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name

Phone ( )

Company

Address

City    State    ZIP

MUR23    0215

**4a Express Package Service**    Packages up to 150 lbs
- [ ] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**    Packages over 150 lbs
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [ ] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
- [ ] No
- [ ] Yes
- [ ] Yes
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment Bill to:**
- [ ] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages    Total Weight    Total Declared Value $      .00

**8 Release Signature**

Questions? Visit our Web site at fedex.com or call 1.800.Go.FedEx® 800.463.3339.

0206664473

447

EXHIBIT "A"

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 16th day of August, 2002.

Laurel W. Farrar

STATE OF ALABAMA )
 )                                    IN THE CIRCUIT COURT OF
        PLAINTIFF, )
 )                                    RUSSELL COUNTY, ALABAMA
    VS. )
 )                                    CASE NO.: CC 02-186-188
 )
 )
_Jerry Whatley_ )
 )
        DEFENDANT. )

ORDER

This matter coming before the Court for call of the criminal trial docket on June 19, 2002.  It is therefore,

**ORDERED, ADJUDGED AND DECREED:**

____ Upon failure of the defendant to appear in Court on this date, an alias writ and preliminary forfeiture is **ORDERED**.

____ Upon request/motion made in open court this matter is continued to trial docket set for August 5, 2002.

____ Plea deadline is extended to July 29, 2002 at 10:00 A.M.

____ Docket call is set for July 29, 2002 at 10:00 A.M.

✓ Motion to consolidate is ✓ granted ____ denied.

____ Hearing on Motion to suppress is set for _____.

____ Hearing on Motion to consolidate is set for _____.

____ Case is transferred to District Court/Municipal Court for disposition.

____ Defendant remanded to custody of Sheriff and shall make a new bond in the amount of _____.

_____

_____

_____

**DONE** this the 29th day of July 2002.

_____
JUDGE, CIRCUIT COURT

000077

August 23, 2002

Laurel Farrar
Attorney at Law
P.O. Drawer 2500
Phenix City, Al 36868-2500

Re: Jerry Whitley
    CC-02-186,187,188

Dear Laurel:

This is in response to your letter dated August 22, 2002 and to confirm our telephone conversation of this date. As I stated in our phone conversation I was willing not to seek the firearm enhancement in the event of a plea of guilty by Whitley. However it seems evident at this time that Whitley desires a trial therefore I will seek the firearm enhancement and have filed the notice thereof this date.

On other matters I talked with Sherwin Boswell this date. I had faxed to him your pleading wherein you stated UPS and Federal Express would ship a sample containing ether. Sherwin told me that they would not ship ether to the ADFS Lab ( courier had to be used ) but that he would check with them again and if they would accept the shipment he would send it to your expert.

In our phone conversation you stated that Airborne Express might ship it if the other two would not. Since this was not in your motion I asked you to call Sherwin and advise him of that fact.

                                        Sincerely



                                        Buster Landreau
                                        Chief Deputy District Attorney

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,          )     CRIMINAL CASE NUMBER
       Plaintiff,         )     CC-02-186, 187, 188
                        )
vs.                     )
                        )
JERRY E. WHITLEY,        )
          Defendant.     )

## MOTION TO TRANSPORT

Comes now the defendant in the above-styled cause, by and through his attorney of

record, and would request that this Honorable Court order that STEVEN MOSSESON, an inmate

of the Lee County Jail, be transported to Phenix City, Alabama, in order to testify in the

suppression hearing in the above-styled case scheduled for 2:00 p.m., EDT, on August 26, 2002.

    In support of said motion, defendant would show that a subpoena request form was filed,

on Friday, August 23, 2002, and a subpoena was produced by the Clerk. The defendant's

attorney delivered the subpoena to the Russell County Sheriff's Department, but later learned that

the above-named individual was not incarcerated at the Russell County Jail but had been

transported to the Lee County Jail to face cases there. The said Steven Mosseson is a witness to

the facts, circumstances and/or occurrences leading up to the arrest of the defendant, and it is

anticipated that his testimony at the suppression hearing is necessary in order to rebut the

evidence presented by the State of Alabama.

    *WHEREFORE*, the premises considered, the defendant requests that the Court to order

that a Russell County Deputy Sheriff transport the witness, Steven Mosseson, from the Lee

County Jail to the Russell County Courthouse in Phenix City, Alabama, to testify at the

suppression hearing on August 26, 2002, at 2:00 p.m., EDT, in Courtroom No. 1.

EZELL & CHANCEY, LLP

By: _____
      Laurel W. Farrar
      Attorneys for Defendant
      1200 8th Avenue
      P. O. Drawer 2500
      Phenix City, AL   36868-2500
      (334)  297-2400
      Attorney Code FAR-036

## CERTIFICATE OF SERVICE

    I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Motion to Transport upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 23rd day of August, 2002.

              _____
              Laurel W. Farrar

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,                     )     CRIMINAL CASE NUMBER
            Plaintiff,                )     CC-02-186, 187, 188
                                      )
vs.                                   )
                                      )
JERRY E. WHITLEY,                     )
            Defendant.                )

## ORDER MOTION TO TRANSPORT

Defendant's attorney having submitted defendant's motion to transport Lee County Jail

inmate Steven Mosseson to Phenix City, Alabama, to testify at the suppression hearing in the

captioned case, it is the opinion of the Court that said motion is due to be granted. Therefore,

IT IS ORDERED, ADJUDGED AND DECREED that the Russell County Sheriff's

Office transport Steven Mosseson from the Lee County Jail to appear in Courtroom No. 1 at 2:00

p.m., EDT, on August 26, 2002.

*SO ORDERED*, this 23rd day of August, 2002.

Honorable George R. Greene
Judge, Russell County Circuit Court

FILED IN OFFICE
2002 AUG 23  PM 3:30
RUSSELL CIRCUIT COURT
CO., AL