## IDENTIFICATION

| 1 ORI | 2 AGENCY NAME | 3 CASE # |
|---|---|---|
| 0570000 | Russell County Sheriff Dept | |

**3 LAST, FIRST, MIDDLE NAME:** Mossison Steve Duane
**6 ALIAS AKA:** Steve

| 7 SEX M | 8 RACE W | 9 HGT. 600 | 10 WGT. 215 | 11 EYE Grn | 12 HAIR Red | 13 SKIN | 14 | ☑ SCARS | ☑ MARKS | ☑ TATOOS | ☑ AMPUTATIONS |

**15 PLACE OF BIRTH (CITY, COUNTY, STATE):** Fargo North Dakota
**16 SSN:** 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 - 153121
**17 DATE OF BIRTH:** 11/19/61
**18 AGE:** 39
**19 MISCELLANEOUS ID #**

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL # 5218374 | 23 ST AL |
| 24 FBI # | HENRY CLASS | | | | | | | | |
| | NCIC CLASS | | | 25 IDENTIFICATION COMMENTS | | | | | |

| 26 ☑ RESIDENT ☑ NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) 4400 Brigde Water Circle PCAl | 28 RESIDENCE PHONE (334) 297-5416 | 29 OCCUPATION (BE SPECIFIC) n/a |
| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) n/a | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) n/a | 32 BUSINESS PHONE ( ) n/a |

## ARREST

**33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP):** Russell County Jail Al
**34 SECTOR #**
**35 ARRESTED FOR YOUR JURISDICTION?** ☐ IN STATE ☐ OUT STATE AGENCY ☐ YES ☐ NO

| 36 CONDITION OF ARRESTEE: | ☐ DRUNK ☑ SOBER ☐ DRINKING ☐ DRUGS | 37 RESIST ARREST? ☐ YES ☐ NO | 38 INJURIES? ☐ OFFICER ☐ ARRESTEE | ☑ NONE | 39 ARMED? n/a | 40 DESCRIPTION OF WEAPON ☐ HANDGUN ☐ RIFLE ☐ SHOTGUN ☐ OTHER FIREARM ☐ OTHER WEAPON n/a |

| 41 DATE OF ARREST 08/25/01 | 42 TIME OF ARREST 825 ☐ 1 AM ☐ 2 PM ☐ MIL. | 43 DAY OF ARREST S M ☑T W T F S | 44 TYPE ARREST ☐ ON VIEW ☑ CALL ☐ WARRANT | 45 ARRESTED BEFORE? ☐ YES ☑ NO ☐ UNKNOWN |

**46 CHARGE—1** ☐ FEL ☑ MISD  Return for Court
**47 UCR CODE**
**48 CHARGE—2** ☐ FEL ☐ MISD
**48 UCR CODE**

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED M D Y | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED M D Y |

**56 CHARGE—3** ☐ FEL ☐ MISD
**57 UCR CODE**
**58 CHARGE—4** ☐ FEL ☐ MISD
**59 UCR CODE**

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED M D Y | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED M D Y |

| 66 ARREST DISPOSITION ☑ HELD ☐ BAIL ☐ RELEASED ☐ TOT-LE ☐ OTHER | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
| | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

## VEHICLE

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 VCO | 76 LIS | 77 LIY |
| 78 VIN | | | | 79 IMPOUNDED? ☐ YES ☐ NO | 80 STORAGE LOCATION/IMPOUND # | | |
| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | | | | | | ☐ CONTINUED IN NARRATIVE | |

## JUVENILE

| 82 JUVENILE DISPOSITION: | ☐ HANDLED AND RELEASED ☐ REF. TO JUVENILE COURT | ☐ REF. TO WELFARE AGENCY ☐ REF. TO OTHER POLICE AGENCY | ☐ REF. TO ADULT COURT | 83 RELEASED TO |
| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | | 85 ADDRESS (STREET, CITY, STATE, ZIP) | | 86 PHONE ( ) |
| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | | 90 PHONE ( ) |

## RELEASE

| 91 DATE AND TIME OF RELEASE M D Y : ☐ AM ☐ PM ☐ MIL. | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS | |
| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐ YES ☐ NO ☐ PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # | |
| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) | | | |

LOCAL USE
STATE USE

**102 SIGNATURE OF RECEIVING OFFICER**
**103 SIGNATURE OF RELEASING OFFICER**

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE ☐ Y ☐ N |
| 111 ARRESTING OFFICER (LAST, FIRST, M.) | | 112 ID # 5226 | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR ID # | 116 WATCH CMDR. |

TYPE OR PRINT IN BLACK INK ONLY

ACJIC—34 REV. 10-9

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186, 187, 188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION *IN LIMINE*

Comes now defendant JERRY E. WHITLEY, by and through his counsel of record, and moves the Court *in limine* to issue an order directing that the District Attorney not introduce any photographs, pictures or videotape made of this defendant or any co-defendant at or after the time of the arrest in the above-stated cases, and as grounds therefor, would show as follows:

1. Any photographs, pictures or videotape of this defendant or any co-defendant would be immaterial and irrelevant to any elements of the charges now pending.

2. Even if the Court should find that photographs, pictures or videotape of this defendant or any co-defendant is material or relevant, then the prejudicial effect substantially outweighs any probative value of such evidence.

*WHEREFORE*, defendant respectfully moves the Court to issue an order *in limine* directing that neither the District Attorney nor any State's witness produce to the jury any photographs, pictures or videotape made of this defendant or any co-defendant in the above-stated cases at the time of the arrest or subsequent thereto.

Page 1

EZELL & CHANCEY, LLP

By: _Laurel W. Farrar_ (signature)

Laurel W. Farrar
Attorneys for Defendant Jerry E. Whitley
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036


## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for defendant Jerry E. Whitley and that I have served a

copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama,

by placing same in his receptacle located in the Russell County Courthouse in Phenix City,

Alabama, this _23rd_ day of August, 2002.

_(signature)_

Attorney for Jerry E. Whitley

# SEARCH WARRANT

(X) State of Alabama

SL0105214_____
Case Number

(  ) Municipality

VS.

STATE OF ALABAMA
In the_____ Court
Of Russell_____County

Jerry Whitley_____
Defendant

## TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

Affidavit in support of application for a search warrant having been made before me, and the Court's finding that grounds for the issuance exists or that there is probable Cause to believe that they exist, pursuant to Rule 3.8 Alabama Rules of Criminal Procedure, you are hereby ordered and authorized to fore with search:

**THE FOLLOWING PERSON OR PLACE:**  a green and white trailer home on Rusk Drive, Phenix City, Alabama. This residence is between Lots #21 and #50 and accross from Lot #50. See exhibit A for diagram of area.

**FOR THE FOLLOWING PROPERTY:** There is being concealed at the above residence methamphetamine, materials for making methamphetamine, weapons and hazardous chemical byproducts form making methamphetamine. The use, possession and manufacturing being a violation of Sections 13A-12-211 and 13A-12-212 of The Code of Alabama, as Amended.

and make return of this warrant and an inventory of all property seized by me  within
_____  (____) days (not to exceed ten (10) days as required by law.)
(  ) This warrant may only be executed
   (  ) in the daytime between the hours of
_____ __.M., and
_____ __.M.
(  ) The Court finds probable cause to believe that a nighttime search is necessary and this warrant may by executed at any time of the day or night.
ISSUED TO: Agent Jason Whitten, Metro Narcotics Task Force._____
at __8:21__ o'clock, pm  XX, this 21st day of September_____ , 2001_____.

_____
Judge

# RETURN AND INVENTORY

I certify that I executed the foregoing Search Warrant as directed therein by searching the person or place therein described at _2045_ o'clock _P_ _M_., _Sept. 21_ _2001_ , and:

( ) Did not find and seize any property located

or:

(✓) Found and seized the following described property and made return of same to the court at _2045_ o'clock _M_. _Sept. 21_ _2001_ :

1) Ithaca 22 cal rifle model M49 (bedroom TW)
2) Ruger M77 rifle 308 Cal (bedroom) TW
3) Ruger 22 Cal Pistol Mark I (safe) JW, 4) Davis 22 cal pistol DM 22.
5) Bryco Arms 9mm pistol J9 (living room JW), 6) Ruger P-89 9mm pistol (case JW)
7) Glock M-31 357 pistol (living room JW), 8) Radio Shack Scanning receiver.
9) Three walkie-talkie's, (10) Nabra Scanner, (11) Three Cell phones
12) CCTV Camera system, (13) Minolta Camera 35mm @
14) Canon Cam corder 8mm, 15) _____ mm @ JW
15) 4 Chemistry Books, 16) Night owl optics Night Vision
17) 7 pistol magazines, 18) Four boxes of pistol Ammo
19) one brief case w/ papers, 20) four 8mm Tapes.
21) quantity of Methamphetimine, 22) meth making materials
23) quantity of Marijuana, 24) Various paper work and
documents.

( ) Copy or warrant and endorsed copy of inventory left in accordance with Rule 3.11(a), Alabama Rules of Criminal Procedure.

Date: _09 21 01_

_S/a J. WL_ M16

Signature of Law Enforcement Officer

_agent, Metro N.T.F._

Title and Agency

## RECEIPT

I acknowledge receipt of return of the foregoing Search Warrant and all items, if noted on the foregoing inventory, at the date and time noted above.

Date: _____        _____

Judge

| STATE OF ALABAMA | * | IN THE CIRCUIT COURT OF |
|---|---|---|
| | * | |
| VS. | * | RUSSELL COUNTY, ALABAMA |
| | * | |
| JERRY WHITLEY | * | CASE NO. CC-02-186 |

## NOTICE OF INTENT TO SEEK SENTENCING ENHANCEMENTS

Comes now the State of Alabama by and through its District Attorney for the 26th Judicial Circuit, and gives notice of its intent to seek sentence enhancement under the provisions of Section 13A-12-231(13), Possession of a Firearm during Commission of a Drug Trafficking Act. The State of Alabama further gives notice of its intent to seek a jury determination of the factual existence of said enhancing facts.

Respectfully submitted,

Buster Landreau
Chief Deputy District Attorney
26th Judicial Circuit

FILED IN OFFICE
2002 AUG 23 PM 3: 47

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion upon the Hon. _____ LAUREl FARRAR _____ Counsel for the Defendant, by placing the same in a receptacle reserved in his name in the Office of the Clerk of the Circuit Court of Russell County, Alabama.

This the 23RD day of August, 2002.

BUSTER LANDREAU
CHIEF DEPUTY DISTRICT ATTORNEY

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,                    )      CRIMINAL CASE NUMBER
    Plaintiff,                        )      CC-02-186-188
                                      )
vs.                                  )
                                      )
JERRY E. WHITLEY,                    )
    Defendant.                        )

## DEFENDANT'S SECOND MOTION TO CONTINUE

    Comes now the defendant, by and through his attorney, and moves the Court for an order continuing the trial of the captioned cases, and respectfully shows the Court as follows:

    1.    This Court has Ordered that samples of the seized substances be sent to an independent laboratory;

    2.    There has been a problem in that one of the samples has not yet been sent;

    3.    The attorney for the defendant understands that there is a question as to how the Alabama Department of Forensic Sciences should send the samples;

    4.    Even if the samples were sent today, there would be inadequate time for analysis together with the time needed for attorney's interpretation and preparation for getting the expert witness to come to Court, if necessary.

    WHEREFORE, defendant prays that the trial of the above-stated cases be continued until such time as the matters set forth herein have been accomplished.

EZELL & CHANCEY, LLP

By: _____
    Laurel W. Farrar
    Attorneys for Defendant
    1200 8th Avenue
    P. O. Drawer 2500
    Phenix City, AL  36868-2500
    (334)  297-2400
    Attorney Code FAR-036

Page 1

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon:

District Attorney of Russell County, Alabama

by facsimile transmission and by placing same in their respective receptacles located in the Russell County Courthouse in Phenix City, Alabama, this 28th of August, 2002.

_____
Attorney for Defendant

000089

```
STATE OF ALABAMA            )    IN THE CIRCUIT COURT OF
                           )
        PLAINTIFF,         )    RUSSELL COUNTY, ALABAMA
                           )
    VS.                    )    CASE NO.: CC 02-186,187,
                           )                    188
JERRY EUGENE WHITLEY       )
                           )
        DEFENDANT.         )
```

ORDER

  The parties appearing before the Court for a hearing on the Defendant's motion to suppress and the Court proceeded to take testimony and upon consideration of same, it is ORDERED that the Motion to suppress is denied.

  DONE this the 26th day of August 2002.


_____
JUDGE, CIRCUIT COURT

STATE OF ALABAMA          )      IN THE CIRCUIT COURT OF
                         )
     PLAINTIFF,          )      RUSSELL COUNTY, ALABAMA
                         )
VS.                      )      CASE NO.:  CC 02-186
                         )                    187
*Jerry E. Whitley*       )                    188
                         )
     DEFENDANT.          )

### ORDER

This matter coming before the Court for call of the criminal trial
docket on September 4, 2002.  It is therefore,

     ORDERED, ADJUDGED AND DECREED:

✓  Upon failure of the defendant to appear in Court on this date,
   an alias writ and preliminary forfeiture is ORDERED.

✓  Upon request/motion made in open court this matter is
   continued to trial docket set for October 28, 2002.

___  Plea deadline is extended to _____, 2002 at ___:00 ___.M.

✓  Docket call is set for October 16, 2002 at 10:00 A.M.

___  Motion to consolidate is ___ granted  ___ denied.

___  Hearing on Motion to suppress is set for _____.

___  Hearing on Motion to consolidate is set for _____.

___  Case is transferred to District Court/Municipal Court for
     disposition.

___  Defendant remanded to custody of Sheriff and shall make a new
     bond in the amount of _____.

✓  Set aside bond reduction. Original bond
   amounts reinstated $250,000.00, $20,000.00 &
   $1,000.00

DONE this the 4th day of September 2002.

_____
JUDGE, CIRCUIT COURT

ALABAMA JUDICIAL DATA CENTER

ALIAS WARRANT                                    CC 2002 000186.00

JID: GEORGE R. GREENE

THE CITY OF SL0105214          VS WHITLEY JERRY EUGENE

TO ANY LAW ENFORCEMENT OFFICER:

YOU ARE HEREBY COMMANDED TO ARREST: WHITLEY JERRY EUGENE
AND BRING HIM/HER BEFORE THIS COURT TO ANSWER THE STATE FOR THE CHARGE OF
FAILURE TO APPEAR ON THE CHARGE OF: TRAFFICKING-METHAMPHETAM - FELONY

WITNESS MY HAND THIS SEPTEMBER 4, 2002.

BOND SET AT: NO BOND          -          _Kathy Coulter (JBS._
                                         JUDGE/CLERK/MAGISTRATE

---

DEFENDANT'S ADDRESS:                DEFENDANT'S DESCRIPTION:

150 REYNOLDS ROAD                   HT: 506    WT: 145
                                    HAIR: BRO   EYE: BRO
FORTSON        , GA 31808 0000      BIRTH DATE: 09/20/1965
                                    RACE: W     SEX: M
                                    SID#: 000000000
                                    SSN#: 259177161

  ALIAS:

  EMPLOYER: _____        PHONE NO: _____

  TICKET NUMBER:                   AGENCY/OFFICER: 0570000/

NOTE:

THIS APPEARS TO BE A VALID ADDRESS

---

  OFFICERS RETURN:
  RECEIVED ON _____9-4-02_____

  EXECUTED ON _____9-4-02_____     BY: _Russell Co SO._

  ( ) DEFENDANT ARRESTED, RELEASED ON BOND
  (X) DEFENDANT ARRESTED, IN JAIL
  ( ) DEFENDANT ARRESTED, NOT BOOKED
  ( ) NOT FOUND
  ( ) OTHER _____

  _Tommy Boswell_                  _W P Edgan_
  SHERIFF                          OFFICER

OPERATOR:JOS
PREPARED:09/04/2002

## ALABAMA UNIFORM ARREST REPORT

Fingerprintable?
| | Yes | | Yes |
| | No | | No |

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

0 5 7 0 0 0 0   **2 AGENCY NAME** RUSSELL COUNTY SHERIFF DEPT    **3 CASE #**    **4 SFX**

**5 LAST, FIRST, MIDDLE NAME** Whitley Jerry Eugene    **6 ALIAS AKA**

| 7 SEX | 8 RACE | 9 HGT | 10 WGT | 11 EYE | 12 HAIR | 13 SKIN | 14 | SCARS | MARKS | TATOOS | AMPUTATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| M | W | 5-6 | | Gin | Bro | | | | | | |

**15 AGE** **16 MISCELLANEOUS ID #**    **16 SSN** 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 171/61 09-7-0165 36   **17 DATE OF BIRTH** 36

**15 PLACE OF BIRTH (CITY, COUNTY, STATE)** Columbus Muscogee Co GA    **18 DL #**    **19 ST**

**20 SID #**    **21 FINGERPRINT CLASS** KEY MAJOR PRIMARY SCDY SUB-SECONDARY FINAL

HENRY CLASS
NCIC CLASS

**22 IDENTIFICATION COMMENTS**

**24 FBI #**

**26 RESIDENT / NON-RESIDENT**    **27 HOME ADDRESS (STREET, CITY, STATE, ZIP)** 1417 Bix/Ct Columbus GA 31704    **28 RESIDENCE PHONE** 321-8830    **29 OCCUPATION (BE SPECIFIC)** N/A

**30 EMPLOYER (NAME OF COMPANY/SCHOOL)** N/A    **31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP)** N/A    **32 BUSINESS PHONE** N/A

**33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP)** RUSSELLCO DISTRICT/CIRCUIT CT    **SECTOR**    **34 ARRESTED FOR YOUR JURISDICTION?** YES    IN STATE / OUT STATE / OUT AGENCY

**35 CONDITION OF** DRUNK  SOBER    **RESIST ARREST?** YES NO    **INJURIES?** NONE OFFICER ARRESTEE    **ARMED?** Y N    **36 DESCRIPTION OF WEAPON** HANDGUN / RIFLE / SHOTGUN / OTHER FIREARM / OTHER WEAPON N/A

**ARRESTEE** DRINKING DRUGS

**40 DATE OF ARREST** 09-04-2005    **41 AM PM MIL**    **42 DAY OF ARREST** S M T W T F S    **TYPE ARREST** ON VIEW WARRANT    **ARRESTED BEFORE?** YES NO UNKNOWN

**49 CHARGE-1** FEL MISO    **50 UCR CODE**    **UCR CODE** Sch    **53 STATE CODE/LOCAL ORDINANCE** FTP POSS/RE Cont    **54 DATE ISSUED** 09-04-2005

FTA Citation - meth
A    **51 WARRANT #** CC02 186    **52 DATE ISSUED** 09-04-2005

**55 CHARGE-2** FEL MISO    **56 UCR CODE**    **CHARGE-3** FEL MISO    **UCR CODE**

FTP Resistin Arrest    **61 WARRANT #** CC02 188    **62 DATE ISSUED** 09-04-2005    **63 STATE CODE/LOCAL ORDINANCE** **64 WARRANT #**    **DATE ISSUED**

**66 ARREST DISPOSITION** HELD / BAIL / RELEASED    TOT—LE / OTHER    **67 IF OUT ON RELEASE WHAT TYPE?**    **68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME)**

**69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME)**

### VEHICLE

| 70 YTR | 71 YMA | 72 YMO | 73 YST | 74 YCO TOP / BOTTOM | | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|---|

**78 VIN**    **79 IMPOUNDED?** YES NO    **80 STORAGE LOCATION/IMPOUND #**

**81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED**    CONTINUED IN NARRATIVE

### JUVENILE

**82 JUVENILE DISPOSITION:** HANDLED AND RELEASED / REF. TO JUVENILE COURT / REF. TO OTHER POLICE AGENCY / REF. TO WELFARE AGENCY / REF. TO ADULT COURT    **83 RELEASED TO**

**84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME)**    **85 ADDRESS (STREET, CITY, STATE, ZIP)**    **86 PHONE** ( )

**87 PARENTS EMPLOYER**    **88 OCCUPATION**    **89 ADDRESS (STREET, CITY, STATE, ZIP)**    **90 PHONE** ( )

### RELEASE

**91 DATE AND TIME OF RELEASE** M D Y AM PM MIL    **92 RELEASING OFFICER NAME**    **93 AGENCY/DIVISION**    **ID #**

**95 RELEASED TO:**    **96 AGENCY/DIVISION**    **97 AGENCY ADDRESS**

**98 PERSONAL PROPERTY RELEASED TO ARRESTEE** YES NO PARTIAL    **99 PROPERTY NOT RELEASED/HELD AT:**    **100 PROPERTY #**

**101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE)**

LOCAL USE

STATE USE

**102 SIGNATURE OF RECEIVING OFFICER**    **103 SIGNATURE OF RELEASING OFFICER**

MULTIPLE CASES CLOSED    **104 CASE #**    **106 SFX** **106 CASE #**    **107 SFX** **108 CASE #**    **109 SFX** **110 ADDITIONAL CASES CLOSED NARRATIVE**

**111 ARRESTING OFFICER (LAST, FIRST, M.)**    **112 ID #**    **113 ARRESTING OFFICER (LAST, FIRST, M.)**    **114 ID #** **115 SUPERVISOR**    **116 WATCH CMDR.**

TO:           HON. TOMMY BOSWELL, SHERIFF

FROM:         CLERK'S OFFICE (By _Jody_____)

DATE:    –    _9/4/02_____

RE:           STATE OF ALABAMA  VS.  _Jerry Whitley_

CASE NO.(S): _Traff. meth., Poss Cont. Subst., Resist. Arrest_

OFFENSE(S): _CC-02    186         187 –          188 –_

_Bonds: $250,000 ⁰ ,   20,000 –        1,000 –_

Please be advised that bond in the above-styled case(s) has been
reset at $ _See Above_ by the authority of _Judge Greene_.

COURT DATE: _Sept. 16, 02 at 9:00 Am_

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## MOTION TO SET ASIDE WRIT OF ARREST AND
## WITHDRAW REVOCATION OF BOND

     Comes now the defendant in the above-stated matter, by and through his attorney, Laurel W. Farrar, and requests that the Court reconsider its issuance of writ of arrest in the above styled case, issued on the 4th day of September, and in support, defendant would show the following:

    1.    Defendant has been out on bond and has kept in touch and kept all appointments with the attorney and the bonding company.

    2.    Defendant has attended past docket calls and motion hearings.

    3.    Defendant mistakenly thought docket call was the day of the 4th at 2:00 p.m., rather than 10:00 a.m., and therefore arrived late to docket call. Defendant arrived shortly after 11:00.

    4.    During the time when Defendant should have been at docket call, Defendant was transporting his mother to a doctor's appointment. Please see attached affidavit of his mother, marked as Exhibit "A."

    5.    Defendant requests that the court have mercy and allow him to be back out on bond pending the trial in this matter.

6.    Defendant requests a hearing on the motion.

*WHEREFORE*, defendant moves this Court to reconsider its issuance of a writ and to withdraw its revocation of his bond, setting this matter for hearing, as requested herein.

Respectfully submitted,

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)  297-2400
Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 4th day of September, 2002.

_____
Laurel W. Farrar

Exhibit "A"

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF MELBA JEAN WHITLEY

**TO:**   The Honorable George Greene, Circuit Judge

KNOW ALL MEN BY THESE PRESENTS that I, Melba Jean Whitley, of Harris County, Georgia, after having been first placed under oath do hereby state to the Court that I am the mother of Jerry Whitley, the defendant in this case; that on this morning, the morning of September 4, 2002, my son Jerry Whitley, who was at that time out on bond, took me to my doctor appointment. I had asked him to take me to the doctor's office, Family Practice, in Columbus, Georgia, where I saw Dr. Green. Jerry and I must have gotten the times mixed up and thought that the docket call in this case was at 2:00 p.m. I swear or affirm that the foregoing is true and correct.

Dated the 4th day of September, 2002.

_Melba Jean Whitley_
MELBA JEAN WHITLEY

| | |
|---|---|
| State of Alabama | ) |
| Russell County | ) |

I, Laurel W. Farrar, a Notary in and for said County and State, hereby certify that Melba Jean Whitley, whose name is signed to the foregoing affidavit and who is known to me, who being first duly sworn on oath, acknowledged before me on this day, that being informed of the contents of said affidavit executed the same voluntarily on the day the same bears date.

Given under my hand this the 4th day of September, 2002.

_[signature]_
Notary Public
(My Commission expires: 07/20/03)
Seal

Page 3

000097

BUSTER LANDREAU
IIEF DEPUTY DISTRICT ATTORNEY

GREG WALDREP
ASSISTANT DISTRICT ATTORNEY

J. MAXWELL SMITH
ASSISTANT DISTRICT ATTORNEY

JOE EDWARDS
ASSISTANT DISTRICT ATTORNEY

## KENNETH E. DAVIS
### DISTRICT ATTORNEY
#### TWENTY-SIXTH JUDICIAL CIRCUIT
#### RUSSELL COUNTY, ALABAMA

Post Office Box 939
Phenix City, Alabama 36868-0939
(334) 298-6028 / (334) 297-0916
Fax (334) 291-5453

September 5, 2002

Laurel Farrar
Attorney at Law
P.O. Drawer 2500
Phenix City, Al 36868-2500

Re: Jerry Whitley
       CC-02-186,187.188

Dear Laurel:

This is in response to your letter of September 5, 2002. It seems apparent that you do not fully understand the position of the State. Sherwin Boswell, who as Director of the Lab should be familiar with this situation, informs me that the samples you are requesting are considered Hazardous Materials by the shipping companies. Therefore they not only require special packing but also require the shipper ( in this case the state) to assume financial liability for any damages in the event the package should be damaged or the hazardous materials released.

Since these samples would be shipped to an expert that we are unfamiliar with, and those samples would have to be shipped back, it seems to me it is unreasonable that you and your client would expect the state to undertake this risk I am equally certain law enforcement does not want to undertake this risk.

In several conversations you have, based upon a spouse working for the Post Office, intimated that we are overstating the situation and that it would be a simple thing to do. While I obviously think you are mistaken, I would offer the following:

**The state has no objection to you securing the appropriate shipping materials and taking the same to the Auburn Lab where the samples would be packaged by you for shipment by you via whatever medium you chose.**

Since it is you and your client that desire an independent analysis by an expert of your choice I would think this would be satisfactory. Please inform me of when you will arrive at the Auburn Lab.

Sincerely

Buster Landreau
Chief Deputy District Attorney

EZELL & CHANCEY, LLP
ATTORNEYS AT LAW
Seale Professional Center
PHENIX CITY, ALABAMA 36867

JEFFREY C. EZELL
RICHARD L. CHANCEY
LAUREL W. FARRAR
R. MICHAEL RAIFORD
*Licensed in Alabama and Georgia

Telephone (334) 297-2400
Facsimile (334) 297-3842

Mailing Address:
P.O. Box Drawer 2500
Phenix City, AL 36868-2500

Hon. Buster Landreau
Chief Deputy District Attorney
Russell County Courthouse
Phenix City, Alabama

Dear Buster:

Re:    State of Alabama vs. Jerry E. Whitley
       Russell County Circuit Court Case Nos. CC-02-186, 187, 188

    Yesterday I spoke to Sherwin Boswell. I found out that neither of the samples had been shipped to the independent laboratory as yet. I had spoken to him concerning the issues in this case several times before, specifically, his being unwilling to assume the responsibility for shipping any samples of the seized substances as ordered. He stated that there are various rules and regulations which are required by the shippers who do allow shipment of hazardous materials, and he does not have the required materials to comply with these rules, such as having a particular type of cardboard box, etc.

    He stated that he thought perhaps if law enforcement were to pick up the two samples, they could be the ones to assume responsibility for shipment to Las Vegas. Would you please work something out where these items can get to the laboratory and to Dr. Hiatt? All I can say is, it is in the order, it can be done, and I have prior approval for shipping costs, so if the state wants to bill the firm, I have no problem with us cutting a check to Airborne Express, or whatever. Thanks.

                    Sincerely,

                    Laurel W. Farrar

LWF:lwf
cc:    Mr. Jerry E. Whitley

000099

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,                    )          CRIMINAL CASE NUMBER
      Plaintiff,                  )          CC-02-186-188
                          )
vs.                                  )
                          )
JERRY E. WHITLEY,                    )
      Defendant.                  )

## AMENDMENT TO MOTION TO SET ASIDE WRIT OF ARREST AND WITHDRAW REVOCATION OF BOND

       Comes now the defendant in the above-stated matter, by and through his attorney, Laurel

W. Farrar, and requests that the Court amend his motion filed on the 4th of September to add the

following:

       1.     Defendant would show that his bond was reduced by this Court on the 27th of

March, 2002, to $60,000.00 in case number CC 02-186, $10,000.00 in case number CC 02-187,

and $1,000.00 in case number CC 02-188.

       2.     Defendant would show that he is unable to make the bond amounts originally set

in the above style cases.

       3.     Defendant would show that his attorney had previously in the above cases filed

motions to reduce bond and writs of habeas corpus which resulted in the court's lowering of his

bond, and it would be expedient and efficient for the Court to set the bond in these amounts at

this time.

       4.     Defendant would request that his bond be reset in these amounts at this time.

       5.     Defendant would set forth the other propositions contained in his original motion

000100

and request that the Court consider them to be incorporated herein.

*WHEREFORE*, defendant moves this Court to reconsider its issuance of a writ and to

withdraw its revocation of his bond, setting the bond in the above, lowered amounts as previ-

ously ordered, and moves this Court to again consider the original motion as amended, as

requested herein.

Respectfully submitted,

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the

within and foregoing amendment to motion upon the District Attorney of Russell County,

Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of

this Court, this 5th day of September, 2002.

_____

Laurel W. Farrar

000101

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JERRY E. WHITLEY,         )    CASE NO. _____
      Petitioner,       )
                   )    RUSSELL COUNTY
                   )    CIRCUIT COURT
VS.                )    CASE NO. CC-02-186, 187, 188
                   )
STATE OF ALABAMA and THOMAS F.  )
BOSWELL, Sheriff of Russell County, Alabama,  )
      Respondents.     )

## PETITION FOR WRIT OF *HABEAS CORPUS*

Petitioner petitions this Court to issue a writ of *habeas corpus* requiring Thomas F.

Boswell, Sheriff of Russell County, Alabama, to bring petitioner before this Honorable Court to

show just cause as to why petitioner's bond should not be reduced, and as cause therefor, states

as follows:

    1.    This petition for a writ of *habeas corpus* is made on behalf of Jerry E. Whitley, by

and through his attorney, Laurel W. Farrar.

    2.    Petitioner is imprisoned and restrained of his liberty in the Russell County Jail in

Phenix City, Alabama, by the Sheriff on felony charges, *to-wit*: Possession of methamphetamine,

resisting arrest and trafficking in methamphetamine, pursuant to indictments issued on January

16, 2002.

    3.    Petitioner is restrained of his liberty on said felony charges with bails in the

amounts of $250,000.00 for the charge of Trafficking Methamphetamine, $20,000.00 for the

charge of Possession of a Controlled Substance, and $1,000.00 for the misdemeanor charge of

Resisting Arrest, for a total of $271,000.00. Said amounts were set by the Honorable George

Greene, Russell County Circuit Court Judge.

*10/9/02 - hearing on petition set for Oct 23, 02 at 3:00pm*

000104

4.    Petitioner filed a Petition for Writ of *Habeas Corpus* on March 13, 2002, and on March 27, 2002, this Court reduced said bond amounts to $60,000.00 in Case Number CC-02-186, $10,000.00 in Case Number CC-02-187, and $1,000.00 in Case Number CC-02-188.

5.    After petitioner's bond amounts were so reduced, petitioner's family members assisted him and he was subsequently released on bond. While petitioner was out on bond, he kept in touch with his attorney on an almost daily basis, kept all appointments with his attorney and his bonding company and attended all docket calls and motion hearings.

6.    These cases appeared on this Court's docket to be called on September 4, 2002, at 10:00 a.m.. Petitioner mistakenly thought the docket call was to be held at 2:00 p.m., and at 10:00 a.m. was transporting his mother to a doctor's appointment. Petitioner's attorney contacted him immediately, and he arrived in court shortly after 11:00 a.m. When petitioner arrived, he was arrested, and the Court set aside the bond reduction and reinstated the original bond amounts.

7.    On September 4, 2002, the undersigned attorney submitted to the Circuit Court a Motion to Set Aside Writ of Arrest and Withdraw Revocation of Bond, and on September 5 submitted an amendment thereto. Copies of said motions and order are attached hereto.

8.    The present bond amount is excessive in violation of the constitutional rights of petitioner as set forth in the Eighth and Fourteenth Amendments to the United States Constitution and in violation of the constitutional rights of petitioner as set forth in Article I, Section XVI of the Alabama Constitution.

9.    The present bond amount is contrary to the provisions of Section 15-13-2, Code of Alabama, as amended, which recognizes the allowance of bail as a matter of right prior to conviction.

000100

10.    The present bond amount is excessive to such a degree that it effectively denies petitioner the right to bail prior to conviction.

11.    The present bond amount greatly and unreasonably exceeds the recommended range of bail as provided under Rule 7.2 of the Alabama Rules of Criminal Procedure.

WHEREFORE, petitioner prays:

a.    That this Honorable Court grant a writ of *habeas corpus*, and after reviewing all of the evidence and argument of counsel;

b.    That this Honorable Court set a bond that is reasonable and not excessive, all within the guidelines dictated by the Constitutions of Alabama and the United States; and

c.    Grant such other and further relief as may be deemed just in the premises.

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Petitioner
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)  297-2400
Attorney Code FAR-036

Page 3

000104

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,           )      CRIMINAL CASE NUMBER
    Plaintiff,           )      CC-02-186, 187, 188
                    )
vs.                         )
                    )
JERRY E. WHITLEY,           )
    Defendant.           )

## MOTION TO COMPEL COMPLIANCE WITH THE COURT'S ORDER FOR TRANSPORT OF SAMPLES FOR INDEPENDENT ANALYSIS

Comes now the above-named defendant, by and through his attorney of record, and files

this motion pursuant to Rule 16.5 of the Alabama Rules of Criminal Procedure, requesting that

the Court compel the District Attorney to comply with this Court's Order dated August 9, 2002,

that the Alabama Department of Forensic Science send a representative sample of two portions

of the seized substances in this case to the named independent laboratory expert, Dr. John Hiatt,

for an independent analysis.

In support of this motion, the defendant would show the following, *to-wit:*

    1.    That on August 9, 2002, this Court issued an order entitled Order for Transport of

Samples for Independent Analysis.

    2.    That a separate order entitled Order Approving Extraordinary Expenses for the

cost of the independent laboratory expense was issued on the same date as the Court's Order for

Transport.

    3.    That the State of Alabama, represented by and through the District Attorney,

objected to the Court's order in its Motion to Amend Order filed on August 15, 2002.

    4.    That the defendant, by and through his attorney of record, filed an Objection to

Motion to Amend Order on August 16, 2002.

Page 1

*10/9/02   Motion denied   GC -*

5.    That the attorney for the defendant has done preliminary research into what materials can and cannot be shipped by certain ground and/or air couriers, and the District Attorney has stated that the defendant's attorney should be the one to ship the materials to the independent research laboratory, to which defendant objects and which is contrary to this Court's Order.

6.    That the attorney for the defendant and the District Attorney have been in communication orally and in writing concerning the fact that one of these samples contains a substance which may cause the State of Alabama to incur a liability if the package should be damaged during shipment.

7.    That the parties disagree as to who should bear the liability in the unlikely event the substance cause damage, whether to itself or otherwise.

8.    That because of this communication back and forth, and because there is currently an order that the State of Alabama is to send the samples of the seized substance, the attorney for the defendant has come to realize that the State of Alabama has no intention of sending the sample, and therefore, a pleading must be filed in order to compel compliance with the order of this Court.

9.    That this case was first continued at least one term due to the laboratory report's not being back from the Alabama Department of Forensic Science.

10.    That the case had to be continued from the late August/early September term, presumably because the seized materials had not yet been shipped to the independent laboratory for analysis.

11.   That the defendant requests that the Court compel the State of Alabama, by and through the District Attorney of Russell County, to ship the seized materials to the independent research laboratory in Las Vegas, Nevada, as previously ordered.

*WHEREFORE*, the premises considered, the defendant, by and through his attorney, requests the relief prayed for herein:

a.   That the Court compel immediate compliance with the Court's Order that the seized materials in the custody of the State of Alabama, currently located at the Auburn, Alabama location of the Alabama Department of Forensic Science, identified in its report in this case dated June 14, 2002, be appropriately packaged according to the selected courier's requirement;

b.   That immediately, or as soon as is practicable, said items be sent to Dr. John Hiatt, American Medical Laboratories, Quest Diagnostics, 4230 Burnham Avenue, Suite 250, Las Vegas, Nevada 89119, telephone number (702) 733-7866, fax number (702) 733-0318, with advance notification to Dr. Hiatt by the authorized person shipping the materials with confirmation of the shipment and the reference number;

c.   That the Court identify who or what entity shall be liable should there be inadvertent non-compliance with any regulatory requirement concerning shipment of unusual substances, or should any unforeseen injury or accident occur while the properly packaged substance is in transit;

d.   That the Court allow any other remedy relating to the procurement of a fair, independent analysis which it finds appropriate under Rule 16.5 of the Alabama Rules of Criminal Procedure, under the Constitution of the United States and the Constitution and the laws of the State of Alabama, consistent with the requirements of justice and fairness.

Page 3

Respectfully submitted, this 23rd day of September, 2002,

               EZELL & CHANCEY, LLP

By:         *[signature]*
               Laurel W. Farrar
               Attorneys for Defendant
               1200 8th Avenue
               P. O. Drawer 2500
               Phenix City, AL   36868-2500
               (334)   297-2400
               Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 23rd day of September, 2002.

                                       *[signature]*
                                      Laurel W. Farrar

STATE OF ALABAMA     *    IN THE CIRCUIT COURT OF

           *

VS.           *    RUSSELL COUNTY, ALABAMA

           *

JERRY E. WHITLEY      *    CASE NO. CC-02-186,187,188


## RESPONSE TO MOTION TO COMPEL

Comes now the State of Alabama and in response to the " Motion to Compel" filed herein by Defendant and says as follows:

1 - Heretofore the Defendant has made a Motion under Rule 16.1(c) to be permitted to analyze the controlled substances seized by the State from Defendant and for funds to hire an expert to conduct the analysis.

2 - Rule 16.1(c) requires the State to "permit" the defendant to conduct such an analysis.

3 - The Court granted the Motion and granted funds to hire an expert.

4 - The attorney for Defendant selected an expert in Las Vegas, Nevada. Defense counsel did not make any inquiry as to whether this would cause shipping problems.

5 - After the Order was received by the State ( **which was the first time the State was notified of the identity and/or location of the defense expert**) the State informed Defense Counsel that per Sherwin Boswell one of the samples would be considered a hazardous material and the shipper would have to incur financial responsibility for any damage caused by said materials during shipping and further that such liability would be substantial.

6 - The defense counsel, several days later, informed the undersigned that she had checked with several shipping companies and they would ship the hazardous material without financial liability. Sherwin Boswell checked with each company and was informed that special shipping

materials would have to be used and the shipper would still be financially responsible.

7 - The State informed defense counsel of this via letters dated 8-23-2002 and 9-5-2002, copies of which are attached hereto. In the letter of 9-5-2002 the State offered to allow Defense Counsel to secure the necessary packing materials, take the same to the lab and ship the materials with either Counsel or her client being the shipper and therefore incurring the liability of doing so.

8 - The State feels this offer was fair and reasonable particularly in light of the fact that the State is totally unfamiliar with the expert chosen by the Defendant, his qualifications for handling hazardous materials or his facilities for handling such materials.

9 - The State further asserts that its responsibility of Rule 16.1 of the Alabama Rules of Criminal Procedure is to "permit" the defendant's expert to analyze the controlled substance and does not extent to incurring substantial risks to ship the substance.

10 - Defense Counsel responded to the State's Offer by declaring that neither she nor her client were willing to incur the potential liability.

11 - The State finds the position of Defendant and Counsel somewhat puzzling in light of Defense Counsel's repeated assertions that there is little or no risk associated with shipping the sample and particularly puzzling in light **of the fact that either the Defendant, Counsel or their expert will have to ship the materials back to the State .**

12 - The State has been, and continues to be, willing to allow Defendant or his counsel to ship the materials and incur the risk or in the alternative the State is willing to allow the Defense expert to use its laboratory facilities in Auburn to conduct an analysis.

In conclusion the State submits that it is manifestly unjust to require the Department of Forensic Sciences to incur a potentially substantial liability to ship the samples to a person and place of the defendant's choosing and that it is reasonable to require the defendant to assume such liability

000110

since it is the defendant who is requesting the independent analysis and it is the defendant who has

control of the expert and the defendant will have to incur liability in any event to return the items and

the defendant is the only one with any control over the return of the items.

**The State further submits that it has made every reasonable effort to work with Defense**

**Counsel to resolve this matter and that the failure to resolve the issue has been due to the**

**stubbornness and unreasonableness displayed by defendant.**

Done this _____ 26TH _____ day of _____ Sept _____, 2002

_Buster Landreau_

Buster Landreau

Chief Deputy District Attorney

Certificate of Service

The undersigned hereby certifies that he has served a copy of this pleading upon Counsel

for Defendant on the date set forth above.

_Buster Landreau_

Buster Landreau

000111

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,      )     CRIMINAL CASE NUMBER
         Plaintiff,      )     CC-02-186, 187, 188
                     )
vs.                       )
                     )
JERRY E. WHITLEY,      )
         Defendant.      )

## REPLY TO RESPONSE TO MOTION TO COMPEL

Comes now the defendant, by and through his attorney of record, and makes the

following reply to the State's Response to Motion to Compel the District Attorney to comply

with this Court's Order dated August 9, 2002.

1.     The Order in controversy was issued on defendant's motions filed in June this

year. The District Attorney was served with copies of said motions, and hearings were

subsequently held thereon at which the State did not mention any anticipated problems that might

be encountered in shipping the samples for independent analysis.

2.     At the request of the Court, defendant submitted supplemental information,

including the identity and location of defendant's expert, on July 29, and a copy was served upon

the District Attorney. The statement in Paragraph 5 of the State's response that the first notice of

this was the Order of August 9 is simply not true.

3.     In Paragraph 2 of the Order in issue this Court ordered that the samples be

delivered to the expert <u>by the Alabama Department of Forensic Sciences</u> no later than August 12.

Said Paragraph 2 further required that the samples be shipped "after communicating with Dr.

Hiatt...to determine the requirements for samples and packaging. No objection was made to this

Order until August 15 when the District Attorney filed a <u>Motion to Amend Order</u>.

4.    The Order in issue was not directed to the defendant or the defendant's attorney. Therefore, it is the defendant's position that it is incumbent upon the State to comply with the Court's directives and that the responsibility therefor does not lie with the defendant, with or without the State's magnanimous concession of allowing defendant's counsel to do all work and assume all responsibility and liability in connection therewith as mentioned in Paragraph 7 of its response.

5.    At the conclusion of the analysis, the samples will certainly be shipped back to the State by Dr. Hiatt, but defense counsel finds the State's position in Paragraph 11 of its response that this is somehow associated with the task of shipping the samples to Dr. Hiatt is somewhat puzzling.

6.    The State avers, **in bold type**, that it has made every reasonable effort to work with Defense Counsel to resolve this matter, but defendant has displayed stubbornness and unreasonableness.  Defendant respectfully submits that this is not a matter to be resolved between the parties, but rather is a direct Order of this Court which the State has spent a great deal of time and effort to sidestep.

*WHEREFORE*, the premises considered, the defendant, by and through his attorney, again requests that the Court compel the State to immediately comply with this Court's Order of August 9, 2002.

Respectfully submitted, this 1st day of October, 2002,

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
P. O. Drawer 2500
Phenix City, AL   36868-2500

Page 2

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Reply upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 1st day of October, 2002.

Laurel W. Farrar

000114

IN THE CIRCUIT COURT OF

RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA                    )

    PLAINTIFF,                      )

VS.                                 )        CASE NO. CC-02-186-188

JERRY E. WHITLEY                    )

    DEFENDANT.                      )

## ORDER

The defendant having filed a motion to set aside writ of arrest and withdraw revocation of bond and a motion in limine and the Court having considered same, it is ORDERED that a hearing is set for the 23rd day of October, 2002 at 3:00 P.M. in Courtroom No. 1, Russell County Courthouse.

Dated this the 9th day of October 2002.

_George R. Greene_

**JUDGE, CIRCUIT COURT**

STATE OF ALABAMA )                IN THE CIRCUIT COURT OF
          PLAINTIFF,  )            RUSSELL COUNTY, ALABAMA
                      )
   VS.                )            CASE NO.: CC 02-186
                      )
JERRY E. WHITLEY      )
                      )
          DEFENDANT.  )

## ORDER

The State and the Defendant having filed motions and answers to said motions in regards to the shipment of samples for analysis and the Court having considered same, it is ORDERED that upon arrangement for shipping of the samples by Defense Counsel, said requested samples are to be turned over to Defense Counsel to ship for analysis.

DONE this the 9th day of October 2002.


_____
JUDGE, CIRCUIT COURT

STATE OF ALABAMA )
       PLAINTIFF, )

VS. )

JERRY E. WHITLEY )

       DEFENDANT. )

IN THE CIRCUIT COURT OF

RUSSELL COUNTY, ALABAMA

CASE NO.: CC 02-186-188

ORDER

The defendant having filed a motion to compel, compliance with the Court's order for transport of samples for independent analysis and the Court having considered same, it is ORDERED that the motion to compel is denied.

DONE this the 10th day of October 2002.

_____
JUDGE, CIRCUIT COURT

JERRY E. WHITLEY                  )    IN THE CIRCUIT COURT OF

      PETITIONER,            )    RUSSELL COUNTY, ALABAMA
                              )
    VS.                          )    CASE NO.: CC 02-186-188
                              )
STATE OF ALABAMA and THOMAS F.   )
BOSWELL, Sheriff of Russell      )
County, Alabama,                 )
                              )
      RESPONDENTS.            )

## ORDER

    The Petitioner, Jerry E. Whitley having filed a Petition for writ of Habeas Corpus and the Court having considered same, it is ORDERED that a hearing is set for October 23, 2002 at 3:00 P.M.

    DONE this the 10th day of October 2002.


                                     _____
                                      JUDGE, CIRCUIT COURT

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,　　　　　　）　　CRIMINAL CASE NUMBER
　　　　　　Plaintiff,　　　　　　　）　　CC-02-186-188
　　　　　　　　　　　　　　　　）
vs.　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　）
JERRY E. WHITLEY,　　　　　　）
　　　　　　Defendant.　　　　　　）

## MOTION TO CONTINUE

Comes now the defendant, by and through his attorney, and moves the Court for an order

continuing the trial of the captioned cases, and respectfully shows the Court as follows:

1.　　　On August 9, 2002, this Court issued its order that samples of seized substances

by shipped for independent analysis by the Alabama Department of Forensic Sciences.

2.　　　The samples were not shipped, and on October 9, 2002, this Court issued its order

that samples of seized substances be shipped for independent analysis by being turned over to

counsel for defense.

3.　　　Counsel for defense received copy of said order on October 10, 2002, yesterday.

4.　　　Counsel is on this date preparing to procure the necessary shipping materials.  It is

anticipated that the process of procuring the proper materials, information, account number and

shipment authorization, properly identifying the materials to be shipped, packaging, boxing,

marking and shipping will take approximately two weeks.

5.　　　After receiving the materials, it is anticipated that the process of analysis will take

several weeks.

6.　　　This case is set for the call of the docket on October 16, and set for the trial week

of October 28, 2002.

7.　　　It is likely that the independent analysis will not be complete by this time.

Page 1

*Case cont'd for trial 12/2/02*

8.    Counsel for defendant has checked with the District Attorney, and he has indicated that he will not object to a continuance until the trial week of December 2, 2002.

9.    Defendant would request that this Court continue the above styled case for the purpose of allowing enough time for the independent analysis of the seized substances as previously ordered by this Court.

WHEREFORE, the premises considered, defendant prays that the trial of the above-stated cases be continued until such time as the matters set forth herein have been accomplished.

Respectfully submitted,

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama by placing same in his receptacle located in the Russell County Courthouse in Phenix City, Alabama, this 11th day of October, 2002.

Attorney for Defendant

STATE OF ALABAMA )
)
       PLAINTIFF, )
)
    VS. )
)
_Jerry E. Whitley_ )
)
       DEFENDANT. )

IN THE CIRCUIT COURT OF

RUSSELL COUNTY, ALABAMA

CASE NO.: CC 02-186
               187
               188

## ORDER

This matter coming before the Court for call of the criminal trial docket on October 16, 2002. It is therefore,

**ORDERED, ADJUDGED AND DECREED:**

____ Upon failure of the defendant to appear in Court on this date, an alias writ and preliminary forfeiture is **ORDERED**.

✓ Upon request/motion made in open court this matter is continued to trial docket set for _12-2-02_____.

____ Plea deadline is extended to _____ at _____ A.M.

✓ Docket call is set for _11-19-02_____ at _10:00_ A.M.

____ Motion to consolidate is ___ granted ___ denied.

____ Hearing on Motion to suppress is set for _____.

____ Hearing on Motion to consolidate is set for _____.

____ Case is transferred to District Court/Municipal Court for disposition.

____ Defendant remanded to custody of Sheriff and shall make a new bond in the amount of _____.

✓ _Motion hearings set for 10-23 at 3:00 PM_

**DONE** this the 16th day of October 2002.

_____
JUDGE, CIRCUIT COURT

STATE OF ALABAMA                  )     IN THE CIRCUIT COURT OF

        PLAINTIFF,              )     RUSSELL COUNTY, ALABAMA
                    )
                    )     CASE NO.: CC 02-186,187,188
    VS.                          )
                    )
JERRY EUGENE WHITLEY             )

        DEFENDANT.              )

## ORDER

    The parties appearing before the Court for a hearing on motions filed by the Defendant. The Court proceeded to hear testimony and upon consideration of same, it is ORDERED that the Motion to reduce bond is denied. It is further ORDERED that the Motion in Limine is granted as to photographs of co-defendants and denied as to videotape involving defendant and co-defendants. The Court reserves ruling on Motion in Limine as to single photograph of defendant.

    DONE this the 23rd day of October 2002.


_____
JUDGE, CIRCUIT COURT

PETITIONER,      )

                )

VS.            )

                )

STATE OF ALABAMA and THOMAS F.    )
BOSWELL, Sheriff of Russell    )
County, Alabama,    )

                )

RESPONDENTS.    )

IN THE CIRCUIT COURT OF

RUSSELL COUNTY, ALABAMA

CASE NO.: CC 02-186-188

## ORDER

The Petitioner having filed a petition for Writ of Habeas Corpus and the Court having taken testimony ore tenus it is ORDERED that the Petition for Writ of Habeas Corpus is denied.

DONE this the 25th day of October 2002.

_____
JUDGE, CIRCUIT COURT

RUSSELL CO. AL.
CIRCUIT/DIST. COURT
2002 OCT 25 PM 3: 05
FILED IN OFFICE

STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

H. W. "Bucky" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

## ORDER

CR-02-0133

Ex parte Jerry E. Whitley (In re: State of Alabama vs. Jerry E.
Whitley)  (Russell Circuit Court: CC-02-186, 187 & 188).

        Upon consideration of the above referenced Writ of Habeas
Corpus, the Court of Criminal Appeals ORDERS that said petition be
and the same is hereby denied.

        McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ.,
concur.

        Done this the 4th day of November, 2002.

_____
H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/wki

cc: Honorable George R. Greene, Circuit Judge
    Honorable Kathy S. Coulter, Circuit Clerk
    Honorable Tommy Boswell, Sheriff
    Honorable Bill Pryor, Attorney General
    Honorable Laurel Wheeling Farrar, Attorney, Petitioner
    Honorable Kenneth Davis, District Attorney
    Office of Attorney General

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,              )        CRIMINAL CASE NUMBER
    Plaintiff,              )        CC-02-186, 187, 188
                       )
vs.                            )
                       )
JERRY E. WHITLEY,             )
    Defendant.              )

## DEFENDANT'S MOTION TO CONTINUE

Comes now the defendant, by and through his attorney of record, and would request that this Honorable Court continue the trial of his case. In support of this motion, defendant would show as follows:

1.    On the last business day before the Thanksgiving holidays, defendant's counsel received the laboratory report from the independent expert witness, Dr. John Hiatt of American Medical Laboratories in Las Vegas, Nevada, wherein it was reported that the representative samples contained such a ratio of alleged controlled substance that further analysis should be performed because:

    a.    The amounts found to be contained in the seized substances "mixture" were so minute as to render the application of the statute trafficking in methamphetamine unconstitutional and in violation of the defendant's constitutional protection against cruel and unusual punishment.

    b.    The jury will not be allowed to know the true amount of alleged controlled substance found in the independent laboratory analysis for use in making its decision, which will violate the defendant's right to trial by jury.

   c.    The alleged controlled substance was actually weighed by the state crime labora-

         tory, but the substance is in liquid form rather than solid. The defendant avers

         that it is a violation of his due process rights for the alleged controlled substance

         to be weighed rather than measured by components.

   d.    Defendant has a right to present his defense and a right to a fair trial as contained

         in the Constitutions of the State of Alabama and of the United States.

2.    In the alternative, if this Court does not order further analysis, the defendant

would ask that the trial of the case be continued to allow the witness Dr. John Hiatt to travel to

testify in court concerning the results of his analysis. In support of his request, defendant would

cite the constitutional arguments set forth above.

3.    Defendant would request that the trial of the case be continued because he has not

yet received transcripts from the guilty pleas of the State's witnesses who were defendant's co-

defendants, and those transcripts are necessary for defendant's counsel to cross-examine said

witnesses.

   *WHEREFORE*, the premises considered, defendant would request that this Honorable

Court continue the above-styled case until such time as the foregoing may be accomplished to

allow defendant a fair trial under the laws and constitution of this state and of the United States.

                          EZELL & CHANCEY, LLP

                   By:    _____
                          Laurel W. Farrar
                          Attorneys for Defendant Jerry E. Whitley
                          1200 8th Avenue
                          P. O. Drawer 2500
                          Phenix City, AL  36868-2500
                          (334)  297-2400
                          Attorney Code FAR-036

                          Page 2

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 3rd day of December, 2002.

Laurel W. Farrar

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## MOTION FOR APPROVAL OF EXTRAORDINARY EXPENSES PURSUANT TO *MAY v. STATE*

Comes now the defendant in the above-stated matter, by and through his attorney, Laurel W. Farrar, and requests the Court to approve in advance the reimbursement of expenses for additional laboratory analysis of the substance alleged in the indictment to be methamphetamine. Additionally, defendant would request approval in advance of expenses for obtaining the testimony of the independent expert witness at the trial of the above-stated case. In support of said request, defendant respectfully shows the Court as follows:

1.     The results of the independent laboratory analysis of the representative samples revealed such a ratio of alleged controlled substance that further analysis is necessary.

2.     It is defendant's position that under the definition of "mixture" set forth in Code of Alabama 1975 §13A-12-231, the results of said analysis show that the seized substances will not be found to satisfy the statutory requirements.

3.     The alleged controlled substance was actually weighed, although it is in liquid form rather than solid and should be measured by components rather than weighed.

4.     The testimony of the independent witness at trial is necessary in order to get the results of the analysis into evidence for consideration by the jury.

12/5/02   *Motion denied*

Page 1

5.    The Alabama Court of Criminal Appeals held in *May v. State* that "expenses reasonably incurred" are reimbursable under <u>Code of Alabama</u> 1975, §15-12-21. Under *Ex Parte Barksdale*, 680 So.2d 1029 (1996), such expenses must be approved by the Trial Court prior to being incurred.

6.    A separate motion entitled "Defendant's Motion to Continue" has been filed contemporaneously with the instant motion.

7.    At this time, counsel for defendant estimates the cost of additional laboratory analysis at approximately $700.00 and the amount necessary for transportation of the expert witness to appear at trial at approximately $2,000.00 and would ask the Court to pre-approve costs in an amount capped at $2,700.00 for such analysis and for costs of procuring testimony of the expert witness.

*WHEREFORE*, the premises considered, defendant requests moves this Court to approve payment of expenses as requested herein.

EZELL & CHANCEY, LLP

By:    _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for defendant Jerry E. Whitley and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 3rd day of December, 2002.

Laurel W. Farrar