STATE OF ALABAMA            )        IN THE CIRCUIT COURT OF

      PLAINTIFF,         )        RUSSELL COUNTY, ALABAMA
                      )

VS.                        )        CASE NO.: CC 02-186-188
                      )

JERRY WHITLEY              )
                      )

      DEFENDANT.         )

## ORDER

    The Order dated February 20, 2003 granting defendant's motion to proceed on appeal in forma pauperis and appointment of attorney is hereby recalled and set aside as this Order was issued in error. The defendant has retained Hon. Michael Williams, Sr., Attorney for purposes of appeal.

    DONE this the 27th day of February 2003.


_____
JUDGE, CIRCUIT COURT

NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS   000182
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF   RUSSELL COUNTY
STATE OF ALABAMA VS WHITLEY JERRY EUGENE      JUDGE: GEORGE R. GREENE

APPEAL DATE: 01/14/2003

INDIGENCY STATUS:
   GRANTED INDIGENCY STATUS AT TRIAL COURT:       __X__ YES   _____ NO
   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: __X__ YES   _____ NO
   INDIGENT STATUS REVOKED ON APPEAL:             __X__ YES   _____ NO
   INDIGENT STATUS GRANTED ON APPEAL:             _____ YES  __X__ NO

DEATH PENALTY: NO

APPEAL TYPE: STATE CONVICTION

THIS IS AN APPEAL FROM A CONVICTION.

DATE OF CONVICTION: 12/05/2002        DATE OF SENTENCE: 01/14/2003

YOUTHFUL OFFENDER STATUS: DENIED

CC/CASE NUMBER: 57/CC 2002 000186.00
CODE: TRAK   CONVICTION: TRAFFICKING-METH   ACTION: CONVICTED
                                            STATUTE: 13A-012-231(11)

SENTENCE:   CONF: 35 YRS 00 MOS 000 DAYS
SENTENCE:   PROB: 00 YRS 00 MOS 000 DAYS        LIFE: NO   LIFEWO: NO

POST-JUDGMENT MOTIONS FILED:   DT FILED      DT DENIED     CON BY AGREE
___ MOTION FOR NEW TRIAL      _____      _____     _____
___ MOTION FOR JUDG. OF ACQUIT _____     _____     _____
___ MOTION TO W/D GUILTY PLEA  _____     _____     _____
_X_ MOTION FOR ATTY TO W/DRAW 01/20/2003     _____     02/24/2003
___ OTHER _____           _____      _____     _____

COURT REPORTER(S):              WILSON, LINDA S.
ADDRESS:                        C/O HON. GEORGE R. GREENE
                                PHENIX CITY   , AL  36867

APPELLATE COUNSEL #1:           WILLIAMS J MICHAEL SR
ADDRESS:                        P O BOX 1068

                                AUBURN     , AL  36831
PHONE NUMBER:                   205-705-0200

APPELLATE COUNSEL #2:           _____
ADDRESS:                        _____
                                _____
                                _____

PHONE NUMBER:                   _____

APPELLANT (PRO SE):             WHITLEY JERRY EUGENE
ADDRESS:                        150 REYNOLDS ROAD
                                FORTSON     , GA  318080000

AIS #:

APPELLEE (IF CITY APPEAL):      _____
ADDRESS:                        _____
                                _____

I CERTIFY THAT THE INFORMATION PROVIDED                    OPERATOR: SHG
ABOVE IS ACCURATE TO THE BEST OF MY                 PREPARED: 02/28/2003
KNOWLEDGE AND I HAVE SERVED A COPY OF               _Kathy Coulter / TW_
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 28th DAY OF February, 2003        CIRCUIT COURT CLERK

State of Alabama
Unified Judicial System

Form C-62A   Rev. 7/2000

**ATTORNEY'S FEE DECLARATION**

**(Adult)**

[For Work Performed On or After 10/1/2000]

Code
5 7

186, 187
CC 02 - __ and 188
Jurisdiction   Year   Case   Suffix

| Mark Appropriate Court: | Indicate if Original Charge is: | Limits | Attorney Name (Please type or print) |
|---|---|---|---|

Mark Appropriate Court:
- ☒ Circuit Court of _Russell_ County
- ☐ District Court of _____ County
- ☐ Municipal Court of _____
- ☐ Alabama Court of Criminal Appeals
- ☐ Alabama Court of Civil Appeals
- ☐ Supreme Court of Alabama

Indicate if Original Charge is:
Capital Case (or charge carrying sentence of life without parole)
- Class A Felony
- Class B Felony
- Class C Felony
- Other
- Appeal
- Petition for Writ of Certiorari
- Post-Conviction/Habeas Corpus

Limits
- ☐ (No Limit) CC
- ☒ ($3,500) FA
- ☐ ($2,500) FB
- ☒ ($1,500) FC
- ☒ ($1,000) OT
- ☐ ($2,000) AP
- ☐ ($2,000) WC
- ☐ ($1,000) PC

Attorney Name (Please type or print)
LAUREL W. FARRAR

63-1246664
Social Security Number or FEIN

STYLE OF CASE: ☒ STATE OF ALABAMA
☐ MUNICIPALITY OF _____ v. _Jerry E. Whitley_
Defendant

CHARGE: _Trafficking, Possession, Resisting Arrest_

Companion case numbers and charges or convictions: _____

The undersigned attorney declares that on (date) _2/20/02_, the Honorable _George R. Greene_, Judge, appointed the undersigned to represent the above-named defendant or appellant, and on (date) _12/5/02_, Judge. The case was disposed of by the case was heard by the Honorable _George R. Greene_, Judge. The case was disposed of by _Conviction_
(Plea of guilty, conviction, acquittal, affirmance, reversal, cert. denied)

| | | Total Hours | | per hour | = | |
|---|---|---|---|---|---|---|
| (1) In-Court Appearance (Trial Level or Post-Conviction Proceeding) | | 18.6 x $60.00 | per hour | = | 1,116.00 |
| (2) Out-of-Court Preparation (Trial Level or Post-Conviction Proceeding) | | 103.5 x $40.00 | per hour | = | 4,140.00 |
| (3) Preparation (Appellate Level) | | x $60.00 | per hour | = | |
| (4) Extraordinary Expenses (If approved in advance by court) | | | | | 586.67 |
| (5) Overhead Expenses (If approved in advance by court) | | Total Hours 122.1 x $38.46 | Per hour | = | 4,695.97 |
| | | | TOTAL CLAIM OF ATTORNEY | | 10,538.64 |

NOTICE TO ATTORNEY: Complete this form. Attach a copy of a complete itemization of (1) in-court appearances; (2) out-of-court preparation; (3) preparation for appeals; (4) extraordinary expenses; and/or (5) overhead expenses reflecting the date of actions and amount of time involved in each activity. Make a copy of same for the court's record and a copy for your records.

The undersigned attorney further declares that the above claim is true and correct and represents the services actually rendered by him/her as an attorney and the amount is due and payable. I further declare that the above claim is not a duplication of charges and expenses in any case (companion or otherwise).

Signature of Attorney

Attorney Code _FAR-036_

Sworn to and subscribed before me this _13th_ day of _February_, _2003_

_R M Clayton_
Notary Public
My Commission Exp. 11-23-06

Mailing Address of Attorney
(please type or print) (including city, state, and zip code)
EZELL & CHANCEY, LLP
P.O. Drawer 2500, 1200 8th Avenue
Phenix City, AL 36868-2500
Telephone Number (334)297-2400  Fax Number (334)297-3842

I, the undersigned judge, hereby certify that the foregoing claim has been presented to me, and I have reviewed the same and believe the same to be true and correct. I am further of the opinion that said attorney is not duplicating said charges and expenses in any case (companion or otherwise).

Based on the above, I hereby approve the declaration and claim in the amount of $ _10,538.64_

Done this _10_ day of _March_ _2003_

Judge's Signature

NOTICE TO ATTORNEY AND JUDGE: Sections 15-12-21 through 15-12-23, Code of Alabama 1975, provide for the payment of attorney fees and extraordinary expenses incurred by counsel appointed to represent indigent defendants at the trial level, on appeal (including petition for writ of certiorari to the Alabama Supreme Court) and in post-conviction proceedings.

THIS FORM MUST CONTAIN ORIGINAL SIGNATURES OF THE ATTORNEY AND THE JUDGE. THIS FORM WITH ATTACHED ITEMIZATION MUST BE SUBMITTED TO THE TRIAL COURT JUDGE OR PRESIDING JUDGE OR CHIEF JUSTICE OF THE APPELLATE COURT FOR APPROVAL. AFTER APPROVAL, FILE WITH THE CLERK, WHO SHALL SUBMIT THE ORIGINAL DECLARATION TO THE STATE COMPTROLLER (EXCEPT IN MUNICIPAL CASES) FOR AUDIT.

Filed in the Clerk's Office at _Russell Co_, Alabama, on _3/11/03_
date

EXCEPT IN MUNICIPAL CASES, MAIL TO: State Comptroller, Indigent Defense Section, P. O. BOX 302602, Montgomery, Alabama 36130-2602

Original: Comptroller          Yellow: Court File          Pink: Attorney

| | | | |
|---|---|---|---|
| Total In-Court Time | 18.6 | hours x $60.00= | 1,116.00 |
| Total Out-of-Court Time | 103.5 | hours x $40.00= | 4,140.00 |
| Overhead Expenses:<br>Overhead | 122.1 | hours x $38.46= | 4,695.97 |
| Photocopies (correspondence 68; pleadings 570; copies of cases 105) | 743.0 | copies x 25¢= | 185.75 |
| Postage and fax charges | 40.0 | x 37¢= | 14.80 |
| Certified Mail charges | 2.0 | x $4.80= | 9.60 |
| Mileage to Auburn 10/22/02 | 78.0 | miles @34¢ | 26.52 |
| Extraordinary Expenses:<br>Independent Laboratory Analyses | 2.0 | tests  x $75.00 | 350.00 |

TOTAL AMOUNT DUE.................................................................................10,538.64

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

| | OUT-OF-COURT TIME | |
|---|---|---|
| DATE | ACTION | TIME |
| 2/28/02 | Receipt and review of message from client's brother | 0.1 |
| 2/28/02 | Preparation of motion for reduction of bond | 0.4 |
| 2/28/02 | Conference with D.A.; Receipt and review of discovery and plea offer | 0.3 |
| 2/28/02 | Letter to client | 0.4 |
| 3/1/02 | Review, revise and finalize motion for reduction of bond; filing and serving | 0.3 |
| 3/4/02 | Conference with attorney Rick Chancey | 0.4 |
| 3/4/02 | Receipt and review of order on State's motion for discovery | 0.3 |
| 3/4/02 | Receipt and review of letters from client | 0.4 |
| 3/4/02 | Telephone call from client's brother | 0.1 |
| 3/5/02 | Travel to and from jail for conference with client | 1.6 |
| 3/8/02 | Receipt and review of order denying motion for reduction of bond; forward copy to client | 0.2 |
| 3/8/02 | Legal research re reasonableness of bond | 0.5 |
| 3/11/02 | Telephone conference with Clerk of Court of Criminal Appeals | 0.2 |
| 3/11/02 | Drafting writ of petition for habeas corpus | 0.6 |
| 3/12/02 | Legal research | 0.4 |
| 3/12/02 | Review, revise and finalize petition for writ of habeas corpus | 0.5 |
| 3/12/02 | Filing and service of petition for writ of habeas corpus; letter to client; Receipt and review of letter from client | 0.7 |
| 3/13/02 | Receipt and review of letter from client | 0.1 |
| 3/14/02 | Receipt and review of letter from client | 0.1 |
| 3/15/02 | Receipt and review of letter from client | 0.1 |
| 3/16/02 | Receipt and review of letter from client | 0.1 |
| 3/18/02 | Receipt and review of message from client | 0.1 |
| 3/20/02 | Receipt and review of letter from client | 0.1 |
| 3/21/02 | Receipt and review of order reducing bond amounts | 0.1 |
| 3/21/02 | Receipt and review of order from Court of Criminal Appeals for response to petition for writ of habeas corpus | 0.1 |
| 3/22/02 | Travel to and from jail for conference with client | 1.0 |
| 3/28/02 | Letter to client re bond reduction | 0.1 |
| 4/2/02 | Receipt and review of response to petition for writ of habeas corpus | 0.5 |
| 4/3/02 | Conference with attorney Rick Chancey | 0.1 |

| DATE | ACTION | TIME |
|------|--------|------|
| | **OUT-OF-COURT TIME** | |
| 4/4/02 | Telephone call from client's father | 0.2 |
| 4/4/02 | Legal research | 0.1 |
| 4/9/02 | Travel to and from court for docket call | 0.3 |
| 4/10/02 | Receipt and review of Attorney General's motion to accept substitute exhibit to response | 0.2 |
| 4/10/02 | Letter to client with copies of filings | 0.4 |
| 4/11/02 | Receipt and review of Court of Criminal Appeals dismissal of petition for writ of habeas corpus; letter to client with copy | 0.1 |
| 4/17/02 | Telephone conference with client | 0.9 |
| 4/25/02 | Letter to client | 0.1 |
| 5/23/02 | Telephone conference with Buster Landreau | 0.2 |
| 5/23/02 | Receipt and review of State's motion for joinder of defendants at trial | 0.1 |
| 5/24/02 | Preparation of, filing and serving objection to motion for joinder; forward copies of filings to client | 0.4 |
| 5/24/02 | Travel to and from D.A.'s office; review of prosecutor's tapes | 2.0 |
| 6/4/02 | Conference with client; notes | 0.6 |
| 6/11/02 | Telephone conference with D.A.'s office; telephone call to client; notes | 0.4 |
| 6/11/02 | Legal research; drafting motions | 0.5 |
| 6/13/02 | Review, revise and finalize motions; preparation of, filing and serving Motion to Suppress Arrest and Evidence and Search Warrant, Motion to Permit Independent Analysis and Motion for Approval of Extraordinary Expenses; forward copies to client | 1.2 |
| 6/17/02 | Receipt and review of lab report and message from D.A. | 0.2 |
| 6/17/02 | Conference with Buster Landreau | 0.8 |
| 6/18/02 | Legal research re lab/mixture | 0.6 |
| 6/18/02 | Preparation of, filing and serving Motion for Further Analysis of Alleged Controlled Substance and Motion to Exclude Laboratory Report | 1.0 |
| 6/19/02 | Travel to and from court for docket call | 0.2 |
| 6/19/02 | Legal research | 1.0 |
| 6/19/02 | Drafting and filing motions and subpoena requests; deliver subpoenas to Sheriff's office | 1.5 |
| 6/19/02 | Review, revise and finalize, filing and serving Motion to Continue | 0.2 |
| 6/19/02 | Telephone calls to witnesses and a witness's employer re attendance at hearing on 6/20/02 | 0.2 |

| | OUT-OF-COURT TIME | |
|---|---|---|
| DATE | ACTION | TIME |
| 6/20/02 | Preparation for hearing | 0.3 |
| 6/20/02 | Travel to and from court for hearing | 0.3 |
| 6/20/02 | Conference with client prior to hearing | 0.3 |
| 6/20/02 | Conference with co-defendant's attorney Jeremy Armstrong | 0.9 |
| 6/20/02 | Legal research on issues re sentencing | 1.4 |
| 6/20/02 | Telephone calls to Department of Corrections and Department of Pardons and Paroles | 0.6 |
| 6/20/02 | Letters to witnesses | 0.2 |
| 6/20/02 | E-mail to Department of Corrections | 0.3 |
| 6/20/02 | Telephone call to office of Federal Public Defenders | 0.1 |
| 6/20/02 | Telephone call from Federal Public Defenders; telephone call to Buster Landreau | 0.4 |
| 6/20/02 | Telephone call to Martindale-Hubbell to look for expert witness | 0.2 |
| 6/20/02 | Telephone call to Buster Landreau; telephone call from client | 0.2 |
| 6/21/02 | Travel to and from D.A.'s office to pick up tapes and player | 0.5 |
| 6/21/02 | Conference with client | 1.0 |
| 6 /21/02 | Receipt and review of order denying approval of extraordinary expenses | 0.1 |
| 6/21/02 | Preparation of, filing and serving Motion for Reconsideration of motion for extraordinary expenses | .4 |
| 6/21/02 | Conference with Buster Landreau | 0.6 |
| 6/25/02 | Telephone call from Department of Corrections | 0.3 |
| 6/25/02 | Receipt and review of order denying motion for reconsideration; letter to client | 0.2 |
| 7/3/02 | Telephone call from client | 0.4 |
| 7/8/02 | Telephone calls to Smith-Kline Laboratories | 0.3 |
| 7/11/02 | Receipt of notice of docket call; letter to client; conference with client | 0.3 |
| 7/16/02 | Telephone call from client; notes; telephone calls to Smith-Kline | 0.3 |
| 7/23/20 | Telephone calls to witnesses | 0.1 |
| 7/24/02 | Telephone call to potential expert witness Dr. Hiatt; fax lab report to Dr. Hiatt; telephone call from Dr. Hiatt | 0.6 |
| 7/25/02 | Receipt and review of order to show cost and time for completion of independent analysis | 0.1 |
| 7/25/02 | Telephone call to Buster Landreau; telephone call to client | 0.3 |

| | OUT-OF-COURT TIME | |
|---|---|---|
| DATE | ACTION | TIME |
| 7/26/02 | Preparation of, filing and serving Supplemental Information in Support of Motion for Reconsideration of Extraordinary Expenses | 0.7 |
| 7/29/02 | Travel to and from court for hearing, docket call, filing | 0.4 |
| 7/29/02 | Conference with Buster Landreau and conference with client prior to hearing | 0.2 |
| 7/29/02 | Receipt and review of order granting motion for consolidation of cases for trial | 0.1 |
| 7/31/02 | Preparation of proposed order; fax to Dr. Hiatt | 0.6 |
| 8/6/02 | Telephone call to Dr. Hiatt | 0.1 |
| 8/6/02 | Telephone calls to Forensic Sciences, Department of Transportation re method for shipping samples | 0.7 |
| 8/7/02 | Telephone calls to shipping agencies | 0.4 |
| 8/9/02 | Receipt and review of Order for Transport of samples | 0.1 |
| 8/15/02 | Receipt and review of State's motion to amend order for transport | 0.5 |
| 8/16/02 | Preparation of, filing and serving objection to motion to amend order | 0.5 |
| 8/19/02 | Letter to client; telephone call to Buster Landreau; telephone call to Dr. Hiatt | 0.3 |
| 8/22/02 | Conference with attorney Rick Chancey | 0.8 |
| 8/22/02 | Telephone call from client; telephone call from Ed Berry | 0.2 |
| 8/22/02 | Telephone calls to attorneys Joel Collins, Tommy Worthy and Jeremy Armstrong re co-defendants | 0.5 |
| 8/22/02 | Letter to Buster Landreau | 0.2 |
| 8/23/02 | Preparation of, filing and serving motion in limine | 0.3 |
| 8/23/02 | Telephone call from client | 0.2 |
| 8/23/02 | Preparation and delivery of subpoenas; telephone calls and letters to witnesses | 1.3 |
| 8/23/02 | Conference with Clerk; preparation of, filing and serving motion to transport witness Steven Mosseson to suppression hearing; deliver motion | 0.8 |
| 8/23/02 | Telephone conference with client | 0.2 |
| 8/23/02 | Telephone conference with witness Carolyn Martin | 0.2 |
| 8/23/02 | Receipt and review of Buster Landreau and State's Notice of Intent to Seek Sentencing Enhancements | 0.1 |
| 8/23/02 | Conference with attorney Rick Chancey | 0.7 |
| 8/23/02 | Telephone call to Buster Landreau; telephone call to Forensic Science lab | 0.3 |
| 8/26/02 | Preparation for hearing on motion to suppress | 1.9 |

### OUT-OF-COURT TIME

| DATE | ACTION | TIME |
|---|---|---|
| 8/26/02 | Telephone call to Jeremy Armstrong; telephone call to client | 0.4 |
| 8/26/02 | Travel to and from court for hearing | 0.4 |
| 8/26/02 | Conference with client prior to hearing | 0.2 |
| 8/26/02 | Conference with client after hearing | 0.1 |
| 8/28/02 | Receipt and review of order denying motion | 0.1 |
| 8/28/02 | Preparation of, filing and serving motion to continue | 0.4 |
| 9/4/02 | Travel to and from court for docket call | 0.3 |
| 9/4/02 | Preparation of motion to set aside writ of arrest and withdraw revocation of bond (client was late for docket call); conference with client's mother; preparation of affidavit for client's mother in support of motion; filing and serving motion | 1.0 |
| 9/4/02 | Telephone conferences with Dr. Hiatt; telephone call to Forensic Science lab | 0.3 |
| 9/5/02 | Preparation of, filing and serving amendment to motion | 0.3 |
| 9/5/02 | Receipt and review of letter from Buster Landreau re shipping samples | 0.2 |
| 9/18/02 | Receipt and review of several letters from client | 0.4 |
| 9/18/02 | Preparation of, filing and serving petition for writ of habeas corpus | 0.6 |
| 9/23/02 | Preparation of, filing and serving motion to compel compliance with order for transport of samples | 1.0 |
| 9/23/02 | Letter to client | 0.2 |
| 9/23/20 | Letter to client; delivery of letter to jail with copies of filings | 0.6 |
| 9/24/02 | Travel to and from jail for conference with client; notes to file | 0.5 |
| 9/27/02 | Receipt and review of State's response to motion to compel | 0.3 |
| 10/1/02 | Preparation of, filing and serving reply to State's response | 0.7 |
| 10/7/02 | Receipt and review of letters from client | 0.3 |
| 10/9/02 | Telephone call from client's mother | 0.1 |
| 10/10/02 | Receipt and review of letter from client | 0.3 |
| 10/10/02 | Receipt and review of order on motion to compel and order setting hearing on motions to set aside writ of arrest and revocation of bond and motion in limine | 0.3 |
| 10/10/02 | Receipt and review of order setting hearing on petition for writ of habeas corpus and order denying motion to compel | 0.2 |
| 10/10/02 | Research best way to ship samples | 0.3 |
| 10/10/02 | Telephone call from Buster Landreau | 0.2 |

## OUT-OF-COURT TIME

| DATE | ACTION | TIME |
|---|---|---|
| 10/11/02 | Preparation of, filing and serving motion to continue | 0.5 |
| 10/11/02 | Travel to and from jail for conference with client | 0.8 |
| 10/11/02 | Telephone call to Dr. Hiatt | 0.1 |
| 10/15/02 | Telephone conference with Buster Landreau re obtaining samples from Forensic Sciences | 0.3 |
| 10/16/02 | Travel to and from court for docket call | 0.4 |
| 10/16/02 | Telephone conference with Buster Landreau; receipt and review of plea offer | 0.4 |
| 10/16/02 | Telephone calls from client's father | 0.3 |
| 10/16/02 | Conference with client's uncle, Vince Maci; receipt and review of paper from him | 0.4 |
| 10/16/02 | Travel to and from jail for conference with client to discuss plea offer | 0.4 |
| 10/16/02 | Receipt and review of order setting motion hearing | 0.1 |
| 10/17/02 | Telephone call to Buster Landreau with counteroffer to plea agreement | 0.2 |
| 10/17/02 | Travel to and from jail for conference with client | 0.6 |
| 10/18/02 | Travel to and from jail for conference with client | 0.6 |
| 10/21/02 | Letter to client confirming his rejection of plea offer and options | 0.3 |
| 10/21/01 | Travel to and from jail for conference with client | 0.4 |
| 10/22/02 | Telephone call from client's father | 0.1 |
| 10/22/02 | Travel to and from Forensic Sciences Lab to observe collection and packaging of samples for shipment; telephone call to Federal Express agents to pick up samples; telephone call to Dr. Hiatt with tracking number | 3.1 |
| 10/22/02 | Mailing petition for writ of habeas corpus to Court of Criminal Appeals; filing and serving petition; forward copy to client | 0.3 |
| 10/23/02 | Preparation for hearing | 0.4 |
| 10/23/02 | Travel to and from court for hearing | 0.4 |
| 10/23/02 | Telephone conference with client's father | 0.2 |
| 10/24/02 | Letter to court reporter requesting transcripts of guilty pleas and hearing | 0.3 |
| 10/24/02 | Letter to client concerning status of case | 0.4 |
| 10/25/02 | Attempt to reach Dr. Hiatt; fax letter to Dr. Hiatt to request copy of CV | 0.3 |
| 10/25/02 | Receipt and review of order on motion to reduce bond and motion in limine; letter to client with copies | 0.2 |
| 10/29/02 | Telephone calls from client's father | 0.1 |
| 10/29/02 | Receipt and review of letter from client | 0.4 |

| | OUT-OF-COURT TIME | |
|---|---|---|
| DATE | ACTION | TIME |
| 10/29/02 | Response letter to client | 0.4 |
| 10/30/02 | Receipt and review of message from Dr. Hiatt re status of tests | 0.1 |
| 11/4/02 | Telephone call from client's father | 0.2 |
| 11/4/02 | Receipt and review of letter from client | 0.2 |
| 11/6/02 | Receipt and review of Court of Appeals denial of writ of habeas corpus | 0.1 |
| 11/6/02 | Letter to client with copy of order | 0.1 |
| 11/15/02 | Receipt and review of letter from client | 0.1 |
| 11/15/02 | Telephone call from Dr. Hiatt regarding analyses | 0.3 |
| 11/19/02 | Travel to and from court for docket call | 0.2 |
| 11/21/02 | Receipt and review of letter from client | 0.1 |
| 11/22/02 | Receipt and review of telephone messages from client's father | 0.1 |
| 11/25/02 | Receipt and review of letter from client | 0.1 |
| 11/25/02 | Telephone call from court reporter regarding transcripts | 0.1 |
| 11/26/02 | Telephone call and fax to fire department re call on 9/21/02 | 0.3 |
| 11/26/02 | Preparation of motions for trial | 0.3 |
| 11/26/02 | Preparation of jury instructions | 0.2 |
| 11/26/02 | Receipt and review of lab reports and Dr. Hiatt's CV | 0.5 |
| 11/26/02 | Copy reports and CV, dictation of letter to Buster Landreau with copies | 0.3 |
| 11/26/02 | Review of various letters from client; legal research; letter to client | 1.0 |
| 11/26/02 | Preparation of, filing and serving subpoena to fire department | 0.3 |
| 11/26/02 | Legal research re witnesses | 0.5 |
| 12/2/02 | Receipt and review of jury list (venire) | 0.5 |
| 12/2/02 | Synthesis and analysis of juror information | 1.2 |
| 12/2/02 | Review and research of venire | 1.0 |
| 12/2/02 | Travel to and from court for jury qualification | 0.2 |
| 12/2/02 | Preparation for trial | 4.0 |
| 12/3/02 | Preparation of, filing and serving motion to continue and motion for extraordinary expenses | 0.8 |
| 12/3/02 | Letter to client with copies of pleadings and documents; hand deliver to jail | 0.6 |
| 12/3/02 | Preparation for trial | 8.6 |

## OUT-OF-COURT TIME

| DATE | ACTION | TIME |
|---|---|---|
| 12/4/02 | Receipt and review of D.A.'s motion in limine and response to motion for continuance, motion for extraordinary expenses | 0.4 |
| 12/4/02 | Receipt and review of order on motion to continue | 0.1 |
| 12/4/02 | Preparation for trial | 4.7 |
| 12/5/02 | Travel to and from court | 0.4 |
| 12/9/02 | Receipt and review of orders on motions | 0.3 |
| 1/13/03 | Receipt and review of pre-sentencing report | 0.4 |
| 1/14/03 | Travel to and from court | 0.2 |
| 1/14/03 | Preparation of, filing and serving notice of appeal and motion to appoint appellate counsel | 0.6 |
| 1/17/03 | Receipt and review of Notice of Appeal to the Alabama Court of Criminal Appeals | 0.2 |
| 1/17/03 | Telephone conference with Sherrie Greenlees; notes | 0.2 |
| 1/21/03 | Preparation of, filing and service of Motion to Withdraw Representation and to Appoint Appellate Counsel and motion for indigency status | 0.9 |
| 1/21/03 | Travel to and from courthouse to file documents | 0.3 |
| 1/23/03 | Receipt and completion of docketing statement and transcript purchase order, deliver to clerk | 0.5 |
| 1/26/03 | Receipt and review of Informational Notice to Appellant | 0.2 |
| 1/27/03 | Receipt and review of filed copies of above | 0.2 |
| 1/28/03 | Preparation of and mailing certified request for reimbursement of office overhead expenses | 0.5 |
| 2/11/03 | Follow-up telephone call to Sherrie Greenlees at Russell County Circuit Clerk's office re why indigency status motion not ruled on | 0.2 |
| 2/11/03 | Telephone call to Court of Criminal Appeals re delayed paperwork; advised March 11 deadline to produce transcript | 0.1 |
| 2/11/03 | Dictation of letter to clerk with copies of paperwork from Court file | 0.3 |
| 2/12/03 | Letter to client with all of above information | 0.2 |
| 2/12/03 | Preparation of billing; close file | 0.5 |
| | **Total Out-of-Court Time** | **103.5** |

## OVERHEAD EXPENSE

| | | |
|---|---|---|
| 2/20/02 | Order Approved | 122.1 |

REQUEST FOR LOCAL EXTENSION OF TIME
TO COMPLETE THE REPORTER'S TRANSCRIPT

Terry Whitley                          v.  State of Alabama
Appellant's Name                            Appellee

Trial Court Case No. CC 02-186        Notice of Appeal Date 1/14/03
                     CC 02-187
                     CC 02-188

On appeal from the:  [X] Circuit Court of
                     [ ] District Court of        Russell          County
                     [ ] Juvenile Court of

I, Linda Wilson                        , a court reporter in the above referenced case,

hereby request a 28— day extension to complete the transcript in said cause for the reasons

I have set out below.  Currently this transcript is due on 3/11/03    , and with this extension

the transcript will be due on 4/8/03 .

REASONS: _____

_____

_____

_____

Linda Wilson                           3/11/03
Court Reporter                         Date

═══════════════════════════════════════════════════════
                    TRIAL COURT ACTION

[X] Upon consideration of the above request, I hereby grant a 28— day extension to complete said transcript, thus extending
the transcript's due date to 4/8/03 .  Upon granting this request, I direct the court reporter to file this order
with the Clerk of this Court and to mail or fax a copy hereof to the Clerk of the Court of Criminal Appeals at the address
noted below by no later than the transcript due date in effect immediately preceding this order.

[ ] The above referenced request for a local extension is denied.

_____                 3/11/03
Judge's Signature                      Date

Note:   Pursuant to Rule 11(c) of the Alabama Rules of Appellate Procedure, local extensions cannot total more than 28
days and cannot be to a date more than 84 days from the date of the notice of appeal.

═══════════════════════════════════════════════════════
The Clerk of the Court of Criminal Appeals      Fax (334) 242-4689
P. O. Box 301555
Montgomery, Alabama 36130-1555

STATE OF ALABAMA
JUDICIAL BUILDING
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

March 11th, 2003

H. W. "Bucky" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

RE: CR-02-0739

Jerry Eugene Whitley v. State of Alabama (Appeal from Russell Circuit Court: CC02-186;
CC02-187; CC02-188).

       You are hereby notified that the Court of Criminal Appeals acknowledges that the
following action was taken in the above cause by the trial court:

       Additional time is granted to certify the completion of reporter's transcript to
and including 04/08/2003.

                                             Lane W. Mann, Clerk
                                             Court of Criminal Appeals

LWM/sm

cc: Honorable George R. Greene, Circuit Judge
    Honorable Kathy S. Coulter, Circuit Clerk
    Linda S. Wilson, Court Reporter
    Honorable J. Michael Williams, Sr., Attorney, Appellant

COURT OF CRIMINAL
APPEALS FOR EXTENSION OF TIME
TO FILE TRANSCRIPT

Fax: (334) 242-4689

O:  The Clerk of the Court of Criminal Appeals
    P. O. Box 301555
    Montgomery, Alabama 36130-1555

minal Appeals Case Number        CR 02- 0739

Ferry Whitley _____ v. State of Alabama
ppellant's Name                          Appellee

Trial Court Case No. CC 02-186    Notice of Appeal Date 1/14/03
                     CC 02-187
                     CC 02-188

On appeal from the:  [X] Circuit Court of  ⎫  Russell ____ County
                     [ ] District Court of  ⎬
                     [ ] Juvenile Court of  ⎭

I, Linda Wilson _____, a court reporter in the above referenced case,
hereby request a 28 day extension to complete the transcript in said cause for the reasons
I have set out below. Currently this transcript is due on 4/8/03 , and with this extension
the transcript will be due on 5/6/03 .

REASONS: _____
_____
_____
_____
_____
_____
_____

Linda Wilson _____        4/8/03
Court Reporter                        Date

Note:    Rule 11(c) of the Alabama Rules of Appellate Procedure prohibits an appellate court from
granting an extension if the request is not received by the clerk of the appellate court within the time
originally prescribed or before the expiration of an extension previously granted. Based on internal
policy of the Court of Criminal Appeals, no more than two 28-day extensions will be granted.

STATE OF ALABAMA
JUDICIAL BUILDING
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

H. W. "Bucky" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

April 8th, 2003

RE: CR-02-0739

Jerry Eugene Whitley v. State of Alabama (Appeal from Russell Circuit Court: CC02-186;
CC02-187; CC02-188).

        You are hereby notified that the following action was taken in the above cause by
the Court of Criminal Appeals:

        Additional time is granted to certify the completion of reporter's transcript to
and including 05/06/2003.

                                        Lane W. Mann, Clerk
                                        Court of Criminal Appeals

LWM/sm

cc: Honorable George R. Greene, Circuit Judge
    Honorable Kathy S. Coulter, Circuit Clerk
    Linda S. Wilson, Court Reporter
    Honorable J. Michael Williams, Sr., Attorney, Appellant

FILED IN OFFICE
2003 APR 10 AM 11:49
CIRCUIT DIST. COURT
RUSSELL CO. AL.

# MOTION TO COURT OF CRIMINAL
# APPEALS FOR EXTENSION OF TIME
# TO FILE TRANSCRIPT

Fax: (334) 242-4689

O:   The Clerk of the Court of Criminal Appeals
     P. O. Box 301555
     Montgomery, Alabama 36130-1555

minal Appeals Case Number   CR 02- 0739   v. _State of Alabama_

_Terry Whitley_
Appellant's Name                    Appellee

Trial Court Case No. CC02-186,   Notice of Appeal Date 1/14/03
                     CC02-187
                     CC02-188

On appeal from the:   [X] Circuit Court of
                      [ ] District Court of    _Russell_____ County
                      [ ] Juvenile Court of

I, _Linda Wilson_____, a court reporter in the above referenced case,

hereby request a _28-_ day extension to complete the transcript in said cause for the reasons

I have set out below.  Currently this transcript is due on _5/6/03_____, and with this extension

the transcript will be due on _6/3/03__.

REASONS: _____

_____

_____

_____

_____

_____

_____

_Linda Wilson_____        _5/5/03_____
Court Reporter                     Date

Note:   Rule 11(c) of the Alabama Rules of Appellate Procedure prohibits an appellate court from
granting an extension if the request is not received by the clerk of the appellate court within the time
originally prescribed or before the expiration of an extension previously granted.  Based on internal
policy of the Court of Criminal Appeals, no more than two 28-day extensions will be granted.

STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

May 5th, 2003

H. W. "Bucky" McMILLAN
Presiding Judge
*SUE BELL COBB*
*PAMELA W. BASCHAB*
*REG SHAW*
*A. KELLI WISE*
Judges

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

RE: CR-02-0739

Jerry Eugene Whitley v. State of Alabama (Appeal from Russell Circuit Court: CC02-186;
CC02-187; CC02-188).

You are hereby notified that the following action was taken in the above cause by
the Court of Criminal Appeals:

Additional time is granted to certify the completion of reporter's transcript to
and including 06/03/2003.

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/sm

cc: Honorable George R. Greene, Circuit Judge
    Honorable Kathy S. Coulter, Circuit Clerk
    Linda S. Wilson, Court Reporter
    Honorable J. Michael Williams, Sr., Attorney, Appellant

000200

```
ACRO370          ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2002 000187.00
OPER: TIW                  CASE ACTION SUMMARY
PAGE:   1                  CIRCUIT   CRIMINAL                 RUN DATE: 06/05/2003
```

IN THE CIRCUIT COURT OF   RUSSELL                                        JUDGE: GPG

CITY OF SL0105214            VS     WHITLEY JERRY EUGENE

CASE: CC 2002 000187.00

                                        FOPTSON, GA  31808 0000

DOB: 09/20/1965       SEX: M  RACE: W  HT: 5 06  WT: 145   HR: BRO EYES: BRO
SSN: 259177161   ALIAS NAMES:

CHARGE01: POSS/REC CONTR. SUBS CODE01: VPCO  LIT: POSS/REC CONTR TYP: F #: 001
OFFENSE DATE: 09/21/2001              AGENCY/OFFICER: 0570000

DATE WAR/CAP ISS: 09/04/2002          DATE ARRESTED: 09/21/2001
DATE    INDICTED: 01/16/2002          DATE    FILED: 01/23/2002
DATE    RELEASED:                     DATE  HEARING:
    BOND AMOUNT:      $20,000.00          SURETIES:

DATE 1: 01/14/2003  DESC: SENT        TIME: 1000 A
DATE 2: 12/02/2002  DESC: JTRL        TIME: 0900 A

TRACKING NOS: GJ 2001 000286 00  /  DC 2001 002356 00  /  WR 2001 003011 00

    DEF/ATY: FARRAR LAUREL WHEELING    TYPE: A                         TYPE:
             PO DRAWER 2500

        PHENIX CITY   AL 36868                          00000

PROSECUTOR: LANDREAU BUSTER


OTH CSE: GJ200100028600 CHK/TICKET NO:           GRAND JURY: 167
COURT REPORTER:                 SID NO:    000000000
DEF STATUS: PRISON          DEMAND:                      OPER: JOS

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | OPE |
|------------|-------------------------------|-----|
| 01/23/2002 | SET FOR:  ARRAIGNMENT ON 02/20/2002 AT 1000A(AR01) | JOS |
| 02/20/2002 | ***ARRAIGNMENT ORDER*** | JOS |
| 02/20/2002 | ORDER APPOINTING THE HON. LAUREL FARRAR, DEFENDANT | JOS |
| 02/20/2002 | WAIVES READING OF INDICTMENT AND ENTERS | JOS |
| 02/20/2002 | A PLEA OF NOT GUILTY. | JOS |
| 02/20/2002 | SET FOR: JURY TRIAL ON 05/13/2002 AT 0900A  (AR10) | JOS |
| 02/20/2002 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP | JOS |
| 02/22/2002 | MOTION FOR APPROVAL OF EXPENSES | JOS |
| 02/22/2002 | REQUEST FOR DISCOVERY | JOS |
| 02/26/2002 | ORDER ON DEFENDANT'S REQUEST FOR DISCOVERY | JOS |
| 02/27/2002 | MOTION FOR CONSOLIDATION OF OFFENSES | JOS |
| 02/27/2002 | MOTION FOR DISCOVERY BY STATE | JOS |
| 02/27/2002 | NOTICE OF COMPLIANCE WITH DISCOVERY REQUEST | JOS |
| 02/28/2002 | ORDER ON MOTION FOR DISCOVERY BY STATE | JOS |
| 03/01/2002 | MOTION FOR APPROVAL OF EXPENSES GRANTED | JOS |
| 03/04/2002 | MOTION FOR REDUCTION OF BOND | JOS |
| 03/05/2002 | WRITTEN PLEA OF NOT GUILTY AND WAIVER OF | JOS |

COURT OF CRIMINAL APPEALS NO. _____ CR-02-0739

# Appeal To Alabama Court of Criminal Appeals

### FROM

### Circuit Court of Russell County, Alabama

CIRCUIT COURT NO _____ CC-02-186-188

CIRCUIT JUDG _____ HONORABLE GEORGE R. GREENE

Type of Conviction/ Order Appealed From: _____ TRAFFICKING METH , POSS OF REC CONT SUBS, RESISTING ARREST

Sentence Imposed: _____ 35 YRS CONCUR,5 YRS CONCUR, 6 MTHS CONSEC

Defendant Indigent: ☐ YES  ☑ NO

JERRY E. WHITLEY

**Name of Appellant**

ATTY MICHAEL J WILLIAMS SR (205)-705-0200

(Appellant's Attorney)                              (Telephone No.)

P.O. BOX 1068

(Address)

AUBURN, AL 36831

(City)                    (State)              (Zip Code)

### V.

### STATE OF ALABAMA

**Name of Appellee**

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

```
ACPO370            ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2002 000187.00
OPER: TIW                      CASE ACTION SUMMARY
PAGE:    2                     CIRCUIT   CRIMINAL              RUN DATE: 06/05/2003
```

IN THE CIRCUIT COURT OF RUSSELL                                        JUDGE: GRG

CITY OF SL0105214                VS    WHITLEY JERRY EUGENE

CASE: CC 2002 000187.00

                                       FORTSON, GA  31808 0000

DOB: 09/20/1965        SEX: M  RACE: W  HT: 5 06  WT: 145    HR: BRO  EYES: BRO
SSN: 259177161  ALIAS NAMES:

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | OPE |
|---|---|---|
| 03/05/2002 | ARRAIGNMENT | JOS |
| 03/06/2002 | MOTION FOR REDUCTION OF BOND DENIED | JOS |
| 03/13/2002 | PETITION FOR WRIT OF HABEAS CORPUS (BOND REDUCED) | JOS |
| 03/15/2002 | CASE SET ON 04/23/2002 | JOS |
| 03/15/2002 | NOTICE FLAG SET TO: N | JOS |
| 03/18/2002 | ORDER FROM THE COURT OF CRIMINAL APPEALS THAT THE | JOS |
| 03/18/2002 | RESPONDENT IS GRANTED 14 DAYS TO RESPOND TO | JOS |
| 03/18/2002 | THE ALLEGATIONS CONTAINED IN THIS PETITION FOR | JOS |
| 03/18/2002 | THE WRIT OF HABEAS CORPUS | JOS |
| 03/27/2002 | ORDER REDUCING BOND TO $10,000.00. | JOS |
| 04/09/2002 | SET FOR: JURY TRIAL ON 05/13/2002 AT 0900A  (AR10) | JOS |
| 04/10/2002 | ORDER OF DISMISSAL OF WRIT OF HABEAS CORPUS FROM | JOS |
| 04/10/2002 | THE COURT OF CRIMINAL APPEALS | JOS |
| 04/15/2002 | (4/9/02) ORDER CONTINUING CASE TO THE MAY 13, | JOS |
| 04/15/2002 | 2002, TRIAL DOCKET. | JOS |
| 04/19/2002 | ADDR1 CHANGED FROM: R.C. JAIL            (AR01) | JOS |
| 04/19/2002 | SURETY ADDED: AAA BONDING CO.            (AR01) | JOS |
| 04/19/2002 | HOME CITY CHANGED FROM: PHENIX CITY      (AR01) | JOS |
| 04/19/2002 | STATUS CHANGED TO: "B" - BOND           (AR01) | JOS |
| 04/19/2002 | DEFENDANT RELEASED FROM JAIL: 04/16/2002  (AR01) | JOS |
| 04/30/2002 | SET FOR: JURY TRIAL ON 06/24/2002 AT 0900A  (AR10) | JOS |
| 05/22/2002 | WITNESS SUBPOENA ISSUED                  AWP24 | JOS |
| 05/23/2002 | MOTION FOR JOINDER OF DEFENDANTS FOR TRIAL | JOS |
| 05/24/2002 | OBJECTION TO CONSOLIDATION | JOS |
| 06/13/2002 | MOTION TO SUPPRESS ARREST AND EVIDENCE AND | JOS |
| 06/13/2002 | SEARCH WARRANT | JOS |
| 06/13/2002 | MOTION FOR APPROVAL OF EXTRAORDINARY EXPENSES | JOS |
| 06/13/2002 | MOTION TO PERMIT INDEPENDENT ANALYSIS | JOS |
| 06/19/2002 | MOTION TO CONTINUE | JOS |
| 06/19/2002 | MOTION TO EXCLUDE LABORATORY REPORT | JOS |
| 06/19/2002 | MOTION FOR FURTHER ANALYSIS OF ALLEGED CONTROLLED | JOS |

000202

```
ACP0370              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2002 000187.00
OPER: TIW                    CASE ACTION SUMMARY
PAGE:   3                    CIRCUIT  CRIMINAL                RUN DATE: 06/05/2003
===============================================================================
IN THE CIRCUIT COURT OF  RUSSELL                                    JUDGE: GRG

CITY OF SL0105214              VS    WHITLEY JERRY EUGENE

CASE: CC 2002 000187.00
                                   FORTSON, GA  31808 0000

DOB: 09/20/1965          SEX: M  RACE: W  HT: 5 06  WT: 145    HR: BRO EYES: BRO
SSN: 259177161  ALIAS NAMES:
===============================================================================
| 06/19/2002 |    SUBSTANCE                                             JOS |
|------------|--------------------------------------------------------------|
| 06/20/2002 | SET FOR: JURY TRIAL ON 08/05/2002 AT 0900A  (AR10)       JOS |
|------------|--------------------------------------------------------------|
| 06/21/2002 | MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION         JOS |
|------------|--------------------------------------------------------------|
| 06/21/2002 |    FOR APPROVAL OF EXTRAORDINARY EXPENSES                JOS |
|------------|--------------------------------------------------------------|
| 06/21/2002 | (6/19/02) ORDER CONTINUING TRIAL TO AUGUST 5, 2002      JOS |
|------------|--------------------------------------------------------------|
| 06/21/2002 | MOTION FOR APPROVAL OF EXTRAORDINARY EXPENSES            JOS |
|------------|--------------------------------------------------------------|
| 06/21/2002 |    DENIED                                                JOS |
|------------|--------------------------------------------------------------|
| 06/25/2002 | MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION         JOS |
|------------|--------------------------------------------------------------|
| 06/25/2002 |    FOR APPROVAL OF EXTRAORDINARY EXPENSES DENIED         JOS |
|------------|--------------------------------------------------------------|
| 07/11/2002 | WITNESS SUBPOENA ISSUED                       AWP24      JOS |
|------------|--------------------------------------------------------------|
| 07/29/2002 | SUPPLEMENTAL INFORMATION IN SUPPORT OF DEFEN-            JOS |
|------------|--------------------------------------------------------------|
| 07/29/2002 |    DANT'S MOTION FOR RECONSIDERATION OF DEFEN-           JOS |
|------------|--------------------------------------------------------------|
| 07/29/2002 |    DANT'S MOTION FOR APPROVAL OF EXTRAORDINARY           JOS |
|------------|--------------------------------------------------------------|
| 07/29/2002 |    EXPENSES PURSUANT TO MAY V. STATE                     JOS |
|------------|--------------------------------------------------------------|
| 08/05/2002 | (7/29/02) ORDER CONTINUING CASE TO SEPTEMBER 16,        JOS |
|------------|--------------------------------------------------------------|
| 08/05/2002 |    2002, TRIAL DOCKET. HEARING ON MOTION TO             JOS |
|------------|--------------------------------------------------------------|
| 08/05/2002 |    SUPPRESS SET FOR AUGUST 26, 2002, AT 2:00 PM         JOS |
|------------|--------------------------------------------------------------|
| 08/05/2002 |    MOTION TO CONSOLIDATE GRANTED                         JOS |
|------------|--------------------------------------------------------------|
| 08/05/2002 | SET FOR: JURY TRIAL ON 09/16/2002 AT 0900A  (AR10)       JOS |
|------------|--------------------------------------------------------------|
| 08/05/2002 | SET FOR: MOTION TO SUPPRESS ON 08/26/2002 AT 0200P       JOS |
|------------|--------------------------------------------------------------|
| 08/16/2002 | OBJECTION TO MOTION TO AMEND ORDER                       JOS |
|------------|--------------------------------------------------------------|
| 08/20/2002 | (7/29/02) MOTION TO CONSOLIDATE GRANTED                  JOS |
|------------|--------------------------------------------------------------|
| 08/23/2002 | DEFENDANT'S MOTION IN LIMINE                             JOS |
|------------|--------------------------------------------------------------|
| 08/23/2002 | MOTION TO TRANSPORT (STEVEN MOSESES-LEE CO.)             JOS |
|------------|--------------------------------------------------------------|
| 08/23/2002 | ORDER FOR THE RUSSELL COUNTY SHERIFF TO TRANSPORT        JOS |
|------------|--------------------------------------------------------------|
| 08/23/2002 |    STEVEN MOSESON FROM LEE COUNTY JAIL TO APPEAR         JOS |
|------------|--------------------------------------------------------------|
| 08/23/2002 |    IN COURTROOM I AT 2:00 P.M. ON AUGUST 26, 2002.       JOS |
|------------|--------------------------------------------------------------|
| 08/28/2002 | DEFENDANT'S SECOND MOTION TO CONTINUE                    JOS |
|------------|--------------------------------------------------------------|
| 08/28/2002 | MOTION TO SUPPRESS DENIED                                JOS |
|------------|--------------------------------------------------------------|
| 09/04/2002 | ALIAS WARRANT ISSUED: 09/04/2002           (AR08)        JOS |
|------------|--------------------------------------------------------------|
| 09/04/2002 | ALIAS WRIT EXECUTED BY PLACING DEFENDANT IN JAIL         JOS |
|------------|--------------------------------------------------------------|
| 09/04/2002 | MOTION TO SET ASIDE WRIT OF ARREST AND WITHDRAW          JOS |
|------------|--------------------------------------------------------------|
```

000203

```
ACRO370            ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2002 000187.00
OPER: TIW                     CASE ACTION SUMMARY
PAGE:    4                    CIRCUIT   CRIMINAL              RUN DATE: 06/05/2003
==========================================================================
IN THE CIRCUIT COURT OF RUSSELL                               JUDGE: GPG

CITY OF SL0105214              VS     WHITLEY JERRY EUGENE

CASE: CC 2002 000187.00

                                     FORTSON, GA  31808 0000

DOB: 09/20/1965        SEX: M  RACE: W  HT: 5 06  WT: 145    HR: BRO EYES: BRO
SSN: 259177161   ALIAS NAMES:
==========================================================================
```

| Date | Description | |
|---|---|---|
| 09/04/2002 | REVOCATION OF BOND | JOS |
| 09/05/2002 | AMENDMENT TO MOTION TO SET ASIDE WRIT OF ARREST | JOS |
| 09/05/2002 | AND WITHDRAW REVOCATION OF BOND | JOS |
| 09/05/2002 | WITNESS SUBPOENA ISSUED                AWP24 | JOS |
| 09/13/2002 | (9/04/02) UPON FAILURE OF DEFENDANT TO APPEAR IN | JOS |
| 09/13/2002 | COURT, PRELIMINARY FORFEITURE AND ALIAS | JOS |
| 09/13/2002 | ORDERED.  ORIGINAL BOND AMOUNTS REINSTATED, | JOS |
| 09/13/2002 | CASE CONTINUED TO THE OCTOBER 28, 2002, TRIAL | JOS |
| 09/13/2002 | DOCKET. | JOS |
| 09/16/2002 | SET FOR: JURY TRIAL ON 10/28/2002 AT 0900A  (AP10) | JOS |
| 09/19/2002 | PETITION FOR WRIT OF HABEAS CORPUS | JOS |
| 09/23/2002 | MOTION TO COMPEL COMPLIANCE WITH THE COURT'S | JOS |
| 09/23/2002 | ORDER FOR TRANSPORT OF SAMPLES FOR INDEPENDENT | JOS |
| 09/23/2002 | ANALYSIS | JOS |
| 09/26/2002 | RESPONSE TO MOTION TO COMPEL | JOS |
| 10/01/2002 | REPLY TO RESPONES TO MOTION TO COMPEL | JOS |
| 10/09/2002 | WITNESS SUBPOENA ISSUED                AWP24 | JOS |
| 10/09/2002 | ORDER SETTING HEARING ON MOTION TO SET ASIDE WRIT | JOS |
| 10/09/2002 | OF ARREST AND WITHDRAW REVOCATION OF BOND AND | JOS |
| 10/09/2002 | MOTION IN LIMINE FOR OCTOBER 23, 2002, AT | JOS |
| 10/09/2002 | 3:00 P.M. | JOS |
| 10/09/2002 | SET FOR:  HEARING ON 10/23/2002 AT 0300P  (AR10) | JOS |
| 10/10/2002 | MOTION TO COMPEL DENIED | JOS |
| 10/10/2002 | ORDER SETTING HEARING ON WRIT OF HABEAS CORPUS | JOS |
| 10/10/2002 | FOR OCTOBER 23, 2002, AT 3:00 P.M. | JOS |
| 10/11/2002 | MOTION TO CONTINUE | JOS |
| 10/16/2002 | SET FOR: JURY TRIAL ON 12/02/2002 AT 0900A  (AR10) | JOS |
| 10/17/2002 | ORDER CONTINUING TRIAL TO DECEMBER 2, 2002, | JOS |
| 10/17/2002 | MOTIONS HEARING SET FOR OCTOBER 23, 2002, AT | JOS |
| 10/17/2002 | 3:00 P.M. | JOS |
| 10/24/2002 | (10/23/02) MOTION TO REDUCE BOND DENIED.  MOTION | JOS |
| 10/24/2002 | IN LIMINE GRANTED AS TO PHOTOGRAPHS OF CO- | JOS |

```
ACPO370              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2002 000187.00
OPER: TIW                     CASE ACTION SUMMARY
PAGE:   5                     CIRCUIT  CRIMINAL              RUN DATE: 06/05/2003
```

IN THE CIRCUIT COURT OF  PUSSELL                                          JUDGE: GRG

CITY OF SL0105214              VS    WHITLEY JERRY EUGENE

CASE: CC 2002 000187.00

                                     FORTSON, GA  31808 0000

DOB: 09/20/1965        SEX: M  PACE: W  HT: 5 06  WT: 145   HR: BRO EYES: BRO
SSN: 259177161  ALIAS NAMES:

| Date | Entry | |
|------|-------|---|
| 10/24/2002 | DEFENDANTS AND DENIED AS TO VIDEOTAPE INVOLVING | JOS |
| 10/24/2002 | DEFENDANTS AND CO-DEFENDANTS.  THE COURT | JOS |
| 10/24/2002 | RESERVES RULING ON MOTION IN LIMINE AS TO | JOS |
| 10/24/2002 | SINGLE PHOTOGRAPH OF DEFENDANT. | JOS |
| 10/25/2002 | PETITION FOR WRIT OF HABEAS CORPUS DENIED (BY GRG) | JOS |
| 11/04/2002 | COPY OF ORDER OF DENIAL OF WRIT OF HABEAS CORPUS | JOS |
| 11/20/2002 | WITNESS SUBPOENA ISSUED                    AWP24 | JOS |
| 11/22/2002 | PARTY ADDED  W006  STEVEN MOSESON       (AW21) | JOS |
| 11/22/2002 | PARTY W006 ISSUED DATE: 11202002  TYPE:   (AW21) | JOS |
| 11/22/2002 | PAPTY ADDED  W007  WAYNE MEADOWS        (AW21) | JOS |
| 11/22/2002 | WITNESS SUBPOENA ISSUED TO W006 STEVEN MOSESON | JOS |
| 11/22/2002 | WITNESS SUBPOENA ISSUED TO W007 WAYNE MEADOWS | JOS |
| 12/03/2002 | DEFENDANT'S MOTION TO CONTINUE | JOS |
| 12/03/2002 | MOTION FOR APPROVAL OF EXTRAORDINARY EXPENSES | JOS |
| 12/04/2002 | MOTION IN LIMINE | JOS |
| 12/04/2002 | PESPONSE TO MOTION FOR CONTINUANCE AND MOTION FOR | JOS |
| 12/04/2002 | EXPENSES | JOS |
| 12/04/2002 | MOTION TO CONTINUE DENIED | JOS |
| 12/04/2002 | MOTION FOR APPROVAL OF COURT PEPORTER EXPENSES | JOS |
| 12/05/2002 | STATE'S REQUEST JURY CHARGE #1 | JOS |
| 12/05/2002 | STATE'S REQUEST JURY CHARGE #2 | JOS |
| 12/05/2002 | STATE'S REQUEST JURY CHARGE #3 | JOS |
| 12/05/2002 | STATE'S REQUEST JURY CHARGE #4 | JOS |
| 12/05/2002 | STATE'S REQUEST JURY CHARGE #5 | JOS |
| 12/05/2002 | DEFENDANT'S REQUESTED JURY CHARGE #1 CONTRUCTIVE | JOS |
| 12/05/2002 | POSSESSION | JOS |
| 12/05/2002 | DEFENDANT'S REQUESTED JURY CHAPGE #2 ELEMENTS | JOS |
| 12/05/2002 | OF CONTRUCTIVE POSSESSION | JOS |
| 12/05/2002 | DEFENDANT'S REQUESTED JURY CHARGE #3 PEQUIPEMENT | JOS |
| 12/05/2002 | OF PROOF OF POSSESSION | JOS |
| 12/05/2002 | ***GUILTY VERDICT*** | JOS |
| 12/05/2002 | ***VERDICT*** | JOS |

```
ACRO370                 ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2002 000187.00
OPER: TIW                       CASE ACTION SUMMARY
PAGE:   6                        CIRCUIT   CRIMINAL              RUN DATE: 06/05/2003
=====================================================================================
IN THE CIRCUIT COURT OF  RUSSELL                                         JUDGE: GRG

CITY OF SL0105214                    VS    WHITLEY JERRY EUGENE

CASE: CC 2002 000187.00
                                          FORTSON, GA  31808 0000

DOB: 09/20/1965         SEX: M  RACE: W  HT: 5 06  WT: 145    HR: BRO EYES: BRO
SSN: 259177161  ALIAS NAMES:
=====================================================================================
```

| Date | Description | |
|------|-------------|---|
| 12/05/2002 | NOW COMES THE JURY AND RETURNS ITS UNANIMOUS | JOS |
| 12/05/2002 | VERDICT AS FOLLOWS: "WE, THE JURY, FIND THE | JOS |
| 12/05/2002 | DEFENDANT, JERRY E. WHITLEY, GUILTY OF THE | JOS |
| 12/05/2002 | OFFENSE OF UNLAWFUL POSSESSION OF A CONTROLLED | JOS |
| 12/05/2002 | SUBSTANCE AS CHARGED IN THE INDICTMENT. DATE: | JOS |
| 12/05/2002 | DECEMBER 5, 2002, NICOLE GIBBS, FOREPERSON. | JOS |
| 12/05/2002 | THE DEFENDANT IS REMANDED TO THE CUSTODY OF | JOS |
| 12/05/2002 | THE SHERIFF, SENTENCING SET FOR JANUARY 14, | JOS |
| 12/05/2002 | 2003, AT 10:00 A.M. | JOS |
| 12/09/2002 | MOTION FOR APPROVAL OF EXPENSES APPROVED OF THE | JOS |
| 12/09/2002 | SUM OF $400.00 | JOS |
| 12/09/2002 | MOTION IN LIMINE DENIED IN PART AND GRANTED IN | JOS |
| 12/09/2002 | PART IN OPEN COURT | JOS |
| 12/09/2002 | MOTION OF EXTRAORDINARY EXPENSES DENIED | JOS |
| 01/10/2003 | CONVICTION REPORT TO BOARD OF REGISTRARS | JOS |
| 01/14/2003 | ***SENTENCING ORDER*** | JOS |
| 01/14/2003 | ORDER SENTENCING DEFENDANT TO 5 YEARS TO THE DEPT | JOS |
| 01/14/2003 | OF CORRECTIONS, CREDIT FOR TIME SERVED, TO RUN | JOS |
| 01/14/2003 | CONCURRENT TO CC-2002-186, COSTS, $100.00 VCF, | JOS |
| 01/14/2003 | $100.00 FORENSIC SERVICES TRUST FUND, $1,000.00 | JOS |
| 01/14/2003 | DEMAND REDUCTION ASSESSMENT ACCOUNT, ATTORNEY'S | JOS |
| 01/14/2003 | FEES, SUBSTANCE ABUSE PROGRAM AND DRIVER'S | JOS |
| 01/14/2003 | LICENSE SUSPENDED 6 MONTHS.  THE DEMAND REDUC- | JOS |
| 01/14/2003 | TION ASSESSMENT ACCOUNT WILL BE SUSPENDED UPON | JOS |
| 01/14/2003 | THE DEFENDANT'S AGREEMENT TO ENROLL IN A REHA | JOS |
| 01/14/2003 | BILITATION PROGRAM AND PAYMENT OF SAME.  THE | JOS |
| 01/14/2003 | PAYMENT OF MONIES SHALL BE A CONDITION OF | JOS |
| 01/14/2003 | PAROLE, EARLY RELEASE, SIR OR WORK RELEASE. | JOS |
| 01/14/2003 | ******ORAL NOTICE OF APPEAL**** | JOS |
| 01/14/2003 | NOTICE OF APPEAL AND MOTION TO APPOINT APPELLATE | JOS |
| 01/14/2003 | COUNSEL | JOS |
| 01/14/2003 | CASE APPEALED ON: 01/14/2003            (AR10) | JOS |

```
ACR0370                 ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2002 000187.00
OPER: TIW                       CASE ACTION SUMMARY
PAGE:   7                         CIRCUIT   CRIMINAL              RUN DATE: 06/05/2003
```

IN THE CIRCUIT COURT OF  RUSSELL                                         JUDGE: GPG

CITY OF SL0105214              VS    WHITLEY JERRY EUGENE

CASE: CC 2002 000187.00
                                    FORTSON, GA  31808 0000

DOB: 09/20/1965       SEX: M  RACE: W  HT: 5 06  WT: 145    HR: BRO EYES: BRO
SSN: 259177161  ALIAS NAMES:

| | | | |
|---|---|---|---|
| 01/14/2003 | APPEAL "TO" TYPE: "O" | (AR10) | JOS |
| 01/16/2003 | TRANSCRIPT OF RECORD ISSUED: 01/16/2003 | (AP08) | JOS |
| 01/16/2003 | CASE ACTION SUMMARY PRINTED | (AR08) | JOS |
| 01/17/2003 | APPEAL DATE CHANGED FROM: 00/00/0000 | (AR11) | TIW |
| 01/17/2003 | COURT REPORTER 1 CHANGED FROM: | (AR11) | TIW |
| 01/17/2003 | APPEAL TYPE CHANGED FROM: | (AR11) | TIW |
| 01/17/2003 | PROSECUTOR CHANGED FROM: | (AR11) | TIW |
| 01/17/2003 | IPA TYPE CHANGED FROM: | (AR11) | TIW |
| 01/17/2003 | INDTRL TYPE CHANGED FROM: | (AR11) | TIW |
| 01/17/2003 | ATTY 1 TYPE CHANGED FROM: | (AR11) | TIW |
| 01/17/2003 | ATTY 1 CHANGED FROM: | (AR11) | TIW |
| 01/17/2003 | ATYW TYPE CHANGED FROM: | (AR11) | TIW |
| 01/17/2003 | IPA TYPE CHANGED FROM: Y | (AR11) | SHG |
| 01/17/2003 | APPEAL TYPE CHANGED FROM: O | (AR11) | SHG |
| 01/20/2003 | MOTION TO WITHDRAW TRIAL COUNSEL AND APPOINT | | SHG |
| 01/20/2003 |    COUNSEL ON APPEAL | | SHG |
| 01/20/2003 | MOTION FOR DESIGNATION OF INDIGENCY TO PROCEED ON | | SHG |
| 01/20/2003 |    APPEAL IN FORMA PAUPERIS | | SHG |
| 01/20/2003 | CHECK OUT TO GRG | | SHG |
| 01/21/2003 | MOTION CODE 1 CHANGED FROM: | (AR11) | SHG |
| 01/21/2003 | MOTION FILE DATE 1 CHANGED FROM: 00/00/0000 | (AR11) | SHG |
| 01/23/2003 | DOCKETING STATEMENT | | SHG |
| 01/23/2003 | REPORTER'S TRANSCRIPT ORDER | | SHG |
| 01/24/2003 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP | | SHG |
| 01/27/2003 |    CHECK OUT TO GRG W/COPY | | SHG |
| 02/18/2003 | NOTICE OF APPEARANCE BY HON MICHAEL WILLIAMS,SR | | TIW |
| 02/18/2003 | REPORTER'S TRANSCRIPT ORDER | | TIW |
| 02/24/2003 | MOTION ACTION 1 CHANGED FROM: | (AR11) | SHG |
| 02/24/2003 | ATTY 1 CHANGED FROM: FAR036 | (AR11) | SHG |
| 02/24/2003 | MOTION ACTION DATE 1 CHANGED FROM: 00/00/0000 | | SHG |
| 02/24/2003 | ATYW TYPE CHANGED FROM: N | (AR11) | TIW |
| 02/24/2003 | IPA TYPE CHANGED FROM: N | (AR11) | TIW |

```
ACP0370              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2002 000187.00
OPER: TIW                      CASE ACTION SUMMARY
PAGE:    8                    CIRCUIT   CRIMINAL                RUN DATE: 06/05/2003
=====================================================================================
IN THE CIRCUIT COURT OF  RUSSELL                                        JUDGE: GRG

CITY OF SL0105214                  VS    WHITLEY JERRY EUGENE

CASE: CC 2002 000187.00
                                   FOPTSON, GA  31808 0000

DOB: 09/20/1965      SEX: M  RACE: W  HT: 5 06  WT: 145    HR: BRO EYES: BRO
SSN: 259177161  ALIAS NAMES:
=====================================================================================
| 02/24/2003 | ORDER DESIGNATING INDEGENCY TO PROCEED ON APPEAL          TIW |
|------------|-----------------------------------------------------------------|
| 02/24/2003 |      IN FORMA PAUPEPIS                                     TIW |
|------------|-----------------------------------------------------------------|
| 02/24/2003 | ORDER GRANTING MOTION TO WITHDRAW AND APPOINTING           TIW |
|------------|-----------------------------------------------------------------|
| 02/24/2003 |      COUNSEL ON APPEAL                                     TIW |
|------------|-----------------------------------------------------------------|
| 02/27/2003 | ORDEP RECALLING DEFENDANT'S MOTION TO PROCEED ON           TIW |
|------------|-----------------------------------------------------------------|
| 02/27/2003 |      APPEAL IN FORMA PAUPEPIS AND APPOINTMENT OF           TIW |
|------------|-----------------------------------------------------------------|
| 02/27/2003 |      ATTORNEY                                              TIW |
|------------|-----------------------------------------------------------------|
| 02/28/2003 | IPA TYPE CHANGED FROM: Y                    (AR11)         TIW |
|------------|-----------------------------------------------------------------|
| 02/28/2003 | ATTY 1 CHANGED FROM: FLO017                 (AR11)         TIW |
|------------|-----------------------------------------------------------------|
| 02/28/2003 | ATTY 1 TYPE CHANGED FROM: A                 (AR11)         TIW |
|------------|-----------------------------------------------------------------|
| 03/11/2003 | MOTION FOR LOCAL EXTENSION OF TIME TO COMPLETE THE         TIW |
|------------|-----------------------------------------------------------------|
| 03/11/2003 | REPORTER'S TRANSCRIPT                                      TIW |
|------------|-----------------------------------------------------------------|
| 03/11/2003 | ATTORNEY'S FEES ($10,538.64)                              JOS |
|------------|-----------------------------------------------------------------|
| 03/13/2003 | ORDEP GRANTING ADDITIONAL TIME FOR COMPLETION OF          TIW |
|------------|-----------------------------------------------------------------|
| 03/13/2003 | REPORTER'S TRANSCRIPT                                      TIW |
|------------|-----------------------------------------------------------------|
| 04/08/2003 | MOTION TO COURT OF CRIMINAL APPEALS FOR EXTENSION          TIW |
|------------|-----------------------------------------------------------------|
| 04/08/2003 |      OF TIME TO FILE TRANSCRIPT                            TIW |
|------------|-----------------------------------------------------------------|
| 04/10/2003 | ORDER GPANTING EXTENSION OF TIME TO FILE                   TIW |
|------------|-----------------------------------------------------------------|
| 04/10/2003 | REPORTER'S TRANSCRIPT                                      TIW |
|------------|-----------------------------------------------------------------|
| 04/14/2003 | PAYMENT DELINQUENT NOTICE MAILED ON 04/15/2003            AOC |
|------------|-----------------------------------------------------------------|
| 04/17/2003 | ADDR1 CHANGED FROM: 150 REYNOLDS POAD       (AR01)        JOS |
|------------|-----------------------------------------------------------------|
| 04/17/2003 | STATUS CHANGED TO: "P" - PRISON             (AR01)        JOS |
|------------|-----------------------------------------------------------------|
| 05/05/2003 | MOTION TO COURT OF CRIMINAL APPEALS FOR EXTENSION          TIW |
|------------|-----------------------------------------------------------------|
| 05/05/2003 |      OF TIME TO FILE TRANSCRIPT                            TIW |
|------------|-----------------------------------------------------------------|
| 05/07/2003 | ORDER GRANTING MOTION FOR EXTENSION OF TIME TO             TIW |
|------------|-----------------------------------------------------------------|
| 05/07/2003 |      FILE TRANSCRIPT                                       TIW |
|------------|-----------------------------------------------------------------|
| 05/07/2003 | AMENDED ATTORNEY'S FEES ($2,808.05)                       JOS |
|------------|-----------------------------------------------------------------|
| 06/05/2003 | CERTIFICATE OF COMPLETION AND TRANSMITTAL OF              TIW |
|------------|-----------------------------------------------------------------|
| 06/05/2003 |   RECORD ON APPEAL BY TRIAL CLERK                         TIW |
|------------|-----------------------------------------------------------------|
| 06/05/2003 | CASE ACTION SUMMARY PRINTED                 (AR08)        TIW |
```

REDACT MAY NOT BE PUBLIC INFORMATION

| 1 ORI # | 2 AGENCY NAME | | 3 CASE # |
|---|---|---|---|
| 0.5.7.0.0.0.0 | METRO | | S.C.0.1.0.5.2.1.4 |

**4 LAST, FIRST, MIDDLE NAME**
Whitley, Jerry Eugene

| 5 SCARS | 6 MARKS | 7 TATOOS | 8 AMPUTATIONS |

| SEX M | 9 RACE | 10 HGT. 5'6 | 10 WGT. 145 | 11 EYE BRO | 12 HAIR BRO | 13 SKIN | 14 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 16 SSN | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|
| Cols, GA | 2 5 9 1 - 1 1 7 - 1 7 1 1 6 | 0 9 2 0 6 5 | 75 | |

| 20 SID # | 21 FINGERPRINT CLASS   KEY   MAJOR   PRIMARY   SCDV   SUB-SECONDARY   FINAL | 22 DL # | 23 ST |
|---|---|---|---|
| | HENRY CLASS | 0 2 1 3 9 1 8 3 7 | GA |

| 24 FBI # | NCIC CLASS | 25 IDENTIFICATION COMMENTS |

| 26 ☐ RESIDENT   ☑ NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) FB RUSK DR. Phenix City AL | 28 RESIDENCE PHONE | 29 OCCUPATION (BE SPECIFIC) |

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) None | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |

**33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP)** FB Rusk Dr. Phenix City, AL   **34 SECTOR #**   **35 ARRESTED FOR YOUR JURISDICTION?** ☐ YES ☐ NO
IN STATE ☐   OUT STATE ☐   AGENCY ☐

| 36 CONDITION OF ARRESTEE: | 37 RESIST ARREST? | 38 ARMED? | 39 DESCRIPTION OF WEAPON |
|---|---|---|---|
| ☐ DRUNK ☑ SOBER   ☑ DRINKING ☐ DRUGS | ☑ YES ☐ NO   ☐ OFFICER ☐ ARRESTEE | ☑ NONE ☐ ARMED? | ☐ HANDGUN ☐ OTHER FIREARM   ☐ RIFLE ☐ OTHER WEAPON   ☐ SHOTGUN |

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | 45 ARRESTED BEFORE? |
|---|---|---|---|---|
| 0 9 2 0 1 0 | 17:30 ☑ AM ☐ PM ☐ MIL | S M T W T ☑ F S | ☑ ON VIEW ☐ CALL ☐ WARRANT | ☐ YES ☐ NO ☐ UNKNOWN |

| 46 CHARGE—1 | ☐ FEL ☑ MISD | 47 UCR CODE | 48 CHARGE—2 | ☑ FEL ☐ MISD | 49 UCR CODE |
|---|---|---|---|---|---|
| Possession of a Controlled Substance | | 3599 | Manufacturing a Controlled Substance | Unlawful | 3599 |

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED   M D Y | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED   M D Y |
|---|---|---|---|---|---|
| 13A-12-212 | | | 13A-12-211 | | |

| 56 CHARGE—3 | ☑ FEL ☐ MISD | 57 UCR CODE | 58 CHARGE—4 | ☐ FEL ☐ MISD | 59 UCR CODE |
|---|---|---|---|---|---|
| Resisting arrest | | 4801 | | | |

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED   M D Y | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED   M D Y |
|---|---|---|---|---|---|
| 13A-10-41 | | | | | |

| 66 ARREST DISPOSITION | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| ☐ HELD ☑ TOT—LE   ☐ BAIL ☐ OTHER   ☐ RELEASED | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|

| 78 VIN | 79 IMPOUNDED? ☐ YES ☑ NO | 80 STORAGE LOCATION/IMPOUND # |

**81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED**   ☐ CONTINUED IN NARRATIVE

| 82 JUVENILE DISPOSITION: | ☐ HANDLED AND RELEASED   ☐ REF. TO JUVENILE COURT | ☐ REF. TO WELFARE AGENCY   ☐ REF. TO OTHER POLICE AGENCY | ☐ REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|---|---|
| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | | 85 ADDRESS (STREET, CITY, STATE, ZIP) | | 86 PHONE ( ) |
| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | | 90 PHONE ( ) |

| 91 DATE AND TIME OF RELEASE | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|
| 0 9 2 0 1 0 18:30 ☐ AM ☑ PM ☐ MIL | | | |

| 95 RELEASED TO: Russell Co. S.O. | 96 AGENCY/DIVISION Jail | 97 AGENCY ADDRESS |
|---|---|---|

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐ YES ☐ NO ☐ PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # |

**101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE)**
Subject was arrested for poss. of Meth, Manufacturing
and Resisting arrest.
Meth - 7 grams, $700.00 Street Value. Meth LAB

LOCAL USE

STATE USE

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER |
|---|---|

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE |
|---|---|---|---|---|---|---|---|

| 111 ARRESTING OFFICER (LAST, FIRST, M.) J. Whitten | 112 ID # 272 | 113 ARRESTING OFFICER (LAST, FIRST, M.) Sgt. Price | 114 ID # | 115 SUPERVISOR M | ID # | 116 WATCH CMDR. ID # |

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC—34 REV. 10-9

A TRUE BILL, presented to the judge Presiding in open Court by the Foreperson of this Grand Jury, and filed in open court this 16th day of _Jan_ , 2002.

_Joe Johnson_
Grand Jury Foreman

_Kathy Coulter_
Clerk of the Circuit Court
of Russell County
Twenty-Sixth Judicial Circuit

CC-02-187

# INDICTMENT

*THE STATE OF ALABAMA*

*vs.*

*JERRY E. WHITLEY*
*SID: AL01228937*

*alias*
*None Reported*

CHARGES:                                                SECTION

1. POSSESSION OF A CONTROLLED SUBSTANCE

Bail fixed at $ 20,000 this 16 day of _Jan_ , 2002.

Judge Presiding

THE STATE OF ALABAMA                    120                    CIRCUIT COURT
RUSSELL COUNTY                                                 2002

Prosecutor: BUSTER LANDREAU

KENNETH DAVIS
DISTRICT ATTORNEY
TWENTY-SIXTH JUDICIAL

THE STATE OF ALABAMA, RUSSELL COUNTY

CIRCUIT COURT - TWENTY-SIXTH JUDICAL CIRCUIT

COUNT 1

The Grand Jury of said county charge that, before the finding of this indictment, JERRY E. WHITLEY, whose name is otherwise unknown to the Grand Jury than as stated, did unlawfully possess METHAMPHETAMINE, a controlled substance, contrary to and in violation of Section 13A-12-212 of the Code of Alabama, 1975, as amended, and against the peace and dignity of the State of Alabama.

KENNETH DAVIS
District Attorney
Twenty-Sixth Judicial Circuit

WITNESSES:
SHERWIN BOSWELL., P. O. BOX 3510, AUBURN, AL  36831
MELISSA M. KELLY, ADFS, P. O. BOX 3510, AUBURN, AL  36831
AGENT MEMMO, METRO NARCOTICS,  P.O. BOX 1866, COLUMBUS, GA  31902
AGENT R. SPEAR, METRO, COLUMBUS, GA  31901
AGENT JASON WHITTEN, METRO NARCOTICS TASK FORCE , P.O. BOX 1866, COLUMBUS, GA  31902

ACR398 Case 3:05-cv-00427-MEF-CSC ALABAMA JUDICIAL DATA CENTER Filed 07/19/2005 Page 31 of 69
GRAND JURY Document 12-8 RUSSELL

GJ 2001-000288.00
TERM #: W-02-167
DC-01-2356

WARRANT OF ARREST

---

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA: *CC-02-187*

AN INDICTMENT HAS BEEN RETURNED BY THE GRAND JURY OF RUSSELL COUNTY

AGAINST        WHITLEY JERRY EUGENE
               R.C. JAIL

               PHENIX CITY      AL 36867-0000

CHARGING THE OFFENSE OF:

        POSS/REC CONTR. SUBS  13A-012-212          CNTS:   1

YOU ARE THEREFORE ORDERED TO ARREST THE PERSON NAMED ABOVE AND BRING THAT
PERSON BEFORE A JUDGE OR MAGISTRATE OF THIS COURT TO ANSWER THE CHARGES
AGAINST THAT PERSON AND HAVE WITH YOU THEN AND THERE THE WARRANT OF ARREST
WITH YOUR RETURN THEREON.  IF A JUDGE OF MAGISTRATE OF THIS COURT IS
UNAVAILABLE, OR IF THE ARREST IS MADE IN ANOTHER COUNTY, YOU SHALL TAKE
THE ACCUSED PERSON BEFORE THE NEAREST OR MOST ACCESSIBLE JUDGE OF
MAGISTRATE IN THE COUNTY OF ARREST.


BOND SET AT:        $20,000.00

DATE ISSUED: 01/17/2002                               BY *JBS*
                              CLERK

---

EXECUTED THIS _____18_____ DAY OF ____January____, 2002 , BY
ARRESTING THE WITHIN NAMED DEFENDANT *Jerry Eugene Whitley*

                              LAW ENFORCEMENT OFFICER     5753

                              BY: _____

---

DEFENDANT'S FEATURES:

HT: 5'06"  HAIR: BRO   DOB: 09/20/1965

WT: 145  SEX: M   EYE: BRO  RACE: W
SSN: 259177161

ADDTL COMMENTS: _____

_____

_____

_____

---

01/17/2002 JOS

State of Alabama
Unified Judicial System

Form C-10
Page 1 of 2          Rev. 2/95

CC-02-186-188

# AFFIDAVIT OF SUBSTANTIAL
# HARDSHIP AND ORDER

IN THE ___Circuit___ COURT OF ___Russell County___ ALABAMA
(Circuit, District, or Municipal)        (Name of County or Municipality)

STYLE OF CASE: ___State of Alabama___ v. ___Jerry E. Whitley___
                    Plaintiff(s)                    Defendant(s)

TYPE OF PROCEEDING: ___Criminal___ CHARGE(S) (if applicable): ___Trafficking/Poss.___

☐ CIVIL CASE-- I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request
   that payment of these fees be waived initially and taxed as costs at the conclusion of the case.
☐ CIVIL CASE-- (such as paternity, support, termination of parental rights, dependency) - I am financially unable to hire an
   attorney and I request that the court appoint one for me.
☑ CRIMINAL CASE-- I am financially unable to hire an attorney and request that the court appoint one for me.
☐ DELINQUENCY/NEED OF SUPERVISION-- I am financially unable to hire an attorney and request that the court appoint
   one for my child/me.

## AFFIDAVIT

SECTION I.

1. IDENTIFICATION
   Full name ___Jerry E. Whitley___          Date of birth ___9/20/65___
   Spouse's full name (if married) ___N/A___
   Complete home address ___N/A___

   Number of people living in household ___N/A___
   Home telephone number ___N/A___
   Occupation/Job ___mechanic___ Length of employment _____
   Driver's license number ___to___       *Social Security Number _____
   Employer ___Lear Seigler Contr.___ Employer's telephone number ___1-800-999-1770___
   Employer's address ___Oklahoma City, OK___

2. ASSISTANCE BENEFITS
   Do you or anyone residing in your household receive benefits from any of the following sources? (If so, please check those which
   apply.)

   ☐ AFDC    ☐ Food Stamps    ☐ SSI    ☐ Medicaid    ☐ Other _____

3. INCOME/EXPENSE STATEMENT
   Monthly Gross Income:
      Monthly Gross Income                                    $  Ø
      Spouse's Monthly Gross Income (unless a marital offense)
      Other Earnings: Commissions, Bonuses, Interest Income, etc.
      Contributions from Other People Living in Household
      Unemployment/Workmen's Compensation,
         Social Security, Retirements, etc.
      Other Income (be specific) _____
      TOTAL MONTHLY GROSS INCOME                             $  Ø

   Monthly Expenses:
      A. Living Expenses
         Rent/Mortgage                                       $  Ø
         Total Utilities: Gas, Electricity, Water, etc.
         Food
         Clothing
         Health Care/Medical
         Insurance
         Car Payment(s)/Transportation Expenses
         Loan Payment(s)

*OPTIONAL

| Form C-10  Page 2 of 2    Rev. 2/95 | AFFIDAVIT OF SUBSTANTIAL HARDSHIP AND ORDER |

Monthly Expenses: (cont'd page 1)
Credit Card Payment(s)
Educational/Employment Expenses
Other Expenses (be specific) _____
_____

Sub-Total                                              A $ _____

B.    Child Support Payment(s)/Alimony          $ _____
Sub-Total                                              B $ _____

C.    Exceptional Expenses                          $ _____
TOTAL MONTHLY EXPENSES (add subtotals from A & B monthly only)  $ _____

Total Gross Monthly Income Less total monthly expenses:

DISPOSABLE MONTHLY INCOME                    $ _____

4.    LIQUID ASSETS:
Cash on Hand/Bank (or otherwise available such as stocks,
bonds, certificates of deposit)                     $ _____
Equity in Real Estate (value of property less what you owe)
Equity in Personal Property, etc: (such as the value of
motor vehicles, stereo, VCR, furnishing, jewelry, tools,
guns, less what you owe)
Other (be specific)
Do you own anything else of value? ☐ Yes ☐ No
(land, house, boat, TV, stereo, jewelry)
If so, describe _____
_____

TOTAL LIQUID ASSETS                             $ _____

5.    Affidavit/Request
I swear or affirm that the answers are true and reflect my current financial status.  I understand that a false statement or answer
to any question in the affidavit may subject me to the penalties of perjury.  I authorize the court or its authorized representative to
obtain records of information pertaining to my financial status from any source in order to verify information provided by me.  I further
understand and acknowledge that, if the court appoints an attorney to represent me, the court may require me to pay all or part of
the fees and expenses of my court-appointed counsel.

Sworn to and subscribed before me this

5th  day of  March  2002              _____
                                              Affiant's Signature

_____  MY COMMISSION       Jerry Eugene Whitley
Judge/Clerk/Notary      EXPIRES 7/2003       Print or Type Name

ORDER OF COURT

SECTION II.
IT IS THEREFORE, ORDERED, AND ADJUDGED BY THE COURT AS FOLLOWS:
☐  Affiant is not indigent and request is DENIED.
☑  Affiant is partially indigent and able to contribute monetarily toward his/her defense; therefore defendant is ordered to pay
$ _____ toward the anticipated cost of appointed counsel. Said amount is to be paid to the clerk of court or as otherwise
ordered and disbursed as follows: Must reimburse D. __ __ for all legal fee
☐  Affiant is indigent and request is GRANTED.
☐  The prepayment of docket fees is waived.

IT IS FURTHER ORDERED AND ADJUDGED that L. Farias, is hereby appointed as counsel to represent
affiant.
IT IS FURTHER ORDERED AND ADJUDGED that the court reserves the right and may order reimbursement of attorney's fees and
expenses, approved by the court and paid to the appointed counsel, and costs of court.
Done this  30th  day of  Feb , 02 .

_____
Judge

STATE OF ALABAMA ) IN THE CIRCUIT COURT OF
      PLAINTIFF, ) RUSSELL COUNTY, ALABAMA
) CASE NO.: CC 02-157
)
VS. )
)
_Jerry E. Whitley_ )
      DEFENDANT. )

## ARRAIGNMENT ORDER

Defendant appeared in open court on this date at which time:

\_\_\_ The defendant advised the Court that he/she had retained
_____, Attorney at law, to represent him/
her in these proceedings.

✓ The defendant advised the Court that he/she was indigent and
unable to employ counsel to represent him/her in these
proceedings. The Court appointed _Laurel Farrar_
an experienced and competent attorney, to represent him/her in
these proceedings.

\_\_\_ Arraignment is continued to _____ at _____ A.M.

\_\_\_ The defendant applied for youthful offender status. Ruling on
said application was set for March 12, 2002 at 2:00 P.M.

✓ The defendant filed a written waiver or waived the reading of
the indictment and entered a plea of not guilty to the offense
charged therein.

\_\_\_ The Court ordered an alias writ and preliminary forfeiture for
the defendant's failure to appear in Court.

✓ Plea deadline and docket call are set for April 9, 2002 at
10:00 A.M.

✓ This case is scheduled for trial docket of May 13, 2002.

\_\_\_ The defendant shall pay the sum of $_____ per week/month
towards his/her attorney's fees. Payments to begin _____.

\_\_\_ _____
_____.

**DONE** this the 20th day of February, 2002.

                                  _____
                                  JUDGE, CIRCUIT COURT

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,  )  CRIMINAL CASE NUMBER
Plaintiff,         )  CC-02-186-188
                   )
vs.                )
                   )
JERRY E. WHITLEY,  )
Defendant.         )

## MOTION FOR APPROVAL OF EXPENSES

Comes now JERRY E. WHITLEY, defendant in the above-stated matter, and respectfully

shows the Court as follows:

1.  Laurel W. Farrar was appointed by the Court on February 20, 2002, to represent

the defendant in this matter.

2.  The Alabama Court of Criminal Appeals held in *May v. State* that office overhead

expenses constitute "expenses reasonably incurred" and are, therefore, reimbursable under Code

of Alabama 1975, §15-12-21.  Under *Ex Parte Barksdale*, 680 So.2d 1029 (1996), office

overhead expenses must be approved by the Trial Court prior to being incurred.  In the alterna-

tive, under the provisions of said Code Section 15-12-21(d), the Trial Court has the discretion to

approve such expenses.

3.  Laurel W. Farrar's employer, Ezell & Chancey, LLP, has informed her that her

portion of the office overhead is estimated to be $80,000.00 per year.

*WHEREFORE*, movant moves this Court to approve payment of office overhead

expenses to Laurel W. Farrar in the amount of $38.46 per hour ($80,000.00 ÷ 2080).

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Defendant
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALA.

STATE OF ALABAMA,                    )        CRIMINAL C...
            Plaintiff,               )        CC-02-186-18.
                                     )
vs.                                  )
                                     )
JERRY E. WHITLEY,                    )
            Defendant.               )

## REQUEST FOR DISCOVERY

Comes now the defendant in the above-styled cause, by and through defendant's attorney

of record, and pursuant to Rules 16.1 and 16.3 of the Alabama Rules of Criminal Procedure,

requests the Russell County District Attorney to provide the following-described discovery:

1.      To permit the defendant to inspect, examine and copy any written or recorded

statements made by the defendant to any law enforcement officer, official or employee which are

in the possession, custody or control of the State and/or the existence of which is known to the

District Attorney.

2.      To disclose the substance of any oral statements made by the defendant before or

after arrest to any law enforcement officer, official or employee which the State intends to offer

in evidence at the trial of the defendant.

3.      To permit the defendant to inspect and copy any written or recorded statement

which the State of Alabama intends to offer into evidence at the trial of any co-defendant or

accomplice, whether charged or indicted or not, which are in the possession, custody or control

of the State of Alabama, the existence of which is known to the District Attorney.

4.      To disclose any "deal," "settlement," "agreement," "bargain" or "arrangement"

not to prosecute or for a reduced or lesser charge or offense which the State of Alabama has

reached or concluded with any accomplice or co-defendant, whether charged or indicted or not.

Page 1

5.　　To disclose to the defendant any written or oral statement made by a co-defendant or accomplice, either before or after arrest, to any law enforcement officer, official or employee which the State of Alabama intends to offer as evidence in this cause.

6.　　To permit the defendant to analyze, inspect and copy or photograph books, papers, documents, photographs, tangible objects, controlled substances or portion of any of these things which are in the possession, custody or control of the State and:

    a.　　which are material to the preparation of the defendant's defense;

    b.　　which are intended for use by the State as evidence at the trial of the defendant; or

    c.　　which were obtained from or belonged to the defendant.

7.　　To disclose to and provide the defendant with any and all exculpatory evidence known to the District Attorney and in the possession, custody and control of the State of Alabama.

8.　　To permit the Defendant to inspect and copy any results or reports of physical and mental examinations or scientific tests, experiments or analyses made in connection with this particular case and the results or reports, whether written or oral, and whether the results or reports are in the possession, custody or control of the State and/or the existence of which is known to the District Attorney or the State of Alabama or any of its agencies, officers, agents or employees.

9.　　To furnish to the defendant copies of any and all medical documents, x-rays, emergency room, hospital, paramedical, physician's or nurse's notes, reports, writings, opinions, test results or other like or similar documents known to the District Attorney and which the District Attorney intends to offer into evidence in the trial of this cause.

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA,<br>Plaintiff, | ) | CRIMINAL CASE NUMBER<br>CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY,<br>Defendant. | ) | |

## ORDER ON DEFENDANT'S REQUEST FOR DISCOVERY

Defendant's Request for Discovery having been filed in the above-styled cause pursuant

to Rule 16 of the Alabama Rules of Criminal Procedure, the District Attorney of Russell County,

Alabama is hereby ordered to produce and disclose information and materials discoverable under

the authority of *Brady v. Maryland* and Rule 16 of the Alabama Rules of Criminal Procedure.

SO ORDERED, this 20th day of February, 2002.

_____
Honorable George Greene
Judge, Russell County Circuit Court

FILED IN OFFICE
2002 FEB 26  PM 2: 33
CIRCUIT/DIST. COURT
RUSSELL CO., AL

| | | |
|---|---|---|
| STATE OF ALABAMA | * | IN THE CIRCUIT COURT OF |
| | * | |
| VS. | * | RUSSELL COUNTY, ALABAMA |
| | * | |
| JERRY WHITLEY | * | CASE NO. CC-02-186-188 |

## MOTION FOR CONSOLIDATION OF OFFENSES

The State moves the Court for an order that the above actions be tried together, upon the ground that the alleged offenses charged against the defendant in the indictment in each of said actions could have been joined as a single indictment under Rule 13 of the Alabama Rules of Criminal Procedure in that they are:

1. Of the same or similar character; or

2. Based on the same conduct or are otherwise connected in their commission; or

3. Alleged to have been part of a common scheme or plan.

By trial together of said actions, the expense of and time consumed in trial will be materially reduced.



BUSTER LANDREAU
CHIEF DEPUTY DISTRICT ATTORNEY
26TH JUDICIAL CIRCUIT
LAN 034

FILED IN OFFICE
2002 FEB 27 PH 2: 5~
CIRCUIT/DIST. COURT
RUSSELL CO. AL

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the forgoing Motion upon the Hon. **LAUREL FARRAR** Attorney for the Defendant by placing a copy of the same in a receptacle reserved in his name in the office of the Circuit Clerk of Russell County

Done this _____27TH_____ Day of _____FEBRUARY_____ ,2002.

BUSTER LANDREAU

| STATE OF ALABAMA | * | IN THE CIRCUIT COURT OF |
| | * | |
| VS. | * | RUSSELL COUNTY, ALABAMA |
| | * | |
| JERRY WHITLEY | * | CASE NO. CC-02-186-188 |

## MOTION FOR DISCOVERY

Comes now the State of Alabama by and through its District Attorney, Kenneth Davis and moves the Court pursuant to Rule 16.2 of the Alabama Rules of Criminal Procedure to issue an order directed to Hon. **LAUREL FARRAR** Counsel for Defendant, to-wit:

1. To permit the State to analyze, inspect, and copy or photograph books, papers, documents, photographs, audio tapes, video tapes, tangible objects, buildings or places, or portions of any of these things, which are within the possession custody, or control of the Defendant and which the Defendant intends to introduce in evidence at the trial.

2. To permit the State to inspect and copy any results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with this particular case, which are within the possession or control of the Defendant and which he intends to introduce in evidence at the trial or which were prepared by a witness whom the Defendant intends to call at the trial, if the results or reports relate to the witness's testimony.

3. To produce and permit the State to inspect and copy the names and addresses of qualified mental health professionals who have personally examined the Defendant or any evidence in this case, as well as the results of or reports of mental examinations, scientific tests, experiments or comparisons and statements made by such professionals.

Done this ____27TH_____ Day of ____February_____.2002.

KENNETH DAVIS
DISTRICT ATTORNEY
26TH JUDICIAL CIRCUIT

BY: _____

Buster Landreau
Chief Deputy District Attorney
LAN 034

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion for Discovery upon the Hon. **LAUREL FARRAR**, Counsel for the Defendant, by placing the same in a receptacle reserved in his/her name in the Office of the Clerk of the Circuit Court of Russell County, Alabama.

This the ____**27th**_____ Day of ____February_____, 2002.

_____

Buster Landreau

STATE OF ALABAMA      *      IN THE CIRCUIT COURT OF

                   *

vs.      *      RUSSELL COUNTY, ALABAMA

                   *

JERRY WHITLEY      *      CASE NO. CC-02-186-188

## NOTICE OF COMPLIANCE WITH DISCOVERY REQUEST

TO:      LAUREL FARRAR

FROM:      Buster Landreau

DATE:      February 27, 2002

     You filed a Motion for Discovery in the above-styled case(s). The materials to which you are entitled under Rule 16 of the Alabama Rules of Criminal Procedure and **Brady** are ready and available for you to pick up. This case was assigned to me so the material is being kept by me in my office. You will need to sign for this when you pick it up, so if I am not available, you can simply ask Randi Milner or Deborah Kimber and they know where the material is located. If any audio or video discovery exists, you must make an appointment with me to view the item or have a copy made.

FILED IN OFFICE
2002 FEB 27 PM 2:59
CIRCUIT/DIST. COURT
RUSSELL CO. AL

STATE OF ALABAMA,

  PLAINTIFF,

VS.

JERRY WHITLEY

  DEFENDANT.

IN THE CIRCUIT COURT OF

) RUSSELL COUNTY, ALABAMA

) CASE NO. CC 02-186-188

)

)

)

## O R D E R

  The State of Alabama, by and through its District Attorney, has filed a motion for discovery in the above case.  Upon consideration of the motion, it is **ORDERED** by the Court that the Defendant shall:

  1.  Permit the District Attorney to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or portions of any of these things, which are within the possession, custody or control of the defendant and which the defendant intends to introduce in evidence at the trial.

  2.  Permit the District Attorney to inspect and copy any results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, which are within the possession or control of the defendant and which the defendant intends to introduce in evidence at the trial or which were prepared by a witness whom the defendant intends to call at trial, if the results or reports relate to the witness's testimony.

  **DONE** this 28th day of February, 2002.

         _____
         George R. Greene, Circuit Judge

CIRCUIT/DIST. COURT
RUSSELL CO., AL

FILED IN OFFICE
2002 FEB 28  PM 4:23

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## ORDER ON MOTION FOR APPROVAL OF EXPENSES

Upon consideration of the Motion for Approval of Expenses filed by the attorney for the

defendant in the above-stated cause, the Court is of the opinion that the same is due to be

granted.

IT IS, THEREFORE, ORDERED that the Comptroller for the State of Alabama

reimburse Laurel W. Farrar, at the conclusion of her representation of the defendant at the trial

court level, the sum of $38.46 per hour for each hour committed to such representation.

SO ORDERED, this 20th day of February, 2002.

_____
Honorable George Greene
Judge, Russell County Circuit Court

FILED IN OFFICE
2002 MAR -1 PM 2:45
CIRCUIT/DIST. COURT
RUSSELL CO., AL

IN THE DISTRICT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | DC-02-186, 187 and 188 |
| | ) | CC |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## MOTION FOR REDUCTION OF BOND

Pursuant to the Alabama Rules of Criminal Procedure, the defendant respectfully moves this Court to reduce the bond set in the above-styled case to a reasonable amount. As grounds for this motion, defendant states:

1.    The defendant's bond is set at $250,000.00 for the charge of Trafficking Methamphetamine, $20,000.00 for the charge of Possession of a Controlled Substance, and $1,000.00 for the charge of Resisting Arrest, for a total of $271,000.00. The defendant is unable to post the bond as presently set. Accordingly, at this time, the defendant is incarcerated at the Russell County Jail.

2.    The aforesaid amount of bond set in this cause is excessive in violation of the constitutional proscription against excessive bail guaranteed to the defendant by Section 16 of the Declaration of Rights of the Alabama Constitution and the Eighth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, defendant respectfully moves that his bond be reduced to a reasonable amount, this _1st_ day of _March_, 2002.

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Defendant
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334) 297-2400
Attorney Code FAR-036

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing MOTION FOR REDUCTION OF BOND upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this ___1st___ day of ___March___, 2002.

Laurel W. Farrar

State of Alabama
Unified Judicial System

Form CR-9    Rev. 3/95

## PLEA OF NOT GUILTY AND WAIVER OF ARRAIGNMENT

Case Number

CC-02-186-188

IN THE ___CIRCUIT___ COURT OF ___RUSSELL COUNTY___, ALABAMA
(Circuit, District, or Municipal)    (Name of County or Municipality)

☑ STATE OF ALABAMA v. ___JERRY E. WHITLEY___, Defendant

Comes now, the defendant in the above-styled matter, and to the offense charged enters a plea of

☑ Not Guilty
☐ Not Guilty by Reason of Mental Disease or Defect
☐ Not Guilty and Not Guilty by Reason of Mental Disease or Defect

Defendant acknowledges receipt of the copy of the charge against him/her and further waives the right to have an arraignment at which the defendant is present in person, or at which the defendant is represented by an attorney.

But, the defendant specifically and expressly reserves the right upon the filing hereof to hereafter, but before trial or before such date as may be set by the court, to interpose any defenses, objections, or motions which the defendant had the right as a matter of law or rule to interpose in this cause, prior to the filing hereof.

Defendant's date of birth is ___9/20/05___    Defendant's age is ___36___
The defendant is not eligible for consideration by the court for youthful offender status as provided by law.

___3/5/2002___    Defendant
Date

___3/5/02___    Attorney for Defendant
Date

This is to certify that I am the attorney for the defendant in this matter, and that I have fully explained this form and all matters set forth herein, and pertaining hereto, to the defendant. I further state to the court that I have explained to the defendant his right to be arraigned in person and his right to have me represent him at arraignment. I further certify to the court that my client hereby knowingly, voluntarily, and intelligently waives these rights after a full and complete explanation of each and every one of them to him/her by me. BOTH MYSELF AND THE DEFENDANT UNDERSTAND THAT I AM RESPONSIBLE FOR ASCERTAINING WHAT DATE, IF ANY, HAS BEEN SET BY THE COURT FOR THE MAKING OR FILING OF ANY DEFENSES, OBJECTIONS, OR MOTIONS. I FURTHER UNDERSTAND THAT I AM RESPONSIBLE FOR NOTIFYING MY CLIENT OF THE DATE HIS/HER CASE IS SET FOR TRIAL, AND THAT I HAVE ADVISED AND INFORMED HIM/HER THAT IN THE EVENT HE/SHE FAILS TO APPEAR ON THE DATE HIS/HER CASE IS SET FOR TRIAL, ALL APPROPRIATE LEGAL ACTION WILL BE TAKEN BY THE COURT AGAINST THE DEFENDANT AND HIS/HER BOND. I further certify to the court that I have advised my client that he/she is responsible for obtaining the date his/her case is set for trial in this matter and that in the event he/she fails to appear on the date his/her case is set for trial all appropriate legal action will be taken by the court against the defendant and his/her bond, and I hereby certify that the defendant knows that he/she is personally responsible for obtaining the date his/her case is set for trial and for being present in court on that date.

___2/2/02___    Attorney for Defendant Signature
Date

I certify that I served a copy of the foregoing plea and waiver of arraignment on the Prosecutor by mailing/delivering a copy of the same to him/her on:

___3/5/02___    LAUREL W. FARRAR
Date    Printed or Typed Attorney's Name

P.O. Drawer 2500, Phenix City, AL 36868
Address

This is to certify that my attorney has explained each and every matter and right set forth in this form and I have completely and fully read and do so understand each and every matter set forth in this form. I further state to the court that I do not wish to be personally present at an arraignment in this case and that I do not want to have an attorney represent me at an arraignment and WITH FULL KNOWLEDGE OF EACH OF THESE RIGHTS, I HEREBY EXPRESSLY WAIVE SUCH RIGHTS. I further state to the court that I have been informed of the charge against me and have received a copy of the charge.

___3/5/2002___    Defendant Signature
Date

Filed in office this date ___3/5/02___    Clerk    By ___JBS___

STATE OF ALABAMA        )    IN THE CIRCUIT COURT OF

                    )

        PLAINTIFF,    )    RUSSELL COUNTY, ALABAMA

                    )    CASE NO.: CC 02-186, 187,

    VS.          )                188

                    )

JERRY E. WHITLEY      )

        DEFENDANT.    )


### ORDER

    The defendant having filed a motion for reduction of bond and the court having considered same, it is ORDERED that the motion to reduce bond is denied.

    DONE this the 6th day of March, 2002.


_____
JUDGE, CIRCUIT COURT

FILED IN OFFICE
2002 MAR - 6 PH 3: 01
CIRCUIT / DIST. COURT
RUSSELL CO. AL

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JERRY E. WHITLEY,                          )    CASE NO. _____
      Petitioner,                    )
                             )    RUSSELL COUNTY
vs.                                        )    CIRCUIT COURT
                             )    CASE NO. CC-02-186, 187, 188
STATE OF ALABAMA and THOMAS F.             )
BOSWELL, Sheriff of Russell County, Alabama, )
      Respondents.                   )

## PETITION FOR WRIT OF *HABEAS CORPUS*

Petitioner petitions this Court to issue a writ of *habeas corpus* requiring Thomas F.

Boswell, Sheriff of Russell County, Alabama, to bring petitioner before this Honorable Court to

show just cause as to why petitioner's bond should not be reduced, and as cause therefor, states

as follows:

    1.      This petition for a writ of *habeas corpus* is made on behalf of Jerry E. Whitley, by

and through his attorney, Laurel W. Farrar.

    2.      Petitioner is imprisoned and restrained of his liberty in the Russell County Jail in

Phenix City, Alabama, by the Sheriff on felony charges, *to-wit*: Possession of methamphetamine,

resisting arrest and trafficking in methamphetamine, pursuant to indictments issued on January

16, 2002, copies of which are attached hereto.

    3.      Petitioner is restrained of his liberty on said felony charges with bails in the

amounts of $250,000.00 for the charge of Trafficking Methamphetamine, $20,000.00 for the

charge of Possession of a Controlled Substance, and $1,000.00 for the misdemeanor charge of

Resisting Arrest, for a total of $271,000.00. Said amounts were set by the Honorable George

Greene, Russell County Circuit Court Judge.

4.      On or about March 4, 2002, the undersigned attorney submitted to the Circuit Court a Motion for Reduction of Bond requesting that petitioner's bond be reduced for the reason that the bond as set was excessive in violation of the constitutional rights of petitioner as set forth in the Eighth and Fourteenth Amendments to the United States Constitution and in violation of the constitutional rights of petitioner as set forth in Article I, Section XVI of the Alabama Constitution, and said motion was denied on March 6, 2002. Copies of said motion and order are attached hereto.

5.      The present bond amount is contrary to the provisions of Section 15-13-2, Code of Alabama, as amended, which recognizes the allowance of bail as a matter of right prior to conviction.

6.      The present bond amount is excessive to such a degree that it effectively denies petitioner the right to bail prior to conviction.

7.      The present bond amount greatly and unreasonably exceeds the recommended range of bail as provided under Rule 7.2 of the Alabama Rules of Criminal Procedure.


WHEREFORE, petitioner prays:

a.      That this Honorable Court grant a writ of *habeas corpus*, and after reviewing all of the evidence and argument of counsel;

b.      That this Honorable Court set a bond that is reasonable and not excessive, all within the guidelines dictated by the Constitutions of Alabama and the United States; and

c.      Grant such other and further relief as may be deemed just in the premises.

EZELL & CHANCEY, LLP

By:    _____

Laurel W. Farrar
Attorneys for Petitioner
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)   297-2400
Attorney Code FAR-036

STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

H. W. "Bucky" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey.
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

### ORDER

CR-01-1243

Ex parte Jerry E. Whitley (In re: State of Alabama vs. Jerry E. Whitley) (Russell Circuit Court: CC02-186, 187, & 188).

Pursuant to the provisions of Rule 21(b), Alabama Rules of Appellate Procedure, the respondent is hereby granted fourteen (14) days to respond to the allegations contained in this petition for writ of habeas corpus.

Done this the 18th day of March, 2002.

H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/wki

cc: Honorable George R. Greene, Circuit Judge
Honorable Kathy S. Coulter, Circuit Clerk
Honorable Tommy Boswell, Sheriff
Honorable Bill Pryor, Attorney General
Honorable Laurel Wheeling Farrar, Attorney, Petitioner
Honorable Kenneth Davis, District Attorney
Office of Attorney General

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

| | | |
|---|---|---|
| JERRY E. WHITLEY, | ) | CASE NO. _____ |
| Petitioner, | ) | |
| | ) | RUSSELL COUNTY |
| vs. | ) | CIRCUIT COURT |
| | ) | CASE NO. CC-02-186, 187, 188 |
| STATE OF ALABAMA and THOMAS F. | ) | |
| BOSWELL, Sheriff of Russell County, Alabama, | ) | |
| Respondents. | ) | |

## PETITION FOR WRIT OF *HABEAS CORPUS*

Petitioner petitions this Court to issue a writ of *habeas corpus* requiring Thomas F. Boswell, Sheriff of Russell County, Alabama, to bring petitioner before this Honorable Court to show just cause as to why petitioner's bond should not be reduced, and as cause therefor, states as follows:

1.      This petition for a writ of *habeas corpus* is made on behalf of Jerry E. Whitley, by and through his attorney, Laurel W. Farrar.

2.      Petitioner is imprisoned and restrained of his liberty in the Russell County Jail in Phenix City, Alabama, by the Sheriff on felony charges, *to-wit*: Possession of methamphetamine, resisting arrest and trafficking in methamphetamine, pursuant to indictments issued on January 16, 2002, copies of which are attached hereto.

3.      Petitioner is restrained of his liberty on said felony charges with bails in the amounts of $250,000.00 for the charge of Trafficking Methamphetamine, $20,000.00 for the charge of Possession of a Controlled Substance, and $1,000.00 for the misdemeanor charge of Resisting Arrest, for a total of $271,000.00. Said amounts were set by the Honorable George Greene, Russell County Circuit Court Judge.

Page 1

*Bond reduced to 60,000 on Trafficing Charg 10,000 an Possession of cantralled substan 1,000 reasing arest*

000234

TO:         HON. TOMMY BOSWELL, SHERIFF

FROM:       CLERK'S OFFICE (By ___JODY___ )

DATE:  -    _3/28/02_

RE:         STATE OF ALABAMA VS. _Jerry Eugene Whitley_

CASE NO.(S): _CC-02-186, 187_

OFFENSE(S): _Traff. Meth + Poss. Contr Subst._

Bonds: $ 60,000⁰⁰        $ 10,000⁰⁰

Please be advised that bond in the above-styled case(s) has been

reset at $ _____ by the authority of _Judge Greene_ .

(COURT DATE) _April 9, 02 at 10:00 Am - Docket Ctl_

_April 23, 02 at 9:00 Am - trial_

STATE OF ALABAMA
JUDICIAL BUILDING
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

H. W. "Bucky" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

ORDER

CR-01-1243

Ex parte Jerry E. Whitley (In re: State of Alabama vs. Jerry E. Whitley) (Russell Circuit Court: CC02-186, 187, & 188).

Upon consideration of the above referenced Writ of Habeas Corpus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby dismissed.

McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.

Done this the 10th day of April, 2002.

_____
H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/wki

cc: Honorable George R. Greene, Circuit Judge
Honorable Kathy S. Coulter, Circuit Clerk
Honorable Tommy Boswell, Sheriff
Honorable Bill Pryor, Attorney General
Honorable Elizabeth Ray Butler, Asst. Atty. Gen., Respondent
Honorable Laurel Wheeling Farrar, Attorney, Petitioner
Honorable Kenneth Davis, District Attorney
Office of Attorney General

Case 3:05-cv-01042-WHA-SRW Document 12-4 Filed 03/08/2005 Page 56 of 69

# CONSOLIDATED BOND

## (District Court, Grand Jury, Circuit Court)

☒ STATE OF ALABAMA

_Jerry Eugene Whitley_
DEFENDANT

v.

**Case Number** _27_

**STATE OF ALABAMA**

In the _____ Court of

_Russell_ County

I, (Defendant) _Jerry Eugene Whitley_ as principal, and

we, _AAA Bonding Co_ as sureties, agree to pay the

State of Alabama $ _10,000.00_ unless the above named defendant appears before the District

Court of said County on (Date) _5-13-02_ at (Time) _10:00_ or at the next session of Circuit Court of said County, or in the event of transfer, in the district or circuit court of the county of transfer; there to await the action by the grand jury and from session to session thereafter until discharged by law to answer to the charge of _Possession Controlled Substance_ or any other charge. We hereby severally certify that we have property over and above all debts and liabilities to the amount of the above bond. We waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt, by the Constitution and Laws of the State of Alabama, and we especially waive our rights to claim exempt our wages or salary, that we have under the laws of Alabama.

It is agreed and understood that this is a continuing bond which shall remain in full force and effect until such time as the undersigned are duly exonerated.

Signature of Defendant

Signature of Surety

Address (Print) _150 Reynolds Rd Fortson Ga_   City   State   Zip

Address (Print) _1118 Broad St P.C. AL 36867_   City   State   Zip

Signature of Surety

Address (Print)   City   State   Zip

Signature of Surety

Address (Print)   City   State   Zip

Date _4-16-02_

Approved by _William Alexander_

Title _Chief Deputy_

## DEFENDANT'S INFORMATION

Date of Birth _9-20-65_   Social Security Number _259 17 7161_   Sex _Male_

Driver's License Number _____   State _____   Race _White_

Telephone – Residence _706 320-9752_   Telephone – Work _____

☐ Appearance Bond – Property          ☐ Appearance Bond – Recognizance

☒

000237

$ _10,000.~_
BOND AMOUNT

ORIGINAL
POWER OF ATTORNEY
AAA BONDING CO.
LaFayette, Alabama

№ 19434

KNOW ALL BY THESE PRESENTS, THAT THE AAA BONDING CO., A COMPANY DULY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF ALABAMA HAS CONSTITUTED AND APPOINTED, AND DOES HEREBY CON-STITUTE AND APPOINT,

AGENT _Carol Ransom_

ITS TRUE AND LAWFUL ATTORNEY-IN-FACT, WITH, FULL POWER AND AUTHORITY TO SIGN THE COMPANY'S NAME AND DELIVER ON ITS BEHALF AS SURETY, ANY AND ALL OBLIGATIONS AS HEREIN PROVIDED, AND THE EXECUTION OF SUCH OBLIGATIONS IN PURSUANCE OF THESE PRESENTS SHALL BE AS BINDING UPON THE COMPANY AS FULLY AND TO ALL INTENTS AND PURPOSES AS IF DONE BY THE REGULARLY ELECTED OFFICERS OF THE SAID COMPANY AT ITS HOME OFFICE IN THEIR PROPER PERSON; AND THE SAID COMPANY HEREBY RATIFIES AND CONFIRMS ALL AND WHATSOEVER ITS SAID ATTORNEY-IN-FACT MAY LAWFULLY DO AND PER-FORM IN THE PREMISES BY VIRTUE OF THESE PRESENTS.

THIS POWER OF ATTORNEY IS VOID IF ALTERED OR ERASED. THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF TWO HUNDRED & FIFTY THOUSAND ($250,000.000) DOLLARS AND MAY BE EXECUTED FOR RECOGNIZANCE OF BAIL BONDS ONLY, BUT INCLUDING PEACE BOND.

DATE _1-16-02_      BOND AMOUNT $ _10,000.~_
(RELEASED FROM JAIL)

OFFENSE _Dm Ct/Sd_      COURT _Dist_   CITY _P C_

DATE TO APPEAR IN COURT _5-13-02_

DEFENDANT _Jerry Eugene Whitty_

ADDRESS _150 Reynolds Rd Tatum A_

AGENT _Carol Ransom_      DATE _1-16-02_

(SEAL)

_C. L. Hinkle_
GENERAL MGR.

SEPARATE POWER-OF-ATTORNEY MUST BE ATTACHED TO EACH BOND AND REMAIN A PERMANENT PART OF THE COURT'S RECORD IN ORDER FOR AAA BONDING CO., TO BE LIABLE. THIS POWER DOES NOT AUTHORIZE EXECUTION OF BONDS OF NE EXEAT OR ANY GUARANTEE FOR FAILURE TO PROVIDE PAYMENTS OF ALIMONY SUPPORT OF WAGE LAW CLAIMS.

WHITE-RECEIPT-Client          YELLOW-Office          PINK-Remains in Book
BOTTOM-Jail

STATE OF ALABAMA                           *        IN THE CIRCUIT COURT OF

                                           *
         VS.                               *        RUSSELL COUNTY, ALABAMA
                                           *
CAYLENE WHITE                              *        CASE NO.  CC-02-110,111,112
                                           *
JERRY WHITLEY                             *        CASE NO.  CC-02-186,187,188
                                           *
WAYNE MEADOWS                            *        CASE NO   CC-02-179,180,181
                                           *

## MOTION FOR JOINDER OF DEFENDANTS FOR TRIAL

The State moves the Court for an order that the above Defendants be tried together, upon the

ground that the alleged offenses charged against the Defendants in the indictment in each of said

actions could have been joined as a single indictment under Rule 13 of the Alabama Rules of

Criminal Procedure.

Proceedings thereafter shall be the same as if the prosecution initially were under a single

indictment/information/ complaint.

BUSTER LANDREAU
CHIEF DEPUTY DISTRICT ATTORNEY
26TH JUDICIAL CIRCUIT
LAN 034

CERTIFICATE OF SERVICE

I hereby certify that I have served  the foregoing Motion upon the Hon.   **Joel Collins,**
Attorney for Defendant **Caylene White** , and upon the Hon. **Jeremy Armstrong**, Attorney for
Defendant **Wayne Meadows** and upon the Hon. **Laurel Farrar**, Attorney for Defendant **Jerry
Whitley** by placing a copy of the same in a receptacle reserved in their names in the Office of the
Circuit Court of Russell County, Alabama.

Done this 23rd Day of  MAY  .2002.

Buster Landreau

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA,<br>Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CAYLENE WHITE, | ) | Cases No. CC-02-110, 111, 112 |
| JERRY E. WHITLEY, | ) | Cases No. CC-02-186, 187, 188 |
| WAYNE MEADOWS, | ) | Cases No. CC-02-179, 180, 181 |
| Defendants. | ) | |

## OBJECTION TO CONSOLIDATION

Comes now defendant JERRY E. WHITLEY, by and through his attorney, and objects to

the consolidation for purpose of trial of the stated cases.

This objection is filed in response to the Motion for Joinder of Defendants for Trial filed

by the State on May 23, 2002.

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant Jerry E. Whitley
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)   297-2400
Attorney Code FAR-036

FILED IN OFFICE

2002 MAY 24  PH 3: 58

CIRCUIT COURT
RUSSELL CO. AL.

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for defendant Jerry E. Whitley and that I have served a copy of the within and foregoing objection upon:

District Attorney of Russell County, Alabama

Hon. Joel Collins
Attorney for Defendant Caylene White

Hon. Jerry Armstrong
Attorney for Defendant Wayne Meadows

by placing same in their respective receptacles located in the Russell County Courthouse in Phenix City, Alabama, this 24th day of May, 2002.

Attorney for Jerry E. Whitley

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,         )     CRIMINAL CASE NUMBER
      Plaintiff,         )     CC-02-186-188
                         )
vs.                      )
                         )
JERRY E. WHITLEY,        )
      Defendant.       )

## MOTION TO SUPPRESS ARREST AND EVIDENCE
## AND SEARCH WARRANT

The defendant in the above-named case, by and through his attorney, moves this Honorable Court to suppress any and all evidence obtained through the illegal search, seizure and arrest of the defendant and any and all statements made in relation thereto, and to suppress any and all evidence obtained by and through the execution of the illegally-obtained search warrant. The defendant shows that the issuance of the warrant, any affidavit upon which the issuance was based, the execution of the warrant, the return to the issuing Magistrate by the executing officer of the warrant, and the seizure under the warrant were illegal and violated his rights under the Constitution of these United States and of the sovereign State of Alabama, and any and all evidence obtained as a result thereof should be, and the defendant demands that it be, suppressed by this Honorable Court and ruled inadmissible in and for any trial on the charges pending against the defendant or any future charges that may arise out of the illegal searches and seizures.

As grounds for this motion, the defendant assigns the following separately and severally:

1.     The search, seizure and arrest were illegal because there was no authority to arrest.

2.     The search, seizure and arrest were illegal because there was no authority for the search or seizure.

3.     The search and seizure were illegal because the defendant was not under legal arrest prior to the search, nor did the defendant commit any criminal offense in the presence of the executing officers as would justify his arrest.

4.     The search was that of a general search and inquisition.

5.     The search and seizure were illegal because there was no probable cause for the search and seizure.

6.    The search and seizure were illegal because there was no evidence of any prior specifically-descriptive information of established credibility and no possible situation of adequate suspicion and exigency existing to warrant arrest without a warrant.

7.    The search and seizure were illegal because they were purportedly done incidental to an illegal arrest.

8.    The affidavit submitted to the issuing Magistrate/Judge was improperly and illegally executed.

9.    The warrant was illegally issued because it does not show probable and sufficient cause to justify the issuance of the warrant.

10.    The seizure was illegal in that it was too broad and not in conformity with the directions of the issuing Magistrate/Judge insofar as the items to be seized and searched for were concerned.

11.    The information contained in the affidavit constitutes false and fictitious swearing.

12.    The defendant was not under legal arrest prior to the search, nor did the defendant commit any criminal offense in the presence of the executing officers as would justify his arrest.

13.    The Magistrate/Judge incorrectly found probable cause.

14.    The affidavit on which the search warrant was issued was insufficient as a matter of law.

15.    The affidavit upon which the search warrant was issued fails to contain a sufficient statement detailing the manner in which the information set forth therein was obtained.

16.    The affidavit and warrant failed to allege sufficient facts and information to support the belief and probable cause that the property sought to be seized was on the premises.

17.    The search and seizure violate the defendant's constitutional rights. The defendant has reasonable grounds to believe that the evidence referred to will be used as evidence against him at trial.

18.    The search warrant is defective in that there is no evidence offered in affidavit form of probable cause for any issuance of said search warrant.

19.    The search warrant is defective in that any and all evidence which might presumably have been offered as a basis for the warrant would have consisted entirely of the "poisonous fruits" of the illegal search, seizure and arrest.

20.    The search warrant is defective in that any statement by an informant was insufficient to enable the Magistrate/Judge to form an unbiased and impartial decision without further information as to the informant's reliability and the alleged facts reported by the informer.

21.    The search and seizure were illegal in that any statement by an informant was insufficient to enable the Magistrate/Judge to form an unbiased and impartial decision without further information as to the informant's reliability and the alleged facts reported by the informer.

22.    The entire search, seizure and arrest were illegal in that the fruits of an illegal search cannot be made the foundation upon which a search warrant is obtained, and the fruits of an illegal search warrant cannot be made the foundation upon which the same arrest is made. This is an illegal and unconstitutional foundation for the prosecution of the defendant and in violation of his constitutional rights.

**WHEREFORE,** for the reasons set forth in this motion and as may be further shown to this Honorable Court at a hearing on this motion, defendant respectfully requests:

a.    That a pretrial hearing be held in this matter;

b.    That all evidence, both tangible and intangible, real and personal, and all statements or admissions by defendant, seized or obtained as a result of the arrest and subsequent searches be excluded;

c.    That the State be prohibited from introducing in evidence any evidence or statements seized or obtained as a result of the illegal arrest or seizures or searches described herein;

d.    That the State release all non-contraband items to defendant; and

e.    That Defendant be accorded such other relief, legal and equitable, as this Court deems mete and proper.

EZELL & CHANCEY, LLP

By:    _____
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)  297-2400
Attorney Code FAR-036

Page 3

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 13th day of June, 2002.

Laurel W. Farrar

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
|     Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
|     Defendant. | ) | |

## MOTION FOR APPROVAL OF EXTRAORDINARY EXPENSES
## PURSUANT TO *MAY v. STATE*

Comes now the defendant in the above-stated matter, by and through his attorney, Laurel W. Farrar, and requests the Court to approve in advance the reimbursement of expenses for an independent expert witness to perform an independent laboratory analysis of the substance alleged in the indictment to be methamphetamine. Additionally, defendant would request in advance that his attorney be reimbursed for her expenses relating to procuring said expert witness. In support of said request, defendant respectfully shows the Court as follows:

1. Laurel W. Farrar was appointed by the Court to represent the defendant in this matter.

2. The Alabama Court of Criminal Appeals held in *May v. State* that "expenses reasonably incurred" are reimbursable under Code of Alabama 1975, §15-12-21. Under *Ex Parte Barksdale*, 680 So.2d 1029 (1996), such expenses must be approved by the Trial Court prior to being incurred.

3. A separate motion entitled "Motion to Permit Independent Laboratory Analysis" has been filed contemporaneously with the instant motion.

4. At this time, the attorney for the defendant has only a rough estimate of the costs projected to be expended for analysis and expert witness fees and would ask the Court to pre-approve costs in an amount capped at $2,000.00

*WHEREFORE*, defendant moves this Court to approve payment of expenses as requested herein.

Page 1

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036


## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 13th day of June, 2002.

_____

Laurel W. Farrar

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,                    )        CRIMINAL CASE NUMBER
          Plaintiff,                 )        CC-02-186-188
                                     )
vs.                                  )
                                     )
JERRY E. WHITLEY,                    )
          Defendant.                 )

## MOTION TO PERMIT INDEPENDENT ANALYSIS

Comes now the defendant, by and through his attorney, and moves the Court that a laboratory expert employed by defendant be permitted to examine the material evidence against him and to verify the tests that have been performed to determine the alleged identity of the substance(s) involved in the indictment as being methamphetamine. As grounds, defendant would show that the tests routinely performed at the Alabama State Crime Laboratory are non-specific and carry a high potential for error. Defendant offers to prove the foregoing and the qualifications of the expert witness.

Defendant is entitled to a laboratory analysis pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963), as interpreted in *Barnard v. Henderson*, 514 F.2d 744 (5th Cir. 1974); *Williams v. Dutton*, 400 F.2d 797 (5th Cir. 1968). The right is now undisputed in Alabama. The defendant will be deprived of due process of law as guaranteed by Article I, Section VI, of the Constitution of the State of Alabama and the "due process" clause of the Fifth Amendment of the United States Constitution as made applicable to the states through the Fourteenth Amendment of the United States constitution, and will effectively be prevented from having witnesses testify in his behalf in violation of the Sixth Amendment of the United States Constitution made applicable to the States through the Fourteenth Amendment of the United States Constitution, if he is denied the right to have the substance analyzed by an independent scientific expert. This is true for the reason that the failure to permit the defendant to have a scientific examination and analysis will deprive him of evidence and perhaps witnesses which may be beneficial to him and essential if the jury is to have an accurate understanding of the facts involved in connection with the indictment.

The Alabama State Crime Lab, where the materials are kept and the tests were performed, will not permit the analysis requested without the permission of the prosecution or a court Order.

**WHEREFORE,** defendant prays that this Court issue an Order permitting the expert to examine a sufficient amount of the substance referred to in the indictment so as to determine its true composition and the nature of the substance, and that the Court order the District Attorney and employees of the Alabama State Crime Laboratory to turn over to the expert a sufficient amount of the substance referred to in the indictment in order to enable the designated expert to analyze the composition and contents of the substance.

<div style="margin-left:40%">

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)   297-2400
Attorney Code FAR-036

</div>

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Request for Discovery upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 13th day of June, 2002.

Laurel W. Farrar