000250

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,                    )        CRIMINAL CASE NUMBER
      Plaintiff,                         )        CC-02-186-188
                      )
vs.                                  )
                      )
JERRY E. WHITLEY,                    )
      Defendant.                         )

## MOTION TO EXCLUDE LABORATORY REPORT

Comes now the defendant, by and through his attorney, and moves the Court for an order excluding from evidence at the trial of the captioned cases the report of the Alabama State Crime Laboratory, and respectfully shows the Court as follows:

1.  The defendant's attorney received the said lab report on June 17, 2002, only two days prior to the docket call.

2.  The lab report contains results of the analysis of substances seized during an illegal search of the defendant's home and illegal arrest of the defendant.

3.  Said seized substances were the poisonous fruits of the illegal search warrant, search and arrest and should be excluded from evidence.

4.  Defendant's attorney has filed a Motion to Suppress Arrest and Evidence and Search Warrant.

5.  In the event the Court finds that the lab report and related expert testimony are admissible and not the fruits of an unlawful search, seizure and/or arrest, the Court should exclude said report and testimony pending further analysis in accordance with defendant's Motion to Permit Independent Analysis and defendant's Motion for Further Analysis of Alleged Controlled Substance.

WHEREFORE, defendant prays that the said laboratory report and any related expert testimony be excluded from evidence in the above-stated case.

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)   297-2400
Attorney Code FAR-036

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## MOTION FOR FURTHER ANALYSIS OF
## ALLEGED CONTROLLED SUBSTANCE

Comes now the defendant, by and through his attorney, and moves the Court for an order that the alleged controlled substance seized in the above-styled case be further analyzed, first by the Alabama Department of Forensic Sciences and next by an independent laboratory expert employed by the defendant in order to determine the exact proportion and makeup of the substances found in the containers allegedly containing methamphetamine and other substances.

In support of this motion, defendant relies on *Ex parte Fletcher,* 718 So.2d 1132 (Ala. 1998), in which the Supreme Court stated that where illegal drugs are easily distinguished from and easily separated from legal substances, only the weight of the illegal drugs should be counted. In *Fletcher,* solid pieces of bar soap which were found in a bag with a solid piece of cocaine were not contained in a mixture with cocaine and thus could not be counted toward the 28-gram requirement of a defense of trafficking in cocaine. Therefore, further analysis needs to be done in the instant case to determine the proportion of alleged methamphetamine to other substances and the proportion of water or any other separable liquid in order to get an accurate measurement of the amount necessary to determine how the statute is applied for sentencing if the defendant should be found guilty.

WHEREFORE, the premises considered, the defendant prays that this Court order further analysis of the alleged controlled substances and a report of the weight in grams of each component contained in each of the containers seized.

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 18th day of June, 2002.

Laurel W. Farrar

STATE OF ALABAMA         )    IN THE CIRCUIT COURT OF

               )

         PLAINTIFF,    )    RUSSELL COUNTY, ALABAMA

               )

    VS.           )    CASE NO.: CC 02-186-188

               )

JERRY E. WHITLEY      )

               )

         DEFENDANT.    )

## ORDER

The defendant having filed a motion for approval of extraordinary expenses and the court having held a hearing and considered evidence presented, it is therefore ORDERED that the motion for approval of extraordinary expenses is denied.

DONE this the 21st day of June, 2002

_____

JUDGE, CIRCUIT COURT

FILED IN OFFICE

2002 JUN 21  PM 3: 23

CIRCUIT/DIST.COURT
RUSSELL CO...AL

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,               )     CRIMINAL CASE NUMBER
     Plaintiff,               )     CC-02-186-188
                             )
vs.                             )
                             )
JERRY E. WHITLEY,               )
     Defendant.               )

## MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR APPROVAL OF EXTRAORDINARY EXPENSES PURSUANT TO *MAY v. STATE*

     Comes now the defendant in the above-stated matter, by and through his attorney, Laurel W. Farrar, and requests that the Court reconsider its denial of defendant's motion for approval of extraordinary expenses pursuant to *May v. State* filed herein on June 13, 2002, which requested approval in advance of reimbursement of expenses for an independent expert witness to perform an independent laboratory analysis of the substance alleged in the indictment in this case to be methamphetamine.

     Said motion was denied after hearing on June 20, 2002, at which was raised the issue that defendant was out on bond. Defendant would request that another hearing be set and that the Court allow him to show the following:

     1.     Defendant is without funds to make advance payment to an independent laboratory for an analysis of the seized substance which is now located at the Alabama Department of Forensic Sciences.

     2.     Defendant is indigent and currently unemployed.

     3.     Defendant's family members actually assisted him in making bond, and they are without the funds necessary to hire an independent laboratory expert.

     4.     Further analysis is necessary in order to properly defend this case, and it would be a violation of the defendant's constitutional rights if he is unable to afford the assistance of an expert witness which is required for the proper defense of his case.

     *WHEREFORE*, defendant moves this Court to reconsider its denial of defendant's said motion as requested herein.

Respectfully submitted,

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036


## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 21st day of June, 2002.

_____
Laurel W. Farrar

STATE OF ALABAMA                    )        IN THE CIRCUIT COURT OF
                                   )
            PLAINTIFF,             )        RUSSELL COUNTY, ALABAMA
                                   )
     VS.                           )        CASE NO.: CC 02-186-188
                                   )
JERRY E. WHITLEY                   )
                                   )
            DEFENDANT.             )

<u>ORDER</u>

The defendant having filed a motion for reconsideration of defendant's motion for approval of extraordinary expenses and the court having reviewed and considered same, it is ORDERED that the Motion is denied.  Defendant has failed to show the needed cost for analysis and also failed to show to court the time needed to complete analysis.

DONE this the 25th day of June 2002.

_George R. Green_
JUDGE, CIRCUIT COURT

FILED IN OFFICE
2002 JUN 25  PM 2: 04
CIRCUIT COURT
RUSSELL CO. AL

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL INFORMATION IN SUPPORT OF DEFENDANT'S
MOTION FOR RECONSIDERATION OF DEFENDANT'S
MOTION FOR APPROVAL OF EXTRAORDINARY
EXPENSES PURSUANT TO *MAY v. STATE***

Comes now the defendant in the above-stated matter, by and through his attorney, Laurel W. Farrar, and pursuant to the Court's request, submits the following supplemental information in support of his motion for approval of extraordinary expenses pursuant to *May v. State* filed herein on June 13, 2002, which requested approval in advance of reimbursement of expenses for an independent expert witness to perform an independent laboratory analysis of the substance alleged in the indictment in this case to be methamphetamine.

1.   Dr. John Hiatt of Quest Laboratories in Las Vegas, Nevada, has consented to perform the requested independent analyses.

2.   The two specific samples in question are listed as No. 9 and No. 15 on the Certificate of Analysis dated 9/21/01, result analysis date 6/11/02.

3.   Dr. Hiatt has advised that he will need samples for qualitative analyses of the mixture alleged to contain methamphetamine.  This would require that the Alabama Department of Forensic Sciences submit one small representative sample each of Nos. 9 and 15 with either (a) the entire substance shaken up and made to be homogenous, or (b) a sample of the powder portion at the bottom plus a sample of the liquid portion on top.

4.   The time required for this analysis will be will be two weeks from Dr. Hiatt's receipt of the samples, and the cost will be approximately $1,000.00, plus shipping fees.

*WHEREFORE*, defendant moves this Court to issue an order allowing the independent expert analysis as requested by defendant, and that the Court approve payment of the cost thereof.

Page 1

Respectfully submitted,

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)   297-2400
Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing supplemental information upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 29th day of July, 2002.

_____
Laurel W. Farrar

U00262

STATE OF ALABAMA )
)
      PLAINTIFF, )
)
VS. )
)
*Jerry Eugene Whatley* )
)
      DEFENDANT. )

IN THE CIRCUIT COURT OF

RUSSELL COUNTY, ALABAMA

CASE NO.: CC 02-186 *(187)*, 188

## ORDER

This matter coming before the Court for call of the criminal trial docket on July 29, 2002.  It is therefore,

    **ORDERED, ADJUDGED AND DECREED:**

\_\_\_\_  Upon failure of the defendant to appear in Court on this date, an alias writ and preliminary forfeiture is **ORDERED**.

✓  Upon request/motion made in open court this matter is continued to trial docket set for *Sept. 16*_____, 2002.

\_\_\_\_  Plea deadline is extended to _____, 2002 at 10:00 A.M.

\_\_\_\_  Docket call is set for September 4, 2002 at 10:00 A.M.

✓  Motion to consolidate is ✓ granted  \_\_\_ denied.

✓  Hearing on Motion to suppress is set for *8-26-02 at 2:00 PM*

\_\_\_\_  Hearing on Motion to consolidate is set for _____.

\_\_\_\_  Case is transferred to District Court/Municipal Court for disposition.

\_\_\_\_  Defendant remanded to custody of Sheriff and shall make a new bond in the amount of _____.

✓  *Motion for ext. expenses is granted*

**DONE** this the 29th day of July 2002.

*[signature]*
JUDGE, CIRCUIT COURT

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## OBJECTION TO MOTION TO AMEND ORDER

Comes now the defendant, by and through his attorney of record, and objects to the State's Motion to Amend Order filed herein on August 15, 2002, and as grounds therefor, respectfully shows unto the Court as follows:

1.    Defendant's attorney has made telephone calls to determine how the liquid material should be shipped, including telephone calls to the DEA, the Department of Transportation, United Parcel Service and the United States Postal Service.

2.    The Department of Transportation advised defendant's attorney that if the mixture containing ether is properly packaged and marked as a hazardous material, it can be shipped by ground or air carriers which allow such materials to be shipped.

3.    The United States Postal Service will not ship hazardous materials, but the DEA advised defendant's attorney that their agency has been mailing alleged controlled substances to an independent laboratory in Texas from Montgomery, double-boxing the material, via the United States Postal Service. They also stated that they have used Airborne Express in the past and that Airborne Express is not averse to this.

4.    It is the understanding of defendant's attorney that Federal Express, Airborne Express and United Parcel Service do allow the shipment of hazardous materials if the material is properly marked as such, sealed in a container and double-boxed. See Exhibit "A" hereto, a

highlighted portion of the FedEx USA Airbill ("Does this shipment contain dangerous goods?") with options of "No," "Yes," "As per attached shipper's declaration," or "Yes, shipper's declaration not required." The undersigned attorney understands that a shipper's declaration is either required or not by the Department of Transportation, depending on their categorization of those items termed dangerous goods or hazardous materials.

5.    It would be unnecessarily prohibitively expensive to have a special courier service to deliver a small sample to Las Vegas, Nevada, as it would be for defendant to post a cash bond of $50,000.00 to cover any financial penalties that might be incurred by the Alabama Department of Forensic Sciences. It should be the burden of the Alabama Department of Forensic Sciences to properly package and mark the sample so that the shipment will be entirely safe, legal and in compliance with regulations of whatever carrier is selected.

6.    To permit an analysis of one sample and not the other would be unfair to the defendant and contrary to the underlying purpose of the independent analysis and would defeat the purpose for which the Court's Order was issued.

**WHEREFORE**, the premises considered, defendant objects to the State's motion to amend this Court's order.

EZELL & CHANCEY, LLP

By:  _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)   297-2400
Attorney Code FAR-036

000265

FedEx Express USA Airbill

Fedex Tracking Number  8331 8854 9180

**1 From**

Date

Sender's FedEx Account Number  1343-4481-4

Sender's Name

Phone (334) 297-2400

Company  EZELL & CHANCEY LLP

Address  1200 8TH AVE

City  PHENIX CITY   State  AL   ZIP  36867

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name

Phone (    )

Company

Address

Address

City   State   ZIP

Questions? Visit our Web site at fedex.com
or call 1-800 Go FedEx® 800-463-3339

**4a Express Package Service**  Packages up to 150 lbs

☐ FedEx Priority Overnight
☐ FedEx Standard Overnight
☐ FedEx First Overnight

☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service**  Packages over 150 lbs

☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ Other

**5 Packaging**

☐ FedEx Envelope
☐ FedEx Pak
☐ FedEx Box
☐ FedEx Tube
☐ Other

**6 Special Handling**

☐ SATURDAY Delivery

Does this shipment contain dangerous goods?

☐ No
☐ Yes  Shipper's Declaration not required
☐ Yes  As per attached Shipper's Declaration

☐ Dry Ice
☐ Cargo Aircraft Only

**7 Payment**  Bill to

☐ Sender
☐ Recipient
☐ Third Party
☐ Credit Card
☐ Cash/Check

Total Packages   Total Weight   Total Declared Value

$            .00

**8 Release Signature**

0206664473

EXHIBIT "A"

MUR23

447

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 16th day of August, 2002.

Laurel W. Farrar

STATE OF ALABAMA                    )    IN THE CIRCUIT COURT OF
                                    )
            PLAINTIFF,              )    RUSSELL COUNTY, ALABAMA
                                    )
     VS.                            )    CASE NO.:  CC 02-186-188.
                                    )
_Jerry Whitley_                     )
                                    )
            DEFENDANT.              )

## ORDER

This matter coming before the Court for call of the criminal trial
docket on June 19, 2002.  It is therefore,

    **ORDERED, ADJUDGED AND DECREED:**

____    Upon failure of the defendant to appear in Court on this date,
        an alias writ and preliminary forfeiture is **ORDERED**.

____    Upon request/motion made in open court this matter is
        continued to trial docket set for August 5, 2002.

____    Plea deadline is extended to July 29, 2002 at 10:00 A.M.

____    Docket call is set for July 29, 2002 at 10:00 A.M.

__✓__   Motion to consolidate is __✓__ granted  ____ denied.

____    Hearing on Motion to suppress is set for _____.

____    Hearing on Motion to consolidate is set for _____.

____    Case is transferred to District Court/Municipal Court for
        disposition.

____    Defendant remanded to custody of Sheriff and shall make a new
        bond in the amount of _____.

        _____

        _____

        _____


    **DONE** this the 29th day of July 2002.


                              _____
                              JUDGE, CIRCUIT COURT

August 23, 2002

Laurel Farrar
Attorney at Law
P.O. Drawer 2500
Phenix City, Al 36868-2500

Re: Jerry Whitley
     CC-02-186,187,188

Dear Laurel:

This is in response to your letter dated August 22, 2002 and to confirm our telephone conversation of this date. As I stated in our phone conversation I was willing not to seek the firearm enhancement in the event of a plea of guilty by Whitley. However it seems evident at this time that Whitley desires a trial therefore I will seek the firearm enhancement and have filed the notice thereof this date.

On other matters I talked with Sherwin Boswell this date. I had faxed to him your pleading wherein you stated UPS and Federal Express would ship a sample containing ether. Sherwin told me that they would not ship ether to the ADFS Lab ( courier had to be used ) but that he would check with them again and if they would accept the shipment he would send it to your expert.

In our phone conversation you stated that Airborne Express might ship it if the other two would not. Since this was not in your motion I asked you to call Sherwin and advise him of that fact.

Sincerely

Buster Landreau
Chief Deputy District Attorney

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,                    )      CRIMINAL CASE NUMBER
      Plaintiff,                   )      CC-02-186, (187,) 188
                        )
                        )
vs.                                  )
                        )
JERRY E. WHITLEY,                    )
      Defendant.                   )

## DEFENDANT'S MOTION *IN LIMINE*

Comes now defendant JERRY E. WHITLEY, by and through his counsel of record, and

moves the Court *in limine* to issue an order directing that the District Attorney not introduce any

photographs, pictures or videotape made of this defendant or any co-defendant at or after the time

of the arrest in the above-stated cases, and as grounds therefor, would show as follows:

    1.      Any photographs, pictures or videotape of this defendant or any co-defendant

would be immaterial and irrelevant to any elements of the charges now pending.

    2.      Even if the Court should find that photographs, pictures or videotape of this

defendant or any co-defendant is material or relevant, then the prejudicial effect substantially

outweighs any probative value of such evidence.


    *WHEREFORE*, defendant respectfully moves the Court to issue an order *in limine*

directing that neither the District Attorney nor any State's witness produce to the jury any

photographs, pictures or videotape made of this defendant or any co-defendant in the above-

stated cases at the time of the arrest or subsequent thereto.

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant Jerry E. Whitley
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036


## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for defendant Jerry E. Whitley and that I have served a

copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama,

by placing same in his receptacle located in the Russell County Courthouse in Phenix City,

Alabama, this _23rd_ day of August, 2002.

_____
Attorney for Jerry E. Whitley

Page 2

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,                    )        CRIMINAL CASE NUMBER
                    Plaintiff,       )        CC-02-186, 187, 188
                                     )
vs.                                  )
                                     )
JERRY E. WHITLEY,                    )
                    Defendant.       )

## MOTION TO TRANSPORT

Comes now the defendant in the above-styled cause, by and through his attorney of

record, and would request that this Honorable Court order that STEVEN MOSSESON, an inmate

of the Lee County Jail, be transported to Phenix City, Alabama, in order to testify in the

suppression hearing in the above-styled case scheduled for 2:00 p.m., EDT, on August 26, 2002.

In support of said motion, defendant would show that a subpoena request form was filed,

on Friday, August 23, 2002, and a subpoena was produced by the Clerk. The defendant's

attorney delivered the subpoena to the Russell County Sheriff's Department, but later learned that

the above-named individual was not incarcerated at the Russell County Jail but had been

transported to the Lee County Jail to face cases there. The said Steven Mosseson is a witness to

the facts, circumstances and/or occurrences leading up to the arrest of the defendant, and it is

anticipated that his testimony at the suppression hearing is necessary in order to rebut the

evidence presented by the State of Alabama.

*WHEREFORE*, the premises considered, the defendant requests that the Court to order

that a Russell County Deputy Sheriff transport the witness, Steven Mosseson, from the Lee

County Jail to the Russell County Courthouse in Phenix City, Alabama, to testify at the

suppression hearing on August 26, 2002, at 2:00 p.m., EDT, in Courtroom No. 1.

Page 1

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)  297-2400
Attorney Code FAR-036


## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Motion to Transport upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 23rd day of August, 2002.

_____
Laurel W. Farrar

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA,<br>Plaintiff, | ) | CRIMINAL CASE NUMBER<br>CC-02-186, 187, 188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY,<br>Defendant. | ) | |

### ORDER MOTION TO TRANSPORT

Defendant's attorney having submitted defendant's motion to transport Lee County Jail inmate Steven Mosseson to Phenix City, Alabama, to testify at the suppression hearing in the captioned case, it is the opinion of the Court that said motion is due to be granted. Therefore,

IT IS ORDERED, ADJUDGED AND DECREED that the Russell County Sheriff's Office transport Steven Mosseson from the Lee County Jail to appear in Courtroom No. 1 at 2:00 p.m., EDT, on August 26, 2002.

*SO ORDERED*, this 23rd day of August, 2002.

_____
Honorable George R. Greene
Judge, Russell County Circuit Court

FILED IN OFFICE
2002 AUG 23 PH 3:30
RUSSELL COURT
... CO. AL

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,                  )      CRIMINAL CASE NUMBER
              Plaintiff,           )      CC-02-186-188
                                   )
vs.                                )
                                   )
JERRY E. WHITLEY,                  )
              Defendant.           )

## DEFENDANT'S SECOND MOTION TO CONTINUE

Comes now the defendant, by and through his attorney, and moves the Court for an order

continuing the trial of the captioned cases, and respectfully shows the Court as follows:

1.     This Court has Ordered that samples of the seized substances be sent to an

independent laboratory;

2.     There has been a problem in that one of the samples has not yet been sent;

3.     The attorney for the defendant understands that there is a question as to how the

Alabama Department of Forensic Sciences should send the samples;

4.      Even if the samples were sent today, there would be inadequate time for analysis

together with the time needed for attorney's interpretation and preparation for getting the expert

witness to come to Court, if necessary.

WHEREFORE, defendant prays that the trial of the above-stated cases be continued until

such time as the matters set forth herein have been accomplished.

                              EZELL & CHANCEY, LLP

                    By:       _____
                              Laurel W. Farrar
                              Attorneys for Defendant
                              1200 8th Avenue
                              P. O. Drawer 2500
                              Phenix City, AL  36868-2500
                              (334)  297-2400
                              Attorney Code FAR-036

Page 1

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon:

District Attorney of Russell County, Alabama

by facsimile transmission and by placing same in their respective receptacles located in the Russell County Courthouse in Phenix City, Alabama, this 28th of August, 2002.

_____
Attorney for Defendant

Page 2

STATE OF ALABAMA                    )        IN THE CIRCUIT COURT OF
                                    )
            PLAINTIFF,              )        RUSSELL COUNTY, ALABAMA
                                    )
    VS.                             )        CASE NO.: CC 02-186,187,
                                    )                  188
JERRY EUGENE WHITLEY               )
                                    )
            DEFENDANT.              )

<u>ORDER</u>

The parties appearing before the Court for a hearing on the Defendant's motion to suppress and the Court proceeded to take testimony and upon consideration of same, it is ORDERED that the Motion to suppress is denied.

DONE this the 26th day of August 2002.

_____
JUDGE, CIRCUIT COURT

STATE OF ALABAMA ) IN THE CIRCUIT COURT OF

      PLAINTIFF, )

                     ) RUSSELL COUNTY, ALABAMA

VS. ) CASE NO.: CC 02-186

*Jerry E. Whitley* )             187

                )             188

      DEFENDANT. )

## ORDER

This matter coming before the Court for call of the criminal trial docket on September 4, 2002. It is therefore,

    ORDERED, ADJUDGED AND DECREED:

✓ Upon failure of the defendant to appear in Court on this date, an alias writ and preliminary forfeiture is **ORDERED**.

✓ Upon request/motion made in open court this matter is continued to trial docket set for October 28, 2002.

\_\_\_ Plea deadline is extended to _____, 2002 at \_\_\_:00 \_\_\_.M.

✓ Docket call is set for October 16, 2002 at 10:00 A.M.

\_\_\_ Motion to consolidate is \_\_\_ granted \_\_\_ denied.

\_\_\_ Hearing on Motion to suppress is set for _____.

\_\_\_ Hearing on Motion to consolidate is set for _____.

\_\_\_ Case is transferred to District Court/Municipal Court for disposition.

\_\_\_ Defendant remanded to custody of Sheriff and shall make a new bond in the amount of _____.

✓ *Set aside bond reduction. Original bond amounts reinstated $250,000.00, $20,000.00 & $1,000.00*

**DONE** this the 4th day of September 2002.

                        _____

                        JUDGE, CIRCUIT COURT

CIRCUIT COURT OF    RUSSELL COUNTY
ALIAS WARRANT                    GC 2002 000187.00
JID: GEORGE R. GREENE

THE CITY OF SL0105214        VS WHITLEY JERRY EUGENE

TO ANY LAW ENFORCEMENT OFFICER:

YOU ARE HEREBY COMMANDED TO ARREST: WHITLEY JERRY EUGENE
AND BRING HIM/HER BEFORE THIS COURT TO ANSWER THE STATE FOR THE CHARGE OF
FAILURE TO APPEAR ON THE CHARGE OF: POSS/REC CONTR. SUBS    - FELONY

WITNESS MY HAND THIS SEPTEMBER  4, 2002.

BOND SET AT: NO BOND        -          Kathy Coulter /JBS
                                       JUDGE/CLERK/MAGISTRATE

---

DEFENDANT'S ADDRESS:              DEFENDANT'S DESCRIPTION:

150 REYNOLDS ROAD                 HT: 506   WT: 145
                                  HAIR: BRO   EYE: BRO
FORTSON        , GA 31808 0000    BIRTH DATE: 09/20/1965
                                  RACE: W     SEX: M
                                  SID#: 000000000
                                  SSN#: 259177161

   ALIAS:

   EMPLOYER: _____   PHONE NO: _____

   TICKET NUMBER:                 AGENCY/OFFICER: 0570000/

NOTE:

THIS APPEARS TO BE A VALID ADDRESS

---

   OFFICERS RETURN:
   RECEIVED ON    9-4-2 _____

   EXECUTED ON    9-4-2 _____    BY: Russell Co S.O.

   ( ) DEFENDANT ARRESTED, RELEASED ON BOND
   (X) DEFENDANT ARRESTED, IN JAIL
   ( ) DEFENDANT ARRESTED, NOT BOOKED
   ( ) NOT FOUND
   ( ) OTHER _____

   Tommy Boswell _____      WP Logan _____
   SHERIFF                      OFFICER

OPERATOR:JOS
PREPARED:09/04/2002

**ALABAMA UNIFORM ARREST REPORT**

Fingerprinted ☐ R&I Completed
☐ Yes   ☐ No

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| 1 ORI | | 2 AGENCY NAME | | | 3 CASE # | |
|---|---|---|---|---|---|---|
| A L 7 0 0 0 | | RUSSELL COUNTY SHERIFF DEPT | | | | |

4 SUB AREA

| 5 LAST, FIRST, MIDDLE NAME | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Whitley  Jerry Eugene | | | | | | | | |

| 6 SEX | 7 RACE | 8 HGT | 9 WGT | 10 EYE | 11 HAIR | 12 SKIN | 13 | 14 | ☐ SCARS | ☐ MARKS | ☐ TATOOS | ☐ AMPUTATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| M | W | 506 | 7m | Grn | Brn | | | | | | | |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 16 | | | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|---|---|
| Columbus Muscogee GA | 2 -9 -1 / 9 -1 - 7 / 6 1 | | | 0912 0615 36 | | |

☐ OLE   ☐ ST

| 20 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDY | SUB-SECONDARY | FINAL | | 23 IDENTIFICATION COMMENTS |
|---|---|---|---|---|---|---|---|---|
| 21 | HENRY CLASS | | | | | | | |
| 24 FBI # | NCIC CLASS | | | | | | | |

| 26 ☐ RESIDENT ☒ NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP)  31904 | 28 RESIDENCE PHONE | 29 OCCUPATION (BE SPECIFIC) |
|---|---|---|---|
| | 1417 Daisy Ct  Columbus GA | 1321-8830 | N/A |

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |
|---|---|---|
| N/A | N/A | N/A |

**ARREST**

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) | | 34 SECTOR # | 36 ARRESTED FOR YOUR JURISDICTION? ☒ YES ☐ NO |
|---|---|---|---|
| RUSSELL CO DISTRICT CIRCUIT CT | | | ☐ IN STATE ☐ OUT OF STATE ☐ AGENCY |

| 37 INJURED | 38 ARMED | 39 DESCRIPTION OF WEAPON |
|---|---|---|
| ☒ NONE | ☐ Y ☒ N | ☐ HANDGUN ☐ OTHER FIREARM |
| 35 RESIST ARREST? ☐ YES ☒ NO | ☐ OFFICER ☐ ARRESTEE | ☐ RIFLE ☐ OTHER WEAPON |
| 36 CONDITION ☐ DRUNK ☒ SOBER | 40 ARRESTED BEFORE? ☐ YES ☐ NO ☐ UNKNOWN | ☐ SHOTGUN |
| OF ☐ DRINKING ☐ DRUGS | | |

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | | 45 UCR CODE |
|---|---|---|---|---|---|
| 09 09 02 | ☐ AM ☒ PM ☐ MIL | S M T W T F S | ☐ ON VIEW ☐ CALL ☐ WARRANT | | |

| 46 CHARGE—1 | ☐ FEL ☐ MISD | | 52 UCR CODE | 53 CHARGE—2 ☐ FEL ☐ MISD | | 56 UCR CODE |
|---|---|---|---|---|---|---|
| FTA Traffickin Meth | | | | FTP Poss/Rec Cont Subs | | |
| 48 STATE CODE/LOCAL ORDINANCE | 49 WARRANT # | | 51 DATE ISSUED | 54 STATE CODE/LOCAL ORDINANCE | 55 WARRANT # | 58 DATE ISSUED |
| | CC02 186 | | 0910 4012 | | | 0909 4012 |

| 57 CHARGE—3 | ☐ FEL ☐ MISD | | 62 UCR CODE |
|---|---|---|---|
| FTP Resist u Arrest | | | |
| 59 STATE CODE/LOCAL ORDINANCE | 60 WARRANT # | | 62 DATE ISSUED |
| | CC02 188 | | 0910 4012 |

| 63 ARREST DISPOSITION | 64 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) | |
|---|---|---|
| ☒ HELD ☐ TOT—LE | WHAT TYPE? | |
| ☐ BAIL ☐ OTHER | 66 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) | |
| ☐ RELEASED | | |

**VEHICLE**

| 70 YTR | 71 YMA | 72 YMO | 73 YST | 74 YCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|
| 78 VIN | | | | | 79 IMPOUNDED? ☐ YES ☐ NO | 80 STORAGE LOCATION/IMPOUND # | |

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | ☐ CONTINUED IN NARRATIVE |
|---|---|
| | |

**JUVENILE**

| 82 JUVENILE DISPOSITION: | ☐ HANDLED AND RELEASED ☐ REF. TO JUVENILE COURT | ☐ REF. TO WELFARE AGENCY ☐ REF. TO OTHER POLICE AGENCY | ☐ REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|---|---|
| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | | 85 ADDRESS (STREET, CITY, STATE, ZIP) | | 86 PHONE ( ) |
| 87 PARENT'S EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | | 90 PHONE ( ) |
| 91 DATE AND TIME OF RELEASE | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | | 94 ID # |

**RELEASE**

| 95 DATE AND TIME OF RELEASE | 96 RELEASING OFFICER NAME | 97 AGENCY ADDRESS |
|---|---|---|
| M D Y : ☐ AM ☐ PM ☐ MIL | 96 AGENCY/DIVISION | |
| 98 RELEASED TO: | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # |
| 99 PERSONAL PROPERTY RELEASED TO ARRESTEE ☐ YES ☐ NO ☐ PARTIAL | | |

| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) | | |
|---|---|---|
| | LOCAL USE | |
| | STATE USE | |

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | | |
|---|---|---|---|

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED ☐ |
|---|---|---|---|---|---|---|---|
| 111 ARRESTING OFFICER (LAST, FIRST, M.) | | 112 ID # | 113 ARRESTING OFFICER (LAST, FIRST, M.) | | 114 ID # | 115 SUPERVISOR | 116 WATCH CMDR. |

000280

TO: HON. TOMMY BOSWELL, SHERIFF

FROM: CLERK'S OFFICE (By _Jody_____)

DATE: _9/4/02_____

RE: STATE OF ALABAMA VS. _Jerry Whitley_

CASE NO.(S): _Traff. meth., Poss Cont. Subst., Resist. Arrest_

OFFENSE(S): _CC-02    86    187-    188-_

Bonds: $250,000 @ , 20,000 -    1,000 -

Please be advised that bond in the above-styled case(s) has been

reset at $ _see above_ by the authority of _Judge Greene_.

COURT DATE: _Sept. 16, 02 at 9:00Am_

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## MOTION TO SET ASIDE WRIT OF ARREST AND
## WITHDRAW REVOCATION OF BOND

Comes now the defendant in the above-stated matter, by and through his attorney, Laurel

W. Farrar, and requests that the Court reconsider its issuance of writ of arrest in the above styled

case, issued on the 4th day of September, and in support, defendant would show the following:

1.  Defendant has been out on bond and has kept in touch and kept all appointments

with the attorney and the bonding company.

2.  Defendant has attended past docket calls and motion hearings.

3.  Defendant mistakenly thought docket call was the day of the 4th at 2:00 p.m.,

rather than 10:00 a.m., and therefore arrived late to docket call.  Defendant arrived shortly after

11:00.

4.  During the time when Defendant should have been at docket call, Defendant was

transporting his mother to a doctor's appointment.  Please see attached affidavit of his mother,

marked as Exhibit "A."

5.  Defendant requests that the court have mercy and allow him to be back out on

bond pending the trial in this matter.

Page 1

6.     Defendant requests a hearing on the motion.

*WHEREFORE*, defendant moves this Court to reconsider its issuance of a writ and to withdraw its revocation of his bond, setting this matter for hearing, as requested herein.

Respectfully submitted,

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)  297-2400
Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 4th day of September, 2002.

_____
Laurel W. Farrar

Exhibit "A"

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF MELBA JEAN WHITLEY

TO:    The Honorable George Greene, Circuit Judge

KNOW ALL MEN BY THESE PRESENTS that I, Melba Jean Whitley, of Harris County, Georgia, after having been first placed under oath do hereby state to the Court that I am the mother of Jerry Whitley, the defendant in this case; that on this morning, the morning of September 4, 2002, my son Jerry Whitley, who was at that time out on bond, took me to my doctor appointment. I had asked him to take me to the doctor's office, Family Practice, in Columbus, Georgia, where I saw Dr. Green. Jerry and I must have gotten the times mixed up and thought that the docket call in this case was at 2:00 p.m. I swear or affirm that the foregoing is true and correct.

Dated the 4th day of September, 2002.

_____
MELBA JEAN WHITLEY

State of Alabama          )
Russell County            )

I, Laurel W. Farrar, a Notary in and for said County and State, hereby certify that Melba Jean Whitley, whose name is signed to the foregoing affidavit and who is known to me, who being first duly sworn on oath, acknowledged before me on this day, that being informed of the contents of said affidavit executed the same voluntarily on the day the same bears date.

Given under my hand this the 4th day of September, 2002.

_____
Notary Public
(My Commission expires: 07/20/03)
Seal

Page 3

EZELL & CHANCEY, LLP
ATTORNEYS AT LAW
Summerbrook West 2002
PHENIX CITY, ALABAMA 36867

000284

JEFFREY C. EZELL
RICHARD L. CHANCEY
LAUREL W. FARRAR
R. MICHAEL RAIFORD
*Licensed in Alabama and Georgia

Telephone (334) 297-2400
Facsimile (334) 297-3842

Mailing Address:
P.O. Box Drawer 2500
Phenix City, AL 36868-2500

Hon. Buster Landreau
Chief Deputy District Attorney
Russell County Courthouse
Phenix City, Alabama

Dear Buster:

Re:     State of Alabama vs. Jerry E. Whitley
        Russell County Circuit Court Case Nos. CC-02-186, 187, 188

Yesterday I spoke to Sherwin Boswell. I found out that neither of the samples had been shipped to the independent laboratory as yet. I had spoken to him concerning the issues in this case several times before, specifically, his being unwilling to assume the responsibility for shipping any samples of the seized substances as ordered. He stated that there are various rules and regulations which are required by the shippers who do allow shipment of hazardous materials, and he does not have the required materials to comply with these rules, such as having a particular type of cardboard box, etc.

He stated that he thought perhaps if law enforcement were to pick up the two samples, they could be the ones to assume responsibility for shipment to Las Vegas. Would you please work something out where these items can get to the laboratory and to Dr. Hiatt? All I can say is, it is in the order, it can be done, and I have prior approval for shipping costs, so if the state wants to bill the firm, I have no problem with us cutting a check to Airborne Express, or whatever. Thanks.

Sincerely,

Laurel W. Farrar

LWF:lwf
cc:    Mr. Jerry E. Whitley

000285

**BUSTER LANDREAU**
CHIEF DEPUTY DISTRICT ATTORNEY

**GREG WALDREP**
ASSISTANT DISTRICT ATTORNEY

**J. MAXWELL SMITH**
ASSISTANT DISTRICT ATTORNEY

**JOE EDWARDS**
ASSISTANT DISTRICT ATTORNEY

**KENNETH E. DAVIS**
DISTRICT ATTORNEY
TWENTY-SIXTH JUDICIAL CIRCUIT
RUSSELL COUNTY, ALABAMA

Post Office Box 939
Phenix City, Alabama 36868-0939
(334) 298-6028 / (334) 297-0916
Fax (334) 291-5453

September 5, 2002

Laurel Farrar
Attorney at Law
P.O. Drawer 2500
Phenix City, Al 36868-2500

Re: Jerry Whitley
CC-02-186,187,188

Dear Laurel:

This is in response to your letter of September 5, 2002. It seems apparent that you do not fully understand the position of the State. Sherwin Boswell, who as Director of the Lab should be familiar with this situation, informs me that the samples you are requesting are considered Hazardous Materials by the shipping companies. Therefore they not only require special packing but also require the shipper ( in this case the state) to assume financial liability for any damages in the event the package should be damaged or the hazardous materials released.

Since these samples would be shipped to an expert that we are unfamiliar with, and those samples would have to be shipped back, it seems to me it is unreasonable that you and your client would expect the state to undertake this risk I am equally certain law enforcement does not want to undertake this risk.

In several conversations you have, based upon a spouse working for the Post Office, intimated that we are overstating the situation and that it would be a simple thing to do. While I obviously think you are mistaken, I would offer the following:

**The state has no objection to you securing the appropriate shipping materials and taking the same to the Auburn Lab where the samples would be packaged by you for shipment by you via whatever medium you chose.**

Since it is you and your client that desire an independent analysis by an expert of your choice I would think this would be satisfactory. Please inform me of when you will arrive at the Auburn Lab.

Sincerely,

Buster Landreau
Chief Deputy District Attorney

and request that the Court consider them to be incorporated herein.

*WHEREFORE*, defendant moves this Court to reconsider its issuance of a writ and to withdraw its revocation of his bond, setting the bond in the above, lowered amounts as previously ordered, and moves this Court to again consider the original motion as amended, as requested herein.

Respectfully submitted,

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)  297-2400
Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing amendment to motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 5th day of September, 2002.

_____
Laurel W. Farrar

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am attorney for the defendant and that I have served a copy of the

within and foregoing MOTION FOR WRIT OF *HABEAS CORPUS* upon:

Attorney General of the State of Alabama
11 South Union Street, Third Floor
Montgomery, AL   36130

Honorable George Greene
Judge, Russell County Circuit Court
Russell County Courthouse
Phenix City, AL   36867

Honorable Kenneth Davis
District Attorney, 26th Judicial Circuit
Russell County Courthouse
Phenix City, AL   36867

Honorable Thomas F. Boswell
Sheriff, Russell County, Alabama
P. O. Box 640
Phenix City, AL   36868-0640

Chief Clerk, Circuit Court of Russell County
Russell County Courthouse
Phenix City, AL   36867

this  *18th*  day of September, 2002.

Laurel W. Farrar

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JERRY E. WHITLEY,                )        CASE NO. _____
           Petitioner,           )
                                 )        RUSSELL COUNTY
vs.                              )        CIRCUIT COURT
                                 )        CASE NO. CC-02-186( 187) 188
STATE OF ALABAMA and THOMAS F.   )
BOSWELL, Sheriff of Russell County, Alabama ,  )
           Respondents.          )

## PETITION FOR WRIT OF *HABEAS CORPUS*

Petitioner petitions this Court to issue a writ of *habeas corpus* requiring Thomas F.

Boswell, Sheriff of Russell County, Alabama, to bring petitioner before this Honorable Court to

show just cause as to why petitioner's bond should not be reduced, and as cause therefor, states

as follows:

1.    This petition for a writ of *habeas corpus* is made on behalf of Jerry E. Whitley, by

and through his attorney, Laurel W. Farrar.

2.    Petitioner is imprisoned and restrained of his liberty in the Russell County Jail in

Phenix City, Alabama, by the Sheriff on felony charges, *to-wit*: Possession of methamphetamine,

resisting arrest and trafficking in methamphetamine, pursuant to indictments issued on January

16, 2002.

3.    Petitioner is restrained of his liberty on said felony charges with bails in the

amounts of $250,000.00 for the charge of Trafficking Methamphetamine, $20,000.00 for the

charge of Possession of a Controlled Substance, and $1,000.00 for the misdemeanor charge of

Resisting Arrest, for a total of $271,000.00.  Said amounts were set by the Honorable George

Greene, Russell County Circuit Court Judge.

4.      Petitioner filed a Petition for Writ of *Habeas Corpus* on March 13, 2002, and on March 27, 2002, this Court reduced said bond amounts to $60,000.00 in Case Number CC-02-186, $10,000.00 in Case Number CC-02-187, and $1,000.00 in Case Number CC-02-188.

5.      After petitioner's bond amounts were so reduced, petitioner's family members assisted him and he was subsequently released on bond. While petitioner was out on bond, he kept in touch with his attorney on an almost daily basis, kept all appointments with his attorney and his bonding company and attended all docket calls and motion hearings.

6.      These cases appeared on this Court's docket to be called on September 4, 2002, at 10:00 a.m.. Petitioner mistakenly thought the docket call was to be held at 2:00 p.m., and at 10:00 a.m. was transporting his mother to a doctor's appointment. Petitioner's attorney contacted him immediately, and he arrived in court shortly after 11:00 a.m. When petitioner arrived, he was arrested, and the Court set aside the bond reduction and reinstated the original bond amounts.

7.      On September 4, 2002, the undersigned attorney submitted to the Circuit Court a Motion to Set Aside Writ of Arrest and Withdraw Revocation of Bond, and on September 5 submitted an amendment thereto. Copies of said motions and order are attached hereto.

8.      The present bond amount is excessive in violation of the constitutional rights of petitioner as set forth in the Eighth and Fourteenth Amendments to the United States Constitution and in violation of the constitutional rights of petitioner as set forth in Article I, Section XVI of the Alabama Constitution.

9.      The present bond amount is contrary to the provisions of Section 15-13-2, Code of Alabama, as amended, which recognizes the allowance of bail as a matter of right prior to conviction.

10.    The present bond amount is excessive to such a degree that it effectively denies petitioner the right to bail prior to conviction.

11.    The present bond amount greatly and unreasonably exceeds the recommended range of bail as provided under Rule 7.2 of the Alabama Rules of Criminal Procedure.

WHEREFORE, petitioner prays:

a.    That this Honorable Court grant a writ of *habeas corpus*, and after reviewing all of the evidence and argument of counsel;

b.    That this Honorable Court set a bond that is reasonable and not excessive, all within the guidelines dictated by the Constitutions of Alabama and the United States; and

c.    Grant such other and further relief as may be deemed just in the premises.

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Petitioner
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

Page 3

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,           )      CRIMINAL CASE NUMBER
      Plaintiff.        )      CC-02-186, 187, 188
                     )
vs.                   )
                     )
JERRY E. WHITLEY,       )
      Defendant.     )

## MOTION TO COMPEL COMPLIANCE WITH THE COURT'S
## ORDER FOR TRANSPORT OF SAMPLES FOR INDEPENDENT ANALYSIS

Comes now the above-named defendant, by and through his attorney of record, and files

this motion pursuant to Rule 16.5 of the Alabama Rules of Criminal Procedure, requesting that

the Court compel the District Attorney to comply with this Court's Order dated August 9, 2002,

that the Alabama Department of Forensic Science send a representative sample of two portions

of the seized substances in this case to the named independent laboratory expert, Dr. John Hiatt,

for an independent analysis.

In support of this motion, the defendant would show the following, *to-wit:*

1.     That on August 9, 2002, this Court issued an order entitled Order for Transport of

Samples for Independent Analysis.

2.     That a separate order entitled Order Approving Extraordinary Expenses for the

cost of the independent laboratory expense was issued on the same date as the Court's Order for

Transport.

3.     That the State of Alabama, represented by and through the District Attorney,

objected to the Court's order in its Motion to Amend Order filed on August 15, 2002.

4.     That the defendant, by and through his attorney of record, filed an Objection to

Motion to Amend Order on August 16, 2002.

Page 1

5.     That the attorney for the defendant has done preliminary research into what materials can and cannot be shipped by certain ground and/or air couriers, and the District Attorney has stated that the defendant's attorney should be the one to ship the materials to the independent research laboratory, to which defendant objects and which is contrary to this Court's Order.

6.     That the attorney for the defendant and the District Attorney have been in communication orally and in writing concerning the fact that one of these samples contains a substance which may cause the State of Alabama to incur a liability if the package should be damaged during shipment.

7.     That the parties disagree as to who should bear the liability in the unlikely event the substance cause damage, whether to itself or otherwise.

8.     That because of this communication back and forth, and because there is currently an order that the State of Alabama is to send the samples of the seized substance, the attorney for the defendant has come to realize that the State of Alabama has no intention of sending the sample, and therefore, a pleading must be filed in order to compel compliance with the order of this Court.

9.     That this case was first continued at least one term due to the laboratory report's not being back from the Alabama Department of Forensic Science.

10.     That the case had to be continued from the late August/early September term, presumably because the seized materials had not yet been shipped to the independent laboratory for analysis.

11.    That the defendant requests that the Court compel the State of Alabama, by and through the District Attorney of Russell County, to ship the seized materials to the independent research laboratory in Las Vegas, Nevada, as previously ordered.

*WHEREFORE*, the premises considered, the defendant, by and through his attorney, requests the relief prayed for herein:

a.    That the Court compel immediate compliance with the Court's Order that the seized materials in the custody of the State of Alabama, currently located at the Auburn, Alabama location of the Alabama Department of Forensic Science, identified in its report in this case dated June 14, 2002, be appropriately packaged according to the selected courier's requirement;

b.    That immediately, or as soon as is practicable, said items be sent to Dr. John Hiatt, American Medical Laboratories, Quest Diagnostics, 4230 Burnham Avenue, Suite 250, Las Vegas, Nevada 89119, telephone number (702) 733-7866, fax number (702) 733-0318, with advance notification to Dr. Hiatt by the authorized person shipping the materials with confirmation of the shipment and the reference number;

c.    That the Court identify who or what entity shall be liable should there be inadvertent non-compliance with any regulatory requirement concerning shipment of unusual substances, or should any unforeseen injury or accident occur while the properly packaged substance is in transit;

d.    That the Court allow any other remedy relating to the procurement of a fair, independent analysis which it finds appropriate under Rule 16.5 of the Alabama Rules of Criminal Procedure, under the Constitution of the United States and the Constitution and the laws of the State of Alabama, consistent with the requirements of justice and fairness.

Respectfully submitted, this 23rd day of September, 2002,

EZELL & CHANCEY, LLP

By:  _Laurel W. Farrar_

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 23rd day of September, 2002.

_Laurel W. Farrar_

STATE OF ALABAMA       *       IN THE CIRCUIT COURT OF
                         *

VS.                    *       RUSSELL COUNTY, ALABAMA
                         *

JERRY E. WHITLEY       *       CASE NO. CC-02-186,187,188

## RESPONSE TO MOTION TO COMPEL

Comes now the State of Alabama and in response to the " Motion to Compel" filed herein by Defendant and says as follows:

1 - Heretofore the Defendant has made a Motion under Rule 16.1(c) to be permitted to analyze the controlled substances seized by the State from Defendant and for funds to hire an expert to conduct the analysis.

2 - Rule 16.1(c) requires the State to "permit" the defendant to conduct such an analysis.

3 - The Court granted the Motion and granted funds to hire an expert.

4 - The attorney for Defendant selected an expert in Las Vegas, Nevada. Defense counsel did not make any inquiry as to whether this would cause shipping problems.

5 - After the Order was received by the State ( **which was the first time the State was notified of the identity and/or location of the defense expert**) the State informed Defense Counsel that per Sherwin Boswell one of the samples would be considered a hazardous material and the shipper would have to incur financial responsibility for any damage caused by said materials during shipping and further that such liability would be substantial.

6 - The defense counsel, several days later, informed the undersigned that she had checked with several shipping companies and they would ship the hazardous material without financial liability. Sherwin Boswell checked with each company and was informed that special shipping

materials would have to be used and the shipper would still be financially responsible.

7 - The State informed defense counsel of this via letters dated 8-23-2002 and 9-5-2002, copies of which are attached hereto. In the letter of 9-5-2002 the State offered to allow Defense Counsel to secure the necessary packing materials, take the same to the lab and ship the materials with either Counsel or her client being the shipper and therefore incurring the liability of doing so.

8 - The State feels this offer was fair and reasonable particularly in light of the fact that the State is totally unfamiliar with the expert chosen by the Defendant, his qualifications for handling hazardous materials or his facilities for handling such materials.

9 - The State further asserts that its responsibility of Rule 16.1 of the Alabama Rules of Criminal Procedure is to "permit" the defendant's expert to analyze the controlled substance and does not extent to incurring substantial risks to ship the substance.

10 - Defense Counsel responded to the State's Offer by declaring that neither she nor her client were willing to incur the potential liability.

11 - The State finds the position of Defendant and Counsel somewhat puzzling in light of Defense Counsel's repeated assertions that there is little or no risk associated with shipping the sample and particularly puzzling in light of **the fact that either the Defendant, Counsel or their expert will have to ship the materials back to the State** .

12 - The State has been, and continues to be, willing to allow Defendant or his counsel to ship the materials and incur the risk or in the alternative the State is willing to allow the Defense expert to use its laboratory facilities in Auburn to conduct an analysis.

In conclusion the State submits that it is manifestly unjust to require the Department of Forensic Sciences to incur a potentially substantial liability to ship the samples to a person and place of the defendant's choosing and that it is reasonable to require the defendant to assume such liability

since it is the defendant who is requesting the independent analysis and it is the defendant who has

control of the expert and the defendant will have to incur liability in any event to return the items and

the defendant is the only one with any control over the return of the items.

The State further submits that it has made every reasonable effort to work with Defense

Counsel to resolve this matter and that the failure to resolve the issue has been due to the

stubbornness and unreasonableness displayed by defendant.

Done this _____26th_____ day of _____Sept_____, 2002

Buster Landreau

Chief Deputy District Attorney

Certificate of Service

The undersigned hereby certifies that he has served a copy of this pleading upon Counsel

for Defendant on the date set forth above.

Buster Landreau

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,                          )          CRIMINAL CASE NUMBER
                         Plaintiff,        )          CC-02-186, 187, 188
                                           )
vs.                                        )
                                           )
JERRY E. WHITLEY,                          )
                         Defendant.        )

## REPLY TO RESPONSE TO MOTION TO COMPEL

Comes now the defendant, by and through his attorney of record, and makes the

following reply to the State's Response to Motion to Compel the District Attorney to comply

with this Court's Order dated August 9, 2002.

    1.    The Order in controversy was issued on defendant's motions filed in June this

year. The District Attorney was served with copies of said motions, and hearings were

subsequently held thereon at which the State did not mention any anticipated problems that might

be encountered in shipping the samples for independent analysis.

    2.    At the request of the Court, defendant submitted supplemental information,

including the identity and location of defendant's expert, on July 29, and a copy was served upon

the District Attorney. The statement in Paragraph 5 of the State's response that the first notice of

this was the Order of August 9 is simply not true.

    3.    In Paragraph 2 of the Order in issue this Court ordered that the samples be

delivered to the expert by the Alabama Department of Forensic Sciences no later than August 12.

Said Paragraph 2 further required that the samples be shipped "after communicating with Dr.

Hiatt...to determine the requirements for samples and packaging. No objection was made to this

Order until August 15 when the District Attorney filed a Motion to Amend Order.

4.    The Order in issue was not directed to the defendant or the defendant's attorney Therefore, it is the defendant's position that it is incumbent upon the State to comply with the Court's directives and that the responsibility therefor does not lie with the defendant, with or without the State's magnanimous concession of allowing defendant's counsel to do all work and assume all responsibility and liability in connection therewith as mentioned in Paragraph 7 of its response.

5.    At the conclusion of the analysis, the samples will certainly be shipped back to the State by Dr. Hiatt, but defense counsel finds the State's position in Paragraph 11 of its response that this is somehow associated with the task of shipping the samples to Dr. Hiatt is somewhat puzzling.

6.    The State avers, **in bold type**, that it has made every reasonable effort to work with Defense Counsel to resolve this matter, but defendant has displayed stubbornness and unreasonableness.  Defendant respectfully submits that this is not a matter to be resolved between the parties, but rather is a direct Order of this Court which the State has spent a great deal of time and effort to sidestep.

*WHEREFORE*, the premises considered, the defendant, by and through his attorney, again requests that the Court compel the State to immediately comply with this Court's Order of August 9, 2002.

Respectfully submitted, this 1st day of October, 2002,

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Defendant
P. O. Drawer 2500
Phenix City, AL   36868-2500

Page 2

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Reply upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 1st day of October, 2002.

_____
Laurel W. Farrar