VOLUME 3

COURT OF CRIMINAL APPEALS NO. CR-02-0739

# Appeal To Alabama Court of Criminal Appeals

FROM

## Circuit Court of Russell County, Alabama

CIRCUIT COURT NO CC-02-186-188

CIRCUIT JUDG HONORABLE GEORGE R. GREENE

Type of Conviction/ Order Appealed From: TRAFFICKING METH ,POSS OF REC CONT SUBS, RESISTING ARREST

Sentence Imposed: 35 YRS CONCUR,5 YRS CONCUR, 6 MTHS CONSEC

Defendant Indigent: ☐ YES ☑ NO

JERRY E. WHITLEY

Name of Appellant

ATTY MICHAEL J WILLIAMS SR (205)-705-0200
(Appellant's Attorney) (Telephone No.)

P.O. BOX 1068
(Address)

AUBURN, AL 36831
(City) (State) (Zip Code)

V.

STATE OF ALABAMA

Name of Appellee

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter name and address of municipal attorney below.

(For Court of Criminal Appeals Use Only)

STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

*H. W. "Bucky" McMILLAN*
Presiding Judge
*SUE BELL COBB*
*PAMELA W. BASCHAB*
*GREG SHAW*
*A. KELLI WISE*
Judges

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

ORDER

CR-01-1243

Ex parte Jerry E. Whitley (In re: State of Alabama vs. Jerry E. Whitley) (Russell Circuit Court: CC02-186, 187, & 188).

Upon consideration of the above referenced Writ of Habeas Corpus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby dismissed.

McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.

**Done this the 10th day of April, 2002.**

[signature]

H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/wki

cc: Honorable George R. Greene, Circuit Judge
Honorable Kathy S. Coulter, Circuit Clerk
Honorable Tommy Boswell, Sheriff
Honorable Bill Pryor, Attorney General
Honorable Elizabeth Ray Butler, Asst. Atty. Gen., Respondent
Honorable Laurel Wheeling Farrar, Attorney, Petitioner
Honorable Kenneth Davis, District Attorney
Office of Attorney General

000402

# CONSOLIDATED BOND

(District Court, Grand Jury, Circuit Court)

☒ STATE OF ALABAMA

v.

Jerry Eugene Whitley
DEFENDANT

Case Number

STATE OF ALABAMA

In the ______ Court of Russell County

I, (Defendant) Jerry Eugene Whitley, as principal, and we, AAA Bonding Co, as sureties, agree to pay the State of Alabama $ 1000.00 unless the above named defendant appears before the District Court of said County on (Date) 5-13-02 at (Time) 10:00 or at the next session of Circuit Court of said County, or in the event of transfer, in the district or circuit court of the county of transfer, there to await the action by the grand jury and from session to session thereafter until discharged by law to answer to the charge of Resisting Arrest or any other charge.

We hereby severally certify that we have property over and above all debts and liabilities to the amount of the above bond. We waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt, by the Constitution and Laws of the State of Alabama, and we especially waive our rights to claim exempt our wages or salary, that we have under the laws of Alabama.

It is agreed and understood that this is a continuing bond which shall remain in full force and effect until such time as the undersigned are duly exonerated.

| | |
|---|---|
| [signature] Signature of Defendant | 150 Reynolds Rd Fortson GA — Address (Print) City State Zip |
| [signature] Signature of Surety | 1118 Broad St P.C. AL 36867 — Address (Print) City State Zip |
| Signature of Surety | Address (Print) City State Zip |
| Signature of Surety | Address (Print) City State Zip |
| 4-16-02 Date | William Alexander — Approved by |
| | Chief Deputy — Title |

## DEFENDANT'S INFORMATION

Date of Birth 9-20-65 Social Security Number 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 Sex male

Driver's License Number ______ State ______ Race white

Telephone – Residence 706 320-9752 Telephone – Work ______

☐ Appearance Bond – Property ☐ Appearance Bond – Recognizance

☒ Bail Bond

$ 1000.00
BOND AMOUNT

ORIGINAL
POWER OF ATTORNEY
AAA BONDING CO.
LaFayette, Alabama

№ 19435

KNOW ALL BY THESE PRESENTS, THAT THE AAA BONDING CO., A COMPANY DULY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF ALABAMA HAS CONSTITUTED AND APPOINTED, AND DOES HEREBY CONSTITUTE AND APPOINT,

AGENT Carol Rae

ITS TRUE AND LAWFUL ATTORNEY-IN-FACT, WITH, FULL POWER AND AUTHORITY TO SIGN THE COMPANY'S NAME AND DELIVER ON ITS BEHALF AS SURETY, ANY AND ALL OBLIGATIONS AS HEREIN PROVIDED, AND THE EXECUTION OF SUCH OBLIGATIONS IN PURSUANCE OF THESE PRESENTS SHALL BE AS BINDING UPON THE COMPANY AS FULLY AND TO ALL INTENTS AND PURPOSES AS IF DONE BY THE REGULARLY ELECTED OFFICERS OF THE SAID COMPANY AT ITS HOME OFFICE IN THEIR PROPER PERSON; AND THE SAID COMPANY HEREBY RATIFIES AND CONFIRMS ALL AND WHATSOEVER ITS SAID ATTORNEY-IN-FACT MAY LAWFULLY DO AND PERFORM IN THE PREMISES BY VIRTUE OF THESE PRESENTS.

THIS POWER OF ATTORNEY IS VOID IF ALTERED OR ERASED. THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF TWO HUNDRED & FIFTY THOUSAND ($250,000.000) DOLLARS AND MAY BE EXECUTED FOR RECOGNIZANCE OF BAIL BONDS ONLY, BUT INCLUDING PEACE BOND.

DATE 4-16-02 (RELEASED FROM JAIL) BOND AMOUNT $ 1000.00

OFFENSE Crim. Assault COURT Dist CITY PC

DATE TO APPEAR IN COURT 5-13-02

DEFENDANT Jerry Eugene Whitley

ADDRESS 150 Reynolds Rd Fatom Ga

AGENT Carol Rae DATE 4-16-02

AAA BONDING CO. SEAL ALABAMA

(SEAL)

C. L. Hinkle
GENERAL MGR.

SEPARATE POWER-OF-ATTORNEY MUST BE ATTACHED TO EACH BOND AND REMAIN A PERMANENT PART OF THE COURT'S RECORD IN ORDER FOR AAA BONDING CO., TO BE LIABLE. THIS POWER DOES NOT AUTHORIZE EXECUTION OF BONDS OF NE EXEAT OR ANY GUARANTEE FOR FAILURE TO PROVIDE PAYMENTS OF ALIMONY SUPPORT OF WAGE LAW CLAIMS.

WHITE-RECEIPT-Client BOTTOM-Jail YELLOW-Office PINK-Remains in Book

| | | |
|---|---|---|
| STATE OF ALABAMA | * | IN THE CIRCUIT COURT OF |
| VS. | * | RUSSELL COUNTY, ALABAMA |
| CAYLENE WHITE | * | CASE NO. CC-02-110,111,112 |
| JERRY WHITLEY | * | CASE NO. CC-02-186,187,188 |
| WAYNE MEADOWS | * | CASE NO CC-02-179,180,181 |

## MOTION FOR JOINDER OF DEFENDANTS FOR TRIAL

The State moves the Court for an order that the above Defendants be tried together, upon the ground that the alleged offenses charged against the Defendants in the indictment in each of said actions could have been joined as a single indictment under Rule 13 of the Alabama Rules of Criminal Procedure.

Proceedings thereafter shall be the same as if the prosecution initially were under a single indictment/information/ complaint.

FILED IN OFFICE
2002 MAY 23 AM 9:57
CIRCUIT/DIST. COURT
RUSSELL CO. AL

BUSTER LANDREAU
CHIEF DEPUTY DISTRICT ATTORNEY
26TH JUDICIAL CIRCUIT
LAN 034

CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Motion upon the Hon. **Joel Collins**, Attorney for Defendant **Caylene White** , and upon the Hon. **Jeremy Armstrong**, Attorney for Defendant **Wayne Meadows** and upon the Hon. **Laurel Farrar**, Attorney for Defendant **Jerry Whitley** by placing a copy of the same in a receptacle reserved in their names in the Office of the Circuit Court of Russell County, Alabama.

Done this 23rd Day of May .2002.

Buster Landreau

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, Plaintiff, | ) | |
| vs. | ) | |
| CAYLENE WHITE, | ) | Cases No. CC-02-110, 111, 112 |
| JERRY E. WHITLEY, | ) | Cases No. CC-02-186, 187, 188 |
| WAYNE MEADOWS, | ) | Cases No. CC-02-179, 180, 181 |
| Defendants. | ) | |

**OBJECTION TO CONSOLIDATION**

Comes now defendant JERRY E. WHITLEY, by and through his attorney, and objects to the consolidation for purpose of trial of the stated cases.

This objection is filed in response to the Motion for Joinder of Defendants for Trial filed by the State on May 23, 2002.

EZELL & CHANCEY, LLP

By: ______________________

Laurel W. Farrar
Attorneys for Defendant Jerry E. Whitley
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL 36868-2500
(334) 297-2400
Attorney Code FAR-036

FILED IN OFFICE
2002 MAY 24 PM 3:58
CIRCUIT/DIST. COURT
RUSSELL CO., AL.

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for defendant Jerry E. Whitley and that I have served a copy of the within and foregoing objection upon:

District Attorney of Russell County, Alabama

Hon. Joel Collins
Attorney for Defendant Caylene White

Hon. Jerry Armstrong
Attorney for Defendant Wayne Meadows

by placing same in their respective receptacles located in the Russell County Courthouse in Phenix City, Alabama, this 24th day of May, 2002.

Attorney for Jerry E. Whitley

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,
Plaintiff,

vs.

JERRY E. WHITLEY,
Defendant.

CRIMINAL CASE NUMBER
CC-02-186-188

FILED IN OFFICE

**MOTION TO SUPPRESS ARREST AND EVIDENCE AND SEARCH WARRANT**

The defendant in the above-named case, by and through his attorney, moves this Honorable Court to suppress any and all evidence obtained through the illegal search, seizure and arrest of the defendant and any and all statements made in relation thereto, and to suppress any and all evidence obtained by and through the execution of the illegally-obtained search warrant. The defendant shows that the issuance of the warrant, any affidavit upon which the issuance was based, the execution of the warrant, the return to the issuing Magistrate by the executing officer of the warrant, and the seizure under the warrant were illegal and violated his rights under the Constitution of these United States and of the sovereign State of Alabama, and any and all evidence obtained as a result thereof should be, and the defendant demands that it be, suppressed by this Honorable Court and ruled inadmissible in and for any trial on the charges pending against the defendant or any future charges that may arise out of the illegal searches and seizures.

As grounds for this motion, the defendant assigns the following separately and severally:

1. The search, seizure and arrest were illegal because there was no authority to arrest.

2. The search, seizure and arrest were illegal because there was no authority for the search or seizure.

3. The search and seizure were illegal because the defendant was not under legal arrest prior to the search, nor did the defendant commit any criminal offense in the presence of the executing officers as would justify his arrest.

4. The search was that of a general search and inquisition.

5. The search and seizure were illegal because there was no probable cause for the search and seizure.

6. The search and seizure were illegal because there was no evidence of any prior specifically-descriptive information of established credibility and no possible situation of adequate suspicion and exigency existing to warrant arrest without a warrant.

7. The search and seizure were illegal because they were purportedly done incidental to an illegal arrest.

8. The affidavit submitted to the issuing Magistrate/Judge was improperly and illegally executed.

9. The warrant was illegally issued because it does not show probable and sufficient cause to justify the issuance of the warrant.

10. The seizure was illegal in that it was too broad and not in conformity with the directions of the issuing Magistrate/Judge insofar as the items to be seized and searched for were concerned.

11. The information contained in the affidavit constitutes false and fictitious swearing.

12. The defendant was not under legal arrest prior to the search, nor did the defendant commit any criminal offense in the presence of the executing officers as would justify his arrest.

13. The Magistrate/Judge incorrectly found probable cause.

14. The affidavit on which the search warrant was issued was insufficient as a matter of law.

15. The affidavit upon which the search warrant was issued fails to contain a sufficient statement detailing the manner in which the information set forth therein was obtained.

16. The affidavit and warrant failed to allege sufficient facts and information to support the belief and probable cause that the property sought to be seized was on the premises.

17. The search and seizure violate the defendant's constitutional rights. The defendant has reasonable grounds to believe that the evidence referred to will be used as evidence against him at trial.

18. The search warrant is defective in that there is no evidence offered in affidavit form of probable cause for any issuance of said search warrant.

19. The search warrant is defective in that any and all evidence which might presumably have been offered as a basis for the warrant would have consisted entirely of the "poisonous fruits" of the illegal search, seizure and arrest.

20. The search warrant is defective in that any statement by an informant was insufficient to enable the Magistrate/Judge to form an unbiased and impartial decision without further information as to the informant's reliability and the alleged facts reported by the informer.

21. The search and seizure were illegal in that any statement by an informant was insufficient to enable the Magistrate/Judge to form an unbiased and impartial decision without further information as to the informant's reliability and the alleged facts reported by the informer.

22. The entire search, seizure and arrest were illegal in that the fruits of an illegal search cannot be made the foundation upon which a search warrant is obtained, and the fruits of an illegal search warrant cannot be made the foundation upon which the same arrest is made. This is an illegal and unconstitutional foundation for the prosecution of the defendant and in violation of his constitutional rights.

**WHEREFORE,** for the reasons set forth in this motion and as may be further shown to this Honorable Court at a hearing on this motion, defendant respectfully requests:

a. That a pretrial hearing be held in this matter;

b. That all evidence, both tangible and intangible, real and personal, and all statements or admissions by defendant, seized or obtained as a result of the arrest and subsequent searches be excluded;

c. That the State be prohibited from introducing in evidence any evidence or statements seized or obtained as a result of the illegal arrest or seizures or searches described herein;

d. That the State release all non-contraband items to defendant; and

e. That Defendant be accorded such other relief, legal and equitable, as this Court deems mete and proper.

EZELL & CHANCEY, LLP

By: ______________________

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL 36868-2500
(334) 297-2400
Attorney Code FAR-036

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 13th day of June, 2002.

Laurel W. Farrar

000412

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA,<br>Plaintiff, | ) | CRIMINAL CASE NUMBER<br>CC-02-186-188 |
| vs. | ) | |
| JERRY E. WHITLEY,<br>Defendant. | ) | |

FILED IN OFFICE

**MOTION FOR APPROVAL OF EXTRAORDINARY EXPENSES PURSUANT TO *MAY v. STATE***

Comes now the defendant in the above-stated matter, by and through his attorney, Laurel W. Farrar, and requests the Court to approve in advance the reimbursement of expenses for an independent expert witness to perform an independent laboratory analysis of the substance alleged in the indictment to be methamphetamine. Additionally, defendant would request in advance that his attorney be reimbursed for her expenses relating to procuring said expert witness. In support of said request, defendant respectfully shows the Court as follows:

1. Laurel W. Farrar was appointed by the Court to represent the defendant in this matter.

2. The Alabama Court of Criminal Appeals held in ***May v. State*** that "expenses reasonably incurred" are reimbursable under Code of Alabama 1975, §15-12-21. Under ***Ex Parte Barksdale***, 680 So.2d 1029 (1996), such expenses must be approved by the Trial Court prior to being incurred.

3. A separate motion entitled "Motion to Permit Independent Laboratory Analysis" has been filed contemporaneously with the instant motion.

4. At this time, the attorney for the defendant has only a rough estimate of the costs projected to be expended for analysis and expert witness fees and would ask the Court to pre-approve costs in an amount capped at $2,000.00

*WHEREFORE*, defendant moves this Court to approve payment of expenses as requested herein.

EZELL & CHANCEY, LLP

By: ______________________
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL 36868-2500
(334) 297-2400
Attorney Code FAR-036

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 13th day of June, 2002.

______________________
Laurel W. Farrar

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,
Plaintiff,

vs.

JERRY E. WHITLEY,
Defendant.

CRIMINAL CASE NUMBER
CC-02-186-188

**MOTION TO PERMIT INDEPENDENT ANALYSIS**

Comes now the defendant, by and through his attorney, and moves the Court that a laboratory expert employed by defendant be permitted to examine the material evidence against him and to verify the tests that have been performed to determine the alleged identity of the substance(s) involved in the indictment as being methamphetamine. As grounds, defendant would show that the tests routinely performed at the Alabama State Crime Laboratory are non-specific and carry a high potential for error. Defendant offers to prove the foregoing and the qualifications of the expert witness.

Defendant is entitled to a laboratory analysis pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963), as interpreted in *Barnard v. Henderson*, 514 F.2d 744 (5th Cir. 1974); *Williams v. Dutton*, 400 F.2d 797 (5th Cir. 1968). The right is now undisputed in Alabama. The defendant will be deprived of due process of law as guaranteed by Article I, Section VI, of the Constitution of the State of Alabama and the "due process" clause of the Fifth Amendment of the United States Constitution as made applicable to the states through the Fourteenth Amendment of the United States constitution, and will effectively be prevented from having witnesses testify in his behalf in violation of the Sixth Amendment of the United States Constitution made applicable to the States through the Fourteenth Amendment of the United States Constitution, if he is denied the right to have the substance analyzed by an independent scientific expert. This is true for the reason that the failure to permit the defendant to have a scientific examination and analysis will deprive him of evidence and perhaps witnesses which may be beneficial to him and essential if the jury is to have an accurate understanding of the facts involved in connection with the indictment.

The Alabama State Crime Lab, where the materials are kept and the tests were performed, will not permit the analysis requested without the permission of the prosecution or a court Order.

**WHEREFORE,** defendant prays that this Court issue an Order permitting the expert to examine a sufficient amount of the substance referred to in the indictment so as to determine its true composition and the nature of the substance, and that the Court order the District Attorney and employees of the Alabama State Crime Laboratory to turn over to the expert a sufficient amount of the substance referred to in the indictment in order to enable the designated expert to analyze the composition and contents of the substance.

EZELL & CHANCEY, LLP

By: ______________________
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL 36868-2500
(334) 297-2400
Attorney Code FAR-036

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Request for Discovery upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 13th day of June, 2002.

Laurel W. Farrar

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA,<br>Plaintiff,<br><br>vs.<br><br>JERRY E. WHITLEY,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL CASE NUMBER<br>CC-02-186-188 |

MOTION TO EXCLUDE LABORATORY REPORT

Comes now the defendant, by and through his attorney, and moves the Court for an order excluding from evidence at the trial of the captioned cases the report of the Alabama State Crime Laboratory, and respectfully shows the Court as follows:

1. The defendant's attorney received the said lab report on June 17, 2002, only two days prior to the docket call.

2. The lab report contains results of the analysis of substances seized during an illegal search of the defendant's home and illegal arrest of the defendant.

3. Said seized substances were the poisonous fruits of the illegal search warrant, search and arrest and should be excluded from evidence.

4. Defendant's attorney has filed a Motion to Suppress Arrest and Evidence and Search Warrant.

5. In the event the Court finds that the lab report and related expert testimony are admissible and not the fruits of an unlawful search, seizure and/or arrest, the Court should exclude said report and testimony pending further analysis in accordance with defendant's Motion to Permit Independent Analysis and defendant's Motion for Further Analysis of Alleged Controlled Substance.

WHEREFORE, defendant prays that the said laboratory report and any related expert testimony be excluded from evidence in the above-stated case.

EZELL & CHANCEY, LLP

By: ______________________
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL 36868-2500
(334) 297-2400
Attorney Code FAR-036

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon:

District Attorney of Russell County, Alabama

Hon. Joel Collins
Attorney for Caylene White

Hon. Jerry Armstrong
Attorney for Wayne Meadows

by facsimile transmission and by placing same in their respective receptacles located in the Russell County Courthouse in Phenix City, Alabama, this 19th day of June, 2002.

Attorney for Defendant

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,
Plaintiff,

vs.

JERRY E. WHITLEY,
Defendant.

CRIMINAL CASE NUMBER
CC-02-186-188

**MOTION FOR FURTHER ANALYSIS OF ALLEGED CONTROLLED SUBSTANCE**

Comes now the defendant, by and through his attorney, and moves the Court for an order that the alleged controlled substance seized in the above-styled case be further analyzed, first by the Alabama Department of Forensic Sciences and next by an independent laboratory expert employed by the defendant in order to determine the exact proportion and makeup of the substances found in the containers allegedly containing methamphetamine and other substances.

In support of this motion, defendant relies on ***Ex parte Fletcher***, 718 So.2d 1132 (Ala. 1998), in which the Supreme Court stated that where illegal drugs are easily distinguished from and easily separated from legal substances, only the weight of the illegal drugs should be counted. In *Fletcher*, solid pieces of bar soap which were found in a bag with a solid piece of cocaine were not contained in a mixture with cocaine and thus could not be counted toward the 28-gram requirement of a defense of trafficking in cocaine. Therefore, further analysis needs to be done in the instant case to determine the proportion of alleged methamphetamine to other substances and the proportion of water or any other separable liquid in order to get an accurate measurement of the amount necessary to determine how the statute is applied for sentencing if the defendant should be found guilty.

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 18th day of June, 2002.

Laurel W. Farrar

STATE OF ALABAMA ) IN THE CIRCUIT COURT OF

PLAINTIFF, ) RUSSELL COUNTY, ALABAMA

VS. ) CASE NO.: CC 02-186-188

JERRY E. WHITLEY )

DEFENDANT. )

ORDER

The defendant having filed a motion for approval of extraordinary expenses and the court having held a hearing and considered evidence presented, it is therefore ORDERED that the motion for approval of extraordinary expenses is denied.

DONE this the 21st day of June, 2002

JUDGE, CIRCUIT COURT

FILED IN OFFICE
2002 JUN 21 PM 3:23
CIRCUIT/DIST. COURT
RUSSELL CO., AL

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,
Plaintiff,

vs.

JERRY E. WHITLEY,
Defendant.

CRIMINAL CASE NUMBER
CC-02-186-188

FILED IN OFFICE
2002 JUN 21 AM 11:09
CIRCUIT/DIST. COURT
RUSSELL CO., AL

**MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR APPROVAL OF EXTRAORDINARY EXPENSES PURSUANT TO *MAY v. STATE***

Comes now the defendant in the above-stated matter, by and through his attorney, Laurel W. Farrar, and requests that the Court reconsider its denial of defendant's motion for approval of extraordinary expenses pursuant to *May v. State* filed herein on June 13, 2002, which requested approval in advance of reimbursement of expenses for an independent expert witness to perform an independent laboratory analysis of the substance alleged in the indictment in this case to be methamphetamine.

Said motion was denied after hearing on June 20, 2002, at which was raised the issue that defendant was out on bond. Defendant would request that another hearing be set and that the Court allow him to show the following:

1. Defendant is without funds to make advance payment to an independent laboratory for an analysis of the seized substance which is now located at the Alabama Department of Forensic Sciences.

2. Defendant is indigent and currently unemployed.

3. Defendant's family members actually assisted him in making bond, and they are without the funds necessary to hire an independent laboratory expert.

4. Further analysis is necessary in order to properly defend this case, and it would be a violation of the defendant's constitutional rights if he is unable to afford the assistance of an expert witness which is required for the proper defense of his case.

*WHEREFORE*, defendant moves this Court to reconsider its denial of defendant's said motion as requested herein.

Respectfully submitted,

EZELL & CHANCEY, LLP

By: ______________________

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL 36868-2500
(334) 297-2400
Attorney Code FAR-036

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 21st day of June, 2002.

______________________
Laurel W. Farrar

STATE OF ALABAMA ) IN THE CIRCUIT COURT OF
)
PLAINTIFF, ) RUSSELL COUNTY, ALABAMA
)
VS. ) CASE NO.: CC 02-186-188
)
JERRY E. WHITLEY )
)
DEFENDANT. )

ORDER

The defendant having filed a motion for reconsideration of defendant's motion for approval of extraordinary expenses and the court having reviewed and considered same, it is ORDERED that the Motion is denied. Defendant has failed to show the needed cost for analysis and also failed to show to court the time needed to complete analysis.

DONE this the 25th day of June 2002.

[signature]
JUDGE, CIRCUIT COURT

FILED IN OFFICE
2002 JUN 25 PM 2:04
CIRCUIT/DIST. COURT
RUSSELL CO., AL

000425

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

ALABAMA, ) CRIMINAL CASE NUMBER
Plaintiff, ) CC-02-186-188
)
)
)
HITLEY, )
Defendant. )

FILED IN OFFICE
2002 JUN 28 AM 9:28

PPLEMENTAL INFORMATION IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION FOR APPROVAL OF EXTRAORDINARY EXPENSES PURSUANT TO *MAY v. STATE*

es now the defendant in the above-stated matter, by and through his attorney, Laurel d pursuant to the Court's request, submits the following supplemental information his motion for approval of extraordinary expenses pursuant to *May v. State* filed e 13, 2002, which requested approval in advance of reimbursement of expenses for nt expert witness to perform an independent laboratory analysis of the substance indictment in this case to be methamphetamine.

Dr. John Hiatt of Quest Laboratories in Las Vegas, Nevada, has consented to equested independent analyses.

The two specific samples in question are listed as No. 9 and No. 15 on the Analysis dated 9/21/01, result analysis date 6/11/02.

Dr. Hiatt has advised that he will need samples for qualitative analyses of the ed to contain methamphetamine. This would require that the Alabama Department ciences submit one small representative sample each of Nos. 9 and 15 with either substance shaken up and made to be homogenous, or (b) a sample of the powder bottom plus a sample of the liquid portion on top.

The time required for this analysis will be will be two weeks from Dr. Hiatt's samples, and the cost will be approximately $1,000.00, plus shipping fees.

*REFORE*, defendant moves this Court to issue an order allowing the independent s as requested by defendant, and that the Court approve payment of the cost

Respectfully submitted,

EZELL & CHANCEY, LLP

By: ______________________________
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL 36868-2500
(334) 297-2400
Attorney Code FAR-036

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing supplemental information upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 29th day of July, 2002.

______________________________
Laurel W. Farrar

000427

STATE OF ALABAMA
PLAINTIFF,
VS.
Jerry Eugene Whitley
DEFENDANT.

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA
CASE NO.: CC 02-186, 187, (188)

ORDER

This matter coming before the Court for call of the criminal trial docket on July 29, 2002. It is therefore,

**ORDERED, ADJUDGED AND DECREED:**

___ Upon failure of the defendant to appear in Court on this date, an alias writ and preliminary forfeiture is **ORDERED.**

✓ Upon request/motion made in open court this matter is continued to trial docket set for Sept. 16, 2002.

___ Plea deadline is extended to ____________, 2002 at 10:00 A.M.

___ Docket call is set for September 4, 2002 at 10:00 A.M.

✓ Motion to consolidate is ✓ granted ___ denied.

✓ Hearing on Motion to suppress is set for 8-26-02 at 2:00 PM

___ Hearing on Motion to consolidate is set for ____________.

___ Case is transferred to District Court/Municipal Court for disposition.

___ Defendant remanded to custody of Sheriff and shall make a new bond in the amount of ____________.

✓ Motion for ext. expenses is granted

**DONE** this the 29th day of July 2002.

[signature]
JUDGE, CIRCUIT COURT

FILED IN OFFICE

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA,<br>Plaintiff, | ) | CRIMINAL CASE NUMBER<br>CC-02-186-188 |
| vs. | ) | |
| JERRY E. WHITLEY,<br>Defendant. | ) | |

FILED IN OFFICE 2002 AUG 16 PM 1:29

OBJECTION TO MOTION TO AMEND ORDER

Comes now the defendant, by and through his attorney of record, and objects to the State's Motion to Amend Order filed herein on August 15, 2002, and as grounds therefor, respectfully shows unto the Court as follows:

1. Defendant's attorney has made telephone calls to determine how the liquid material should be shipped, including telephone calls to the DEA, the Department of Transportation, United Parcel Service and the United States Postal Service.

2. The Department of Transportation advised defendant's attorney that if the mixture containing ether is properly packaged and marked as a hazardous material, it can be shipped by ground or air carriers which allow such materials to be shipped.

3. The United States Postal Service will not ship hazardous materials, but the DEA advised defendant's attorney that their agency has been mailing alleged controlled substances to an independent laboratory in Texas from Montgomery, double-boxing the material, via the United States Postal Service. They also stated that they have used Airborne Express in the past and that Airborne Express is not averse to this.

4. It is the understanding of defendant's attorney that Federal Express, Airborne Express and United Parcel Service do allow the shipment of hazardous materials if the material is properly marked as such, sealed in a container and double-boxed. See Exhibit "A" hereto, a

highlighted portion of the FedEx USA Airbill ("Does this shipment contain dangerous goods?") with options of "No," "Yes," "As per attached shipper's declaration," or "Yes, shipper's declaration not required." The undersigned attorney understands that a shipper's declaration is either required or not by the Department of Transportation, depending on their categorization of those items termed dangerous goods or hazardous materials.

5. It would be unnecessarily prohibitively expensive to have a special courier service to deliver a small sample to Las Vegas, Nevada, as it would be for defendant to post a cash bond of $50,000.00 to cover any financial penalties that might be incurred by the Alabama Department of Forensic Sciences. It should be the burden of the Alabama Department of Forensic Sciences to properly package and mark the sample so that the shipment will be entirely safe, legal and in compliance with regulations of whatever carrier is selected.

6. To permit an analysis of one sample and not the other would be unfair to the defendant and contrary to the underlying purpose of the independent analysis and would defeat the purpose for which the Court's Order was issued.

**WHEREFORE**, the premises considered, defendant objects to the State's motion to amend this Court's order.

EZELL & CHANCEY, LLP

By: ______________________
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL 36868-2500
(334) 297-2400
Attorney Code FAR-036

000430

89
200

**FedEx Express USA Airbill**

FedEx Tracking Number 833188549180

MUR23
0215

**1 From** *Please print and press hard.*

Date

Sender's FedEx Account Number 1343-4481-4

Sender's Name Phone (334 )297-2400

Company EZELL & CHANCEY LLP

Address 1200 8TH AVE

Dept./Floor/Suite/Room

City PHENIX CITY State AL ZIP 36867

**2 Your Internal Billing Reference** OPTIONAL
First 24 characters will appear on invoice.

**3 To**

Recipient's Name Phone ( )

Company

Address
To "HOLD" at FedEx location, print FedEx address. We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address
Dept./Floor/Suite/Room

City State ZIP

Try online shipping at fedex.com

By using this Airbill you agree to the service conditions on the back of this Airbill and in our current Service Guide, including terms that limit our liability.

Questions? Visit our Web site at fedex.com
or call 1.800.Go.FedEx® 800.463.3339.

0206664473

**4a Express Package Service** *Packages up to 150 lbs.*
Delivery commitment may be later in some areas.

- [ ] FedEx Priority Overnight — Next business morning
- [ ] FedEx Standard Overnight — Next business afternoon
- [ ] FedEx First Overnight — Earliest next business morning delivery to select locations
- [ ] FedEx 2Day — Second business day
- [ ] FedEx Express Saver — Third business day

FedEx Envelope rate not available. Minimum charge: One-pound rate

**4b Express Freight Service** *Packages over 150 lbs.*
Delivery commitment may be later in some areas.

- [ ] FedEx 1Day Freight* — Next business day
- [ ] FedEx 2Day Freight — Second business day
- [ ] FedEx 3Day Freight — Third business day

* Call for Confirmation:

**5 Packaging** *Declared value limit $500

- [ ] FedEx Envelope*
- [ ] FedEx Pak* — Includes FedEx Small Pak, FedEx Large Pak, and FedEx Sturdy Pak
- [ ] Other

**6 Special Handling**

- [ ] SATURDAY Delivery — Available only for FedEx Priority Overnight and FedEx 2Day to select ZIP codes
- [ ] HOLD Weekday at FedEx Location — Not Available for FedEx First Overnight
- [ ] HOLD Saturday at FedEx Location — Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations

Does this shipment contain dangerous goods?
One box must be checked.

- [ ] No
- [ ] Yes — As per attached Shipper's Declaration
- [ ] Yes — Shipper's Declaration not required
- [ ] Dry Ice — Dry Ice, 9, UN 1845 ___ x ___ kg

Dangerous Goods (including Dry Ice) cannot be shipped in FedEx packaging.

- [ ] Cargo Aircraft Only

**7 Payment** *Bill to:*
Enter FedEx Acct. No. or Credit Card No. below.

- [ ] Sender — Acct. No. in Section 1 will be billed
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

FedEx Acct. No. / Credit Card No. Exp. Date

Total Packages | Total Weight | Total Declared Value† $ .00

FedEx Use Only

†Our liability is limited to $100 unless you declare a higher value. See back for details.

**8 Release Signature** *Sign to authorize delivery without obtaining signature*

By signing you authorize us to deliver this shipment without obtaining a signature and agree to indemnify and hold us harmless from any resulting claims.

447

Rev. Date 10/01 • Part #157610G • ©1994-2001 FedEx • PRINTED IN U.S.A. GBFE 11/01

EXHIBIT "A"

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 16th day of August, 2002.

Laurel W. Farrar

 000432

STATE OF ALABAMA ) IN THE CIRCUIT COURT OF

PLAINTIFF, ) RUSSELL COUNTY, ALABAMA

VS. ) CASE NO.: CC 02-186-188

Jerry Whitley

DEFENDANT. )

ORDER

This matter coming before the Court for call of the criminal trial docket on June 19, 2002. It is therefore,

**ORDERED, ADJUDGED AND DECREED:**

___ Upon failure of the defendant to appear in Court on this date, an alias writ and preliminary forfeiture is **ORDERED.**

___ Upon request/motion made in open court this matter is continued to trial docket set for August 5, 2002.

___ Plea deadline is extended to July 29, 2002 at 10:00 A.M.

___ Docket call is set for July 29, 2002 at 10:00 A.M.

✓ Motion to consolidate is ✓ granted ___ denied.

___ Hearing on Motion to suppress is set for __________.

___ Hearing on Motion to consolidate is set for __________.

___ Case is transferred to District Court/Municipal Court for disposition.

___ Defendant remanded to custody of Sheriff and shall make a new bond in the amount of __________.

FILED IN OFFICE 2002 AUG 20 PM 3:23 CIRCUIT CLERK

**DONE** this the 29th day of July 2002.

JUDGE, CIRCUIT COURT

August 23, 2002

Laurel Farrar
Attorney at Law
P.O. Drawer 2500
Phenix City, Al 36868-2500

Re: Jerry Whitley
CC-02-186,187,188

Dear Laurel:

This is in response to your letter dated August 22, 2002 and to confirm our telephone conversation of this date. As I stated in our phone conversation I was willing not to seek the firearm enhancement in the event of a plea of guilty by Whitley. However it seems evident at this time that Whitley desires a trial therefore I will seek the firearm enhancement and have filed the notice thereof this date.

On other matters I talked with Sherwin Boswell this date. I had faxed to him your pleading wherein you stated UPS and Federal Express would ship a sample containing ether. Sherwin told me that they would not ship ether to the ADFS Lab ( courier had to be used ) but that he would check with them again and if they would accept the shipment he would send it to your expert.

In our phone conversation you stated that Airborne Express might ship it if the other two would not. Since this was not in your motion I asked you to call Sherwin and advise him of that fact.

Sincerely

Buster Landreau
Chief Deputy District Attorney

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA,<br>Plaintiff,<br><br>vs.<br><br>JERRY E. WHITLEY,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL CASE NUMBER<br>CC-02-186, 187, 188 |

FILED IN OFFICE
2002 AUG 2? AM 10: 40

## DEFENDANT'S MOTION *IN LIMINE*

Comes now defendant JERRY E. WHITLEY, by and through his counsel of record, and moves the Court *in limine* to issue an order directing that the District Attorney not introduce any photographs, pictures or videotape made of this defendant or any co-defendant at or after the time of the arrest in the above-stated cases, and as grounds therefor, would show as follows:

1. Any photographs, pictures or videotape of this defendant or any co-defendant would be immaterial and irrelevant to any elements of the charges now pending.

2. Even if the Court should find that photographs, pictures or videotape of this defendant or any co-defendant is material or relevant, then the prejudicial effect substantially outweighs any probative value of such evidence.

*WHEREFORE*, defendant respectfully moves the Court to issue an order *in limine* directing that neither the District Attorney nor any State's witness produce to the jury any photographs, pictures or videotape made of this defendant or any co-defendant in the above-stated cases at the time of the arrest or subsequent thereto.

000435

EZELL & CHANCEY, LLP

By: ______________________________

Laurel W. Farrar
Attorneys for Defendant Jerry E. Whitley
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL 36868-2500
(334) 297-2400
Attorney Code FAR-036

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for defendant Jerry E. Whitley and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing same in his receptacle located in the Russell County Courthouse in Phenix City, Alabama, this 23rd day of August, 2002.

______________________________
Attorney for Jerry E. Whitley

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA,<br>Plaintiff, | ) | CRIMINAL CASE NUMBER<br>CC-02-186, 187, 188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY,<br>Defendant. | ) | |

FILED IN OFFICE
02 AUG 23 PM 2:27

## MOTION TO TRANSPORT

Comes now the defendant in the above-styled cause, by and through his attorney of record, and would request that this Honorable Court order that STEVEN MOSSESON, an inmate of the Lee County Jail, be transported to Phenix City, Alabama, in order to testify in the suppression hearing in the above-styled case scheduled for 2:00 p.m., EDT, on August 26, 2002.

In support of said motion, defendant would show that a subpoena request form was filed, on Friday, August 23, 2002, and a subpoena was produced by the Clerk. The defendant's attorney delivered the subpoena to the Russell County Sheriff's Department, but later learned that the above-named individual was not incarcerated at the Russell County Jail but had been transported to the Lee County Jail to face cases there. The said Steven Mosseson is a witness to the facts, circumstances and/or occurrences leading up to the arrest of the defendant, and it is anticipated that his testimony at the suppression hearing is necessary in order to rebut the evidence presented by the State of Alabama.

*WHEREFORE*, the premises considered, the defendant requests that the Court to order that a Russell County Deputy Sheriff transport the witness, Steven Mosseson, from the Lee County Jail to the Russell County Courthouse in Phenix City, Alabama, to testify at the suppression hearing on August 26, 2002, at 2:00 p.m., EDT, in Courtroom No. 1.

EZELL & CHANCEY, LLP

By: ______________________
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL 36868-2500
(334) 297-2400
Attorney Code FAR-036

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Motion to Transport upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 23rd day of August, 2002.

______________________
Laurel W. Farrar

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA, Plaintiff,

vs.

JERRY E. WHITLEY, Defendant.

CRIMINAL CASE NUMBER CC-02-186, 187, 188

## ORDER MOTION TO TRANSPORT

Defendant's attorney having submitted defendant's motion to transport Lee County Jail inmate Steven Mosseson to Phenix City, Alabama, to testify at the suppression hearing in the captioned case, it is the opinion of the Court that said motion is due to be granted. Therefore,

IT IS ORDERED, ADJUDGED AND DECREED that the Russell County Sheriff's Office transport Steven Mosseson from the Lee County Jail to appear in Courtroom No. 1 at 2:00 p.m., EDT, on August 26, 2002.

*SO ORDERED*, this 23rd day of August, 2002.

Honorable George R. Greene
Judge, Russell County Circuit Court

FILED IN OFFICE
2002 AUG 23 PM 3:30
CIRCUIT COURT
RUSSELL CO., AL

STATE OF ALABAMA )
PLAINTIFF, )
VS. )
JERRY EUGENE WHITLEY )
DEFENDANT. )

IN THE CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
CASE NO.: CC 02-186,187, 188

ORDER

The parties appearing before the Court for a hearing on the Defendant's motion to suppress and the Court proceeded to take testimony and upon consideration of same, it is ORDERED that the Motion to suppress is denied.

DONE this the 26th day of August 2002.

FILED IN OFFICE
2002 AUG 29 PM 4:26
CIRCUIT COURT

JUDGE, CIRCUIT COURT

STATE OF ALABAMA ) IN THE CIRCUIT COURT OF
)
PLAINTIFF, ) RUSSELL COUNTY, ALABAMA
)
VS. ) CASE NO.: CC 02-186
) 187
Jerry E. Whitley ) 188
)
DEFENDANT. )

ORDER

This matter coming before the Court for call of the criminal trial docket on September 4, 2002. It is therefore,

**ORDERED, ADJUDGED AND DECREED:**

✓ Upon failure of the defendant to appear in Court on this date, an alias writ and preliminary forfeiture is **ORDERED.**

✓ Upon request/motion made in open court this matter is continued to trial docket set for October 28, 2002.

___ Plea deadline is extended to ____________, 2002 at ___:00 ___.M.

✓ Docket call is set for October 16, 2002 at 10:00 A.M.

___ Motion to consolidate is ___ granted ___ denied.

___ Hearing on Motion to suppress is set for ____________________.

___ Hearing on Motion to consolidate is set for ________________.

___ Case is transferred to District Court/Municipal Court for disposition.

___ Defendant remanded to custody of Sheriff and shall make a new bond in the amount of ____________________.

✓ Set aside bond reduction. Original bond amounts reinstated $250,000.00, $20,000.00 & $1,000.00

FILED IN OFFICE

**DONE** this the 4th day of September 2002.

[signature]

JUDGE, CIRCUIT COURT

CIRCUIT COURT OF RUSSELL COUNTY

ALIAS WARRANT CC 2002 000138.

JID: GEORGE R. GREENE

000441

THE CITY OF SL0105214 VS WHITLEY JERRY EUGENE

TO ANY LAW ENFORCEMENT OFFICER:

YOU ARE HEREBY COMMANDED TO ARREST: WHITLEY JERRY EUGENE AND BRING HIM/HER BEFORE THIS COURT TO ANSWER THE STATE FOR THE CHARGE OF FAILURE TO APPEAR ON THE CHARGE OF: RESISTING ARREST - MISDEMEANOR

WITNESS MY HAND THIS SEPTEMBER 4, 2002.

BOND SET AT: NO BOND -

Kathy Coulter/JBS
JUDGE/CLERK/MAGISTRATE

DEFENDANT'S ADDRESS:

150 REYNOLDS ROAD

FORTSON , GA 31808 0000

DEFENDANT'S DESCRIPTION:

HT: 506 WT: 145
HAIR: BRO EYE: BRO
BIRTH DATE: 09/20/1965
RACE: W SEX: M
SID#: 000000000
SSN#: 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

ALIAS:

EMPLOYER: ______ PHONE NO: ______

TICKET NUMBER: AGENCY/OFFICER: 0570000/

NOTE:

THIS APPEARS TO BE A VALID ADDRESS

OFFICERS RETURN:
RECEIVED ON 9-4-02

EXECUTED ON 9-4-02 BY: Russell Co. S.O.

( ) DEFENDANT ARRESTED, RELEASED ON BOND
(X) DEFENDANT ARRESTED, IN JAIL
( ) DEFENDANT ARRESTED, NOT BOOKED
( ) NOT FOUND
( ) OTHER ______

Tammy Boswell
SHERIFF

W.P. Flynn
OFFICER

OPERATOR: JOS
PREPARED: 09/04/2002

# ALABAMA UNIFORM ARREST REPORT

Fingerprinted: No | PM Completed | 000442

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

**IDENTIFICATION**

ORI: 5 7 0 0 0 0
Agency Name: RUSSELL COUNTY SHERIFF DEPT

Last, First, Middle Name: Whitley Jerry Eugene

Hgt: 5-6 | Wgt: 140 | Eye: GRN | Hair: Bro

Place of Birth (City, County, State): Columbus Muscogee Co GA

SSN: 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 | Date of Birth: 09 20 65 | Age: 36

Home Address (Street, City, State, Zip): 1412 Daisy Ct Columbus GA 31904
Non-Resident
Residence Phone: ( ) 321-8830
Occupation: N/A
Business Address: N/A
Business Phone: ( ) N/A
Employer: N/A

**ARREST**

Arrested for your jurisdiction? Yes

Location of Arrest: RUSSELL CO DISTRICT/CIRCUIT CT

Condition of Arrestee: Sober
Resist Arrest? No
Injuries? None
Armed? N
Description of Weapon: N/A
Date of Arrest: 09 04 02

Charge-1: FEL — FTA Trafficking - Meth
Warrant #: CC02 156
Date Issued: 09 04 02
State Code/Local Ordinance: [illegible]

Charge-2: FEL — FTP Poss/Rec Controlled Subs
Date Issued: 09 04 02

Charge-3: MISD — FTP Resisting Arrest
Warrant #: CC02 158
Date Issued: 09 04 02

Arrest Disposition: Held

**VEHICLE**

Impounded? Yes / No

**JUVENILE**

Juvenile Disposition: Handled and Released / Ref. to Welfare Agency / Ref. to Adult Court / Ref. to Juvenile Court / Ref. to Other Police Agency

**RELEASE**

Date and Time of Release | Releasing Officer Name | Agency/Division | Released To | Agency Address | Property # | Personal Property Released to Arrestee: Yes / No / Partial | Remarks | Signature of Releasing Officer | Signature of Receiving Officer

Multiple Cases Cleared | Case # | Arresting Officer (Last, First, M.) | ID # | Supervisor | Watch Cmdr.

TO: HON. TOMMY BOSWELL, SHERIFF

FROM: CLERK'S OFFICE (By JODY)

DATE: 9/4/02

RE: STATE OF ALABAMA VS. Jerry Whitley

CASE NO.(S): Traff. Meth., Poss Cont. Subst., Resist. Arrest

OFFENSE(S): CC-02 186 187- 188-

Bonds: $250,000.00, 20,000- 1,000-

Please be advised that bond in the above-styled case(s) has been reset at $ See Above by the authority of Judge Greene.

COURT DATE: Sept. 16, 02 at 9:00Am

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, Plaintiff, | ) | CRIMINAL CASE NUMBER CC-02-186-188 |
| vs. | ) | |
| JERRY E. WHITLEY, Defendant. | ) | |

FILED IN OFFICE
2002 SEP -4 PM 4:52

**MOTION TO SET ASIDE WRIT OF ARREST AND WITHDRAW REVOCATION OF BOND**

Comes now the defendant in the above-stated matter, by and through his attorney, Laurel W. Farrar, and requests that the Court reconsider its issuance of writ of arrest in the above styled case, issued on the 4th day of September, and in support, defendant would show the following:

1. Defendant has been out on bond and has kept in touch and kept all appointments with the attorney and the bonding company.

2. Defendant has attended past docket calls and motion hearings.

3. Defendant mistakenly thought docket call was the day of the 4th at 2:00 p.m., rather than 10:00 a.m., and therefore arrived late to docket call. Defendant arrived shortly after 11:00.

4. During the time when Defendant should have been at docket call, Defendant was transporting his mother to a doctor's appointment. Please see attached affidavit of his mother, marked as Exhibit "A."

5. Defendant requests that the court have mercy and allow him to be back out on bond pending the trial in this matter.

6. Defendant requests a hearing on the motion.

*WHEREFORE*, defendant moves this Court to reconsider its issuance of a writ and to withdraw its revocation of his bond, setting this matter for hearing, as requested herein.

Respectfully submitted,

EZELL & CHANCEY, LLP

By: ______________________
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL 36868-2500
(334) 297-2400
Attorney Code FAR-036

CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 4th day of September, 2002.

______________________
Laurel W. Farrar