Exhibit "A"

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

### AFFIDAVIT OF MELBA JEAN WHITLEY

**TO:**   The Honorable George Greene, Circuit Judge

KNOW ALL MEN BY THESE PRESENTS that I, Melba Jean Whitley, of Harris County, Georgia, after having been first placed under oath do hereby state to the Court that I am the mother of Jerry Whitley, the defendant in this case; that on this morning, the morning of September 4, 2002, my son Jerry Whitley, who was at that time out on bond, took me to my doctor appointment. I had asked him to take me to the doctor's office, Family Practice, in Columbus, Georgia, where I saw Dr. Green. Jerry and I must have gotten the times mixed up and thought that the docket call in this case was at 2:00 p.m. I swear or affirm that the foregoing is true and correct.

Dated the 4th day of September, 2002.

_Melba Jean Whitley_
MELBA JEAN WHITLEY

| | |
|---|---|
| State of Alabama | ) |
| Russell County | ) |

I, Laurel W. Farrar, a Notary in and for said County and State, hereby certify that Melba Jean Whitley, whose name is signed to the foregoing affidavit and who is known to me, who being first duly sworn on oath, acknowledged before me on this day, that being informed of the contents of said affidavit executed the same voluntarily on the day the same bears date.

Given under my hand this the 4th day of September, 2002.

_Laurel W. Farrar_
Notary Public

(My Commission expires: 07/20/03)
Seal

Page 3



**BUSTER LANDREAU**
CHIEF DEPUTY DISTRICT ATTORNEY

**GREG WALDREP**
ASSISTANT DISTRICT ATTORNEY

**J. MAXWELL SMITH**
ASSISTANT DISTRICT ATTORNEY

**JOE EDWARDS**
ASSISTANT DISTRICT ATTORNEY

**KENNETH E. DAVIS**
DISTRICT ATTORNEY
TWENTY-SIXTH JUDICIAL CIRCUIT
RUSSELL COUNTY, ALABAMA

Post Office Box 939
Phenix City, Alabama 36868-0939
(334) 298-6028 / (334) 297-0916
Fax (334) 291-5453

September 5, 2002

Laurel Farrar
Attorney at Law
P.O. Drawer 2500
Phenix City, Al 36868-2500

Re: Jerry Whitley
    CC-02-186,187,188

Dear Laurel:

This is in response to your letter of September 5, 2002. It seems apparent that you do not fully understand the position of the State. Sherwin Boswell, who as Director of the Lab should be familiar with this situation, informs me that the samples you are requesting are considered Hazardous Materials by the shipping companies. Therefore they not only require special packing but also require the shipper ( in this case the state) to assume financial liability for any damages in the event the package should be damaged or the hazardous materials released.

Since these samples would be shipped to an expert that we are unfamiliar with, and those samples would have to be shipped back, it seems to me it is unreasonable that you and your client would expect the state to undertake this risk I am equally certain law enforcement does not want to undertake this risk.

In several conversations you have, based upon a spouse working for the Post Office, intimated that we are overstating the situation and that it would be a simple thing to do. While I obviously think you are mistaken, I would offer the following:

**The state has no objection to you securing the appropriate shipping materials and taking the same to the Auburn Lab where the samples would be packaged by you for shipment by you via whatever medium you chose.**

Since it is you and your client that desire an independent analysis by an expert of your choice I would think this would be satisfactory. Please inform me of when you will arrive at the Auburn Lab.

Sincerely

Buster Landreau
Chief Deputy District Attorney

EZELL & CHANCEY, LLP
ATTORNEYS AT LAW
Seventeenth Avenue
PHENIX CITY, ALABAMA 36867

Telephone (334) 297-2400
Facsimile (334) 297-3842

Mailing Address:
P.O. Box Drawer 2500
Phenix City, AL 36868-2500

*JEFFREY C. EZELL
RICHARD L. CHANCEY
LAUREL W. FARRAR
R. MICHAEL RAIFORD
*Licensed in Alabama and Georgia

Hon. Buster Landreau
Chief Deputy District Attorney
Russell County Courthouse
Phenix City, Alabama

Dear Buster:

Re:    State of Alabama vs. Jerry E. Whitley
       Russell County Circuit Court Case Nos. CC-02-186, 187, 188

Yesterday I spoke to Sherwin Boswell. I found out that neither of the samples had been shipped to the independent laboratory as yet. I had spoken to him concerning the issues in this case several times before, specifically, his being unwilling to assume the responsibility for shipping any samples of the seized substances as ordered. He stated that there are various rules and regulations which are required by the shippers who do allow shipment of hazardous materials, and he does not have the required materials to comply with these rules, such as having a particular type of cardboard box, etc.

He stated that he thought perhaps if law enforcement were to pick up the two samples, they could be the ones to assume responsibility for shipment to Las Vegas. Would you please work something out where these items can get to the laboratory and to Dr. Hiatt? All I can say is, it is in the order, it can be done, and I have prior approval for shipping costs, so if the state wants to bill the firm, I have no problem with us cutting a check to Airborne Express, or whatever. Thanks.

Sincerely,

Laurel W. Farrar

LWF:lwf
cc:    Mr. Jerry E. Whitley

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186-188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

FILED IN OFFICE

## AMENDMENT TO MOTION TO SET ASIDE WRIT OF ARREST AND WITHDRAW REVOCATION OF BOND

Comes now the defendant in the above-stated matter, by and through his attorney, Laurel W. Farrar, and requests that the Court amend his motion filed on the 4th of September to add the following:

1. Defendant would show that his bond was reduced by this Court on the 27th of March, 2002, to $60,000.00 in case number CC 02-186, $10,000.00 in case number CC 02-187, and $1,000.00 in case number CC 02-188.

2. Defendant would show that he is unable to make the bond amounts originally set in the above style cases.

3. Defendant would show that his attorney had previously in the above cases filed motions to reduce bond and writs of habeas corpus which resulted in the court's lowering of his bond, and it would be expedient and efficient for the Court to set the bond in these amounts at this time.

4. Defendant would request that his bond be reset in these amounts at this time.

5. Defendant would set forth the other propositions contained in his original motion

and request that the Court consider them to be incorporated herein.

*WHEREFORE*, defendant moves this Court to reconsider its issuance of a writ and to withdraw its revocation of his bond, setting the bond in the above, lowered amounts as previously ordered, and moves this Court to again consider the original motion as amended, as requested herein.

Respectfully submitted,

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)   297-2400
Attorney Code FAR-036


CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing amendment to motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 5th day of September, 2002.

_____
Laurel W. Farrar

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

| | |
|---|---|
| JERRY E. WHITLEY,<br>    Petitioner,<br><br>vs.<br><br>STATE OF ALABAMA and THOMAS F.<br>BOSWELL, Sheriff of Russell County, Alabama,<br>    Respondents. | ) <br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. _____

RUSSELL COUNTY
CIRCUIT COURT
CASE NO. CC-02-186, 187, 188

## PETITION FOR WRIT OF *HABEAS CORPUS*

Petitioner petitions this Court to issue a writ of *habeas corpus* requiring Thomas F.

Boswell, Sheriff of Russell County, Alabama, to bring petitioner before this Honorable Court to

show just cause as to why petitioner's bond should not be reduced, and as cause therefor, states

as follows:

    1.    This petition for a writ of *habeas corpus* is made on behalf of Jerry E. Whitley, by

and through his attorney, Laurel W. Farrar.

    2.    Petitioner is imprisoned and restrained of his liberty in the Russell County Jail in

Phenix City, Alabama, by the Sheriff on felony charges, *to-wit*: Possession of methamphetamine,

resisting arrest and trafficking in methamphetamine, pursuant to indictments issued on January

16, 2002.

    3.    Petitioner is restrained of his liberty on said felony charges with bails in the

amounts of $250,000.00 for the charge of Trafficking Methamphetamine, $20,000.00 for the

charge of Possession of a Controlled Substance, and $1,000.00 for the misdemeanor charge of

Resisting Arrest, for a total of $271,000.00.  Said amounts were set by the Honorable George

Greene, Russell County Circuit Court Judge.

4.      Petitioner filed a Petition for Writ of *Habeas Corpus* on March 13, 2002, and on March 27, 2002, this Court reduced said bond amounts to $60,000.00 in Case Number CC-02-186, $10,000.00 in Case Number CC-02-187, and $1,000.00 in Case Number CC-02-188.

5.      After petitioner's bond amounts were so reduced, petitioner's family members assisted him and he was subsequently released on bond. While petitioner was out on bond, he kept in touch with his attorney on an almost daily basis, kept all appointments with his attorney and his bonding company and attended all docket calls and motion hearings.

6.      These cases appeared on this Court's docket to be called on September 4, 2002, at 10:00 a.m.. Petitioner mistakenly thought the docket call was to be held at 2:00 p.m., and at 10:00 a.m. was transporting his mother to a doctor's appointment. Petitioner's attorney contacted him immediately, and he arrived in court shortly after 11:00 a.m. When petitioner arrived, he was arrested, and the Court set aside the bond reduction and reinstated the original bond amounts.

7.      On September 4, 2002, the undersigned attorney submitted to the Circuit Court a Motion to Set Aside Writ of Arrest and Withdraw Revocation of Bond, and on September 5 submitted an amendment thereto. Copies of said motions and order are attached hereto.

8.      The present bond amount is excessive in violation of the constitutional rights of petitioner as set forth in the Eighth and Fourteenth Amendments to the United States Constitution and in violation of the constitutional rights of petitioner as set forth in Article I, Section XVI of the Alabama Constitution.

9.      The present bond amount is contrary to the provisions of Section 15-13-2, Code of Alabama, as amended, which recognizes the allowance of bail as a matter of right prior to conviction.

Page 2

10.    The present bond amount is excessive to such a degree that it effectively denies petitioner the right to bail prior to conviction.

11.    The present bond amount greatly and unreasonably exceeds the recommended range of bail as provided under Rule 7.2 of the Alabama Rules of Criminal Procedure.

WHEREFORE, petitioner prays:

a.    That this Honorable Court grant a writ of *habeas corpus*, and after reviewing all of the evidence and argument of counsel;

b.    That this Honorable Court set a bond that is reasonable and not excessive, all within the guidelines dictated by the Constitutions of Alabama and the United States; and

c.    Grant such other and further relief as may be deemed just in the premises.

EZELL & CHANCEY, LLP

By:    _____
Laurel W. Farrar
Attorneys for Petitioner
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,  )    CRIMINAL CASE NUMBER
      Plaintiff,  )    CC-02-186, 187, 188
             )
vs.  )
             )
JERRY E. WHITLEY,  )
      Defendant.  )

## MOTION TO COMPEL COMPLIANCE WITH THE COURT'S ORDER FOR TRANSPORT OF SAMPLES FOR INDEPENDENT ANALYSIS

    Comes now the above-named defendant, by and through his attorney of record, and files this motion pursuant to Rule 16.5 of the Alabama Rules of Criminal Procedure, requesting that the Court compel the District Attorney to comply with this Court's Order dated August 9, 2002, that the Alabama Department of Forensic Science send a representative sample of two portions of the seized substances in this case to the named independent laboratory expert, Dr. John Hiatt, for an independent analysis.

    In support of this motion, the defendant would show the following, *to-wit:*

    1.    That on August 9, 2002, this Court issued an order entitled Order for Transport of Samples for Independent Analysis.

    2.    That a separate order entitled Order Approving Extraordinary Expenses for the cost of the independent laboratory expense was issued on the same date as the Court's Order for Transport.

    3.    That the State of Alabama, represented by and through the District Attorney, objected to the Court's order in its Motion to Amend Order filed on August 15, 2002.

    4.    That the defendant, by and through his attorney of record, filed an Objection to Motion to Amend Order on August 16, 2002.

5.    That the attorney for the defendant has done preliminary research into what materials can and cannot be shipped by certain ground and/or air couriers, and the District Attorney has stated that the defendant's attorney should be the one to ship the materials to the independent research laboratory, to which defendant objects and which is contrary to this Court's Order.

6.    That the attorney for the defendant and the District Attorney have been in communication orally and in writing concerning the fact that one of these samples contains a substance which may cause the State of Alabama to incur a liability if the package should be damaged during shipment.

7.    That the parties disagree as to who should bear the liability in the unlikely event the substance cause damage, whether to itself or otherwise.

8.    That because of this communication back and forth, and because there is currently an order that the State of Alabama is to send the samples of the seized substance, the attorney for the defendant has come to realize that the State of Alabama has no intention of sending the sample, and therefore, a pleading must be filed in order to compel compliance with the order of this Court.

9.    That this case was first continued at least one term due to the laboratory report's not being back from the Alabama Department of Forensic Science.

10.    That the case had to be continued from the late August/early September term, presumably because the seized materials had not yet been shipped to the independent laboratory for analysis.

11.    That the defendant requests that the Court compel the State of Alabama, by and through the District Attorney of Russell County, to ship the seized materials to the independent research laboratory in Las Vegas, Nevada, as previously ordered.

*WHEREFORE*, the premises considered, the defendant, by and through his attorney, requests the relief prayed for herein:

a.    That the Court compel immediate compliance with the Court's Order that the seized materials in the custody of the State of Alabama, currently located at the Auburn, Alabama location of the Alabama Department of Forensic Science, identified in its report in this case dated June 14, 2002, be appropriately packaged according to the selected courier's requirement;

b.    That immediately, or as soon as is practicable, said items be sent to Dr. John Hiatt, American Medical Laboratories, Quest Diagnostics, 4230 Burnham Avenue, Suite 250, Las Vegas, Nevada 89119, telephone number (702) 733-7866, fax number (702) 733-0318, with advance notification to Dr. Hiatt by the authorized person shipping the materials with confirmation of the shipment and the reference number;

c.    That the Court identify who or what entity shall be liable should there be inadvertent non-compliance with any regulatory requirement concerning shipment of unusual substances, or should any unforeseen injury or accident occur while the properly packaged substance is in transit;

d.    That the Court allow any other remedy relating to the procurement of a fair, independent analysis which it finds appropriate under Rule 16.5 of the Alabama Rules of Criminal Procedure, under the Constitution of the United States and the Constitution and the laws of the State of Alabama, consistent with the requirements of justice and fairness.

Respectfully submitted, this 23rd day of September, 2002,

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)   297-2400
Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 23rd day of September, 2002.

_____

Laurel W. Farrar

STATE OF ALABAMA                    *          IN THE CIRCUIT COURT OF
                                    *
VS.                                 *          RUSSELL COUNTY, ALABAMA
                                    *
JERRY E. WHITLEY                    *          CASE NO. CC-02-186,187,188

## RESPONSE TO MOTION TO COMPEL

Comes now the State of Alabama and in response to the " Motion to Compel" filed herein by

Defendant and says as follows:

1 - Heretofore the Defendant has made a Motion under Rule 16.1(c) to be permitted to

analyze the controlled substances seized by the State from Defendant and for funds to hire an expert

to conduct the analysis.

2 - Rule 16.1(c) requires the State to "permit" the defendant to conduct such an analysis.

3 - The Court granted the Motion and granted funds to hire an expert.

4 - The attorney for Defendant selected an expert in Las Vegas, Nevada. Defense counsel did

not make any inquiry as to whether this would cause shipping problems.

5 - After the Order was received by the State ( **which was the first time the State was**

**notified of the identity and/or location of the defense expert)** the State informed Defense Counsel

that per Sherwin Boswell one of the samples would be considered a hazardous material and the

shipper would have to incur financial responsibility for any damage caused by said materials during

shipping and further that such liability would be substantial.

6 - The defense counsel, several days later, informed the undersigned that she had checked

with several shipping companies and they would ship the hazardous material without financial

liability. Sherwin Boswell checked with each company and was informed that special shipping

materials would have to be used and the shipper would still be financially responsible.

7 - The State informed defense counsel of this via letters dated 8-23-2002 and 9-5-2002, copies of which are attached hereto. In the letter of 9-5-2002 the State offered to allow Defense Counsel to secure the necessary packing materials, take the same to the lab and ship the materials with either Counsel or her client being the shipper and therefore incurring the liability of doing so.

8 - The State feels this offer was fair and reasonable particularly in light of the fact that the State is totally unfamiliar with the expert chosen by the Defendant, his qualifications for handling hazardous materials or his facilities for handling such materials.

9 - The State further asserts that its responsibility of Rule 16.1 of the Alabama Rules of Criminal Procedure is to "permit" the defendant's expert to analyze the controlled substance and does not extent to incurring substantial risks to ship the substance.

10 - Defense Counsel responded to the State's Offer by declaring that neither she nor her client were willing to incur the potential liability.

11 - The State finds the position of Defendant and Counsel somewhat puzzling in light of Defense Counsel's repeated assertions that there is little or no risk associated with shipping the sample and particularly puzzling in light **of the fact that either the Defendant, Counsel or their expert will have to ship the materials back to the State** .

12 - The State has been, and continues to be, willing to allow Defendant or his counsel to ship the materials and incur the risk or in the alternative the State is willing to allow the Defense expert to use its laboratory facilities in Auburn to conduct an analysis.

In conclusion the State submits that it is manifestly unjust to require the Department of Forensic Sciences to incur a potentially substantial liability to ship the samples to a person and place of the defendant's choosing and that it is reasonable to require the defendant to assume such liability

since it is the defendant who is requesting the independent analysis and it is the defendant who has

control of the expert and the defendant will have to incur liability in any event to return the items and

the defendant is the only one with any control over the return of the items.

The State further submits that it has made every reasonable effort to work with Defense

Counsel to resolve this matter and that the failure to resolve the issue has been due to the

stubbornness and unreasonableness displayed by defendant.

Done this _____26th_____ day of _____Sept_____, 2002

Buster Landreau

Chief Deputy District Attorney

Certificate of Service

The undersigned hereby certificates that he has served a copy of this pleading upon Counsel

for Defendant on the date set forth above.

Buster Landreau

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA,<br>Plaintiff, | )<br>)<br>) | CRIMINAL CASE NUMBER<br>CC-02-186, 187, 188 |
| vs. | )<br>) | |
| JERRY E. WHITLEY,<br>Defendant. | )<br>) | |

### REPLY TO RESPONSE TO MOTION TO COMPEL

Comes now the defendant, by and through his attorney of record, and makes the following reply to the State's Response to Motion to Compel the District Attorney to comply with this Court's Order dated August 9, 2002.

1.    The Order in controversy was issued on defendant's motions filed in June this year. The District Attorney was served with copies of said motions, and hearings were subsequently held thereon at which the State did not mention any anticipated problems that might be encountered in shipping the samples for independent analysis.

2.    At the request of the Court, defendant submitted supplemental information, including the identity and location of defendant's expert, on July 29, and a copy was served upon the District Attorney. The statement in Paragraph 5 of the State's response that the first notice of this was the Order of August 9 is simply not true.

3.    In Paragraph 2 of the Order in issue this Court ordered that the samples be delivered to the expert by the Alabama Department of Forensic Sciences no later than August 12. Said Paragraph 2 further required that the samples be shipped "after communicating with Dr. Hiatt...to determine the requirements for samples and packaging. No objection was made to this Order until August 15 when the District Attorney filed a Motion to Amend Order.

Page 1

4.    The Order in issue was not directed to the defendant or the defendant's attorney. Therefore, it is the defendant's position that it is incumbent upon the State to comply with the Court's directives and that the responsibility therefor does not lie with the defendant, with or without the State's magnanimous concession of allowing defendant's counsel to do all work and assume all responsibility and liability in connection therewith as mentioned in Paragraph 7 of its response.

5.    At the conclusion of the analysis, the samples will certainly be shipped back to the State by Dr. Hiatt, but defense counsel finds the State's position in Paragraph 11 of its response that this is somehow associated with the task of shipping the samples to Dr. Hiatt is somewhat puzzling.

6.    The State avers, **in bold type**, that it has made every reasonable effort to work with Defense Counsel to resolve this matter, but defendant has displayed stubbornness and unreasonableness. Defendant respectfully submits that this is not a matter to be resolved between the parties, but rather is a direct Order of this Court which the State has spent a great deal of time and effort to sidestep.

*WHEREFORE*, the premises considered, the defendant, by and through his attorney, again requests that the Court compel the State to immediately comply with this Court's Order of August 9, 2002.

Respectfully submitted, this 1st day of October, 2002,

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Defendant
P. O. Drawer 2500
Phenix City, AL  36868-2500

Page 2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Reply upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 1st day of October, 2002.

Laurel W. Farrar

IN THE CIRCUIT COURT OF

RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA                    )

      PLAINTIFF,                   )

                          )        CASE NO. CC-02-186-188

VS.                                 )

JERRY E. WHITLEY                    )

      DEFENDANT.                   )

## ORDER

The defendant having filed a motion to set aside writ of arrest and withdraw revocation of bond and a motion in limine and the Court having considered same, it is ORDERED that a hearing is set for the 23rd day of October, 2002 at 3:00 P.M. in Courtroom No. 1, Russell County Courthouse.

Dated this the 9th day of October 2002.

*George R. Greene*

JUDGE, CIRCUIT COURT

STATE OF ALABAMA                    )     IN THE CIRCUIT COURT OF

        PLAINTIFF,                 )     RUSSELL COUNTY, ALABAMA
                              )
                              )     CASE NO.: CC 02-186-188
    VS.                            )

JERRY E. WHITLEY                    )
                              )
        DEFENDANT.                 )

## ORDER

    The defendant having filed a motion to compel, compliance with the Court's order for transport of samples for independent analysis and the Court having considered same, it is ORDERED that the motion to compel is denied.

    DONE this the 10th day of October 2002.


_____
     JUDGE, CIRCUIT COURT

JERRY E. WHITLEY

      PETITIONER,

      VS.

STATE OF ALABAMA and THOMAS F.
BOSWELL, Sheriff of Russell
County, Alabama,

      RESPONDENTS.

IN THE CIRCUIT COURT OF

RUSSELL COUNTY, ALABAMA

CASE NO.: CC 02-186-188

## ORDER

    The Petitioner, Jerry E. Whitley having filed a Petition for writ of Habeas Corpus and the Court having considered same, it is ORDERED that a hearing is set for October 23, 2002 at 3:00 P.M.

    DONE this the 10th day of October 2002.

                            JUDGE, CIRCUIT COURT

STATE OF ALABAMA

           PLAINTIFF,      )

VS.               )

JERRY EUGENE WHITLEY   )

           DEFENDANT.     )

IN THE CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA

CASE NO.: CC 02-186,187,188

## ORDER

The parties appearing before the Court for a hearing on motions filed by the Defendant. The Court proceeded to hear testimony and upon consideration of same, it is ORDERED that the Motion to reduce bond is denied. It is further ORDERED that the Motion in Limine is granted as to photographs of co-defendants and denied as to videotape involving defendant and co-defendants. The Court reserves ruling on Motion in Limine as to single photograph of defendant.

DONE this the 23rd day of October 2002.

_George R. Greene_
JUDGE, CIRCUIT COURT

JERRY E. WHITLEY          )    IN THE CIRCUIT COURT OF
                  PETITIONER,       )    RUSSELL COUNTY, ALABAMA
                          )
        VS.               )    CASE NO.: CC 02-186-188
                          )
STATE OF ALABAMA and THOMAS F.    )
BOSWELL, Sheriff of Russell    )
County, Alabama,          )
                          )
            RESPONDENTS.    )

## ORDER

   The Petitioner having filed a petition for Writ of Habeas Corpus
and the Court having taken testimony ore tenus it is ORDERED that the
Petition for Writ of Habeas Corpus is denied.

   DONE this the 25th day of October 2002.


                    _____
                    JUDGE, CIRCUIT COURT


FILED IN OFFICE

2002 OCT 25  PM 3: 05

CIRCUIT/DIST.COURT
RUSSELL CO. AL.

STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

H. W. "Bucky" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

<u>ORDER</u>

CR-02-0133

Ex parte Jerry E. Whitley (In re: State of Alabama vs. Jerry E. Whitley)  (Russell Circuit Court: CC-02-186, 187 & 188).


        Upon consideration of the above referenced Writ of Habeas Corpus, the Court of Criminal Appeals ORDERS that said petition be and the same is hereby denied.

        McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.

                        Done this the 4th day of November, 2002.


                        _____
                        H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/wki

cc: Honorable George R. Greene, Circuit Judge
    Honorable Kathy S. Coulter, Circuit Clerk
    Honorable Tommy Boswell, Sheriff
    Honorable Bill Pryor, Attorney General
    Honorable Laurel Wheeling Farrar, Attorney, Petitioner
    Honorable Kenneth Davis, District Attorney
    Office of Attorney General

000470

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA,<br>Plaintiff, | )<br>)<br>) | CRIMINAL CASE NUMBER<br>CC-02-186-188 |
| vs. | )<br>) | |
| JERRY E. WHITLEY,<br>Defendant. | )<br>)<br>) | |

## MOTION FOR APPROVAL OF EXTRAORDINARY EXPENSES PURSUANT TO *MAY v. STATE*

Comes now the defendant in the above-stated matter, by and through his attorney, Laurel W. Farrar, and requests the Court to approve in advance the reimbursement of expenses for additional laboratory analysis of the substance alleged in the indictment to be methamphetamine. Additionally, defendant would request approval in advance of expenses for obtaining the testimony of the independent expert witness at the trial of the above-stated case. In support of said request, defendant respectfully shows the Court as follows:

1.    The results of the independent laboratory analysis of the representative samples revealed such a ratio of alleged controlled substance that further analysis is necessary.

2.    It is defendant's position that under the definition of "mixture" set forth in Code of Alabama 1975 §13A-12-231, the results of said analysis show that the seized substances will not be found to satisfy the statutory requirements.

3.    The alleged controlled substance was actually weighed, although it is in liquid form rather than solid and should be measured by components rather than weighed.

4.    The testimony of the independent witness at trial is necessary in order to get the results of the analysis into evidence for consideration by the jury.

5.    The Alabama Court of Criminal Appeals held in *May v. State* that "expenses reasonably incurred" are reimbursable under Code of Alabama 1975, §15-12-21. Under *Ex Parte Barksdale*, 680 So.2d 1029 (1996), such expenses must be approved by the Trial Court prior to being incurred.

6.    A separate motion entitled "Defendant's Motion to Continue" has been filed contemporaneously with the instant motion.

7.    At this time, counsel for defendant estimates the cost of additional laboratory analysis at approximately $700.00 and the amount necessary for transportation of the expert witness to appear at trial at approximately $2,000.00 and would ask the Court to pre-approve costs in an amount capped at $2,700.00 for such analysis and for costs of procuring testimony of the expert witness.

*WHEREFORE*, the premises considered, defendant requests moves this Court to approve payment of expenses as requested herein.

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL   36868-2500
(334)  297-2400
Attorney Code FAR-036

Page 2

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for defendant Jerry E. Whitley and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 3rd day of December, 2002.

Laurel W. Farrar

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,       )     CRIMINAL CASE NUMBER
          Plaintiff,        )     CC-02-186-188
                     )
                     )
vs.                      )
                     )
JERRY E. WHITLEY,       )
          Defendant.     )

## MOTION FOR APPROVAL OF COURT REPORTER EXPENSES PURSUANT TO *MAY v. STATE*

Comes now JERRY E. WHITLEY, defendant in the above-styled case, by and through his attorney, and requests the Court to approve in advance the reimbursement of expenses for a certified court reporter to furnish transcripts of the guilty pleas of defendant's co-defendants Wayne Meadows and Steve Mosseson and a transcript of the suppression hearing in the above-stated case. In support of this request, defendant respectfully shows the Court as follows:

      1.       The Alabama Court of Criminal Appeals held in *May v. State* that "expenses reasonably incurred" are reimbursable under Code of Alabama 1975, §15-12-21. Under *Ex Parte Barksdale*, 680 So.2d 1029 (1996), such expenses must be approved by the Trial Court prior to being incurred.

      2.       It is necessary that defendant's counsel have the use of transcripts of the guilty pleas of defendant's said co-defendants and a transcript of testimony at the suppression hearing in this case in order to effectively cross-examine the State's witnesses at the trial of the case.

*WHEREFORE*, defendant moves this Court to approve payment to Laurel W. Farrar at the conclusion of the above-styled case for expenses relating to the foregoing in the projected amount of $ 400.00

EZELL & CHANCEY, LLP

By: _____
Laurel W. Farrar
Attorneys for Defendant
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for defendant and that I have served a copy of the within and foregoing motion upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 4th day of December, 2002.

_____
Laurel W. Farrar

TERM DATE: 12/02/2002   PANEL: 001   STATUS: A

| STRIKE | JUROR'S NAME | | STRIKE | JUROR'S NAME |
|--------|--------------|--|--------|--------------|

0009  BRADSHAW ELSA ROSERO

6 ~~0020  CALHOUN ROBERT LEE~~

0025  COCHRAN (CHIP) EMORY A

exc. ~~0027  CORCORAN G MIKE~~

~~0028  COX GORDON EUGENE~~ c/o 3

10 ~~0033  DEESE JESSE ROY~~

0038  ELLIOTT ALPHONSO

7 ~~0039  ETHRIDGE C WAYNE~~

~~0041  FINCHER JAMES JULIUS DR~~ 1

~~0044  FREY LLOYD SETH~~ 2

1 ~~0013  GLASE TANYA FREEMAN~~

2 ~~0057  HOLLOWAY WILLIE GRIGGS~~

4 ~~0059  HOOD OZELL~~

3 ~~0062  HUGULEY EVELYN E~~

0068  JOHNSON-GIBBS NICOLE

exc. ~~0070  JONES MICHAEL WAYNE~~

~~0071  JORDAN TAMARA MATTHEWS~~ 7

0073  KIRBY DEL LEE

11  0076  LANDINGHAM T GARY   Alt.

exc. ~~0077  LEE TIFFANY DANIELLE~~

~~0078  LEWIS ANNIE LEE WILLIAM~~ 6

8 ~~0083  MARTIN MINNIE SLAINE~~ 9

0089  MOORE BOB THOMAS

0100  POWELL JIMMY E

0101  RATHEL E JO

~~0103  RIGS G RONNIE~~ 10

0106  SANDERS SYLVIA JOHNSTON

0108  SCHLEY DESHUNDA LAFAYE

0109  SCOTT-CROW MICHELLE

0110  SELLS MARY TIPPS

~~0111  SESSIONS KIM NICHOLE~~ 5

c/o 5 ~~0113  SMITH JESSIE WILLIAMS~~

8 ~~0115  THACKER PEGGY ROSWITA~~

~~0117  THOMAS STACEY~~ 9

~~0123  WELLS WANDA HUTCHINS~~ 4

0128  WOLFINGER RODNEY MARTIN 9

CC-02-186-187-188    12.05.02

State of AL vs Jerry Whitley

Landreau          Farrar

| S | D |
|---|---|
| 1-48 | 1-41 |
| 2-57 | 2-44 |
| 3-62 | 3-28 |
| 4-59 | 4-133 |
| 5-113 | 5-111 |
| 6-20 | 6-78 |
| 7-39 | 7-71 |
| 8-115 | 8-83 |
| 9-117 | 9-128 |
| 10-33 | 10-103 |
| 11-76  Alt. | |

STATE OF ALABAMA       *       IN THE CIRCUIT COURT OF

        * 

    VS.             *       RUSSELL COUNTY, ALABAMA

        * 

JERRY WHITLEY        *       CASE NO. CC-02-186,187,188

## STATE'S REQUESTED JURY CHARGE #1

I charge you Ladies and Gentlemen of the Jury that if a person is knowingly in possession of 28 grams or more of Methamphetamine of any mixture containing Methamphetamine then he is guilty of the crime of Trafficking in Possession.

GIVEN _____.

DENIED __12/5/02__     given in original general charge

STATE OF ALABAMA      *      IN THE CIRCUIT COURT OF

                    *

VS.      *      RUSSELL COUNTY, ALABAMA

                    *

JERRY WHITLEY      *      CASE NO. CC-02-186,187,188

### STATE'S REQUESTED JURY CHARGE #2

I charge you Ladies and Gentlemen of the Jury that if where an illegal drug is commingled with or diffused in a mixture, you may count the weight of the entire mixture in determining if the defendant knowingly possessed 28 grams or more of a methamphetamine mixture.


GIVEN _____


DENIED _____

STATE OF ALABAMA       *       IN THE CIRCUIT COURT OF

                     * 

VS.                *       RUSSELL COUNTY, ALABAMA

                     * 

JERRY WHITLEY       *       CASE NO. CC-02-186,187,188

## STATE'S REQUESTED JURY CHARGE #3

I charge you Ladies and Gentlemen of the Jury that when a controlled substance is found

*Rebuttal Presumption*

on premises controlled by the defendant there is an inference under the law that the defendant

possessed the controlled substance.

GIVEN _____

DENIED _____

STATE OF ALABAMA     *     IN THE CIRCUIT COURT OF

                *

    VS.           *     RUSSELL COUNTY, ALABAMA

                *

JERRY WHITLEY       *     CASE NO. CC-02-186,187,188

## STATE'S REQUESTED JURY CHARGE #4

I charge you Ladies and Gentlemen of the Jury that constructive possession occurs when a defendant exerts or is able to exert dominion and control over the controlled substance.


GIVEN _____


DENIED _____

STATE OF ALABAMA                    *        IN THE CIRCUIT COURT OF
                                    *
    VS.                             *        RUSSELL COUNTY, ALABAMA
                                    *
JERRY WHITLEY                       *        CASE NO. CC-02-186,187,188

## STATE'S REQUESTED JURY CHARGE #5

I charge you Ladies and Gentlemen of the Jury that a defendants knowledge of a controlled

substance may be established by circumstantial evidence and does not depend upon ownership.

*BUT DOES REQUIRE POSSESSION*

GIVEN _____/_____


DENIED _____

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | CRIMINAL CASE NUMBER |
| Plaintiff, | ) | CC-02-186, 187, 188 |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY E. WHITLEY, | ) | |
| Defendant. | ) | |

## DEFENDANT'S REQUESTED JURY CHARGE #1
## CONSTRUCTIVE POSSESSION

One of the elements which the State must prove in this case is possession. What do we mean by "possession?" To Possess means to have actual and immediate dominion or control over the object alleged to be possessed. There are two kinds of possession: actual and constructive. Where the State seeks a conviction based on the accused's alleged constructive possession of illegal drugs, it must establish that the accused had knowledge of the presence of those drugs.

If you find that the accused is in exclusive possession of the premises where the illegal drugs are found, it may be inferred that he had knowledge of the presence of the drugs. However, if you find that the accused is not in exclusive possession of the premises where the drugs are found, you may not infer that the accused knew of the presence of those drugs without some other circumstances to support such an inference.

Palmer v. State, 593 So.2d 143 (Ala. Crim. App. 1991).

*given*                    12/5/0

*given*                    *grg*

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA, <br> Plaintiff, | ) <br> ) <br> ) |
| vs. | ) <br> ) |
| JERRY E. WHITLEY, <br> Defendant. | ) <br> ) <br> ) |

CRIMINAL CASE NUMBER
CC-02-186, 187, 188

## DEFENDANT'S REQUESTED JURY CHARGE #2
## ELEMENTS OF CONSTRUCTIVE POSSESSION

There is an inference of constructive possession when the controlled substance is found on the premises owned or controlled by the accused. Three elements are necessary to establish possession of a controlled substance. They are:

1. Actual or potential physical control,

2. Intention to exercise dominion,

3. External manifestations of intent and control.

Rawls v. State, 585 So.2d 241 (Ala. Crim. App. 1991).
Donahoo v. State, 505 So. 2d 1067 (Ala. Crim. App. 1986).

*given 12/5/0*

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA,　　　　　　　)　　CRIMINAL CASE NUMBER
　　　　Plaintiff,　　　　　　　　　)　　CC-02-186, 187, 188
　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
JERRY E. WHITLEY,　　　　　　　)
　　　　Defendant.　　　　　　　　)

## DEFENDANT'S REQUESTED JURY CHARGE #3
## REQUIREMENT OF PROOF OF POSSESSION

　　　　Conviction for the possession of illegal drugs cannot be based on constructive possession

alone.  Where the state relies on constructive possession, it is necessary that the prosecution

prove that the defendant had knowledge of the presence of the illegal drugs.  Moreover, where

the accused is not in exclusive possession of the premises upon which illegal drugs are found,

this knowledge may not be inferred without other evidence that connects the defendant with the

contraband.

McGruder v. State, 560 So. 2d 1137 (Ala. Crim. App. 1989).

*given 12/5/0—*

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

STATE OF ALABAMA                    )

VS.                                 )        CASE NO.   CC 02-188

JERRY E. WHITLEY                    )

    DEFENDANT.                      )

## GUILTY VERDICT

    We the jury, find the defendant, Jerry E. Whitley guilty
of the offense of Resisting Arrest as charged in the indictment.

*Nicole Gibbs*
_____
Foreperson

*12-5-02*
_____
Date

STATE OF ALABAMA,                    )  IN THE CIRCUIT COURT OF

      PLAINTIFF,                    )  RUSSELL COUNTY, ALABAMA

                            )  CASE NO. CC 02-188

VS.                                  )

JERRY E. WHITLEY                     )

      DEFENDANT.                    )


## VERDICT


    December 5, 2002.  Now comes the defendant, with assistance of counsel, for trial by a jury of twelve upon his plea of not guilty.

    December 5, 2001.  Now comes the jury and returns its unanimous verdict as follows:  "We, the Jury, find the defendant, Jerry E. Whitley, guilty of the offense of Resisting Arrest, as charged in the indictment.

    Date: December 5, 2001; Nicole Gibbs, Foreperson."

The verdict being in proper form, the Court accepts the verdict.

    The defendant is remanded to the custody of the Sheriff of Russell County.  Sentencing is scheduled for January 14, 2003 at 10:00 A.M.


                                            
George R. Greene, Circuit Judge

000486

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA,<br>Plaintiff, | )<br>)<br>) | CRIMINAL CASE NUMBER<br>CC-02-186-188 |
| vs. | )<br>) | |
| JERRY E. WHITLEY,<br>Defendant. | )<br>)<br>) | |

## ORDER ON MOTION FOR APPROVAL OF
## COURT REPORTER EXPENSES

Upon consideration of the Motion for Approval of Court Reporter Expenses Pursuant to *May v. State* filed by the attorney for the defendant in the above-stated cause, the Court is of the opinion that the expenses requested to be reimbursed relating to transcripts of guilty pleas of co-defendants and testimony presented at the suppression hearing in the case are "expenses reasonably incurred" and due to be approved in advance and that said motion is due to be granted.

**IT IS, THEREFORE, ORDERED** that the Comptroller for the State of Alabama reimburse Laurel W. Farrar at the conclusion of her representation of the defendant at the trial court level in the above-styled case the projected approximate sum of $ _4OO_____ for the purpose of obtaining the said transcripts.

*SO ORDERED*, this _4th_ day of _December_____, 2002.

_____
Honorable George R. Greene
Judge, Russell County Circuit Court

FILED IN OFFICE
2002 DEC -9

STATE OF ALABAMA

       PLAINTIFF,

   VS.

JERRY E. WHITLEY

       DEFENDANT.

)
)
)
)
)
)
)

IN THE CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA

CASE NO.: CC 02-186-188

## ORDER

The defendant having filed a motion for approval of extraordinary expenses for additional laboratory analysis and the Court having reviewed and considered same, it is ORDERED that the motion is denied.

DONE this the 5th day of December 2002.

_____

JUDGE, CIRCUIT COURT

FILED IN OFFICE
2002 DEC -9 AM 11: 46
RUSSELL COURT

IN THE CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA

STATE OF

PLAINTIFF,

VS.

JERRY E. WHITLEY

DEFENDANT.

CASE NO.: CC 02-186-188

<u>ORDER</u>

The defendant having filed a Motion in Limine and the Court having considered same, the Motion is granted in part and denied in part in open court on the day of trial.

DONE this the 5th day of December 2002.

_____
JUDGE, CIRCUIT COURT

FILED IN OFFICE
2002 DEC -9 AM 11:45
[illegible stamp]

000489

1/14/03

cc 02-186-188

NAME: _Jerry Whitley_

## EXTENSION OF PROBATION OR PAROLE DATE NOTICE FOR FAILURE TO PAY COURT ORDERED MONIES

The length of time of probation or parole shall be automatically extended for six month intervals for all Defendants who have not fully paid all court ordered monies prior to the expiration of their initial term of probation or prior to the end of their parole date. Court ordered monies includes: fines, court costs, fees, and restitution.

The total of court ordered monies due in this case is _5667.00_.  + Atty fees
50,000 - Fin
1800 - Fnc +
+ 400 - VCF

All Defendants must keep a current address on file with the Circuit Clerk's Office of Russell County, Alabama. Failure to do so will be considered a violation of the Defendants' probation or parole.

George R. Greene
Circuit Judge

STATE OF ALABAMA                          )          IN THE CIRCUIT COURT OF
VS.                                       )          RUSSELL COUNTY, AL
Jerry Eugene Whitley                      )          CASE NO. CC _02-188_
DEFENDANT                                 )

## SENTENCING ORDER

The defendant and counsel, and counsel for the State of Alabama appeared in open court for the defendant to be sentenced on his/her conviction of _Resisting Arrest_

---

### HABITUAL FELONY OFFENDER

___ Defendant is sentenced as a habitual offender under the provision of Section 13A-5-9 and 10 of the Code of Alabama.

### SENTENCE

✓ The Court conducted a sentencing hearing.

✓ A pre-sentence report was requested by the defendant and considered by the Court.

___ Defendant waived a pre-sentence investigation and report.

___ Defendant is sentenced to the custody of the Commissioner of the Department of Corrections for a period of _____ year(s) _____ life.

___ Sentence to include five (5) years enhancement pursuant to 13A-12-270, Code of Alabama, and an additional five (5) years enhancement pursuant to 13A-12-250, Code of Alabama.

✓ Defendant is sentenced to the custody of the Sheriff of Russell County for a period of _6_ month(s) _____ days. _Consecutive to CC-02 186-187_

___ Defendant's sentence shall be concurrent with the sentence(s) imposed in _____.

___ Defendant shall pay restitution in the amount of $_____ to _____. The Clerk of the court is authorized to collect and disburse the restitution. Restitution is to be paid prior to other court costs.

___ Defendant shall be given credit for time served.

___ Defendant shall pay a fine in the amount of $_____.

✓ Defendant shall pay $10.00 per day incarceration fee.

✓ Defendant shall pay the cost of this case.

✓ Defendant shall pay the Alabama Crime Victims Compensation Commission $_100_.

___ Defendant shall perform _____ hours of community service.

___ Defendant is assessed with $1000.00 penalty mandated by the Demand Reduction Assessment Account, Section 13A-12-281 of the Code of Alabama which will be suspended upon defendant's agreement to enroll in rehabilitation program and pay for same. The defendant may apply to the Court to reduce the amount due by any payments defendant has made.

___ Defendant shall undergo a substance abuse program while at the Department of Corrections.

___ Defendant shall complete a substance abuse program through the Court Referral Officer.

___ Defendant is assessed with $100.00 to Forensic Services Trust Fund Act No. 95-733.

___ Defendant's drivers license are suspended for a period of 6 months.

✓ Defendant shall reimburse the State of Alabama the costs of his/her appointed counsel.

✓ Payment of court ordered monies shall be a condition of parole, early release, S.I.R., or work release.

___ Defendant shall submit to the taking of DNA samples.

___ Defendant shall register as a sex offender.

### SUSPENDED SENTENCE

___ Sentence is suspended, and the defendant is placed on ___supervised ___ unsupervised probation for a period of _____.

### SPLIT SENTENCE

___ Sentence is suspended, and the defendant is placed on supervised probation for a period of _____, however, as a first condition of probation the defendant shall serve a period of _____ in the custody of the commissioner of the Department of Corrections/Sheriff of Russell County. Upon release from incarceration, the defendant must report within 5 days to the Russell County Probation Office.

### REVERSE SPLIT SENTENCE

___ Sentence is suspended, and the defendant is placed on supervised probation for a period of _____; however, upon completion of said probation period, the defendant shall serve a period of _____ in the custody of the Sheriff of Russell County, Alabama.

### BOOT CAMP

___ Defendant shall serve up to 180 days in the custody of the Commissioner of the Department of Corrections and he shall successfully complete the disciplinary, Rehabilitation program. When said program is completed or defendant is released from said program, he shall be returned to this Court for a hearing on his application for probation.

___ Defendant waives any right to appeal and waives any right to any post conviction remedy.

✓ Defendant was advised that he/she has the right to appeal his/her conviction and sentence, and if declared indigent he/she has the right to appointed counsel and the court reporter's transcript will be provided without cost to the defendant.

___ Review is scheduled for _____, 2003 at _____.

___ Defendant gave oral notice of appeal.

DONE and ORDERED in open court this 14ᵗʰ day of ___January___ 2003.

_____
JUDGE, CIRCUIT COURT

STATE OF ALABAMA                 )        IN THE CIRCUIT COURT OF

VS.                              )        RUSSELL COUNTY, ALABAMA

JERRY E. WHITLEY                 )        CASE NOS.: CC 02-186, -187, -188

## NOTICE OF APPEAL AND MOTION TO
## APPOINT APPELLATE COUNSEL

Comes now Defendant, by and through his counsel of record, gives notice of appeal of his

conviction and Sentencing Order dated January 14, 2003, in the above matters and moves the

Court to appoint an attorney to represent him on appeal.

WHEREFORE, the Defendant gives notice of Appeal and prays the Court will appoint

appellate counsel within the time to file a Motion for New Trial.

This the __14th__ Day of __January__, 2003.

                          EZELL & CHANCEY, LLP

                    By:   _____
                          Laurel W. Farrar
                          Attorneys for Defendant
                          1200 8th Avenue
                          P. O. Drawer 2500
                          Phenix City, AL  36868-2500
                          (334)  297-2400
                          Attorney Code FAR-036

FILED IN OFFICE
2003 JAN 14  AM 11:47

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Request for Discovery upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 14th day of January, 2003.

Laurel W. Farrar

STATE OF ALABAMA )   IN THE CIRCUIT COURT OF

VS. )   RUSSELL COUNTY, ALABAMA

JERRY E. WHITLEY )   CASE NOS.: CC 02-186, -187, -188

## NOTICE OF APPEAL AND MOTION TO
## APPOINT APPELLATE COUNSEL

Comes now Defendant, by and through his counsel of record, gives notice of appeal of his

conviction and Sentencing Order dated January 14, 2003,  in the above matters and moves the

Court to appoint an attorney to represent him on appeal.

WHEREFORE, the Defendant gives notice of Appeal and prays the Court will appoint

appellate counsel within the time to file a Motion for New Trial.

This the __14th__ Day of __January__, 2003.

EZELL & CHANCEY, LLP

By: _____

Laurel W. Farrar
Attorneys for Defendant
1200 8th Avenue
P. O. Drawer 2500
Phenix City, AL  36868-2500
(334)  297-2400
Attorney Code FAR-036

FILED IN OFFICE
2003 JAN 14  AM 1:47

## CERTIFICATE OF SERVICE

I hereby certify that I am attorney for the defendant and that I have served a copy of the within and foregoing Request for Discovery upon the District Attorney of Russell County, Alabama, by placing a copy thereof in a receptacle held in his name in the Office of the Clerk of this Court, this 14th day of January, 2003.

Laurel W. Farrar

NOTICE OF APPEAL AND DOCKETING STATEMENT

IN THE CIRCUIT COURT OF    RUSSELL COUNTY
STATE OF ALABAMA VS WHITLEY JERRY EUGENE    JUDGE: GEORGE R. GREENE

APPEAL DATE: 01/14/2003

INDIGENCY STATUS:
  GRANTED INDIGENCY STATUS AT TRIAL COURT:            _____ YES    _____ NO
  APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:      _____ YES    __X__ NO
  INDIGENT STATUS REVOKED ON APPEAL:                  _____ YES    _____ NO
  INDIGENT STATUS GRANTED ON APPEAL:                  _____ YES    _____ NO

DEATH PENALTY: NO

APPEAL TYPE: STATE CONVICTION

THIS IS AN APPEAL FROM A CONVICTION.

DATE OF CONVICTION: 10/05/2002           DATE OF SENTENCE: 01/14/2003

YOUTHFUL OFFENDER STATUS: DENIED

CC/CASE NUMBER: 57/CC 2002 000188.00    ACTION: CONVICTED
CODE: REST    CONVICTION: RESISTING ARREST    STATUTE: 13A-010-041

SENTENCE:    CONF: 00 YRS 06 MOS 000 DAYS
SENTENCE:    PROB: 00 YRS 00 MOS 000 DAYS       LIFE: NO    LIFEWO: NO

POST-JUDGMENT MOTIONS FILED:    DT FILED       DT DENIED       CON BY AGREE
  ____ MOTION FOR NEW TRIAL         _____      _____      _____
  ____ MOTION FOR JUDG. OF ACQUIT   _____      _____      _____
  ____ MOTION TO W/D GUILTY PLEA    _____      _____      _____
  ____ MOTION FOR ATTY TO W/DRAW    _____      _____      _____
  ____ OTHER _____   _____      _____      _____

COURT REPORTER(S):               WILSON, LINDA S.
ADDRESS:                         C/O HON. GEORGE R. GREENE
                                 PHENIX CITY   ,  AL  36867

APPELLATE COUNSEL #1:            FARRAR LAUREL WHEELING
ADDRESS:                         PO DRAWER 2500

                                 PHENIX CITY   ,  AL  36868
PHONE NUMBER:                    334-297-2400

APPELLATE COUNSEL #2:            _____
ADDRESS:                         _____
                                 _____

PHONE NUMBER:                    _____

APPELLANT (PRO SE):              WHITLEY JERRY EUGENE
ADDRESS:                         150 REYNOLDS ROAD
                                 FORTSON   ,  GA  318080000

AIS #:

APPELLEE (IF CITY APPEAL):       _____
ADDRESS:                         _____
                                 _____

I CERTIFY THAT THE INFORMATION PROVIDED                OPERATOR: SHG
ABOVE IS ACCURATE TO THE BEST OF MY             PREPARED: 01/17/2003
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO         _Kathy Coulter / TW_
THIS ACTION ON THIS 17th DAY OF January, 2003    CIRCUIT COURT CLERK