VOLUME 5

COURT OF CRIMINAL APPEALS NO. _____ CR-02-0739 _____

# Appeal To Alabama Court of Criminal Appeals

### FROM

## Circuit Court of Russell County, Alabama

CIRCUIT COURT NO _____ CC-02-186-188 _____

CIRCUIT JUDG ____ HONORABLE GEORGE R. GREENE ____

Type of Conviction/ Order Appealed From: ___ TRAFFICKING METH ,POSS OF REC CONT SUBS, RESISTING ARREST ___

Sentence Imposed: _____ 35 YRS CONCUR,5 YRS CONCUR, 6 MTHS CONSEC _____

Defendant Indigent:  ☐ YES  ☑ NO

JERRY E. WHITLEY
_____

**Name of Appellant**

ATTY MICHAEL J WILLIAMS SR (205)-705-0200
(Appellant's Attorney)                              (Telephone No.)

P.O. BOX 1068
(Address)

AUBURN, AL 36831
(City)                    (State)              (Zip Code)

### V.

STATE OF ALABAMA
_____

**Name of Appellee**

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

_____
_____
_____

(For Court of Criminal Appeals Use Only)

1    As a juror, you will be the sole and

2  exclusive judge of the facts.  It will be your

3  duty to attempt to reconcile the testimony of all

4  the witnesses so as to make them all speak the

5  truth, if this can be done reasonably.  If you

6  cannot reasonably reconcile all the testimony, it

7  is then your duty to consider the testimony with

8  a view of determining what the true facts are.

9  In so doing, you may accept or reject any part of

10  the testimony of any witness and accept only the

11  testimony you consider worthy of belief.

12    In determining what the true facts are from

13  the evidence, you may take into consideration any

14  natural interest or bias a witness may have as a

15  result of any connection with the case.  You may

16  take into consideration the interest or bias a

17  witness may have shown while testifying.  And you

18  may take into consideration the demeanor of any

19  witness, as to whether the witness has apparently

20  testified frankly or evasively.  You may take

21  into consideration any matter which you would in

22  your everyday affairs in passing upon the

23  truthfulness and accuracy of the testimony.

24  Weigh the testimony in the light of your common

25  observation and experience and reach a verdict

that will be based upon the truth as you determine it from all of the evidence. In arriving at a verdict in this case, you must not permit sympathy, prejudice or emotion to influence you.

There is a presumption of innocence of the Defendant until the State proves beyond a reasonable doubt that the Defendant is guilty as charged. Before a conviction may be had in this case, the State must satisfy each and every member of the jury of the Defendant's guilt beyond a reasonable doubt. Even if the State demonstrates a probability of guilt, if it does not establish it beyond a reasonable doubt, you must acquit the Defendant.

The phrase reasonable doubt is self-explanatory. Efforts to define it do not always clarify the term. It is not a mere possible doubt because everything relating to human affairs is open to some possible or imaginary doubt. A reasonable doubt is a doubt of a fair-minded juror honestly seeking the truth after careful and impartial consideration of all the evidence in the case. It is a doubt based upon reason and common sense. It does not mean a

1   vague or arbitrary notion, but is an actual doubt

2   based upon the evidence, the lack of evidence, a

3   conflict in the evidence or a combination of

4   those things.  It is a doubt that remains after

5   going over in your minds the entire case and

6   giving consideration to all the testimony.  It is

7   distinguished from a doubt arising from mere

8   possibility, from bare imagination, or from

9   fanciful conjecture.

10       If, after considering all the evidence, you

11  are convinced of the Defendant's guilt beyond a

12  reasonable doubt, then it would be your duty to

13  convict the Defendant.  However, if you still

14  have a reasonable doubt, then the Defendant is

15  entitled to the benefit of that doubt and you

16  should acquit him.

17       An expert witness is one who, by education,

18  training or experience, has attained skill,

19  knowledge or experience in some science,

20  profession, business or occupation that is not of

21  common knowledge to the average layman.  There

22  have been two individuals who have testified

23  today who have been qualified as an expert

24  witness, and there has been one document

25  submitted into evidence in which there is a

finding by an expert witness.

Expert witnesses have been permitted to express their opinions and draw conclusions either on the stand or in a written document.  In passing upon the facts, you are not required to accept the conclusions or expressed opinions of expert witnesses, but must determine for yourselves the weight to be given to such testimony and evidence when considered in connection with all the other evidence material to the case.

The Defendant, Jerry E. Whitley, is charged with trafficking in methamphetamine.  A person commits the crime of trafficking in methamphetamine if he knowingly either sells, manufactures, delivers or brings into the state or is in actual or constructive possession of methamphetamine or any mixture containing methamphetamine, its salt, optical isomer, or salt of its optical isomer, in excess of 28 grams.

To convict, the State must prove beyond a reasonable doubt each of the following elements of trafficking in methamphetamine:  One, that the Defendant, Jerry E. Whitley, manufactured or

knowingly was in actual or constructive possession of, two, methamphetamine or any mixture containing methamphetamine, three, in excess of 28 grams, and, four, that in doing so he acted knowingly and intentionally.

A person acts knowingly with respect to conduct or to a circumstance when he is aware that his conduct is of that nature or that the circumstance exists, and a person acts intentionally with respect to a result or to conduct when his purpose is to cause that result or to engage in that conduct.

A mixture is defined to include a portion of matter consisting of two or more components that do not bear a thick proportion to one another and that however thoroughly comingled are regarded as retaining a separate existence. A mixture is also defined as two substances blended together so that the particles of one are diffused among the particles of the other.

If you find from the evidence that the State has proved beyond a reasonable doubt each of the above elements of the offense of trafficking in methamphetamine as charged, then you shall find the Defendant, Jerry E. Whitley, guilty of

1    trafficking in methamphetamine.  If you should

2    find from the evidence the Defendant is guilty of

3    the offense of trafficking in methamphetamine,

4    then you would go on to answer by unanimous vote

5    the following question or questions:  Did the

6    Defendant, Jerry E. Whitley, possess a firearm

7    during the commission of the crime of trafficking

8    in methamphetamine.  And if you did, you would

9    select the verdict form that reads, "We, the

10   jury, find the Defendant, Jerry E. Whitley, did

11   possess a firearm during the commission of the

12   crime of trafficking in methamphetamine.

13   However, if you find that he did not possess a

14   firearm during the commission of the offense, you

15   would select the jury form or question form that

16   reads, "We, the jury, find the Defendant, Jerry

17   E. Whitley, did not possess a firearm during the

18   commission of the crime of trafficking in

19   methamphetamine.  And you would answer either of

20   those two questions only if you find the

21   Defendant guilty of the offense of trafficking in

22   methamphetamine.

23       If you find that the State has failed to

24   prove beyond a reasonable doubt any one or more

25   of the elements of the offense of trafficking in

1    methamphetamine, then you cannot find the

2    Defendant, Jerry E. Whitley, guilty of the

3    offense of trafficking in methamphetamine and you

4    must acquit him.

5    The Defendant, Jerry E. Whitley, is charged

6    in a second indictment with unlawful possession

7    of a controlled substance, in this instance

8    methamphetamine.  A person commits the crime of

9    unlawful possession of a controlled substance if

10   he possesses a controlled substance.

11   To convict, the State must prove beyond a

12   reasonable doubt each of the following elements

13   of unlawful possession of a controlled

14   substance:  One, that the Defendant, Jerry E.

15   Whitley, did possess a controlled substance,

16   namely methamphetamine.  Two, that the Defendant

17   acted knowingly and intentionally.  Knowingly and

18   intentionally have the same definition as

19   previously read to you.

20   If you find from the evidence that the State

21   has proved beyond a reasonable doubt the offense

22   of unlawful possession of a controlled substance,

23   namely methamphetamine, as charged, you shall

24   find the Defendant, Jerry E. Whitley, guilty of

25   unlawful possession of a controlled substance.

1    However, if you find that the State has failed to

2    prove beyond a reasonable doubt any one or more

3    of the elements of unlawful possession of a

4    controlled substance, namely methamphetamine,

5    then you cannot find the Defendant guilty of

6    unlawful possession of a controlled substance and

7    you must acquit him.

8         The Defendant, Jerry E. Whitley, is charged

9    in a third indictment with the crime of resisting

10   arrest.  A person commits the crime of resisting

11   arrest if he intentionally prevents or attempts

12   to prevent a peace officer from effecting a

13   lawful arrest of himself.

14        To convict, the State must prove beyond a

15   reasonable doubt each of the following elements

16   of resisting arrest:  One, that the Defendant,

17   Jerry E. Whitley, prevented or attempted to

18   prevent Jim Price, a peace officer, from

19   effecting a lawful arrest of himself.  Two, the

20   Defendant, Jerry E. Whitley, acted

21   intentionally.  A person acts intentionally with

22   respect to a result or to conduct when his

23   purpose is to cause that result or to engage in

24   that conduct.

25        If you find from the evidence that the State

1    has proved beyond a reasonable doubt the offense

2    of resisting arrest as charged and proved each of

3    those elements, then you shall find the

4    Defendant, Jerry E. Whitley, guilty of resisting

5    arrest.  If you find that the State has failed to

6    prove beyond a reasonable doubt any one or more

7    of the elements of resisting arrest, then you

8    cannot find the Defendant guilty of resisting

9    arrest and you must acquit him.

10         The State of Alabama has presented a case

11   based in part upon circumstantial evidence.  It

12   is permissible for the State to prove its case by

13   circumstantial evidence.  Direct evidence usually

14   means eyewitness testimony, where a person gives

15   testimony as to something seen, heard or felt.

16   Circumstantial evidence is the kind of evidence

17   from which you can infer other facts.

18         I often use rain as an example of

19   circumstantial evidence.  If you leave the

20   courthouse and you see the street wet, you might

21   conclude that it has rained.  In other words, you

22   take one fact and infer another fact from it.

23   That's proof by circumstantial evidence.  But a

24   fire hydrant might have been flushed by the

25   utilities department or a street sweeper might

1    have come by releasing water, so there are other

2    ways the street could have gotten wet.  But if

3    you go further and you look past the road and you

4    see mud holes nearby, and you look in the

5    distance and you see clouds and see lightning and

6    hear thunder, this combination of circumstantial

7    evidence is such that you can conclude beyond all

8    reasonable doubt that it has rained.  The test of

9    sufficiency of circumstantial evidence is whether

10   the evidence adduced by the State is sufficient

11   to exclude every other possibility than the guilt

12   of the Defendant.

13       Now, possession may be constructive or

14   actual, and it doesn't require ownership.  I own

15   these glasses, and I have the right to exclude

16   anyone from taking them.  And you can readily see

17   when I have them on my face that they're in my

18   possession.  I own these glasses in this

19   instance.  They're still in my possession, even

20   though they're not on my face.  I have the right

21   to exclude anyone from coming and taking them

22   from me.  So it doesn't have to actually be on

23   the person to have possession.  You have to have

24   exercised dominion or control over.

25       And there's a third situation of possession

1    that I will show you, it doesn't require

2    ownership.  Suppose that when I came to work this

3    morning, I forgot my glasses.  And I could not

4    read this jury charge out to you without glasses,

5    so I borrowed them from someone.  They are now in

6    my possession, and I have the right to exclude

7    someone from coming and taking them from me.

8    Even though they're borrowed glasses, they're in

9    my possession.

10       Where an illegal drug is comingled with or

11   diffused in a mixture, you may count the weight

12   of the entire mixture in determining if the

13   Defendant knowingly possessed 28 grams or more of

14   a methamphetamine mixture.

15       When a controlled substance is found on

16   premises controlled by the Defendant, there is a

17   rebuttable presumption created under the law that

18   the Defendant possessed the controlled

19   substance.

20       Constructive possession occurs when the

21   Defendant exerts or is able to exert dominion and

22   control over a controlled substance, and

23   knowledge of a controlled substance may be

24   established by circumstantial evidence, but it

25   does not depend upon ownership, but it does

1   require possession.

2       Conviction for the possession of illegal

3   drugs cannot be based on constructive possession

4   alone.  When the State relies on constructive

5   possession, it is necessary that the prosecution

6   prove that the Defendant had knowledge of the

7   presence of the illegal drugs.  Moreover, where

8   the accused is not in exclusive possession of the

9   premises upon which illegal drugs are found, this

10  knowledge may not be inferred without other

11  evidence that connects the Defendant with the

12  contraband.

13      One of the elements which the State must

14  prove in this case is possession.  What is meant

15  by possession.  To possess means to have actual

16  and immediate dominion or control over the object

17  alleged to be possessed.  There are two kinds of

18  possession, actual and constructive.  Where the

19  State seeks a conviction based on the accused's

20  alleged constructive possession of illegal drugs,

21  it must establish that the accused had knowledge

22  of the presence of those drugs.  There is an

23  inference of constructive possession when the

24  controlled substance is found on the premises

25  owned or controlled by the accused.  These

262

1    elements are necessary to establish possession of

2    the controlled substance, their actual or

3    potential physical control, intention to exercise

4    dominion and external manifestation of intent and

5    control.

6       The Court has prepared verdict forms for you

7    in this case. There are three cases for you to

8    consider, and there are two potential verdicts in

9    each of these two cases. And as previously

10   explained to you, if you should find the

11   Defendant guilty of the offense of trafficking in

12   methamphetamine, there is an additional question

13   or questions for you to answer. No inferences

14   should be drawn from the order in which these

15   forms are explained or delivered to you.

16      After the Court has finished its explanation

17   of the forms to you, the verdict forms will be

18   sent with you to the jury room, and you will

19   retire to the jury room to begin your

20   deliberations and to select your verdict. Your

21   first duty when you retire to the jury room will

22   be to elect one of your number as foreperson to

23   moderate your discussion and sign and return the

24   verdicts chosen by you to the Court. Any verdict

25   which you return to the Court must be agreed upon

by all 12 jurors.  In other words, your decisions must be unanimous.  When you have reached your verdicts, please notify Mr. Mitchell, the bailiff, that you have reached your verdicts and he will in turn notify the Court.  You will then be returned to the Court to deliver your verdicts.

There has been an additional juror selected today as an alternate juror.  We do not tell the alternate juror in advance who that person is in case they should think, well, I'm not one of the first 12 jurors and I don't have to pay strict attention as the other jurors.  The alternate today was Mr. Landingham.  Mr. Landingham, I will excuse you at this time, and I have your check for your service this week.

JUROR LANDINGHAM:  Okay.

THE COURT:  And thank you for being here today.  This will conclude your service.

JUROR LANDINGHAM:  Thank you.

THE COURT:  Thank you.

(Alternate juror excused.)

THE COURT:  The first charge for you to consider will be the charge of trafficking in methamphetamine.  If, from the evidence, you

264

should find that the Defendant, Jerry E. Whitley,
is guilty of the offense of trafficking in
methamphetamine, you would select the guilty
verdict form that reads, "We, the jury, find the
Defendant, Jerry E. Whitley, guilty of the
offense of trafficking in methamphetamine as
charged in the indictment.  Should that be your
verdict, you would go on to consider the question
of did Jerry Whitley possess a firearm during the
commission of the crime of trafficking in
methamphetamine.

If you find that he did, in fact, possess a
firearm during the commission of the offense of
the crime of trafficking in methamphetamine, you
would select the jury verdict form that reads,
"We, the jury, find the Defendant, Jerry E.
Whitley, did possess a firearm during the
commission of the crime of trafficking in
methamphetamine.  If, however, after finding him
guilty of the offense of trafficking in
methamphetamine, you find that he did not possess
a firearm during the commission of that offense,
you would select the jury verdict form that
reads, "We, the jury, find the Defendant, Jerry
E. Whitley, did not possess a firearm during the

1   commission of the crime of trafficking in

2   methamphetamine.  And if that should be your

3   verdict on that question, it should be signed and

4   dated by the foreperson of the jury.

5       If, however, you find the Defendant, Jerry

6   E. Whitley, not guilty of the offense of

7   trafficking in methamphetamine, you would select

8   the not guilty verdict form that reads, "We, the

9   jury, find the Defendant, Jerry E. Whitley, not

10  guilty of the offense of trafficking in

11  methamphetamine as charged in the indictment.

12  And if that should be your verdict, it should be

13  signed and dated by the foreperson of the jury.

14      The second charge or case brought against

15  the Defendant is the charge of unlawful

16  possession of a controlled substance.  If, from

17  the evidence, you should find the Defendant

18  guilty of that offense, you would select the

19  guilty verdict form that reads, "We, the jury,

20  find the Defendant, Jerry E. Whitley, guilty of

21  the offense of unlawful possession of a

22  controlled substance as charged in the

23  indictment.  And if that should be your verdict,

24  it should be signed and dated by the foreperson

25  of the jury.  If, however, you find the Defendant

1    not guilty from the evidence, you would select

2    the jury verdict form that reads, "We, the jury,

3    find the Defendant, Jerry E. Whitley, not guilty

4    of the offense of unlawful possession of a

5    controlled substance as charged in the

6    indictment.  And if that should be your verdict,

7    it should be signed and dated by the foreperson

8    of the jury.

9        The third charge for you to consider is the

10    charge of resisting arrest, and if, from the

11    evidence, you should find the Defendant guilty of

12    that offense, you would select the guilty verdict

13    form that reads, "We, the jury, find the

14    Defendant, Jerry E. Whitley, guilty of the

15    offense of resisting arrest as charged in the

16    indictment.  And if that should be your verdict,

17    it should be signed and dated by the person you

18    elect as foreperson of your jury.  If, however,

19    from the evidence, you find the Defendant not

20    guilty of that offense, you would select the not

21    guilty verdict form that reads, "We, the jury,

22    find the Defendant, Jerry E. Whitley, not guilty

23    of the offense of resisting arrest as charged in

24    the indictment.  And if that should be your

25    verdict, it should be signed and dated by the

1   person you select as foreperson of the jury.

2        Mr. Landreau, do you have anything further?

3        MR. LANDREAU:  State is satisfied, Your

4   Honor.

5        THE COURT:  Ms. Farrar?

6        MS. FARRAR:  Defense is satisfied.

7        THE COURT:  That concludes the Court's

8   instruction.  Mr. Mitchell will escort you to the

9   jury room to begin your deliberations.  Elect a

10  foreperson on your first order of business.  The

11  verdict forms will accompany you, and there will

12  be some exhibits that will accompany you to the

13  jury room.  Other exhibits such as the controlled

14  substances will not be sent to the jury room with

15  you.  Thank you.

16            (Jury retires to begin their

17             deliberations.)

18            (Jury notification to the bailiff.)

19            (Jury present.)

20       THE COURT:  Welcome back, ladies and

21  gentlemen.  It's my understanding you've reached

22  a verdict; is that correct?

23       THE FOREPERSON:  Yes.

24       THE COURT:  And have you been elected

25  foreperson?

1    THE FOREPERSON:  Uh-huh (positive response)

2    THE COURT:  Would you stand and read the

3    jury's verdict, please?

4    THE FOREPERSON:  Does it matter what order?

5    THE COURT:  It probably would be best for

6    you to read out the trafficking verdict first.

7    THE FOREPERSON:  Okay.

8    THE COURT:  All right.  If you'll read that,

9    please?

10   THE FOREPERSON:  We, the jury, find the

11   Defendant, Jerry E. Whitley, guilty of the

12   offense of trafficking in methamphetamine as

13   charged in the indictment.

14   THE COURT:  And did you answer the question

15   and would you read the jury's verdict on the

16   question, please?

17   THE FOREPERSON:  We, the jury, find that the

18   Defendant, Jerry E. Whitley, did possess a

19   firearm during the commission of the crime of

20   trafficking in methamphetamine.

21   THE COURT:  And if you'll read the next

22   verdict out, please?

23   THE FOREPERSON:  We, the jury, find the

24   Defendant, Jerry E. Whitley, guilty of the

25   offense of resisting arrest as charged in the

indictment.

THE COURT:  The next verdict?

THE FOREPERSON:  We, the jury, find the
Defendant, Jerry E. Whitley, guilty of the
offense of unlawful possession of a controlled
substance as charged in the indictment.

THE COURT:  Mr. Mitchell, would you hand the
verdict forms to me, please, sir?

(Mr. Mitchell complies.)

THE COURT:  All right, ladies and gentlemen
of the jury.  The verdict forms have been filled
out in proper order.  I'm going to start on the
first row, and I'm going to point to each of you
and ask is this your verdict in each of these
cases.

Is this your verdict, ma'am?

JUROR:  Yes, sir.

THE COURT:  Is this your verdict, ma'am?

JUROR:  Yes.

THE COURT:  Is this your verdict, sir?

JUROR:  Yes, sir.

THE COURT:  Is this your verdict, ma'am?

JUROR:  Yes.

THE COURT:  Is this your verdict, ma'am?

JUROR:  Yes.

1      THE COURT:  Is this your verdict, ma'am?

2      JUROR:  Yes.

3      THE COURT:  Is this your verdict, ma'am?

4           (Juror nods head affirmatively.)

5      THE COURT:  Is this your verdict, ma'am?

6      JUROR:  Yes.

7      THE COURT:  Is this your verdict, sir?

8      JUROR:  Yes.

9      THE COURT:  Is this your verdict, sir?

10     JUROR:  Yes.

11     THE COURT:  Is this your verdict, sir?

12     JUROR:  Yes.

13     THE COURT:  And is this your verdict, sir?

14     JUROR:  Yes, Your Honor.

15     THE COURT:  Thank you, ladies and gentlemen

16  of the jury.  That would conclude your service

17  for the week.  I have your checks here for you as

18  well as a statement inside the envelope for your

19  employers if you need one.

20           (Jury dismissed.)

21     THE COURT:  All right, Mr. Whitley.  The

22  jury has returned verdicts finding you guilty of

23  the offense of unlawful possession of a

24  controlled substance, trafficking in

25  methamphetamine, and resisting arrest.  The Court

1  will set sentencing for each of these three cases

2  to January the 14th, and that will be at 9:30

3  a.m.  I think that's correct.  I will direct that

4  a pre-sentence report be completed in this

5  matter.  Be back in this courtroom on January the

6  14th, and that will be at 9:30 a.m.

7       MR. LANDREAU:  Your Honor, for the record,

8  the State would ask the Court to sentence Mr.

9  Whitley under the provisions of the trafficking

10  statute that based on the amount proven at trial,

11  he would be subject to doing a minimum 15 years

12  which could not be probated or reduced, and an

13  additional five years based on the finding of the

14  gun.

15       THE COURT:  The Court will look into that.

16  And sentencing is set, as I indicated, January

17  14th at 9:30 a.m.  Thank you.

18       MS. FARRAR:  Thank you, Your Honor.

19            (The trial ended on December 5, 2002.)

20

21

22

23

24

25

STATE OF ALABAMA

IN THE CIRCUIT COURT FOR THE COUNTY OF RUSSELL

TWENTY-SIXTH JUDICIAL CIRCUIT

CRIMINAL


STATE OF ALABAMA

     v.                Case Nos. CC 02-186, 187, 188

JERRY E. WHITLEY,

        Defendant.
_____/


**S E N T E N C I N G**

Before:

        Honorable George R. Greene
           Phenix City, Alabama - January 14, 2003


APPEARANCES:

        For the State:
           J. Maxwell Smith, Esq.
           Assistant District Attorney

        For the Defendant:
           Laurel W. Farrar, Esq.
           Phenix City, Alabama


Linda S. Wilson
Official Court Reporter

1    THE COURT:  Jerry Eugene Whitley?

2         (Defendant approaches the bench.)

3    THE COURT:  This matter is set for

4  sentencing, the Defendant having previously been

5  adjudicated guilty of the offense of trafficking

6  in methamphetamine, unlawful possession of a

7  controlled substance, and resisting arrest.

8    Does he have anything to present prior to

9  the Court imposing sentence in these matters?

10    MS. FARRAR:  No, Your Honor.

11    THE COURT:  Does the State have anything at

12  this time?

13    MR. SMITH:  Judge, Mr. Landreau on behalf of

14  the State asked me to remind the Court that based

15  on the weight of the drugs in this case, the

16  minimum sentence to be imposed would be 15 years,

17  plus the State is seeking a five-year enhancement

18  for use of a gun during this crime.

19    THE COURT:  Anything further from either

20  party?

21    MR. SMITH:  No, Your Honor.

22    MS. FARRAR:  No, Your Honor.

23         (Brief pause.)

24    THE COURT:  All right.  The Court has

25  reviewed a pre-sentence report and at this time

1    in Case Number 02-187, the Court having

2    adjudicated the Defendant guilty of the

3    offense or rather 186 of trafficking in

4    methamphetamine would sentence the Defendant to

5    35 years in the custody of the Commissioner of

6    the Department of Corrections.  That sentence

7    would run concurrent with the sentence imposed in

8    Case Number 02-187.  The Defendant will be given

9    credit for any time served in jail against those

10   two sentences.

11       Court would assess a fine in the amount of

12   $50,000.00, would direct the Defendant pay the

13   court costs of this case, a $500 Victims

14   Compensation Fund fee, and would assess the

15   $1,000 penalty mandated by the Drug Demand

16   Reduction Assessment Act.  He'll be required to

17   attend and complete a substance abuse program

18   while in the custody of the Commissioner of the

19   Department of Corrections.

20       Court would assess a $100 Forensic Services

21   Trust Fund fee.  His driver's license will be

22   suspended for a period of six months.  Defendant

23   is ordered to reimburse the State of Alabama the

24   cost of appointed counsel fees, and as a

25   condition of parole or participation in any work

1  release program or early release program, he's

2  ordered to pay all court-ordered monies.

3     He has the right to appeal his sentence and

4  conviction, and if declared indigent, he has the

5  right to appointed counsel, and a court

6  reporter's transcript will be provided without

7  cost to him.

8     In Case Number 02-187 on the charge of

9  unlawful possession of a controlled substance,

10  the Court having adjudicated the Defendant guilty

11  of that offense would sentence him to five years

12  in the custody of the Commissioner of the

13  Department of Corrections.  That sentence would

14  run concurrent with any sentence imposed in Case

15  Number 186.  The Defendant will be given credit

16  for any time served in jail against that

17  sentence.

18     He's ordered to pay the court costs of this

19  case, a $100 Victims Compensation Fund fee, and

20  the $1,000 Drug Demand Reduction Assessment Act

21  fee.  He's ordered to attend and complete a

22  substance abuse program while in the custody of

23  the Commissioner of the Department of

24  Corrections.  He's assessed a $100 Forensic

25  Services Trust Fund fee.  His driver's license

would be suspended for a period of six months.
He's ordered to reimburse the State of Alabama
the cost of appointed counsel fees, and as a
condition of parole or participation in any early
release or work release program, he's ordered to
pay all court-ordered monies.

He has the right to appeal his conviction
and sentence, and if declared indigent, he has
the right to appointed counsel, and a court
reporter's transcript would be provided without
cost to him.

In Case Number 02-188 on the charge of
resisting arrest, the Court would sentence the
Defendant to six months hard labor in the custody
of the sheriff of Russell County.  That sentence
would run consecutive to any sentence imposed in
Case Number 02-186 and 187.

The Defendant is ordered to pay a $10 per
day incarceration fee, the court costs of this
case, and a $100 Victims Compensation Fund fee.
He's ordered to reimburse the State of Alabama
the cost of appointed counsel fees, if any, and
as a condition of probation or parole, he's
ordered to pay all court-ordered monies.

Again, he has the right to appeal his

1    conviction and sentence, and if declared

2    indigent, he has the right to appointed counsel,

3    and a court reporter's transcript would be

4    provided without cost to him.  Thank you.

5         MS. FARRAR:  Your Honor, I'd like to give

6    oral notice of appeal at this time on all three

7    cases.

8         THE COURT:  All right and you'll need to

9    file that in writing.

10        MS. FARRAR:  Yes, sir.

11        THE COURT:  Thank you.

12             (End of proceedings.)

13

14

15

16

17

18

19

20

21

22

23

24

25

### CERTIFICATE OF COMPLETION OF REPORTER'S TRANSCRIPT

JERRY E. WHITLEY,

       Appellant

       v.

STATE OF ALABAMA

TO: The Clerk of the Court of Criminal Appeals of Alabama

On Appeal From the Circuit Court of Russell County

CASE NOS. CC 02-186, 187, 188

DATE OF NOTICE OF APPEAL: January 14, 2003

    I certify that I have this date completed and filed with the clerk of the trial court the original of a true and correct transcript of the proceedings designated in the Reporter's Transcript Order.  All pages are numbered serially, in the upper right corner of each page, prefaced by a copy of the Reporter's Transcript Order (Page No. 1) and an index, and ending with the number appearing in the upper right corner of this certificate.

    I certify that a copy of this certificate is this date being served on counsel for defendant, the Attorney General of Alabama, and the District Attorney, along with a copy of the index.

    DATED this 2nd day of July, 2003.


_Linda Wilson_
Linda S. Wilson
Official Court Reporter