IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JERRY EUGENE WHITLEY, #227 246 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 3:05-CV-427-F |
| J.C. GILES, WARDEN, *et al.*, | * |
| Respondents. | * |

**ORDER**

Respondents filed an answer on July 12, 2005 in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*. (Doc. No. 10.) They contend therein that the present habeas corpus petition is due to be denied because the claims presented by Petitioner provide no basis for relief. Specifically, Respondents argue that Petitioner's claim that his warrantless arrest was illegal because it was conducted without probable cause is procedurally barred from review by this court. In support of this argument, Respondents contend that the procedurally defaulted claim was not presented to the state courts in accordance with the requirements of the state's procedural rules. *See Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Presnell v. Kemp*, 835 F.2d 1567 (11th Cir. 1988). A review of the record also reflects that Petitioner's Fourth Amendment claim regarding an illegal search and seizure is precluded from review in this court because it was presented to and fully considered by the state courts. *See Stone Powell*, 428 U.S. 465 (1976). Additionally, upon review of the evidentiary materials filed in this case, it appears to the

court that Petitioner's claim that the trial court erred in not allowing the testimony of forensic expert was addressed on direct appeal. A claim which is properly adjudicated on the merits by the state courts does not provide a basis for federal habeas relief. *See Williams v. Taylor*, 529 U.S. 362, 404-405 (2000).

In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. The statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams*, 529 U.S. at 404-405. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal

> habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A procedural default bars consideration of the merits of a claim unless Petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if Petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where Petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if Petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

3

ORDERED that on or before August 29, 2005 Petitioner may file a response in accordance with this order. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. Petitioner is advised that at any time after August 29, 2005 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is instructed that when filing his response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that Petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Petitioner attacks Respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is cautioned that in responding to Respondents' assertion that one of his claims for relief is procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue the claim in state court either at the trial court level, on appeal, or in available post-conviction

proceedings. Petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. Moreover, if Petitioner claims that this court should address the procedurally defaulted claim under the fundamental miscarriage of justice exception, he must show specific reasons for the application of this exception.

Done this 9th day of August, 2005.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE