IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| JERRY EUGENE WHITLEY, #227 246 | * | |
| Petitioner, | * | |
| v. | * | 3:05-CV-427-MEF |
| | | (WO) |
| J.C. GILES, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on May 4, 2005 by Petitioner Jerry Whitley ["Whitley"]. Whitley challenges his convictions for trafficking in methamphetamine, possession of methamphetamine, and resisting arrest entered against him by the Circuit Court for Russell County, Alabama, on December 5, 2002. The trial court sentenced Whitley to 35 years imprisonment for the trafficking conviction, a concurrent five-year term for the drug possession conviction, and a consecutive six-months prison term on his conviction for resisting arrest.

Whitley filed a direct appeal of his convictions in which he raised the following claims:

    1.      The trial court erred by failing to suppress illegally obtained evidence.

    2.      The trial court erred by failing to admit live expert testimony concerning the amount of drugs seized.

    3.      The State failed to prove a prima facie case of possession of methamphetamine and resisting arrest.

    4.      The sentence imposed for the trafficking conviction constituted cruel and unusual punishment.

(Doc. No. 11, Exhs. 2, 3.) On March 19, 2004 the Alabama Court of Criminal Appeals affirmed Whitley's convictions and sentences. (*Id*. Exh. 4.) The appellate court overruled his application for rehearing on April 16, 2004, and the Alabama Supreme Court denied his application for writ of certiorari on August 13, 2004. (*Id*. Exhs. 5, 6.)

In the instant § 2254 petition, Whitley presents the following claims:

1. His convictions resulted from evidence obtained pursuant to an illegal/warrantless arrest.

2. The trial court erred in failing to suppress evidence obtained pursuant to an illegal search and seizure.

3. The trial court's failure to allow live expert testimony regarding the amount of drugs seized denied Petitioner a fundamentally fair trial.

(Doc. No. 1.)

Respondents filed an answer in which they argue that Whitley's claims are either procedurally defaulted or were properly adjudicated by the state courts. (Doc. No. 10.)

2

Upon review of the § 2254 petition, the answer of Respondents and Whitley's response to the answer, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

*A. Fourth Amendment Violation*

Whitley asserts that the trial court should have granted his motion to suppress because law enforcement officials did not have a search warrant at the time they entered his mobile home and no exigent circumstances existed to justify their entry into the residence. Federal courts are precluded from conducting post-conviction review of Fourth Amendment claims where state courts have provided "an opportunity for full and fair litigation" of those claims. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Bradley v. Nagle*, 212 F.3d 559, 564 (11th Cir. 2000). Under *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 482.

In this case, the record shows that Whitley was afforded the opportunity in the state courts to fully, fairly, and adequately litigate the admissibility of the evidence in question. Prior to trial, a hearing was held on Whitley's motion to suppress evidence based on an unlawful search and seizure leading to his arrest by law enforcement officers who allegedly

lacked probable cause to enter his residence. After the hearing and considering the testimony and arguments presented, the trial judge denied the motion to suppress and bound Whitley over for trial. On appeal, the Alabama Court of Criminal Appeals applied the appropriate Fourth Amendment standards to Whitley's argument and found that the trial court did not err in denying his motion to suppress. (*See* Doc. No. 11, Exh. 4, Doc. No. 12, Exh. 1/13 at pgs 8-50, Doc. No. 12, Exh 1/14 at pgs. 1-32.)

Based on the record, the court concludes that Whitley had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. Hence, under *Stone*, the court may not review his substantive Fourth Amendment claim. *Id*, 428 U.S. at 494.   *See Peoples v. Campbell*, 377 F.3d 1208 , 1225(11th Cir. 2004) (quoting  *Stone*, 428 U.S. at 494); *Morgan v. Estelle*, 588 F.2d 934, 940 (5th Cir.  1979).

*B.  The Adjudicated Claim*

*i. Standard of Review*

The Antiterrorism and Effective Death Penalty Act ["AEDPA'] amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state court convictions. Under the AEDPA, when a state court has adjudicated a claim, to obtain federal habeas relief a petitioner must show that a decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court

proceeding." 28 U.S.C. §2254(d)(1) & (2);[1] *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*. 529 U.S. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (*citing Williams*, 529 U.S. at 409). It is the objective reasonableness, not

---

[1] 28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)     resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)     resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

the correctness *per se*, of the state court decision that this court must decide. *See Williams*, 529 U.S. at 411.

A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." *Lindh v. Murphy*, 96 F.3d 856, 876-77 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). Further, a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "However, the statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact." *Parker*, 244 F.3d at 835 (*citing McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994)).

*ii. Trial Court Error*

Whitley argues that the trial court violated his right to due process when it denied his request to offer the live testimony of a forensic expert. Whitley contends that the expert would have testified that the solution seized from his lab contained less than 28 grams of a marketable, street ready, form of methamphetamine.

The Alabama Court of Criminal Appeals addressed this claim on appeal finding:

> "If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intention of the Legislature must be given effect. (sic) Ex parte Looney, 797 So.2d 427, 428 (Ala. 2001). The language of § 13A-12-231(7), Ala. Code 1975 is clear that "*any mixture containing 5-methoxy-3, 4-methylenedioxy amphetamine*" seized satisfies the requirement of § 13A-12-231, Ala. Code 1975. Agents recovered 2000-plus grams of the liquid, free-base form of methamphetamine. As a result, the trial court did not abuse his discretion in denying Whitley's motion.

6

(Doc. No. 11, Exh. 4, pg. 7) (emphasis in original).

Whitley essentially aks this court to re-examine the evidentiary decision of the trial court which was upheld by the state courts. Evidentiary questions, such as admission of expert testimony, are state law questions. A federal court has no authority to re-examine state court determinations on questions of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 68. "A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." *Parker v. Bowersox,* 94 F.3d 458, 460 (8th Cir. 1996), *cert. denied,* 520 U.S. 1171 (1997); *Estelle* 502 U.S. at 68-69.

Here, the trial court's decision to deny Whitley's motion to allow the live testimony of an expert witness who would testify that the solution seized from Whitley's lab contained less than 28 grams of methamphetamine does not rise to this high standard. In fact, the trial court allowed into evidence a report from the expert in question. (*See* Doc. No. 11, Exh. 4, pg. 6 n.2.) The state court's ruling on this issue was neither unreasonable nor so prejudicial as to fatally infect the trial. This claim , therefore, does not entitle Whitley to federal habeas corpus relief. *See United States v. Scheffer* 523 U.S. 303, 303 (1998) ("defendant's right to present relevant evidence is subject to reasonable restrictions to accommodate other legitimate interests in the criminal trial process," and state and federal rules enacted to

exclude evidence "do not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'") (citation omitted). Based on the state court's construction of the state statute, the testimony of the expert was immaterial and, therefore, properly excluded.

*C. Procedural Default*

Whitley maintains that he was subjected to an illegal/warrantless arrest. Respondents assert that Whitley's challenge to the legality of his arrest is raised for the first time in the instant petition. As a result, Respondents argue that the claim is procedurally defaulted because it has never been presented to the state courts. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *O'Sullivan v. Boerckel*, 526 U. S. 838, 844-45 (1999); *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997); *Teague v. Lane*, 489 U.S. 288 (1989); *Presnell v. Kemp,* 835 F.2d 1567, 1578-79 (11th Cir.1988) (the procedural default doctrine ensures that federal habeas petitioners first seek relief in accordance with established state procedures).

Whitley's failure to present his claim to the state courts in accordance with the state's procedural rules constitutes a procedural default. *Teague v. Lane*, 489 U.S. 288 (1989); *Collier v. Jones,* 910 F.2d 770, 773 (11th Cir. 1990). This court may consider a procedurally defaulted claim on the merits only if Whitley shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman*, 501 U.S. at 750; *Wainwright*, 433 U.S. at 87, or (2) a resulting fundamental miscarriage of justice if

8

the federal court does not consider the merits of the claims. *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The court afforded Whitley an opportunity to demonstrate the existence of cause for the failure to properly raise his claim in the state courts and prejudice resulting from this failure or to show that this court's failure to address his claims would result in a fundamental miscarriage of justice. To establish cause excusing a procedural default, a petitioner must show that the default resulted from an "objective factor external to the defense that prevented the [petitioner] from raising the claim[s] and which cannot be fairly attributable to his own conduct," *Murray*, 477 U.S. at 488, or that the defaulted claim raises an issue that was "intrinsically beyond [a] *pro se* petitioner's ability to present." *Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir. 1990).

The court has reviewed the response submitted by Whitley. In his response, Whitley demonstrates neither cause for his failure to present the claim considered defaulted to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law.[2]  (Doc. No. 18.)

---

[2] To the extent Whitley's illegal arrest claim is an attempt to challenge, as he did on direct appeal, the sufficiency of the evidence used to obtain his convictions for resisting arrest and possession of methamphetamine, the appellate court concluded that Whitley had waived the issue on appeal (Whitley argued that a packet of methamphetamine which fell from his pocket during his encounter with law enforcement officials was fruit of the poisonous tree and, therefore, he was within his right to resist an unlawful arrest). Specifically, the Court of Criminal Appeals determined that Whitley had not argued the issue as required by Rule 28(a)(1), Ala.R.App.P., and, therefore, the claim was deemed waived on appeal. The Court of Criminal Appeals further found:

> Moreover, Agent Price had legitimate authority to remove the wrench - -
>                                                              (continued...)

Even though Whitley has failed to establish cause for his default, the court may still reach the merits of his defaulted claim in order to prevent a fundamental miscarriage of justice. The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional

---

> (...continued)
> a potential weapon - - from Whitley's pocket. The fact that a package of
>  methamphetamine fell out during the removal of the wrench does
> not render the seizure of the methamphetamine illegal. Because
> the arrest for possession of methamphetamine was lawful, Whitley's attempt
> to resist resulted in a charge of resisting arrest.

(Doc. No. 11, Exh. 4, pg. 7.)

The Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307 (1979), sets forth the clearly established federal law with regard to claims challenging the sufficiency of the evidence used to convict. The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. *Jackson*, *supra*.

> But this inquiry does not require a court to "ask itself whether <u>it</u> believes that the evidence
> at the trial established guilt beyond a reasonable doubt." ... [I]nstead, the relevant question
> is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u>
> rational trier of fact could have found the essential elements of the crime beyond a
> reasonable doubt.

*Id.* at 318-19 (citations and footnote omitted).

The Alabama Court of Criminal Appeals did not decide Whitley's sufficiency claim "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state court apply a rule that contradicts governing federal law. *Williams*, 362 U.S. at 412. Consequently, the state appellate court's rejection of this claim was not contrary to actual Supreme Court decisions. Moreover, a thorough review of the evidentiary materials submitted in this case establishes that the rejection of Whitley's claim by the state courts was objectively reasonable. The decision issued by the Alabama Court of Criminal Appeals likewise constituted a reasonable determination of the facts in light of the evidence presented by the parties. Whitley, therefore, is due no relief from this court on his sufficiency of the evidence claim.

violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (*citing Murray*, 477 U.S. at 496). To meet this standard, a petitioner "must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States,* 523 U.S. 614, 623 (1998) (*citing Schlup*, 513 U.S. at 327-328). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-624 (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

> *Schlup* observes that
>
>> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Whitley presents no evidence nor suggests that any exists which demonstrates the requisite showing of actual innocence. Thus, his procedurally defaulted claim is foreclosed from federal habeas review.

Even if Whitley could overcome his procedural default with regard to his contention that his arrest at his home violated the Fourth Amendment prohibition against unreasonable searches an seizures because the police lacked probable cause and no exigent circumstances were present, this court may not review a defendant's Fourth Amendment claim pursuant to the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465. As discussed, *infra*, in *Stone*, the Court held that federal courts may not re-litigate Fourth Amendment claims in §

2254 habeas actions brought by state prisoners so long as the state provided the petitioner with "an opportunity for full and fair litigation" of the claim. *Id*. at 494. For the reasons previously stated, Whitley had an opportunity for full and fair litigation of his Fourth Amendment claim and it is, therefore, not subject to review in the instant collateral proceeding. (*See* Doc. No. 11, Exh. 4, Doc. No. 12, Exh. 1/13 at pgs. 8-50, Doc. No. 12, Exh. 1/14 at pgs. 1-32.)

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Jerry Whitley be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 27, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of September, 2006.

                                                /s/Charles S. Coody
                                         CHARLES S. COODY
                                         CHIEF UNITED STATES MAGISTRATE JUDGE