IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

2006 OCT 19 A 10:06

| | |
|---|---|
| Jerry Eugene Whitley, #227246, * | |
|     Petitioner, * | |
| * | |
| v. * | CIVIL ACTION NO. 3:05-CV-427-MEF |
| * | |
| J.C. Giles, Warden, et al., * | |
| * | |
|     Respondents. * | |

## OBJECTION TO MAGISTRATE'S
## RECOMMENDATION FOR DISMISSAL

COMES NOW Petitioner in the above styled cause and in response to the Magistrate's Recommendation to Dismiss he Habeas Corpus Petition filed into this Court on May 4, 2005. Petitioner shows this Honorable Court as follows:

### FOURTH AMENDMENT CLAIM

### ISSUE II OF HABEAS PETITION - ISSUE I ON DIRECT APPEAL

Petitioner avers that the Magistrate has overlooked the failure of the Alabama State Courts to fully consider and address the issues raised concerning exigency caused by police agents misconduct, the arrest of Petitioner, and co-defendants, as well as other facts related as raised in Issue I of the Appellate Brief to the Court of Appeals on direct review, including the search warrant was not properly supported.

Petitioner avers that a review of the record at trial and direct appeal does not demonstrate that these courts have addressed this claim fully and further shows that a review of the record will reveal that the Appellate Courts of Alabama have evaded the issues as raised on direct appeal.

That the police agents involved in Petitioner's arrest as well as the search and seizure of his residence created the exigency intentionally as part of a preconceived act in order to circumvent the warrant requirement, subsequently to bypass the Fourth Amendment altogether.

Petitioner further shows that not only have the Alabama State Courts evaded the issued of police causing the exigency to transpire "<u>intentionally</u>" by going to the residence dressed like they were and acting as they did by seizing and arresting everyone at the residence without probable cause, but the State Courts of Alabama have also applied an incorrect standard of review on direct appeal and the Magistrate has failed to identify and consider this error.

The Eleventh Circuit United States Court of Appeals has set forth a correct standard of review when reviewing a claim alleging exigency intentionally created by police to justify a search of a residence where the police were acting without probable cause, or a warrant for arrest and search. The Court held the following determinations must be made under the totality of the circumstances concerning the entire situation and each factual scenario must also be carefully considered to make a true and correct finding of fact before an actual determination of the exact cause of the exigency can be made.

(1) Was there enough time for police to obtain a warrant before taking action.

(2) Was there an immediate need for police action before a warrant could be obtained.

(3) Was there reasonable belief the contraband was going to be removed or destroyed before a warrant could be obtained.

(4) Was there information that the possessors of the contraband were aware that the police were on their trail.

(5) Was there any danger to police before they made their presence known or a warrant sought.

(6) Was there probable cause coincidental with exigency for police to approach or seize anyone or anything on the premises before a warrant was or could be obtained, and would a reasonably cautious man have believed he was free to leave the encounter.

(7) Was there significant information that when the police presence was known by the possessors of the contraband, the evidence would possibly be destroyed or the possibility of danger to police would arise, and the immediate need for police action would follow.

Petitioner avers that under this correct standard of review if applied, to his case, and the answers to questions (1) and (7) are **YES**; (2) through (6) **NO**; then no reasonable trier of facts could determine that police did not cause the exigency in this case as determined by the Eleventh Circuit United States Court of Appeals as accepted by the United States Supreme Court. Further, the Alabama Courts have never attempted to apply this correct analysis even ever so slightly.

Rather, the Court of Criminal Appeals evaded the arguments by Petitioner's counsel on direct appeal which properly presented each question to them in Issue I of the Appellate Brief.

The Alabama Court of Criminal Appeals accomplished this evasive goal by addressing the exigency only after it had been preconceived and created

by the police agents by and through their lawless, non-good faith behaviors dressed like they were, and acting as they did, upon their entrance onto the Petitioner's private property, seizing everyone and everything at gun point, without justification.

Petitioner, the Magistrate, nor this Honorable Court can review the record of this case and find anywhere that the Alabama Courts at trial, direct appeal, application for rehearing, or certiorari have even slightly addressed the issue of police causing the exigency in this case. Although Petitioner's trial and appellate counsel fully and fairly presented them with more than adequate opportunity and argument to address the claim. Therefore, the arguments in Issue I to the Appellate Courts of arrest, exigency, and other facts related are to this date unresolved by the Alabama State Courts. Because the claim has not been fully considered on the merits presented. The habeas petition to this Court is now cognizable even under the holding of **Stone v. Powell**.

Petitioner further avers that the Magistrate and/or this Court should review the exhibits submitted in this Objection that Respondents have withheld from the Court in order to make a true determination of the efforts and diligence undertaken by the Petitioner's trial and appellate counsel, that fully and fairly presented every Alabama State Court sufficient argument to resolve the issues that have in fact been evaded by those very Courts, and after a thorough review of these exhibits submitted by Petitioner, retract the Recommendation for Dismissal. See Exhibits "L", "M", and "N".

Petitioner also respectfully requests that this Court force Respondents to present this Court with the complete Transcripts of Suppression Hearing and trial to better understand that the Trial Courts ruling in light of the evidence presented in those proceedings was clearly and convincingly intentionally erroneously made because of the specific holding in **Stone v. Powell** not allowing

habeas petitioners to raise Fourth Amendment claims to District Courts, so long as they provided the Petitioner with some type of redress, however meaningless that may be.

The appellate court did no more than simply visit the Petitioner's issues and failed to even identify the actual claim in this case, not even touching upon the true issue and/or argument ever so slightly, on direct appeal.

This type of evasive tactics by the Alabama State Courts to fully consider the actual claim that was clearly presented to them was not contemplated in the Supreme Court holding in **Stone v. Powell**. Because those issues that are unresolved to this date were disputed in the State Courts but have clearly been evaded and the issues that police caused the arrest and exigency in this case intentionally can never be shown to have been addressed by them at any level and surely was presented by Petitioner appropriately on direct appeal.

Petitioner avers that the exclusionary rule cannot serve a more detterent affect on more appropriate police agents or courts at a more appropriate time, and Petitioner does request that this Court use it's power and discretion to invoke the rule upon them at this tome or order the Alabama State Courts to reach the merits of the claims of this issue, in order to prevent this State form it's long standing policy to violate the Fourth Amendment to this great nation on a continous basis as it has clearly done in the instant case.

Because the State of Alabama has refused to reach the merits that Petitioner has complained of that police created the exigency, arrest, and other facts related as raised in Issue I on direct appeal and Issue I and II in these Habeas proceedings this Court may reach the merits of this claim even under the holding in **Stone v. Powell**.

Petitioner also respectfully requests that Court make a specific notice when reviewing this claim of arrest exigency and other facts that the exigency was created by law enforcement in this claim under the Fourth Amendment. The Court should consider that there was nothing that changed in information or otherwise, which caused the police agens to go to Petitioner's residence, exit their vehicles, raid gear on, guns drawn, and take the actions that they did, from the time they received the initial information two (2) weeks before or three (3) hours before the raid of Petitoiner's residence, and Petitioner begs this Honorable Court to use its discretion to review this claim or force the Alabama Courts to properly do so themselves, in order to uphold the integrity of the Law and the Fourth Amendment to this great nation.

## DUE PROCESS

ISSUE III OF HABEAS PETITION, ISSUE II ON DIRECT APPEAL

The Magistrate has overlooked and failed to identify the fact that the independent expert testimony requested by Petitioner at trial deprived Petitioner of any type of defense strategy, specifically the lesser included offenses that attach based upon Petitioner's actual conduct.

A review of the record at trial will reveal that the Petitioner's actual truthful conduct was the unlawful manufacture of a controlled substance punishable under Alabama Code, 1975, §13A-12-211, which is the actual crime and conduct Petitioner was originally charged with. See Arrest Report, marked Exhibit "L" attached.

This Court can reveal from the record of trial that there was absolutely no evidence presented by the State that Petitioner was actually trafficking drugs. However, there was enormous evidence presented for unlawful manufacture and Petitioner had an absolute right to present this conduct as a lesser

offense at trial, but could not possibly do so without the scientific expert requested, and the State expert at the instruction of the State's Attorney refused to answer any questions material to Petitioner's defense strategy. Subsequently, Petitioner could not put on a defense at trial, which would have invoked the right for a proper request of the lesser offense.

Alabama Code, 1975, §13A-12-211 perfectly describes the conduct and crime of which Petitioner's expert would have provided a prima facie case and proper request would have been requested with the experts proper showing. The lesser included of Possession would have been a possible defense strategy also.

ALABAMA CODE 1975

13A-12-211 UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCES

(A) A person commits the crime of unlawful distribution of a controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, **"manufactures"**, delivers or distributes a controlled substance enumerated in Schedules I through V.

(B) Unlawful distribution of controlled substances is a Class B felony.

Petitioner possessed less that three (3) grams of the actual drug meth-amphetamine that he admits he attempted to manufacture and would have gave testimony as such at trial or even would have entered a plea of guilty upon.

The question of whether Petitioner was actually involved in the conduct of "Trafficking" or "Manufacture" would have been a jury question had Petitioner been allowed a defense by and through the expert that the State of Alabama had actually funded the analysis of, and Petitioner avers he was absolutely entitled to this expert for this reasoning.

Petitioner also shows that the Magistrate cannot make a true fact finding recommendation of the prejudicial effects of not allowing this expert analysis

at trial without the record, which clearly shows that the analysis was placed into the record for appellate review only, and not for the jury to consider.

Petitioner further avers that his attorney attempted to get this analysis into the record before the jury so that they may have considered it many times. However, the State objected and the Court sustained. Therefore, the jury never was provided with the opportunityu to consider the experts findings. Subsequently, Petitioner was never allowed a defense strategy at all, for lesser offenses or otherwise, which did fatally infect the outcome of Petitioner's trial.

Petitioner avers that there can be no due process in not allowing his expert to dispute the State's findings with actual truth, beyond any doubt, to induce reasonable doubt in the minds of jurors of the crime charged, especially when the charge is wrong and the expert provided a prima facie case for the Defendant to be convicted of a lesser charge that is correct.

Petitioner maintains his right to due process of law have been violated by the Trial Court not allowing the expert a trial for his defense and Petitioner was force to undergo a fundamentally unfair trial as a result, and that the Magistrate has overlooked this right to this expert in his findings for this reasoning.

Petitioner respectfully requests that this Court force the State of Alabama to furnish the Court with the complete trial record in order to determine the true violations of due process encompassed by the refusal to allow this expert, at Petitioner's trial, or allow the expert findings to be considered by the jury.

This Court should also make specific notice that the Court's denial of the motion for the expert was denied immediately before trial and the

defense did not strategically plan for this action, because Petitioner was not expected for trial that day. Therefore, the Court gave defense counsel less than fifteen (15) minutes to prepare a defense, rather the grant continuance. It should also be noted that Petitioner's trial counsel was not allowed to put on a manufacturing defense by the Trial Court for failure to make a prima facie showing, something counsel could not do without the expert. If this defense would have been put forth, Petitioner would have been sentenced to a maximum term of imprisonment of ten (10) years for that crime, rather than the 35 years that Petitioner received for the Trafficking offense.

Petitioner respectfully requests this case be reversed for the foregoing reasons and a new trial ordered and/or any other remedy this Court deems appropriate.

## ILLEGAL ARREST

## AND

## PROCEDURAL DEFAULT

ISSUE I OF HABEAS PETITION, ISSUE III ON DIRECT APPEAL.

The State has made the claim in it's Answer that Petitioner never raised his claim that his arrest was illegal for lack of probable cause in the State courts and the Magistrate has failed to identify that there was sufficient argument presented concerning his arrest without probable cause in Issue I of the brief to the Court of Criminal Appeals, that supported Issue III on direct appeal.

Petitioner may have confused the Magistrate with his style of filings concerning Issue I and II in the habeas petition and response and respectfully requests this Court overlook this error by Petitioner for he severely lacks legal expertise, and these issues are surely very complex. Petitioner also requests that this Court consider that Petitioner himself may be confused in the proper way to have filed into this Court these issues.

Petitioner's appellate counsel attacked the sufficiency of the evidence of the convictions for Possession of Methamphetamine and resisting arrest on direct appeal in Issue III of brief to the Appellate Court as argued in Issue I the police planned the arrest, exigency and search before the raid. The fact that the arrest of Petitioner happened before the search of the residence was quite simply part of the preconceived plan, as argued by Petitioner's appellate counsel on direct appeal in Issue I of that brief. Because as argued in issue on direct appeal that the arrest of Petitioner was illegal anything seized thereafter was due to be suppressed, and for this reasoning without the excluded evidence, the State could not make a prima facie case. Therefore, the evidence could have only been insufficient to support the convictions for Possession or Resisting Arrest, as argued in Issue III citing and supported by the Fourth Amendment and all other cases cited in Issue I of the appellate brief, because the arrest, search, exigency, and other facts related were basically one occurrence.

The Appellate Court dismissed this issue without proper review erroneousoy because the Court found that appellate counsel failed to follow the rules of procedure by unknowingly omitting the three words of "POSSESSION OF METH-AMPHETAMINE" IN THE STATEMENT REGARDING ORAL ARGUMENT. Petitioner avers this was improper, and not sufficient reasoning to allow for the Court to have deemed this issue waived on appeal.

Petitioner avers that no other attorney could have supplied the Appellate Court with any more significant argument to properly address the issue of his arrest than that of which was presented in the Brief on direct appeal by counsel Williams, and Petitioner respectfully suggest that the Court quite simply did not wish to actually address the issue of arrest, exigency, and other facts at all. Therefore, set out an erroneous reasoning to dismiss Issue III and not address the issue of the actual arrest as properly raised

in Issue I to Appellate Court subsequently showing the Court of Appeals clear determination to not address the issues of the arrest and exigency caused by police at all on direct appeal and as a result these claims remain unresolved now before this Honorable Court.

Petitioner shows that even though counsel did err by omitting the three words of Possession of Methamphetamine in the statement regarding oral argument, this error was ever minute, and was due to waive oral argument for the issue only, not waive the entire issue for appellate purposes. If oral argument would not have been requested this issue being defaulted would not be before this Court now. It should also be noted there was actually significant briefing of the issue of the arrest to resolve the issue in Issue I to the Appellate Court.

While Petitioner's style of filings into this Court may be somewhat confusing Petitioner has attempted to bring issues of arrest and other facts to the Court by the only means understandable to him. Subsequently, in Petitioner's Response he argued Issue I and II in reference to one another and requests this Court review these claims as argued in those filings. If this is an error on Petitioner's behalf it certainly was not intentional. And request this Court overlook his mistakes, and grand leadway in addressing these issues.

Petitioner also requests that this Court take specific notice that counsel's error on appeal was no fault of the Petitioners and beyond his own control, because at the time Petitioner's appellate attorney filed the brief to the Alabama Court of Appeals Petitioner was being housed in a private prison in Tutwila, Mississippi where there were absolutely no Alabama law materials whatsoever to aid Petitioner in reference of the briefing to the Court by counsel. Therefore, Petitioner could not possibly have discovered

that his appellate counsel had in fact erred, and subsequently, defaulted on direct appeal this issue.

Petitioner's appellate attorney was also unaware that the State of Alabama had in fact shipped Petitioner to this private prison to relieve prison over-crowding at the time of the filing of the Brief. Therefore, Petitioner did not receive the Brief until long after it was filed. The State of Alabama forwarded this Brief to several prisons within the Alabama system before it was received by the Petitioner from his counsel, and even if Petitioner could have discovered counsel's error concerning this issue, far too much time had elapsed for any corrections to have been made. This hardship and prejudice caused by the State of Alabama upon this Petitioner is no fault of the Petitioners, and the Magistrate has overlooked this prejudice that caused the default on direct appeal not being the fault of Petitioners.

**WHEREFORE,** all the foregoing premises considered of each issue contained in this Objection, Petitioner respectfully requests the Magistrate and/or this Court reconsider the recommendation for dismissal of the Habeas Petition with prejudice, and grant Writ of Habeas Corpus in order to review the issues that Petitioner has complained of, Petitioner also request with all due respect for Court that the Court, if it finds that Issue I of the Petition is actually correctly defaulted because of counsels error on direct appeal that the Court review Issues II and III of the Habeas Petition or dismiss the Petition without prejudice or force the Alabama State Courts to correctly review the issues.

Respectfully submitted this *17TH* day of *October*, 2006.

_____
Petitioner

The following Exhibits are true and correct as provided by counsel to Petitioner.

Exhibit "L" - Arrest Report.

Exhibit "M" - Application for Rehearing.

Exhibit "N" - Writ for Certiorari.

I have not provided a copy of these Exhibits to the Respondents because they have custody and control or possession of each.

I swear and affirm under penalty of perjury the foregoing is true and correct.

_____
Affiant/Petitioner

**NOTARY BLOCK**

STATE OF ALABAMA
COUNTY OF BARBOUR

Subscribed and sworn to before me this 17th day of October, 2006.

_Carolyn R. Abercrombie_
Notary Public
My Commission Expires August 18, 2007
_____
Comm. Exp. Date

**CERTIFICATE OF SERVICE**

I hereby certify that I have placed a true copy of the foregoing postage paid in the U.S. Postal Service Box to be mailed to the following parties on this 17th day of October, 2006.

_____
Petitioner

(1) Office of the Clerk of
    the U.S. District Court

(2) Alabama Office of the Attorney General